UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Yanping Chen**, <br><br> Plaintiff, <br><br> v. <br><br> **Federal Bureau of Investigation, U.S. Department of Justice, U.S. Department of Defense,** and **U.S. Department of Homeland Security**, <br><br> Defendants. | No. 18-cv-3074 <br><br> Hon. Christopher R. Cooper <br> United States District Judge |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF GOVERNMENT'S MOTION TO DISMISS**

# Table of Contents

Table of Authorities ................................................................................................................ iv

I.   Introduction ................................................................................................................ 1

II.  Factual Allegations and Procedural History ........................................................... 2

      A.   Chen becomes the focus of an FBI investigation ......................................... 2

      B.   Fox News publishes reports on Chen and her university ............................ 2

      C.   Chen seeks an order to show cause alleging a Privacy Act violation in the Eastern District of Virginia, which the magistrate judge denies ................ 3

      D.   Chen appeals to the district court, which concludes that (1) the allegedly leaked information did not come from a "system of records" as required by the Privacy Act, and (2) in any event, disclosure of that information did not violate the Privacy Act ................................................................................ 4

      E.   Chen appeals to the Fourth Circuit, which affirms for the reasons given by the district court ................................................................................................ 5

      F.   Chen files this case and again alleges a Privacy Act violation ..................... 6

III. Rule 12(b)(6) Standard ................................................................................................ 6

IV.  Argument: Chen is estopped from re-litigating two elements of her Privacy Act claim that she fully litigated and lost in the Fourth Circuit ..................................... 7

V.   Conclusion ................................................................................................................. 12

Appendix of Filings from Chen's Prior Case ..................................................................... 1a

     Magistrate Judge Filings (E.D. Va. No. 12-sw-1002)

         Motion to Show Cause Why Sanctions Should Not Issue, ECF No. 9 (Mar. 10, 2017) ..................................................................... 2a

         Addendum, ECF No. 19 (May 5, 2017) ....................................................... 13a

         Second Addendum, ECF No. 21 (May 22, 2017) ........................................ 21a

         Response, ECF No. 22 (June 5, 2017) ......................................................... 25a

         Reply to Response to Second Addendum, ECF No. 23 (June 15, 2017) .. 34a

         Third Addendum, ECF No. 24 (July 5, 2017) ............................................ 38a

         Memorandum Opinion & Order, ECF No. 26 (Sept. 26, 2017) ................ 41a

District Court Filings (E.D. Va. No. 17-cr-236)

    Objections to Denial of Motion to Show Cause
        ECF No. 1 (Oct. 11, 2017) ................................................................... 48a

    Opposition to Objections to Denial of Motion to Show Cause,
        ECF No. 8 (Nov. 16, 2017) .................................................................. 58a

    Reply, ECF No. 10 (Dec. 7, 2017) ............................................................. 74a

    Order, ECF No. 12 (Jan. 23, 2018) ........................................................... 78a

Fourth Circuit Filings (4th Cir. No. 18-6132)

    Appellant's Corrected Opening Brief, ECF No. 12 (Mar. 28, 2018) ......... 87a

    Brief of the United States, ECF No. 16 ................................................... 121a

    Unpublished Per Curiam Opinion, ECF No. 23 (Aug. 20, 2018) ........... 168a

## Table of Authorities

**Cases**

*Allen v. McCurry*,
  449 U.S. 90 (1980) .................................................................................................. 7

*B & B Hardware, Inc. v. Hargis Industries, Inc.*,
  135 S. Ct. 1293 (2015) ........................................................................................... 7

*Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*,
  402 U.S. 313 (1971) ............................................................................................... 7

*Canonsburg General Hospital v. Burwell*,
  807 F.3d 295 (D.C. Cir. 2015) .......................................................................... 8, 10

*Chichakli v. Tillerson*,
  882 F.3d 229 (D.C. Cir. 2018) ........................................................................... 2, 11

*Covad Communications Co. v. Bell Atlantic Corp.*,
  407 F.3d 1220 (D.C. Cir. 2005) ............................................................................. 7

*Dugdale v. Customs & Border Protection*,
  300 F. Supp. 3d 276 (D.D.C. 2018) ...................................................................... 7

*Gulf Power Co. v. Federal Communications Commission*,
  669 F.3d 320 (D.C. Cir. 2012) ............................................................................... 8

*Jones v. Bock*,
  549 U.S. 199 (2007) ............................................................................................... 6

