UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**Yanping Chen**,

                              Plaintiff,

           v.

**Federal Bureau of Investigation, U.S. Department of Justice, U.S. Department of Defense,** and **U.S. Department of Homeland Security**,

                              Defendants.

No. 18-cv-3074

Hon. Christopher R. Cooper
United States District Judge

**REPLY IN FURTHER SUPPORT OF
GOVERNMENT'S MOTION TO DISMISS**

# Table of Contents

Table of Authorities .................................................................................................................. iii

I. Introduction ............................................................................................................ 1

II. Argument ................................................................................................................ 2

    A. The Eastern District of Virginia and the Fourth Circuit determined
        both merits issues of Chen's Privacy Act claim ............................................ 2

    B. The third ground of the Eastern District of Virginia's and
        Fourth Circuit's decision does not defeat preclusion here .......................... 7

        1. The third ground is best read as being not about jurisdiction,
            but about remedies ........................................................................... 7

        2. Even if the third ground were jurisdictional, issue preclusion
            would still bar this case .................................................................... 9

    C. Preclusion would cause no basic unfairness to Chen ................................ 13

III. Conclusion ........................................................................................................... 16

# Table of Authorities

**Cases**

*B & B Hardware, Inc. v. Hargis Industries, Inc.,*
  135 S. Ct. 1293 (2015) ....................................................................... 4, 13, 14

*Brightheart v. McKay,*
  420 F.2d 242 (D.C. Cir. 1969) ................................................................. 4, 14

*Carr v. District of Columbia,*
  646 F.2d 599 (D.C. Cir. 1980) ............................................................. 2, 9, 10

*Doe v. Chao,*
  540 U.S. 614 (2004) ..................................................................................... 9

*Dozier v. Ford Motor Co.,*
  702 F.2d 1189 (D.C. Cir. 1983) ............................................................. 10, 11

*Gelb v. Royal Globe Insurance Co.,*
  798 F.2d 38 (2d Cir. 1986) ........................................................................ 12

*Gulf Power Co. v. Federal Communications Commission,*
  669 F.3d 320 (D.C. Cir. 2012) ..................................................................... 5

*Kaempfer v. Brown,*
  872 F.2d 496, 1989 WL 45103 (D.C. Cir. 1989) ......................................... 10

*Magnus Electronics, Inc. v. La Republica Argentina,*
  830 F.2d 1396 (7th Cir. 1987) ................................................................... 15

*National Classification Committee v. United States,*
  765 F.2d 164 (D.C. Cir. 1985) ..................................................................... 3

*Securities Industries Ass'n v. Board of Governors of Federal Reserve System,*
  900 F.2d 360 (D.C. Cir. 1990) ..................................................................... 6

*Stebbins v. Keystone Insurance Co.,*
  481 F.2d 501 (D.C. Cir. 1973) .................................................................... 11

*Synanon Church v. United States,*
  820 F.2d 421 (D.C. Cir. 1987) ................................................................. 8, 14

*Western Coal Traffic League v. Interstate Commerce Commission,*
  735 F.2d 1408 (D.C. Cir. 1984) .................................................................. 10

*Willner v. Dimon,*
  No. 15-cv-1840, 2018 WL 3067902 (D.D.C. Jan. 4, 2018) .......................... 5, 13

*Yamaha Corp. of America v. United States*,
    961 F.2d 245 (D.C. Cir. 1992) ............................................................................. 4, 9, 10

## Statutes and Rules

5 U.S.C. § 552a.......................................................................................................... 7

Federal Rule of Civil Procedure 12 ......................................................................13

## Other Authorities

Restatement (Second) of Judgments § 27 (1980) .......................................................10, 12

## I.     Introduction

The government seeks dismissal of this case on issue preclusion grounds because the Eastern District of Virginia and the Fourth Circuit already determined two Privacy Act merits issues that Chen's latest claim would require revisiting. Chen's opposition shows that the parties agree on several points. It is undisputed that Chen asserted a Privacy Act violation in the prior case. It is undisputed that that alleged Privacy Act violation was based on the same allegedly leaked information and the same Fox News reports as her claim here. It is undisputed that the parties in the prior case actually litigated the two Privacy Act merits issues. And it is undisputed that giving preclusive effect to those prior determinations would be fatal to her claim here.

