# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **YANPING CHEN**, <br><br> Plaintiff, <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION**, *et al.*, <br><br> Defendants. | Case No. 18-cv-3074 (CRC) |

## OPINION AND ORDER

Plaintiff Yanping Chen, a naturalized citizen of the United States, was investigated by the Federal Bureau of Investigation regarding statements she made on certain immigration forms. In the course of that investigation, the FBI executed search warrants at Dr. Chen's home and office and collected a trove of documentary evidence. Years later, after she had been informed that no charges would be brought against her, Fox News ran a series of negative reports about Dr. Chen and the for-profit university she runs in Virginia. As a result of the coverage, Dr. Chen alleges that both she and her business suffered financial and reputational harm.

Dr. Chen believes the FBI was the source for the Fox News stories and that the evidence revealed in the reports—including snippets of her immigration forms, a summary of an FBI interview with her daughter, and personal photographs of her and her husband—was taken from the materials seized by the FBI in executing its search warrants. Suspecting someone at the FBI unlawfully disclosed her personal information, she sought sanctions against the agency in a motion before the federal magistrate judge in the Eastern District of Virginia who had issued the search warrants. Among other things, Dr. Chen contended that the FBI violated the Privacy Act, 5 U.S.C. § 552a, which generally makes it unlawful for the government to disclose an

individual's personal information without their consent.  After she was rebuffed for not filing her Privacy Act claim as an original civil action in district court, she filed this suit against the FBI and several other government agencies that may have had access to her investigatory file.  The Government has moved to dismiss the case.  It maintains that Dr. Chen is precluded from raising her Privacy Act claim here because two dispositive issues were already litigated and decided against her in the prior search warrant proceeding.  Upon consideration of the motion and briefing, the Court finds that Dr. Chen may pursue her claim through this suit.

**I.    Background**

In 2012, Magistrate Judge John Anderson in the Eastern District of Virginia signed two search warrants related to an FBI investigation into whether Dr. Chen lied on her immigration forms about her previous work as a scientist for the Chinese space program.  Compl. ¶¶ 15, 17.  FBI agents seized various items from Dr. Chen's home and office during the execution of the warrants, including Dr. Chen's business records, computers and other electronic devices, and personal family photographs.  Id. ¶ 20.  After some six years of investigation, Dr. Chen was informed that no charges would be filed.  Id. ¶¶ 16, 22.  Almost a year later, Fox News ran a series of "exclusive" investigative reports on Dr. Chen, her university, and her alleged ties to the Chinese military.  Id. ¶¶ 25–31.  According to Dr. Chen, the photographs and documentary evidence used in the reports could only have come from the documents the FBI collected during the search.  Id. ¶¶ 33–34.  She alleges that someone within the FBI or another Government agency with access to her investigatory file leaked her personal papers and effects to Fox News.  Id. ¶¶ 34, 43.  She claims the reports have caused her reputational and monetary harm.  Id. ¶¶ 37–42.

In 2017, Dr. Chen filed a motion with Magistrate Judge Anderson under Federal Rule of Criminal Procedure 41, which governs federal search warrants, seeking an order to show cause why the Government should not be sanctioned for the disclosure of her personal information. Among other objections to the alleged disclosures, Dr. Chen argued that the Government had violated the Privacy Act by providing materials seized during the searches of her home and office to Fox News without her consent. Defs.' App. 22a. The Government responded that the court lacked jurisdiction to hear her Privacy Act objection in the context of a Rule 41 proceeding because the Act permits redress to be sought only through an original civil action filed in District Court. Defs.' App. 26a (citing 5 U.S.C. §§ 552a(g)(1), (g)(5)).

Magistrate Judge Anderson denied Dr. Chen's motion, concluding that while the "allegations describe a troubling and potentially improper course of conduct[,] . . . a proceeding for the issuance of a search warrant cannot provide the relief sought by the movant under the Privacy Act." Defs.' App. 47a. Dr. Chen appealed Judge Anderson's ruling to the District Court Judge Liam O'Grady. Defs.' App. 48a–56a. In its opposition, the Government reiterated its position that the court did not have jurisdiction under the Privacy Act to hear the claim in a search warrant proceeding. Defs.' App. 64a. In the alternative, the Government argued that Dr. Chen had failed to show that the records at issue were stored in a "system of records" (as required to establish a violation of the Act's wrongful-disclosure provisions) and that evidence obtained via a search warrant are not covered by the Privacy Act at all. Defs.' App. 65a–70a.

