UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Yanping Chen**,<br><br>            Plaintiff,<br><br>      v.<br><br>**Federal Bureau of Investigation, U.S. Department of Justice, U.S. Department of Defense,** and **U.S. Department of Homeland Security**,<br><br>            Defendants. | No. 18-cv-3074 |

**STIPULATED CLAWBACK AGREEMENT AND
FEDERAL RULE OF EVIDENCE 502(d) ORDER**

The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority that the production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges, or any other applicable privilege. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party or subpoena recipient is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties or subpoena recipients from withholding from production any document covered by any applicable privilege or other protection.

1

The parties intend that this stipulated order shall displace the provisions of Federal Rule of Evidence 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure.  However, nothing in this Order shall limit the right of a party or subpoena recipient to conduct a pre-production review of documents as it deems appropriate.

## I. Definitions

1. "Document," as used herein, includes all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) and (B).

2. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

## II. Procedures

The procedures applicable to a claim of privilege on a produced document and the resolution thereof shall be as follows:

1. If a party discovers a document, or part thereof, produced by another party or subpoena recipient that is privileged or otherwise protected, the receiving party shall promptly notify the producing party or subpoena recipient and must then return the document or destroy it and certify that it has been destroyed to the producing party or subpoena recipient. The receiving party must also promptly identify, sequester, and destroy any notes taken about the document. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party or subpoena recipient to the receiving party.

2. If the producing party or subpoena recipient determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party or subpoena recipient shall give the receiving party notice of the claim of privilege ("privilege notice").

3. The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

4. Upon receiving the privilege notice, if the receiving party agrees with the privilege assertion made, the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and copies and certify to the producing party or subpoena recipient that the document(s) and copies have been destroyed. The receiving party must sequester and destroy any notes taken about the document. If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party or subpoena recipient of the disclosure and its efforts to retrieve the document or information.

5. Upon receiving the privilege notice, if the receiving party wishes to dispute the privilege notice of a producing party or subpoena recipient, the receiving party shall promptly meet and confer with the producing party or subpoena recipient. The document(s) shall be sequestered immediately upon receiving the privilege notice and not be used by the receiving party in the litigation (e.g., filed as an exhibit to a pleading, used in deposition) while the dispute is pending. If the receiving party and the producing party or subpoena recipient are unable to come to an agreement about the

privilege assertions made in the privilege notice, the receiving party may make a sealed motion for a judicial determination of the privilege claim.

6. Pending resolution of the judicial determination, the receiving party and the producing party or subpoena recipient shall preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any party or subpoena recipient shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in favor of the producing party or subpoena recipient.

7. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

Dated: 3/11/20

_____
Christopher R. Cooper
United States District Judge