**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

YANPING CHEN,

Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES DEPARTMENT OF DEFENSE, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

Defendants.

Civil Action No. 1:18-cv-3074-CRC

**JOINT STATEMENT ON DISCOVERY DISPUTE OVER PRODUCTION SCHEDULE**

In accordance with the Court's March 12, 2021 directive, the parties file this joint statement describing their discovery dispute and each side's position:

**Nature of Dispute**

This dispute concerns the government's production schedule for documents requested by Dr. Chen. Dr. Chen seeks to set an April 15 production deadline for the agencies' production in response to Dr. Chen's outstanding requests for production of documents. The government opposes the request and instead proposes to extend the current discovery deadlines.

**Plaintiff's Position**

1. Plaintiff Dr. Chen respectfully asks the Court to set a deadline for Defendants' responses to her outstanding requests for production of documents. This case has been pending for 27 months. Dr. Chen served her first document requests on each defendant over one year ago. Since then, Defendants have produced few documents, and those minimal productions have

been riddled with gaps, errors, missing parts, and inconsistencies. Defendants have often attributed their delays to limited resources or their prioritization of other matters. After repeatedly pressing for an anticipated schedule for completing production, Dr. Chen is still left guessing at when she will be able to continue prosecuting her case, including through further discovery requests and depositions.

2. On March 2, 2020, shortly after the Court denied Defendants' motion to dismiss, Dr. Chen served her first requests for production of documents on each agency. During the next two months, Dr. Chen agreed to two stays of discovery in light of the pandemic. The parties disputed a third extension, and the Court declined to extend the stay with respect to discovery responses that did not require FBI review and granted a brief extension of the stay for FBI documents and documents that required FBI review. Minute Order, May 19, 2020.

3. In light of the agencies' delays in production, the parties filed three motions to extend the discovery deadlines, which the Court has granted, ultimately extending the close of fact discovery until June 4, 2021. Minute Order, December 4, 2020.

4. Defendants' document productions have been paltry. During the first six months after Dr. Chen served her initial requests, Defendants collectively produced only *15 documents* (four from DOJ, two from DHS, and nine from the FBI). The FBI did not produce its first non-policy documents until December 18, 2020, and over the past year has produced fewer than 315 documents. As for the other Defendants, Dr. Chen has received only 189 documents from DOD, 241 from DOJ, and 116 from DHS.

5. Beyond the glacial pace, the agencies' productions have suffered from technical defects that the agencies have showed little urgency to correct. For example, a week after DOD made its first production in September 2020, Dr. Chen's counsel notified DOD that emails in the

production were cut off so that only part of the content had been produced. Despite at least eight follow-up inquiries, DOD has still not fully explained, much less rectified, these defects. In its most recent response, DOD counsel stated the issue is caused by "multiple complex technical issues" and that it did "not have any updates now."[1]

6. Defendants' delays have forced Dr. Chen to repeatedly move to extend the deadline to amend the pleadings. *See e.g.*, Dkt. 24, 28, 31. To determine whether she should add parties, Dr. Chen's March 2020 discovery requests asked whether and to what extent agencies other than the current Defendants accessed her private information. Still lacking responsive information after six months, Dr. Chen asked agency counsel to identify any such agencies. Although Defendants' counsel informed Dr. Chen in October 2020 that the FBI had disclosed documents about Dr. Chen to the Department of Veterans Affairs ("VA"), it took five more months for the FBI to produce any of those documents, and as of today it has produced only eight pages from a binder of relevant material that that the FBI shared with the VA (other pages are predicted to be produced in April 2021).

