IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YANPING CHEN,<br><br>              Plaintiff,<br><br>      v.<br><br>FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES DEPARTMENT OF DEFENSE, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>              Defendants. | Civil Action No. 1:18-cv-3074-CRC |

**JOINT MOTION TO EXTEND THE DEADLINE FOR MOTIONS AND TO CONDUCT CERTAIN DISCOVERY AFTER FACT DISCOVERY DEADLINE**

Plaintiff Yanping Chen and Defendants Federal Bureau of Investigation, U.S. Department of Justice, U.S. Department of Defense, and U.S. Department of Homeland Security jointly move to extend the deadline for motions on two discovery disputes and for leave to conduct certain specified activities after the November 19, 2021 close of fact discovery for the liability phase. This request is supported by good cause, as set forth below:

1.    On October 15, 2021, the Court issued an amended scheduling order setting the close of fact discovery for the liability phase as November 19, 2021. ECF No. 55. The Court scheduled a post-discovery status conference for January 20, 2022. Minute Order (Oct. 19, 2021).

2.    On November 16, 2021, the parties notified the Court of several discovery disputes. In asking for leave to file motions related to the disputes, the parties noted that they

1

continued to negotiate but sought leave to file in the event they could not resolve their differences prior to the November 19, 2021 close of fact discovery. The same day, the Court granted leave for the parties to file several motions. As relevant here, the Court granted Plaintiff leave to file a motion for further searches on or before November 19, 2021, and the Court granted Defendants leave to file a motion for a protective order on or before November 19, 2021. Minute Order (Nov. 16, 2021).

3. The parties have continued negotiating and anticipate that they may be able to avoid or narrow the scope of motion practice with respect to these two motions. In order to provide time to conclude negotiations, the parties respectfully request that the Court extend the deadlines for these motions as follows:

| Filing | Current Deadline | Proposed Deadline |
|---|---|---|
| Plaintiff's motion for further searches | November 19, 2021 | November 23, 2021 |
| Defendants' motion for protective order | November 19, 2021 | December 3, 2021 |
| Defendants' opposition to motion for further searches | December 10, 2021 | December 14, 2021 |
| Plaintiff's opposition to Defendants' motion for protective order | December 3, 2021 | December 17, 2021 |
| Plaintiff's reply in support of motion for further searches | December 22, 2021 | December 23, 2021 |
| Defendants' reply in support of motion for protective order | December 17, 2021 | January 6, 2021 |

4. In addition, the parties seek leave to conduct the FBI 30(b)(6) deposition(s) after the close of the discovery deadline. The parties have been negotiating in good faith regarding the deposition(s) and—while Defendants anticipate seeking a protective order as to certain topics—have been able to come to agreement as to the scope of other topics. The parties seek to

conduct the deposition(s) as to the agreed-upon topics after the November 19, 2021 liability phase fact discovery deadline, but not later than December 17, 2021.

5. Notwithstanding the discovery deadline, should the 30(b)(6) deposition(s) reveal the existence of unproduced documents responsive to already served requests for production, or the existence of previously unsearched locations at which responsive documents may reasonably be found, the parties agree that Plaintiff can request by letter such documents or searches within a reasonable time after the 30(b)(6) deposition(s) and Defendants shall promptly respond. Similarly, notwithstanding the discovery deadline, should the 30(b)(6) deposition(s) reveal that an interrogatory response is incomplete or needs to be updated, Defendants shall promptly revise the interrogatory.

6. Consistent with *Zerilli v. Smith*, 656 F.2d 705, 713 (D.C. Cir. 1981) and *Lee v. Department of Justice*, 413 F.3d 53, 59 (D.C. Cir. 2005), Plaintiff may seek discovery of journalists after exhausting "every reasonable alternative source of information." Plaintiff may move to re-open discovery for this limited purpose at a later date.

7. The relief requested will not affect any other deadlines.

WHEREFORE, the parties respectfully ask that the Court grant this motion.

Dated: November 18, 2021                                    Respectfully submitted,

| | |
|---|---|
| */s/ Matt Jones* | BRIAN D. NETTER |
| Matt Jones (D.C. Bar No. 502943) | Deputy Assistant Attorney General |
| Patrick Carome (D.C. Bar No. 385676) | |
| Jessica Lutkenhaus (D.C. Bar No. 1046749) | ELIZABETH J. SHAPIRO |
| Wilmer Cutler Pickering Hale and Dorr LLP | Deputy Branch Director |
| 1875 Pennsylvania Avenue, NW | |
| Washington, DC 20006 | */s/ Garrett Coyle* |
| Tel.: (202) 663-6000 | CAROL FEDERIGHI |
| Fax: (202) 663-6363 | Senior Trial Counsel |
| matt.jones@wilmerhale.com | GARRETT COYLE |
| patrick.carome@wilmerhale.com | LAUREL H. LUM |
| jessica.lutkenhaus@wilmerhale.com | Trial Attorney |
| | U.S. Department of Justice |
| *Counsel for Plaintiff* | Civil Division, Federal Programs Branch |
| | 1100 L Street NW |
| | Washington, DC 20005 |
| | Phone: (202) 616-8016 |
| | Fax: (202) 616-8470 |
| | Email: garrett.coyle@usdoj.gov |
| | |
| | *Counsel for Defendants* |