*National Association of Home Builders v. Environmental Protection Agency*,
  786 F.3d 34 (D.C. Cir. 2015) ................................................................................. 8

*National Post Office Mail Handlers v. American Postal Workers Union*,
  907 F.2d 190 (D.C. Cir. 1990) ............................................................................... 8

*National Treasury Employees Union v. Internal Revenue Service*,
  765 F.2d 1174 (D.C. Cir. 1985) ............................................................................. 7

*Otherson v. Department of Justice*,
  711 F.2d 267 (D.C. Cir. 1983) ............................................................................... 8

*Parklane Hosiery Co. v. Shore*,
  439 U.S. 322 (1979) ............................................................................................... 8

*Pitts v. Wells Fargo Bank, N.A.*,
  No. 14-cv-2211, 2015 WL 5728879 (D.D.C. Sept. 29, 2015) ............................. 7

*Stone v. Lynch*,
    174 F. Supp. 3d 291 (D.D.C. 2016) .................................................................. 6, 7

*Sunshine Anthracite Coal Co. v. Adkins*,
    310 U.S. 381 (1940) ................................................................................................ 8

*Taylor v. Sturgell*,
    553 U.S. 880 (2008) ................................................................................................ 8

*Willner v. Dimon*,
    No. 15-cv-1840, 2018 WL 3067902 (D.D.C. Jan. 4, 2018) ................................. 7, 8, 10

*Yamaha Corp. of America v. United States*,
    961 F.2d 245 (D.C. Cir. 1992) ................................................................................ 8

## Statutes and Rules

5 U.S.C. § 552a ................................................................................................ 2, 11

Federal Rule of Civil Procedure 12 ........................................................................... 2, 6, 7

Federal Rule of Criminal Procedure 6 ....................................................................... 3, 4, 5

## Other Authorities

1B James W. Moore et al., *Moore's Federal Practice* ¶ 0.441[2] (1988) ............................ 8

I.      **Introduction**

Plaintiff Yanping Chen brings this Privacy Act case against four federal agencies alleging that they leaked information collected in a search of her home to Fox News. She alleges that Fox News then published three reports based on that information, causing her damages.

Chen's Privacy Act claim, however, is barred by the doctrine of issue preclusion. Chen already asserted a Privacy Act violation in the U.S. District Court for the Eastern District of Virginia after the Fox News reports came out. That alleged Privacy Act violation was based on the same allegedly leaked information and the same Fox News reports as her claim here. In adjudicating that alleged Privacy Act violation, the Eastern District of Virginia determined that: (1) the information on which the Fox News reports were based was not "contained in a system of records" as required by the Privacy Act; and (2) in any event, disclosing evidence collected in a search does not violate the Privacy Act. Chen appealed to the U.S. Court of Appeals for the Fourth Circuit and squarely challenged both issues, and the Fourth Circuit affirmed for the reasons given by the district court.

Both issues were actually litigated and resolved in the Eastern District of Virginia and the Fourth Circuit. Resolving both issues was necessary to the judgment on the Privacy Act violation that Chen asserted. Because Chen had a full and fair opportunity to litigate both issues in the prior case, this Court should decline to second-guess the determinations of the Eastern District of Virginia and the Fourth Circuit.

Giving conclusive effect to those prior determinations means that Chen cannot make out her Privacy Act claim here. She cannot maintain a viable Privacy Act claim unless she shows that: (1) the government violated the disclosure provision of the

1

Privacy Act, (2) the violation was intentional or willful, and (3) the violation had an adverse effect on her in the form of actual damages. *Chichakli v. Tillerson*, 882 F.3d 229, 233 (D.C. Cir. 2018).[1] A disclosure of a record does not violate the Privacy Act unless the record was "contained in a system of records." 5 U.S.C. § 552a(b). But the Eastern District of Virginia and the Fourth Circuit have already determined that the government did *not* violate the Privacy Act and that the information on which the Fox News reports were based did *not* come from a system of records. The case should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## II.   Factual Allegations and Procedural History

### A.   Chen becomes the focus of an FBI investigation

Chen alleges that she came under investigation by the Federal Bureau of Investigation in 2010 for statements she made on immigration forms. Compl. ¶ 15, ECF No. 1. As part of that investigation, the FBI executed search warrants at her home and her for-profit university in 2012 and collected materials from both locations. Compl. ¶¶ 17–21.