Chen nevertheless contends that it is underhanded for the government to invoke issue preclusion after previously arguing both that the search warrant proceeding was not the proper forum for an original Privacy Act claim and alternatively that the alleged Privacy Act violation failed on the merits. But arguments in the alternative are commonplace and unremarkable. Chen vigorously litigated all of the alternative grounds at three levels of the federal judicial system, and all of those issues were resolved against her. Because she had a full and fair opportunity in the prior case, declining to second-guess the determinations made there is hardly unfair.

Chen also contends that the prior case did not actually decide the two merits issues. But any fair reading of the district court's opinion shows that it did decide those issues. Indeed, those two issues were the *first two grounds* given for denying relief for the alleged Privacy Act violation. And the Fourth Circuit affirmed for identical reasons.

Alternatively, Chen contends that even if the prior case did decide those two merits issues, issue preclusion nevertheless does not apply because those courts also

1

determined as a third ground of decision that they lacked jurisdiction. But the third

ground of decision is better read as concluding that the show-cause hearing for

sanctions that Chen sought was not an available *remedy* under the Privacy Act. In any

event, even if the third ground of decision were jurisdictional, the first two merits

grounds would still be entitled to preclusive effect as an instance in which the prior

courts "legitimately determined incidentally an issue [they] lack[ed] jurisdiction to

determine directly." *Carr v. District of Columbia*, 646 F.2d 599, 607 (D.C. Cir. 1980).[1]

Finally, Chen has failed to make the compelling showing of basic unfairness

necessary to avoid the preclusion bar here. The case should therefore be dismissed.

## II.    Argument

### A.    The Eastern District of Virginia and the Fourth Circuit determined both merits issues of Chen's Privacy Act claim

The government's opening brief explained that the Eastern District of Virginia

and the Fourth Circuit determined two issues that would have to be revisited in this

case: (1) the information underlying the Fox News reports was not "contained in a

system of records"; and (2) in any event, disclosing evidence collected in a search does

not violate the Privacy Act.

Remarkably, Chen's recitation of the procedural history of the prior case does not

even mention that the case involved those two Privacy Act merits issues. Opp'n at 2–7,

ECF No. 10. Chen does not dispute that she asserted a Privacy Act violation in the prior

case. Nor does she appear to dispute that the two merits issues were actually litigated in

---

[1] For the Court's convenience, citations to legal authorities and docket entries in the PDF version of this brief are linked to the cited authority in Westlaw and ECF, respectively.

the prior case — before the magistrate judge, the district court, and the Fourth Circuit.[2]
She contends, however, that the district court and the Fourth Circuit did not make any
determinations on those issues, instead characterizing the treatment of those issues as
mere "dicta," "mus[ings]," "state[ments]," and "remarks." Opp'n at 14–16.

Yet any plausible reading of the district court's opinion shows that the district
court squarely determined both merits issues. The district court began by laying out the
elements of a Privacy Act claim on the merits. App'x at 84a, ECF No. 9-2 (*Matter of
Search of 2122 21st Rd.*, No. 17-cr-236, 2018 WL 534161, at *4 (E.D. Va. Jan. 23, 2018)).
The district court then concluded that Chen's attempt to meet that Privacy Act standard
"fails in multiple respects." App'x at 84a–85a (2018 WL 534161, at *4). The district
court's *first two grounds* for that conclusion were the merits issues: (1) Chen failed to
show that the information underlying the Fox News reports came from a system of
records; and (2) in any event, the disclosure of evidence collected during a search does
not violate the Privacy Act. App'x at 85a–86a (2018 WL 534161, at *4). The Fourth
Circuit then affirmed "for the reasons stated by the district court."[3] App'x at 170a
(*Matter of Search of 2122 21st Rd.*, 735 F. App'x 66 (4th Cir. 2018) (per curiam)).

---

[2] Chen suggests that, on appeal, she litigated only the district court's third Privacy Act
determination. Opp'n at 13 n.2. But Chen's appeal also challenged the district court's
first two Privacy Act merits determinations. *See* App'x at 115a–117a (Corrected Opening
Br. at 24–26, ECF No. 12, *United States v. Matter of Search of 2122 21st Rd., N.
Arlington, Va.*, No. 18-6132 (4th Cir. Mar. 28, 2018)).