Judge O'Grady adopted Magistrate Judge Anderson's opinion in full, including his conclusion that a Rule 41 proceeding is not "an appropriate forum in which to raise a Privacy Act claim." In re Search of 2122 21st Rd. N. Arlington, Va., No. 17-cr-236, 2018 WL 534161, at *1, *5 (E.D. Va. Jan. 23, 2018) ("In re Search"). He also discussed the two Privacy Act issues

3

that Magistrate Judge Anderson did not reach. Id. at *4. First, Judge O'Grady held that Dr. Chen "failed to show" that the allegedly leaked records were stored in a system of records. Id. at *4. Second, he opined that materials seized pursuant to a search warrant were not covered by the Privacy Act because it would be "illogical" to allow the subject of an investigation to view their investigatory file. Id. In support of this conclusion, he added that he had found no case in which someone has recovered under the Privacy Act based on disclosure of evidence seized in the execution of a search warrant. Id. Finally, he suggested that Dr. Chen pursue her Privacy Act claim by filing an original civil action in District Court, as the Act provides. Id. at *5. Dr. Chen appealed, and the Fourth Circuit summarily affirmed the District Court's opinion. United States v. In re Search of 2122 21st Rd. N. Arlington, Va., 735 Fed. App'x 66 (Mem.) (4th Cir. 2018). In its appellate briefing, the Government echoed Judge O'Grady's observations that a search warrant proceeding was an inappropriate forum for Dr. Chen's Privacy Act claim and that she should instead pursue it through an original civil action. Defs.' App. 159a–163a.

Thrice spurned, Dr. Chen followed Judge O'Grady's and the Government's suggestion: She filed a Privacy Act suit in this Court. The Government now moves to dismiss the suit under Federal Rule of Civil Procedure 12(b)(6) on the basis of issue preclusion.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint that fails to state a legally valid claim, such as claims that are barred by the doctrine of issue preclusion. The Government, as "the moving party[,] bears the burden of proving all the elements of issue preclusion." Lans v. Adduci Mastriani & Schaumberg LLP, 786 F. Supp. 2d 240, 303 (D.D.C. 2011). In addition, "the preclusive effect of federal court litigation," like the prior litigation at issue here, "is a question of federal law." Athridge v. Aetna Cas. & Sur. Co.,

4

351 F.3d 1166, 1171 (D.C. Cir. 2003) (citing 17 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4226, at n.10 (2d ed. 1988)).

The doctrine of issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a . . . prior judgment." Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quoting New Hampshire, 532 U.S. 742, 748–49 (2001)). "[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." McLaughlin v. Bradlee, 803 F.2d 1197, 1201 (D.C. Cir. 1986) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). Issue preclusion doctrine seeks to "avert needless relitigation and disturbance of repose, without inadvertently inducing extra litigation or unfairly sacrificing a person's day in court." Otherson v. Dep't of Justice, 711 F.2d 267, 273 (D.C. Cir. 1983).

The party moving to use preclusion to prevent relitigation of an issue has the burden to show three elements are met: (1) "the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case;" (2) "the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case;" and (3) "preclusion in the second case must not work a basic unfairness to the party bound by the first determination." Martin v. Dep't of Justice, 488 F.3d 446, 454 (D.C. Cir. 2007). As the Supreme Court has explained, "a party who has had one fair and full opportunity to prove a claim and has failed in that effort, should not be permitted to go to trial on the merits of that claim a second time. Both orderliness and reasonable time saving in judicial administration require that this be so unless some overriding consideration of fairness to a litigant dictates a different result in the circumstances of a particular case." Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 324–25 (1971). Whether the second court agrees with the first is

irrelevant to the analysis. See Consol. Edison Co. of N.Y. v. Bodman, 449 F.3d 1254, 1257 (D.C. Cir. 2006) ("A court conducting an issue preclusion analysis does not review the merits of the determinations in the earlier litigation."). When the first two elements of issue preclusion doctrine are met, the plaintiff "must be permitted to demonstrate, if he can, that he did not have a fair opportunity procedurally, substantively, and evidentially to pursue his claim the first time." Id. at 333 (internal quotation marks omitted); see also Montana v. U.S., 440 U.S. 147, 164 n.11 (1979) ("Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation."). That being said, "if the parties have the same incentive to litigate in both the earlier and the subsequent litigation, if there is no change in the controlling law and if there is no concern about procedural defects in the first litigation, the application of issue preclusion is unlikely to result in a 'compelling' showing of unfairness to the party against which it is asserted." Canonsburg Gen. Hosp. v. Burwell, 807 F.3d 295, 306 (D.C. Cir. 2015).