7. Meanwhile, Dr. Chen has diligently complied with her own discovery obligations. The agencies served their requests for production on Dr. Chen on February 25, 2020 and served a subpoena for documents on the University of Management and Technology, an educational institution founded by Dr. Chen, on April 8, 2020. Dr. Chen and UMT produced documents responsive to those requests in seven tranches between June 4 and November 13, 2020, notifying Defendants that the last of these completed Dr. Chen's response. Defendants served their second

[1] This is just one example of the defects in Defendants' productions. Other defects they have been slow or unwilling to address include the FBI's failure to unitize produced documents (instead producing many documents within large, undifferentiated PDF files), gaps in the FBI and DOD productions, and heavy redactions of FBI documents, which the FBI has attributed not to privilege but to insufficient time for other agencies to review for their own "equities."

set of requests for production on October 22, 2020, and Dr. Chen promptly completed her responses to those requests on November 20, 2020.

8. Since June 2020, Dr. Chen has persistently asked Defendants about their expected timeline for production, but the agencies have been slow to provide answers and their projected dates have constantly shifted. Just since the Court's approval of the current schedule, Dr. Chen has sought answers from Defendants on when their productions will be complete on at least seven occasions. In an update received as part of discussions about this filing, agency counsel stated that the FBI anticipates being able to produce a set of classified e-mails by April 15 and finish review of an additional set of DOD documents by May 21. Even now, Defendants propose another 90-day delay while identifying several categories of documents for which they cannot provide an expected schedule.

9. Dr. Chen still has no indication as to when Defendants will complete their responses. While Defendants make much of their supplemental searches based on the parties' agreement on the scope of Dr. Chen's requests, the parties reached agreement *over two months ago* and Defendants have yet to even perform the searches and accordingly have no estimate for the timeline for review.[2] And Dr. Chen cannot know what additional discovery will be needed until she obtains responses to her first requests.

10. Dr. Chen respectfully requests that the Court require the agencies to devote adequate resources to comply with their obligations in a reasonable time period. "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016).

[2] Defendants exaggerate the burden of those searches. The parties' agreement as to scope entailed only two issues: (1) a narrow expansion of the date range for the requests and (2) a substantive expansion of Defendants' interpretation of *one* interrogatory.

As courts within this district have recognized, "set[ting] a production schedule" falls within that "inherent authority to control the portion of the district court's docket before [each judge]." *Chapman v. Internal Rev. Serv.*, 2018 WL 1967114, at *1 (D.D.C. Mar. 2, 2018).

11. Dr. Chen was reluctant to seek this Court's intervention until absolutely necessary, but the agencies' delays are severely prejudicing her ability to prosecute her claims. While the agencies describe a "seven-level" review process to protect agency equities, that process must not drag on for years. *See e.g.*, *Brennan Ctr. for Justice at N.Y. Univ. Sch. of Law v. U.S. Dep't of State*, 300 F. Supp. 3d 540, 546 (S.D.N.Y. 2018) (granting motion to expedite in a FOIA case and noting that "[m]erely raising national security concerns cannot justify unlimited delay" (citation omitted)). If Defendants insist on a seven-level review, they should be required to devote adequate resources to complete that review in a timely manner.

12. Courts routinely recognize the obvious prejudice suffered by plaintiffs in the face of dilatory production efforts by defendants. In addition to the inherent prejudice in delaying "redress for a violation of … rights," courts recognize the "obvious cost in fees, expenses, and time spent in having to engage in … discovery without the critical documents." *Martinez v. City of New York*, 2018 WL 604019, at *28 (E.D.N.Y. Jan. 24, 2018).

13. Dr. Chen respectfully requests that the Court order Defendants to produce complete and technically sound responses to all outstanding RFPs by April 15, 2021 and that the Court set a status conference for April 22, 2021 to set the remainder of the schedule. No feasible schedule can be set until the Defendants complete their first responses and Dr. Chen can assess what remains missing. Dr. Chen requests that the Court vacate the other discovery deadlines in the interim, including the March 24 deadline to add parties or amend pleadings, and reset those deadlines following a status conference. Extending the discovery deadlines as Defendants

propose merely kicks the can down the road and would be fruitless where Dr. Chen is unable to anticipate how much additional discovery will be necessary based on the initial productions.