### B.   Fox News publishes reports on Chen and her university

Over four years later, in 2017, Fox News reported three stories about Chen, her statements on immigration forms, and her university, which had been receiving significant funding from the Department of Defense. Compl. ¶¶ 24–25, 41–42. The reports displayed snippets of Chen's immigration forms, a portion of a summary of an FBI interview of Chen's daughter, and photos of Chen. Compl. ¶¶ 25–31.

---

[1] For the Court's convenience, citations to legal authorities and docket entries in the PDF version of this brief are linked to the cited authority in Westlaw and ECF, respectively.

Chen alleges that, because of the Fox News reports, the Department of Defense stopped funding the university. Compl. ¶ 42.

### C. Chen seeks an order to show cause alleging a Privacy Act violation in the Eastern District of Virginia, which the magistrate judge denies

After the first Fox News report, Chen moved for an order to show cause in the Eastern District of Virginia, which had issued the search warrants for Chen's home and university. *See* Mot. to Show Cause Why Sanctions Should Not Issue, ECF No. 9, *Matter of Search of 2122 21st Rd., N. Arlington, Va.*, No. 12-sw-1002 (E.D. Va. Mar. 10, 2017).[2]

Chen alleged that the information on which the Fox News reports were based had come from the search of her home and that the government had leaked the information to harm her reputation. *Id.* at 2–3. Over several rounds of briefing, Chen contended that the disclosure to Fox News (1) violated grand jury secrecy and Federal Rule of Criminal Procedure 6(e); (2) violated the court's order sealing the search warrant application; and (3) violated the Privacy Act. *Id.* at 3–4; Addendum at 3, 7, ECF No. 19, *Matter of Search of 2122 21st Rd.*, No. 12-sw-1002 (E.D. Va. May 5, 2017); Second Addendum at 2–3, ECF No. 21, *Matter of Search of 2122 21st Rd.*, No. 12-sw-1002 (E.D. Va. May 22, 2017); Reply to Response to Second Addendum at 1–4, ECF No. 23, *Matter of Search of 2122 21st Rd.*, No. 12-sw-1002 (E.D. Va. June 15, 2017); Third Addendum, ECF No. 24, *Matter of Search of 2122 21st Rd.*, No. 12-sw-1002 (E.D. Va. July 5, 2017). Chen sought sanctions and other appropriate relief against the government. Mot. to Show Cause at 1,

---

[2] For the Court's convenience, the filings from the prior case are included in an appendix filed with this motion.

3

4, ECF No. 9, *Matter of Search of 2122 21st Rd.*, No. 12-sw-1002 (E.D. Va. Mar. 10, 2017).

The government opposed Chen's motion. Response, ECF No. 22, *Matter of Search of 2122 21st Rd.*, No. 12-sw-1002 (E.D. Va. June 5, 2017). In response to the alleged Privacy Act violation, the government contended that the search warrant proceeding was not the proper forum for a Privacy Act claim, that in any event the information on which the Fox News reports were based did not come from a "system of records" as required by the Privacy Act, and that the Privacy Act did not apply to the disclosure of evidence seized during a search. *Id.* at 2–7.

After a hearing, the magistrate judge denied Chen's motion for an order to show cause. Mem. Opinion & Order, ECF No. 26, *Matter of Search of 2122 21st Rd.*, No. 12-sw-1002 (E.D. Va. Sept. 26, 2017). The magistrate judge concluded that the search warrant proceeding was not the proper forum for Chen to assert a Privacy Act violation. *Id.* at 6–7.

> **D.   Chen appeals to the district court, which concludes that (1) the allegedly leaked information did not come from a "system of records" as required by the Privacy Act, and (2) in any event, disclosure of that information did not violate the Privacy Act**

Chen filed objections to the magistrate judge's decision and appealed to the district court. Objs. to Denial of Mot. to Show Cause, ECF No. 1, *Matter of Search of 2122 21st Rd., N. Arlington, Va.*, No. 17-cr-236 (E.D. Va. Oct. 11, 2017). Chen again contended that the disclosure to Fox News (1) violated grand jury secrecy and Federal Rule of Criminal Procedure 6(e); (2) violated the court's order sealing the search warrant application; and (3) violated the Privacy Act. *Id.* at 4–9; *see also* Reply, ECF No. 10, *Matter of Search of 2122 21st Rd.*, No. 17-cr-236 (E.D. Va. Dec. 7, 2017).