[3] Contrary to Chen's contention (Opp'n at 13 n.2), the Fourth Circuit did not summarily
affirm. The Fourth Circuit issued an unpublished opinion explicitly adopting the district
court's reasons — which include the two Privacy Act merits determinations. App'x at
170a (735 F. App'x 66). Issue preclusion applies to unpublished court of appeals
opinions. *Nat'l Classification Comm. v. United States*, 765 F.2d 164, 170 (D.C. Cir.
1985).

On the first merits issue, Chen contends that the district court determined only that she had *failed to show* that the information came from a system of records — not that the information did not *actually* come from a system of records. Opp'n at 15. But the fact that the district court decided the system of records issue in the particular procedural posture in which it arose — something courts routinely do — does not allow Chen to avoid preclusion here. The question is whether adjudicating this case in Chen's favor would be "consistent[]" with the determination in the prior case. *See Brightheart v. McKay*, 420 F.2d 242, 245 (D.C. Cir. 1969). If Chen failed to make a sufficient showing on the system of records issue to justify a hearing (as the district court and Fourth Circuit held), a fortiori she cannot meet the considerably higher standard of proving it by a preponderance of the evidence as required to prevail in this case. The necessary inconsistency with the prior determination is thus fatal to Chen's claim here.

Chen also contends that, with discovery here, she might be able to present more evidence on the system of records issue than she did in the prior case. Opp'n at 15. Notably, Chen does not contend that she in fact *has* any more evidence on that issue now than she did in the prior case (where she also sought discovery, *see* App'x at 49a). Instead, she acknowledges (Opp'n at 15, 18) that she would need discovery to *search* for any such evidence. In any event, "[p]reclusion cannot be avoided simply by offering evidence in the second proceeding that could have been admitted, but was not, in the first." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254–255 (D.C. Cir. 1992).

On the second merits issue about whether disclosing evidence collected in a search violates the Privacy Act, Chen contends that the district court and the Fourth Circuit decided that issue incorrectly. Opp'n at 16 n.4. But "issue preclusion prevent[s] relitigation of wrong decisions just as much as right ones." *B & B Hardware, Inc. v.*

4

*Hargis Indus., Inc.*, 135 S. Ct. 1293, 1308 (2015) (brackets in original; citation omitted); *see also Willner v. Dimon*, No. 15-cv-1840, 2018 WL 3067902, at \*7 (D.D.C. Jan. 4, 2018) (Cooper, J.) (preclusion applied even though "[i]f this Court had power to consider the question anew, it might well agree with the [plaintiffs]"). If a party could sidestep the preclusion bar by arguing that the prior decision was wrong, the doctrine would never achieve its principal goals of preventing repeat litigation and conserving judicial resources. *See Gulf Power Co. v. FCC*, 669 F.3d 320, 324 (D.C. Cir. 2012).

Finally, Chen contends that the second merits determination in the prior case does not bar her entire claim here — which is based not only on photos collected in the search, but also on other documents not collected in the search, like immigration forms, naturalization papers, and an excerpt of an FBI form. Opp'n at 17. First, and most importantly, even if any part of Chen's latest claim were not barred by the *second* merits determination in the prior case, it is undisputed that the entire claim is barred by the *first* merits determination. In making that first determination, the Eastern District of Virginia and the Fourth Circuit concluded that Chen had failed to show that an agency system of records was the source of any of the documents underlying the Fox News story — including all of the documents cited in her complaint here, which Chen presented in the prior case. *See* App'x at 22a (Second Addendum at 2, ECF No. 21, *Matter of Search of 2122 21st Rd.*, No. 12-sw-1002 (E.D. Va. May 22, 2017)) (alleging Privacy Act violation based on alleged disclosure of FBI form and immigration papers); *see also* Aff. of Movant at 2 & Attachment 2, ECF No. 21-1, *Matter of Search of 2122 21st Rd.*, No. 12-sw-1002 (E.D. Va. May 22, 2017) (attaching screenshots of those documents).