### III. Analysis

The Government contends that Judge O'Grady made (and the Fourth Circuit affirmed) two dispositive rulings against Dr. Chen that preclude her Privacy Act claim here: first, that the information published by Fox News was not "contained in a system of records" as required to establish a Privacy Act violation and, second, that a government disclosure of search warrant evidence cannot violate the Privacy Act as a matter of law. Dr. Chen disputes the Government's characterization, and thus the preclusive effect, of Judge O'Grady's rulings.[1]

---

[1] Dr. Chen argues that because Judge O'Grady's resolution of each of these two issues would independently support the result, neither is precluded from relitigation. Opp. 12–13 (citing Restatement (Second) of Judgments § 27 cmt. i (1980) ("If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would

6

As a threshold matter, Dr. Chen argues that Judge O'Grady found that he lacked jurisdiction to entertain her Privacy Act claims in the context of a search warrant proceeding, which means his rulings regarding the Act were not determined by a "court of competent jurisdiction." See Martin, 488 F.3d at 454. As a result, she contends that she is free to litigate her Privacy Act claim here regardless of what Judge O'Grady may have ruled on the merits of the relevant issues. The Government responds that Judge O'Grady's ruling was not so much a jurisdictional finding but "is better read as a determination that a show-cause hearing for sanctions is not an available remedy under the Privacy Act." Reply 8. While the Court leans towards the Government's argument, it need not resolve the dispute because it finds that Dr. Chen is not precluded in this original action from raising the two merits issues discussed by Judge O'Grady.

The first prong of issue preclusion—that the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case—is met for both issues. See Defs.' App. 75a–76a, 115a–117a. The Court finds, however, that neither issue is precluded. First, the issue of whether the seized materials were held in a "system of records" was not fully and fairly litigated in the search warrant proceeding because Dr. Chen lacked access to any discovery procedures that would have enabled her to make that showing. Especially considering that all the evidence needed to prove that issue is in the primary control of

---

be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone.")). In the D.C. Circuit, however, when the first court makes two determinations, either of which are sufficient to reach the judgment, a party *is* precluded from relitigating both. Yamaha Corp. of Am. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992)). Dr. Chen argues that the D.C. Circuit is wrong, Opp. 12, but that argument is better made to the Circuit. This Court is bound to apply Yamaha and therefore must analyze the preclusive effect of each of Judge O'Grady's alternative grounds.

the Government, it would "work a basic a fairness" to Dr. Chen if she were bound by that determination here.  See Martin, 488 F.3d at 454.  Second, Judge O'Grady did not conclusively hold that materials seized under a search warrant can never be the basis of a wrongful-disclosure claim under the Privacy Act.  His thoughts on the subject are best viewed as dicta.  That issue, therefore, was not "actually . . . determined" and may be relitigated here.  Id.

       1.  *System of Records*

In the Government's telling, Judge O'Grady held that the documents seized in the search of Dr. Chen's home and office were not contained in a system of records.  Mot. to Dismiss 9.  What he actually found, however, was that Dr. Chen "*failed to show* that evidence seized during a search conducted in a criminal investigation constitutes records that are 'contained in a system of records' under the Privacy Act."  In re Search, 2018 WL 534161, at *4 (emphasis added).  Regardless of how it is characterized, however, Judge O'Grady's finding is not preclusive in a subsequent suit because Dr. Chen did not have a full and fair opportunity to litigate whether the FBI stored her particular records in a system of records due to her inability to take discovery in the search warrant proceeding.