**Defendants' Position**

1. The government has made diligent efforts to search for and produce documents responsive to Chen's broad discovery requests in a reasonable time despite many unusual attenuating circumstances, as set forth in the declarations filed with this joint statement. However, the Court can resolve this dispute without poring over the details of four federal agencies' discovery resources and capabilities and attempting to craft a production schedule. The government has proposed a 90-day extension of the current discovery deadlines to avoid any prejudice to Chen from the agencies' production schedule. Thus, the most straightforward way to resolve this dispute is to deny without prejudice Chen's request for a Court-ordered production schedule and instead extend the current discovery deadlines — which all parties agree is warranted and which would allow sufficient time for depositions after the agencies' document productions.

2. The defendant agencies' efforts to date to search for and produce the documents requested by Chen have been more than reasonable in light of the circumstances. Before most documents generated in the course of this sensitive FBI investigation can be produced, they undergo seven or more levels of review, including a classification review by the FBI's classification unit and a multi-level privilege review by an FBI discovery unit.[3] Deborah A. Crum Decl. ¶¶ 4–8. Both the classification unit and the discovery units perform their work on a

[3] Because the underlying investigation in this case was an FBI investigation, and Chen's discovery requests to the other agencies seek information generated in the course of that FBI investigation, the FBI is also reviewing the other agencies' documents for FBI equities before production. Crum Decl. ¶¶ 18–19. This review is done by the same FBI personnel responsible for reviewing FBI documents.

classified network with no telework capability. Crum Decl. ¶¶ 9, 11. Due to the coronavirus pandemic, the classification unit was placed on administrative leave from March 2020 through April 2020 and the discovery units were placed on administrative leave from March 2020 through May 2020. Crum Decl. ¶¶ 10–11. For much of the time since reopening, both the classification unit and the discovery units have operated at significantly reduced capacity (1/2 to 1/3 or less) to accommodate social distancing. Crum Decl. ¶ 11. In addition, the FBI has experienced an unusual number of disruptions to in-office work in the past year unrelated to the pandemic. Crum Decl. ¶ 13. The other defendant agencies have also been disrupted by the pandemic, including significant restrictions on their ability to review potentially responsive documents from classified systems. David P. Bennett Decl. ¶ 6. Finally, there are also additional reasons why the FBI's review of documents in this case takes longer than usual, which are classified and privileged and cannot be included in a public filing.[4]

3. Notwithstanding these issues, to date the agencies have reviewed over 40,000 potentially responsive documents and produced over 3,500 responsive pages.[5] That total does not include the additional documents produced in response to subpoenas that Chen issued to seven individual employees of the defendant agencies, many of which required agency review.

4. Beyond the documents already produced, the FBI is reviewing a substantial number of other potentially responsive documents. The FBI currently anticipates that it will finish producing all responsive, non-privileged emails from its initial search of its classified email system, which yielded about 28,500 potentially responsive documents, by April 15, 2021.

---

[4] If it would assist the Court, the FBI is prepared to lodge with the Court a classified declaration for ex parte, in camera review setting forth this additional classified and privileged information.

[5] Although Chen contends that there have been defects in the government's past productions, the government has addressed several of these issues and is working to address the remaining issues.

Crum Decl. ¶ 17. Also, DOD has provided about 2,700 responsive documents to the FBI to review for FBI equities. Bennett Decl. ¶ 13; Crum Decl. ¶ 18. The FBI currently anticipates that it will finish producing the non-privileged portions of these DOD documents by May 21, 2021. Crum Decl. ¶ 18. In addition, the FBI has located several boxes containing potentially responsive paper documents and CDs. Crum Decl. ¶ 19. However, the FBI reviewers do not yet know the volume or complexity of the documents on the CDs and thus cannot provide a meaningful review schedule for these boxes. Crum Decl. ¶ 19.