4

The government opposed Chen's appeal to the district court. Opp'n to Objs. to Denial of Mot. to Show Cause, ECF No. 8, *Matter of Search of 2122 21st Rd.*, No. 17-cr-236 (E.D. Va. Nov. 16, 2017). On the Privacy Act issue, the government again contended that the search warrant proceeding was not the proper forum, that the Fox News information did not come from a "system of records" as required by the Privacy Act, and that the Privacy Act did not apply to evidence seized during a search. *Id.* at 7–13.

After a hearing, the district court affirmed the denial of Chen's motion for an order to show cause. *Matter of Search of 2122 21st Rd.*, No. 17-cr-236, 2018 WL 534161 (E.D. Va. Jan. 23, 2018). On the Privacy Act issue, the district court concluded that Chen was not entitled to relief for three independent reasons. *Id.*, 2018 WL 534161, at *4–5. First, the district court concluded that Chen had failed to show that the information on which the Fox News reports were based was "contained in a system of records" as required by the Privacy Act. *Id.*, 2018 WL 534161, at *4. Second, the district court concluded that "the disclosure of an item seized during the execution of a search warrant" did not "constitute a violation of the Privacy Act." *Id.*, 2018 WL 534161, at *4. Third, the district court concluded that the search warrant proceeding was not a proper forum for an original Privacy Act claim. *Id.*, 2018 WL 534161, at *5.

The district court also found no violation of Federal Rule of Criminal Procedure 6(e) or the order sealing the search warrant application. *Id.*, 2018 WL 534161, at *2–3.

### E. Chen appeals to the Fourth Circuit, which affirms for the reasons given by the district court

Chen appealed the district court's decision to the Fourth Circuit. Notice of Appeal, ECF No. 14, *Matter of Search of 2122 21st Rd.*, No. 17-cr-236 (E.D. Va. Fed. 5, 2018). In the Fourth Circuit, Chen contended that the district court had erred for three

5

reasons: (1) the government had abused the court's search warrant; (2) the government had violated Federal Rule of Criminal Procedure 6(e); and (3) the government had violated the Privacy Act. Corrected Opening Br., ECF No. 12, *United States v. Matter of Search of 2122 21st Rd., N. Arlington, Va.*, No. 18-6132 (4th Cir. Mar. 28, 2018).

On the Privacy Act issue, the government contended that the Fourth Circuit lacked appellate jurisdiction to review the district court's order and that, in any event, all three grounds relied on by the district court were correct. Br. of the United States, ECF No. 16, *Matter of Search of 2122 21st Rd.*, No. 18-6132 (4th Cir. Apr. 17, 2018).

The Fourth Circuit affirmed in an unpublished opinion "for the reasons stated by the district court." *Matter of Search of 2122 21st Rd.*, 735 F. App'x 66 (4th Cir. 2018) (per curiam).

### F.     Chen files this case and again alleges a Privacy Act violation

Chen then filed this case in December 2018 against the FBI, the Department of Justice, the Department of Defense, and the Department of Homeland Security. She asserts a single Privacy Act claim alleging that the information on which the Fox News reports were based came from the FBI's search of her home and that the information had been kept in a system of records. Compl. ¶¶ 45–56. She seeks damages and injunctive relief. Compl., prayer for relief.

### III.   Rule 12(b)(6) Standard

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). In deciding a Rule 12(b)(6) motion, the Court is not limited to the four corners of the complaint and can also consider matters subject to judicial notice, like "public records from other court proceedings." *Stone v. Lynch*, 174 F. Supp. 3d 291, 295 (D.D.C.

2016) (Cooper, J.) (citing *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005)). Thus, although issue preclusion is an affirmative defense, *Nat'l Treasury Emps. Union v. IRS*, 765 F.2d 1174, 1176 n.1 (D.C. Cir. 1985), courts routinely grant Rule 12(b)(6) motions on issue preclusion grounds when the elements of that defense are apparent from the docket in a prior case. *E.g.*, *Stone*, 174 F. Supp. 3d at 295; *Willner v. Dimon*, No. 15-cv-1840, 2018 WL 3067902, at *6, *8 (D.D.C. Jan. 4, 2018) (Cooper, J.); *Pitts v. Wells Fargo Bank, N.A.*, No. 14-cv-2211, 2015 WL 5728879, at *3 (D.D.C. Sept. 29, 2015) (Cooper, J.); *Dugdale v. CBP*, 300 F. Supp. 3d 276, 278 (D.D.C. 2018) (Cooper, J.), *appeal docketed*, No. 18-5249 (D.C. Cir. Aug. 16, 2018).