In any event, Chen's entire claim here is also barred by the second merits determination made in the prior case. There, the government argued that Congress did not intend for the Privacy Act to cover the kind of documents identified by Chen. *See* App'x at 27a–31a (Response at 3–7, ECF No. 22, *Matter of Search of 2122 21st Rd.*, No. 12-sw-1002 (E.D. Va. June 5, 2017)). The Eastern District of Virginia and the Fourth Circuit agreed on that point and denied Chen's requested relief in its entirety — thus implicitly rejecting any argument that some of the documents identified by Chen could give rise to a Privacy Act violation.[4] *See Sec. Indus. Ass'n v. Bd. of Governors of Fed. Reserve Sys.*, 900 F.2d 360, 365 (D.C. Cir. 1990) (fact that prior court "was not explicit in holding [on precise question] is ... irrelevant to its preclusive effect — by [its final disposition], the [prior] court necessarily decided that question").

Finally, Chen contends that the second merits determination was not that disclosing evidence collected in a search could *never* give rise to a Privacy Act violation. Opp'n at 15–16. Even if that were a fair reading of the district court's opinion, it would not matter here. By denying Chen's requested relief in its entirety, the district court ruled at the very least that the alleged disclosure of *the particular documents identified by Chen* did not violate the Privacy Act. Giving preclusive effect to that narrower ruling is still fatal to Chen's claim in this case, which is based on those same documents.

---

[4] The fact that Chen did not make this same argument in the prior case is "irrelevant ... since preclusion because of a prior adjudication results from the resolution of a question *in issue*, not from the litigation of specific *arguments* directed to the issue." *See Sec. Indus. Ass'n*, 900 F.2d at 364.

In sum, the Eastern District of Virginia and the Fourth Circuit made two Privacy Act merits determinations that her latest Privacy Act claim would require this Court to revisit — an invitation this Court should decline.

### B.   The third ground of the Eastern District of Virginia's and Fourth Circuit's decision does not defeat preclusion here

Chen next contends that even if the Eastern District of Virginia and the Fourth Circuit made those two merits determinations, issue preclusion still does not apply because those courts also determined as a third ground of decision that they lacked jurisdiction. Opp'n at 9–14. Chen's argument provides no basis for avoiding preclusion.

### 1.   The third ground is best read as being not about jurisdiction, but about remedies

At the outset, there is good reason to believe that the prior courts' third ground of decision was not jurisdictional. Neither the district court nor the Fourth Circuit stated that it lacked subject-matter jurisdiction.[5] Chen quotes the district court as finding that there was "'no jurisdiction to pursue the Privacy Act's implications'" in the prior case. Opp'n at 9. But that quoted language is not the *district court's* conclusion; it is the district court's characterization of what the *magistrate judge* found: "Magistrate Judge Anderson found *he had* no jurisdiction to pursue the Privacy Act's implications because a show cause hearing is not an enumerated remedy of the Act." App'x at 84a (2018 WL 534161, at *4) (emphasis added). The magistrate judge's findings are not what matters for issue preclusion purposes; only the grounds expressly determined by the district

---

[5] The Privacy Act vests jurisdiction in "the district courts of the United States," 5 U.S.C. § 552a(g)(1) — which includes the U.S. District Court for the Eastern District of Virginia.

court (and the Fourth Circuit) are relevant.[6] *See Synanon Church v. United States*, 820 F.2d 421, 424–425 (D.C. Cir. 1987).

Instead, the district court's third ground for decision is better read as a determination that a show-cause hearing for sanctions is not an available *remedy* under the Privacy Act. The district court's reasoning was focused on remedies: "A *hearing* before the magistrate judge who authorized the warrant would not be an appropriate forum in which to make an original Privacy Act claim," and if Chen wanted to assert an original Privacy Act claim, she "would better pursue the avenues for *civil relief* provided by the Privacy Act." App'x at 86a (2018 WL 534161, at *5) (emphasis added). In other words: The Privacy Act does not entitle a party to the kind of show-cause hearing sought by Chen — only civil relief, which would have to be sought in an original civil action. The district court's bottom-line conclusion was likewise about remedies, not jurisdiction: Chen "has failed to show that the Privacy Act *entitles her to the relief sought before Judge Anderson.*"[7] App'x at 86a (2018 WL 534161, at *5) (emphasis added).