Applying issue preclusion may well be unfair to a litigant "where the second action affords the [party against whom preclusion is being invoked] procedural opportunities unavailable in the first action that could readily cause a different result."  Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331 & n.15 (1979) (citing unavailability of discovery as an example);[2]

---

    [2] Although Parklane Hosiery indicates it would be "unfair to apply *offensive* estoppel" in these circumstances, footnote 15 adds that "differences in available procedures may sometimes justify not allowing a prior judgment to have estoppel effect in a subsequent action even between the same parties, or *where defensive estoppel is asserted against a plaintiff who has litigated and lost*."  439 U.S. at 331 & n.15.

8

see also Canonsburg Gen. Hosp., 807 F.3d at 306 (acknowledging that preclusion is inappropriate if the "prior proceedings were seriously defective").[3] The inability to conduct discovery can prevent a litigant from having "an opportunity to fully litigate [an] issue." Compagnie des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances, 723 F.2d 357, 361 (3d Cir. 1983) (holding that the district court's closing of discovery in the prior proceeding prevented the plaintiff from having "had an opportunity to fully litigate the issue"). This is especially true when the evidence needed to prove the issue is in the primary control of the opposing party.

The Second Circuit's decision in Sprecher v. Graber illustrates the point. 716 F.2d 968 (2d Cir. 1983). The court there confronted whether an original civil action claiming abuse of process by the SEC was precluded by the plaintiff's unsuccessful defense in an earlier subpoena enforcement proceeding in a different federal court. When the SEC sought to enforce a subpoena against him, Mr. Sprecher "vigorously opposed" the effort on the grounds that the investigation was religiously motivated and that the materials sought were protected by the

---

[3] The prior proceedings here were not "defective" in the sense that either Magistrate Judge Anderson or Judge O'Grady denied Dr. Chen any procedural rights to which she was entitled, as the Government suggests must be found to escape issue preclusion. See Reply 13 ("Chen provides no basis for this Court to reach the remarkable conclusion that the procedures used at three levels of federal courts in the prior case fell below th[e] bare minimum standard."). The procedures were lacking in relation to this particular issue only because the posture of the case did not allow for *any* discovery on a disputed factual issue. That finding does not disparage the federal system or the prior proceedings, it merely relies on the differences in available procedures. See Sprecher v. Graber, 716 F.2d 968 (2d Cir. 1983) (finding procedures defective such that issue preclusion did not apply in a prior federal subpoena enforcement proceeding that the circuit itself affirmed); see also Parklane Hosiery, 439 U.S. at 331 & n.15 (explaining that "differences in available procedures," including lack of discovery, "may not justify" applying preclusive effects of a prior judgment). Judge O'Grady himself recognized the inadequacy of the procedures available to Dr. Chen in the search warrant proceeding when he suggested that she file "a civil complaint in which [she] could be entitled to obtain discovery . . . ." In re Search, 2018 WL 534161, at *5.

attorney-client privilege. Id. at 971. The district court rejected his arguments as frivolous and dismissed his contention that he should have been provided an evidentiary hearing. Id. at 971–72. Shortly after the circuit disposed of Sprecher's appeal in the subpoena proceeding, the SEC moved to dismiss his abuse-of-process action, claiming that relitigation of the issues was precluded by the circuit's rejection of his defenses to the subpoena. The district court agreed, but the Second Circuit this time reversed. It held that the subpoena proceeding did not preclude Mr. Sprecher's abuse-of-process claims because, unlike in that proceeding, "in a plenary action for abuse of process, allegations alone may suffice to obtain discovery" and the "defendants would bear the burden on a motion for summary judgment and only after discovery was had." Id. at 972. "In view of the substantially disparate opportunities for discovery and differing burdens in the two proceedings," the Second Circuit concluded that the prior case "cannot have a preclusive effect . . . unless it is shown that these differences would not affect the outcome." Id. The availability of discovery prevented such a showing. Id.[4]

The Second Circuit's reasoning applies here.[5] The search warrant proceeding offered no mechanism whatsoever for discovery on Dr. Chen's Privacy Act claim, and, absent some other purely legal challenge to the Complaint, Dr. Chen would have an opportunity here to conduct

---

[4] In contrast to the abuse-of-process issues, the Second Circuit found that the prior action did preclude the plaintiff's argument that the subpoena violated the attorney-client privilege. For that issue, the court explained, "[d]iscovery is unnecessary since the client and Sprecher had the relevant information at their disposal." Id. at 973.