     5.     Besides the FBI, the other defendant agencies are also reviewing additional potentially responsive documents beyond those already produced. The Army has located about 1,000 additional potentially responsive documents, which it anticipates it will finish reviewing by March 29, 2021. The Army will then provide the responsive documents to the FBI to review for FBI equities. DHS has located about 2,400 additional potentially responsive documents, which it anticipates it will finish reviewing by April 15, 2021. DHS will then provide the responsive documents to the FBI to review for FBI equities. However, until the FBI sees the volume and complexity of these other agencies' responsive documents, the FBI cannot provide a meaningful review schedule for those documents. Crum Decl. ¶ 19.

     6.     Finally, in addition to these documents already being reviewed, three of the defendant agencies are conducting supplemental searches for additional documents in light of: (a) an agreement that the parties reached in January 2021 about the scope of Chen's first set of discovery requests, and (b) an additional set of document requests that Chen served in February 2021. The agencies have submitted requests for these supplemental searches, but due to limited resources and a backlog of search requests in other matters, the agencies have not yet received the results. Bennett Decl. ¶¶ 15–16; Crum Decl. ¶ 19. Also, one of the FBI's search systems is

currently down and there is no estimate yet for when it will be working again. Crum Decl. ¶ 19. Until the agencies receive the supplemental search results and see the volume and complexity of the potentially responsive documents requiring review, they cannot provide a meaningful production schedule for these searches. Bennett Decl. ¶ 17; Crum Decl. ¶ 19. Also, many of the documents from these supplemental searches will require review by more than one agency, and until the agencies see the number and complexity of the other agencies' documents requiring their review, they cannot provide a meaningful review schedule for those documents. Crum Decl. ¶ 19. The agencies anticipate, however, that these supplemental searches will yield substantially fewer potentially responsive documents than the agencies' prior searches and thus the review will be faster. Bennett Decl. ¶ 15; Crum Decl. ¶ 19.

7. Most of the delays related to these supplemental searches are not attributable to the government. As noted above, the supplemental searches are being conducted for two reasons: (a) an agreement that the parties reached in January 2021 about the scope of Chen's initial discovery requests, and (b) additional document requests that Chen served on February 17, 2021. But the parties' January 2021 agreement about the scope of Chen's initial requests is the same as a compromise offer that the government made in October 2020. In connection with that offer, the government notified Chen that such a compromise would extend the agencies' production schedule beyond April 2021. Since Chen did not accept the government's compromise offer for three months despite being aware that it would extend the production schedule, and since she did not serve the additional requests until February 2021, her complaints about the pace of the supplemental searches for these documents are unfounded.

8. For these reasons, the government's anticipated schedule for review and production of the remaining documents is reasonable under the circumstances. The Court should

thus deny Chen's request that the Court order production of all responsive documents by April 15, 2021, and should instead extend the current discovery deadlines by 90 days to allow the agencies to complete review and production of the remaining documents. All parties appear to agree that such an extension is warranted.[6] *See supra* at 5, ¶ 13. The government proposed such an extension in December 2020.

      9.      If the Court were inclined to order a production schedule for the remaining documents, it should set the deadline no sooner than June 30, 2021, in light of the agencies' multi-level review process and the other considerations set forth in the accompanying declarations.

---

[6] The government believes that the current expert disclosure dates and discovery deadline should be extended, not vacated and reset at some later date, as Chen proposes. *See supra* at 5, ¶ 13. Chen previously proposed a schedule that would provide approximately two months for depositions after completion of the government's document productions. To provide approximately two months after June 30, 2021, the government proposes a 90-day extension of the current discovery deadline to September 2, 2021.

Dated: March 23, 2021

/s/ Matt Jones

Matt Jones (D.C. Bar No. 502943)
Patrick Carome (D.C. Bar No. 385676)
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
matt.jones@wilmerhale.com
patrick.carome@wilmerhale.com

*Counsel for Plaintiff*

Respectfully submitted,

MICHAEL D. GRANSTON
Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ Garrett Coyle
CAROL FEDERIGHI
Senior Trial Counsel
GARRETT COYLE
Trial Attorney
U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 616-8016
Fax: (202) 616-8470
Email: garrett.coyle@usdoj.gov

*Counsel for Defendants*