### IV. Argument: Chen is estopped from re-litigating two elements of her Privacy Act claim that she fully litigated and lost in the Fourth Circuit

Under the doctrine of issue preclusion (also called collateral estoppel), "the determination of a question directly involved in one action is conclusive as to that question in a second suit." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1302 (2015) (citation omitted). The basic idea is that there is no good reason to "afford a litigant more than one full and fair opportunity for judicial resolution of the same issue." *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971). The doctrine ensures that "repeated litigation" does not take on "the aura of the gaming table," with an unsuccessful litigant trying over and over until his luck changes. *Id.* at 328. The doctrine also serves to eliminate the cost and disruption of multiple lawsuits, conserve judicial resources, and encourage reliance on the courts by preventing inconsistent decisions. *Allen v. McCurry*, 449 U.S. 90, 95 (1980).

The doctrine applies when the current case involves "an issue of fact or law" that (1) was "actually litigated and resolved" in a prior case and (2) was "essential to the prior

7

judgment." *Nat'l Ass'n of Home Builders v. EPA*, 786 F.3d 34, 41 (D.C. Cir. 2015) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 & n.5 (2008)). To be essential to the prior judgment, an issue need not be the sole basis of the prior judgment. "[A] judgment based alternatively upon two determinations, either of which alone would be sufficient to sustain it, is an effective adjudication as to both grounds, and is collaterally conclusive as to both." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 255 (D.C. Cir. 1992) (quoting 1B James W. Moore et al., *Moore's Federal Practice* ¶ 0.441[2] at 729 (1988)).

Unlike the related doctrine of claim preclusion (also called res judicata), issue preclusion does not require the prior case to have involved the same claim or the same parties. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326–328 & n.5 (1979). In any event, different agencies of the federal government are considered the same party for preclusion purposes. *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–403 (1940).

Notably, "[i]n deciding whether issue preclusion applies, this Court does not review the merits of the prior decision, even if it disagrees with the other court's outcome or reasoning." *Willner v. Dimon*, No. 15-cv-1840, 2018 WL 3067902, at *6, (D.D.C. Jan. 4, 2018) (Cooper, J.) (citing *Nat'l Post Office Mail Handlers v. Am. Postal Workers Union*, 907 F.2d 190, 194 (D.C. Cir. 1990)). That is because "if an issue c[ould] be turned into a new issue merely by asking whether it had been rightly decided, [issue preclusion] would never apply." *Gulf Power Co. v. FCC*, 669 F.3d 320, 324 (D.C. Cir. 2012). Thus, "even a 'patently erroneous' first judgment is insufficient to bar issue preclusion." *Canonsburg Gen. Hosp. v. Burwell*, 807 F.3d 295, 306 (D.C. Cir. 2015) (quoting *Otherson v. Dep't of Justice*, 711 F.2d 267, 277 (D.C. Cir. 1983)).

Here, the Eastern District of Virginia and the Fourth Circuit determined two issues that Chen's latest Privacy Act claim would require this Court to revisit. First, those courts determined that the information on which the Fox News reports were based was not "contained in a system of records" as required by the Privacy Act. *Matter of Search of 2122 21st Rd., N. Arlington, Va.*, No. 17-cr-236, 2018 WL 534161, at *4 (E.D. Va. Jan. 23, 2018); *United States v. Matter of Search of 2122 21st Rd., N. Arlington, Va.*, 735 F. App'x 66 (4th Cir. 2018) (per curiam). Second, those courts determined that, even if the information had come from a system of records, disclosing evidence collected in a search does not violate the Privacy Act. *Matter of Search of 2122 21st Rd.*, 2018 WL 534161, at *4; *Matter of Search of 2122 21st Rd.*, 735 F. App'x at 66. Both issues were litigated before the magistrate judge, the district court, and the Fourth Circuit. ECF Nos. 19, 21, 22, 23, *Matter of Search of 2122 21st Rd., N. Arlington, Va.*, No. 12-sw-1002 (E.D. Va.); ECF Nos. 1, 8, 10, *Matter of Search of 2122 21st Rd.*, No. 17-cr-236 (E.D. Va.); ECF Nos. 12, 16, *Matter of Search of 2122 21st Rd.*, No. 18-6132 (4th Cir.).