The upshot is that a finding that a particular remedy is not available under a statute is not a finding that the court lacks subject-matter jurisdiction to adjudicate the

---

[6] The magistrate judge did not decide either of the two merits issues that the district court and the Fourth Circuit later decided, though both issues had been litigated by the parties. App'x at 43a–45a, 46a–47a. At that point, if Chen had abandoned the prior case and filed this case, issue preclusion would not have barred this case. Instead, however, Chen appealed to the district court and squarely but unsuccessfully litigated both merits issues, and then appealed to the Fourth Circuit and again squarely but unsuccessfully litigated both merits issues.

[7] Chen herself acknowledges this reading, stating that the district court determined that "the Act does not entitle a person injured by a leak of search warrant materials to a hearing before the magistrate who issued the warrant compelling the Government to show cause whether it violated the Act." Opp'n at 12.

case. *See, e.g.*, *Doe v. Chao*, 540 U.S. 614, 624–625 (2004) (holding that plaintiff with no actual damages was not eligible for minimum statutory damages award under Privacy Act; "an individual subjected to an adverse effect [from a Privacy Act violation] has injury enough to open the courthouse door, but without more has no cause of action for damages under the Privacy Act"). And issue preclusion applies when the prior case was resolved on multiple alternative nonjurisdictional grounds, as Chen acknowledges. Opp'n at 13 n.2; *accord Yamaha*, 961 F.2d at 255. Issue preclusion thus applies to each of the three grounds determined by the Eastern District of Virginia and the Fourth Circuit — the first two of which bar this case.

### 2. Even if the third ground were jurisdictional, issue preclusion would still bar this case

In any event, preclusion would still apply even if the third ground of decision by the Eastern District of Virginia and the Fourth Circuit were jurisdictional. Chen contends that, given the third (purportedly jurisdictional) ground of decision in the prior case, the first two merits grounds were not "determined by a court of competent jurisdiction" as required for preclusion. Opp'n at 9–10. But even when a prior court lacked jurisdiction, preclusion still applies when that court "legitimately determined incidentally an issue it lack[ed] jurisdiction to determine directly." *Carr*, 646 F.2d at 607. Here, Chen asserted a Privacy Act violation in the prior case and contended that it was a freestanding ground meriting a show-cause hearing. Even if the Eastern District of Virginia and the Fourth Circuit would have lacked jurisdiction over an original Privacy Act claim — which Chen disclaimed asserting, *see* App'x at 114a — those courts still legitimately determined the two merits issues incidentally, to decide whether Chen was

entitled to her requested show-cause hearing. Those determinations are thus entitled to preclusive effect.

Chen also contends that, since the third determination was sufficient by itself to support the prior judgment, the two merits determinations were not "essential to the judgment" as required for issue preclusion. Opp'n at 11–12. Even if *Carr* did not apply, that logic, if adopted, would mean that issue preclusion could never apply when the prior judgment was based on multiple alternative grounds. That logic would also yield the perverse outcome that "a case which is doubly inadequate can be refiled whereas a case inadequate in only one respect cannot." *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983) (Scalia, J.). Most importantly, that logic has been rejected by the D.C. Circuit in favor of a different rule: "[A] judgment based alternatively upon two determinations, either of which alone would be sufficient to sustain it, is an effective adjudication as to both grounds, and is collaterally conclusive as to both." *Yamaha*, 961 F.2d at 255 (citation omitted)[8]; *see also Dozier*, 702 F.2d at 1194 n.10 (noting "the general rule of binding effect for alternative holdings"); *Kaempfer v. Brown*, 872 F.2d 496, 1989 WL 45103, at *2 (D.C. Cir. 1989) (unpublished) (rejecting argument that lack of personal jurisdiction in prior case deprived merits determination of preclusive effect in subsequent case); *W. Coal Traffic League v. ICC*, 735 F.2d 1408, 1410–1411 (D.C. Cir. 1984) (R.B. Ginsburg, J.) (holding that prior merits determinations were preclusive, even though prior decision also rested on ripeness ground (*see* 691 F.2d 1104, 1116)).