[5] See also Compagnie des Bauxites de Guinee, 723 F.2d at 361 (no full and fair opportunity to litigate when the prior court closed the issue to discovery); cf. Porter v. Shah, 606 F.3d 809, 814 (D.C. Cir. 2010) (full and fair opportunity to litigate afforded despite lack of discovery because the Plaintiff "had the opportunity to—and did—submit extensive documentary evidence"); Lans v. Adduci Mastriani & Schaumberg LLP, 786 F. Supp. 2d 240, 315 (D.D.C. 2011) (despite absence of "full discovery," full and fair opportunity to litigate afforded where party took two depositions, had an evidentiary hearing, and submitted evidence).

discovery on whether the materials seized from her home and office were stored in "system of records." Further, like Mr. Sprecher's abuse of process claims, evidence of whether the seized evidence was stored in "system of records" is wholly within the control of the Government; it is only through discovery that Dr. Chen could begin to probe that issue. And the Government has failed to show "that these differences would not affect the outcome." Id. at 972. Indeed, the Government itself argued to the Fourth Circuit that Chen would need to "file her own suit under the [Privacy] Act" to "pursue . . . discovery" about whether her information was stored in a system of records. Def.'s App. at 162a. Now that she has filed an original civil action, she should have a chance to do just that.

        2. *Applicability of the Privacy Act to Materials Seized through a Search Warrant*

For an issue to be precluded, it must have been "actually and necessarily determined" by the prior court. Martin, 488 F.3d at 454. "[M]ere *dicta*" does not preclude relitigation of an issue. McKinley v. City of Mansfield, 404 F.3d 418, 429 (6th Cir. 2005); see also Athridge v. Aetna Cas. & Sur. Co., 604 F.3d 625, 643 (D.C. Cir. 2010) ("[I]ssue preclusion does not apply . . . where the determination of an issue was dictum and not essential to the judgment.") (applying D.C. law) (internal quotation omitted); Anthan v. Prof'l Air Traffic Controllers Org., 672 F.2d 706, 710 (8th Cir. 1982) ("The determination of an issue in an earlier proceeding must be essential to the judgment; it cannot be dicta.").

Contrary to the Government's description of his opinion, Judge O'Grady did not squarely hold that the fruits of a search warrant are exempt from the Privacy Act's wrongful-disclosure provisions as a matter of law. He merely observed that (1) he was unable to find a case in which the disclosure of the fruits of a search warrant was found to violate the Privacy Act and (2) it would "def[y] logic to conclude that Congress intended . . . to permit the subject of a criminal

investigation 'to gain access to his record.'" In re Search, 2018 WL 534161, at *4 (quoting 5 U.S.C. § 552a(d)). But simply noting that you cannot find a case for a proposition and that the proposition "defies logic," without more, is not a holding; it is dicta. And, importantly, section 552a(d) of the Privacy Act—the provision that provides access to records—is not at issue in this case. The Court agrees that it would be illogical to assume that Congress would permit criminal suspects to *access* their case files, which is presumably why Congress explicitly exempted them—or anyone else—from obtaining investigatory files through the Privacy Act. See 5 U.S.C. § 552a(k)(2) (specifically permitting an agency to exempt "investigatory material compiled for law enforcement" from the provisions allowing access to records). But Congress did not include a similar exemption for the wrongful-disclosure provisions. Judge O'Grady did not indicate whether he thought Congress would logically permit the subject of an investigation to sue under the wrongful-disclosure provisions of the Act, which are the only ones at issue here. As a result, the Court finds that this discussion was dicta without preclusive effect. Lest there be any doubt, Judge O'Grady himself acknowledged that this discussion was not essential to his judgment when noted that Dr. Chen "would better pursue the avenues for civil relief provided by the Privacy Act, such as a civil complaint . . . ." In re Search, 2018 WL 534161, at *5. Had he held that the Privacy Act categorically did not permit her claims, that suggestion would have made no sense. Because the Court finds that this portion of the prior court's opinion was dicta and therefore not preclusive, Dr. Chen may raise her Privacy Act claims in this court.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (ECF No. 9) is DENIED.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: January 27, 2020