The determination of those two issues was also essential to the judgment in the prior case. There, Chen contended that the alleged Privacy Act violation was a standalone ground meriting her requested relief. Objs. to Denial of Mot. to Show Cause at 8, ECF No. 1, *Matter of Search of 2122 21st Rd.*, No. 17-cr-236 (E.D. Va. Oct. 11, 2017) (arguing that Privacy Act violation was "a discrete claim for relief"); *see also* Reply, ECF No. 23, *Matter of Search of 2122 21st Rd.*, No. 12-sw-1002 (E.D. Va. June 15, 2017) (arguing that court "le[ft] open the possibility of relief on either or both of the two remaining grounds — violation of the Court's authority to authorize a search, and violation of the Privacy Act"). Thus, to determine whether Chen was entitled to the relief she sought, it was necessary for the Eastern District of Virginia and the Fourth Circuit to

9

resolve whether Chen had shown a Privacy Act violation. Those courts did so by adjudicating two essential elements of that alleged violation: whether the information identified by Chen came from a "system of records" within the meaning of the Privacy Act and whether disclosing evidence collected in a search violated the Privacy Act.

Nor does this case fit within the "narrow[]" exception to issue preclusion when applying the doctrine would cause a "basic unfairness" to the party bound by the first determination. *See Willner*, 2018 WL 3067902, at *6. The exception is available only when the party seeking to avoid preclusion makes "a *compelling* showing of unfairness." *Id.*, 2018 WL 3067902, at *6 (quoting *Canonsburg*, 807 F.3d at 306). "Typically, this sort of showing is possible only where the parties in the first case lacked an incentive to litigate the issue sought to be precluded, or where there has been a significant change in controlling law since the first case." *Id.*, 2018 WL 3067902, at *6.

Chen's filings in the prior case show that she had ample incentive to litigate — and in fact did ardently litigate — the Privacy Act issues. Chen, as the party seeking relief in that case, raised both issues in the first instance as a basis for her requested relief. Addendum at 3, 7, ECF No. 19, *Matter of Search of 2122 21st Rd.*, No. 12-sw-1002 (E.D. Va. May 5, 2017). She argued both issues in three briefs before the magistrate judge. ECF Nos. 19, 21, 23, *Matter of Search of 2122 21st Rd.*, No. 12-sw-1002 (E.D. Va.). When the magistrate judge denied Chen's requested relief, she appealed and squarely presented both issues to the district court. Appeal at 8–9, ECF No. 1, *Matter of Search of 2122 21st Rd.*, No. 17-cr-236 (E.D. Va. Oct. 11, 2017); Reply, ECF No. 10, *Matter of Search of 2122 21st Rd.*, No. 17-cr-236 (E.D. Va. Dec. 7, 2017). And when the district court ruled against Chen on both issues, she appealed and squarely presented both issues to the Fourth Circuit. Corrected Opening Br. at 22–26, ECF No. 12, *Matter of*

10

*Search of 2122 21st Rd.*, No. 18-6132 (4th Cir. Mar. 28, 2018). Because Chen zealously litigated both issues throughout the Eastern District of Virginia and ultimately to the Fourth Circuit, it is far from unfair for this Court to decline to revisit the Fourth Circuit's determination.

The prior determination of those two issues is fatal to Chen's Privacy Act claim here. To establish a civil Privacy Act claim, Chen must show that "(1) the agency violated a provision of the Act, (2) the violation was intentional or willful, and (3) the violation had an 'adverse effect' on the plaintiff in the form of actual damages." *Chichakli v. Tillerson*, 882 F.3d 229, 233 (D.C. Cir. 2018) (citation omitted). A disclosure of a record does not violate the Privacy Act unless that record was "contained in a system of records." 5 U.S.C. § 552a(b); *see also Chichakli*, 882 F.3d at 233. Here, however, the Eastern District of Virginia and the Fourth Circuit determined that the information on which the Fox News reports were based was not contained in a system of records. The Eastern District of Virginia and the Fourth Circuit also determined that disclosing evidence collected in a search does not violate the Privacy Act.

The issue preclusive effect of those determinations prevents Chen from establishing the first element of her Privacy Act claim in this case. The case should therefore be dismissed.

## V. Conclusion

The motion should be granted.

Dated: April 17, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Garrett Coyle*
GARRETT COYLE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 616-8016
Fax: (202) 616-8470
Email: garrett.coyle@usdoj.gov

*Counsel for Defendants*