---

[8] Chen contends that *Yamaha* is not good law. Opp'n at 12–13. But the only support she cites is a comment from the Restatement (Second) of Judgments published in 1980, over a decade before *Yamaha*.

In support of her argument that an alternative jurisdictional determination saps the preclusive effect of a merits determination, Chen cites *Stebbins v. Keystone Insurance Co.*, 481 F.2d 501 (D.C. Cir. 1973). But as the D.C. Circuit has explained, that interpretation overreads the case. *See Dozier*, 702 F.2d at 1194 n.10. *Stebbins* represents a narrow exception to issue preclusion when: (a) "one of the alternative grounds [for the prior decision] involves a curable defect that is later cured," *id.* (emphasis deleted); and (b) instead of appealing the prior decision, the losing party "acquiesce[s] in the judgment and take[s] whatever steps are necessary to keep alive or rekindle his prayer for relief," *Stebbins*, 481 F.2d at 508. In those circumstances, declining to give preclusive effect is justified because "the ease of remedying the curable defect makes it more likely that the refusal to take an appeal in the first case was not an acknowledgment of the validity of both grounds." *Dozier*, 702 F.2d at 1194 n.10. Here, by contrast, Chen *did* appeal the Eastern District of Virginia's decision and squarely challenged all three Privacy Act determinations in the Fourth Circuit, and the Fourth Circuit ruled against her on all three grounds. *Stebbins* thus does not deprive those determinations of preclusive effect here. *See id.* at 1193–1194 (when prior decision was based on "alternative holding[s]" and losing party "pursue[d] an appeal which was explicitly rejected on both grounds," "the dismissal on each ground is [preclusive] in a subsequent suit") (emphasis deleted).

Chen also cites out-of-circuit cases and secondary sources that purportedly adhere to a different rule of preclusion. Opp'n at 10–12. Even if those authorities were not at odds with D.C. Circuit law, their rule is based on two concerns, neither of which is present in this case. First, according to those authorities, "a determination in the alternative may not have been as carefully or rigorously considered as it would have if it

had been necessary to the result." Restatement (Second) of Judgments § 27 cmt. *i* (1980). Here, however, the merits determinations were the *first two* grounds that the Eastern District of Virginia gave for its decision — not tack-on reasons mentioned only in passing.

Second, "the losing party, although entitled to appeal from both determinations, might be dissuaded from doing so because of the likelihood that at least one of them would be upheld and the other not even reached." *Id.* But here, despite having lost on three alternative Privacy Act grounds in the Eastern District of Virginia, Chen appealed all three grounds to the Fourth Circuit, and the Fourth Circuit affirmed on all three grounds. In this situation, where the losing party takes an appeal and loses, the Restatement says that preclusion applies to all of the alternative grounds for affirmance:

> If the judgment of the court of first instance was based on a determination of two issues, either of which standing independently would be sufficient to support the result, and the appellate court upholds both of these determinations as sufficient, and accordingly affirms the judgment, the judgment is conclusive as to both determinations. In contrast to the case discussed in Comment *i*, the losing party has here obtained an appellate decision on the issue, and thus the balance weighs in favor of preclusion.

*Id.* § 27 cmt. o; *see also Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 45 n.6 (2d Cir. 1986) (noting that, although the Restatement's general view is that "the disincentive to seeking appellate review [of alternative findings] is sufficient to prevent preclusion," if appeal is actually taken, "an alternative finding that is in fact reviewed and affirmed is preclusive under the *Restatement*").

The third ground of the Eastern District of Virginia's and Fourth Circuit's decision thus does not deprive the first two merits grounds of preclusive effect here.

### C.      Preclusion would cause no basic unfairness to Chen

Finally, Chen contends that applying preclusion would be fundamentally unfair for three reasons. Opp'n 17–20. First, she contends that she did not get discovery in the prior case. Opp'n at 17–18. But the reason Chen did not get discovery there (though she sought it, *see* App'x at 49a) was because the district court determined that she failed to make a sufficient showing to justify it. App'x at 85a (2018 WL 534161, at *4). A similar situation occurs every time a case is dismissed under Rule 12: the plaintiff's allegations were insufficient to warrant discovery. If that were enough to avoid preclusion, the "narrow[]" "'basic unfairness' exception" would swallow the rule. *See Willner*, 2018 WL 3067902, at *6.

In any event, the scope of discovery does not drive the preclusion analysis. Preclusion can apply even when the scope of discovery in the prior proceeding was more limited than in the current case. *See B & B Hardware*, 135 S. Ct. at 1309 (issue preclusion applied to administrative agency determinations even though "[t]he scope of discovery in Board proceedings ... is generally narrower than in court proceedings") (citation omitted; alteration and ellipsis in original). Instead of focusing on the scope of discovery, "the correct inquiry is whether the procedures used in the first proceeding were fundamentally poor, cursory, or unfair." *Id.* Chen provides no basis for this Court to reach the remarkable conclusion that the procedures used at three levels of federal courts in the prior case fell below that bare minimum standard.

Second, Chen contends that she lacked an incentive to litigate the Privacy Act merits issues in the prior case because she did not seek damages there. Opp'n at 18–19. But issue preclusion applies even to prior proceedings in which *no* damages were available, as long as "there is good reason to think that both sides [took] the matter

13

seriously." *B & B Hardware*, 135 S. Ct. at 1309–1310. Here, the docket in the prior case belies any suggestion that Chen did not zealously litigate the Privacy Act merits issues. Chen was the party who injected those issues into the prior case by asserting a Privacy Act violation. She ardently litigated those issues at three different levels of the federal judicial system, filing multiple briefs at each level. App'x at 15a, 19a, 22a, 34a–35a, 55a– 56a, 75a–76a, 114a–117a. Precluding her from relitigating those issues yet again is far from unfair. *See Brightheart*, 420 F.2d at 245 n.4 ("Here, estoppel is invoked as against the person who initiated the action ... as plaintiff. There is every reason to believe he exerted his full energies to obtain recovery ....").

Third, Chen contends that the government's conduct is unfair. Opp'n at 19–20. Chen relies heavily on the government's argument in the Fourth Circuit that she could file a new civil Privacy Act case. Opp'n at 6, 19–20 (citing App'x at 150a–152a). But that argument was in support of the government's *alternative* contention that the Fourth Circuit lacked *appellate jurisdiction*. *See* App'x at 136a–153a (Br. of the United States at 10–27, ECF No. 16, *Matter of Search of 2122 21st Rd.*, No. 18-6132 (4th Cir. Apr. 17, 2018)). If the Fourth Circuit had dismissed for lack of appellate jurisdiction, as the government urged, preclusion would not have barred a subsequent Privacy Act case, since the Fourth Circuit would not have ruled on the two merits issues. *See Synanon Church*, 820 F.2d at 424–425. But the Fourth Circuit did not agree with the government on the appellate jurisdiction point and instead affirmed for the reasons given by the

Eastern District of Virginia — including the two merits grounds that Chen now asks this Court to revisit.[9]

More fundamentally, the government in the prior case merely did what parties do every day: it argued that multiple alternative grounds supported its requested disposition of the case. Chen had a full and fair opportunity to litigate each of those grounds, and the Eastern District of Virginia and the Fourth Circuit resolved them against her. There is little doubt that, if Chen had *prevailed* on any of those merits issues in the prior case, she would have sought to use issue preclusion offensively in this case to bar the government from relitigating them. It would be unfair *to the government* if Chen could employ this kind of "heads I win, tails play again" tactic.

Chen has therefore failed to make the compelling showing of unfairness required to avoid preclusion. This Court should decline to second-guess the determinations of the Eastern District of Virginia and the Fourth Circuit.

---

[9] Notably, courts have held that issue preclusion applies even when the *prior court* — as opposed to the other party — suggested that the decision would not be preclusive in a later case. *See Magnus Elecs., Inc. v. La Republica Argentina*, 830 F.2d 1396, 1402–1403 (7th Cir. 1987).

## III.     Conclusion

The motion should be granted.

Dated: May 8, 2019                                        Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

 */s/ Garrett Coyle*
GARRETT COYLE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 616-8016
Fax: (202) 616-8470
Email: garrett.coyle@usdoj.gov

*Counsel for Defendants*