UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Yanping Chen**, <br><br> Plaintiff, <br><br> v. <br><br> **Federal Bureau of Investigation, U.S. Department of Justice, U.S. Department of Defense,** and **U.S. Department of Homeland Security**, <br><br> Defendants. | No. 18-cv-3074 <br><br> Hon. Christopher R. Cooper <br> United States District Judge |

**REPLY IN FURTHER SUPPORT OF DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S MOTION FOR PROTECTIVE ORDER TO LIMIT RULE 30(b)(6) DEPOSITION TOPICS**

**I.     Introduction**

The Government seeks a protective order to limit seven of Plaintiff's proposed Rule 30(b)(6) topics because the majority of the documents implicated in these topics—which inquire about the full contents of the FBI's case file on Chen—are not documents that Plaintiffs alleges were disclosed to Fox News.  Because the sole relevant issue in this case involves documents alleged to have been disclosed to Fox News, this Court should limit Plaintiff's Rule 30(b)(6) topics to information about that subset of documents.

Without such a limitation, the FBI would be unduly burdened.  While Plaintiff suggests that several of the topics would not require a document-by-document review of the full contents of the case file, she does not commit to this position and, further, she acknowledges that at least one topic would require such review.  It would be extraordinarily burdensome to prepare a witness to testify about each of the hundreds of documents and to conduct the multi-agency, multi-level classification and privilege review necessary to assert appropriate objections at the deposition.

Plaintiff nevertheless defends the topics on the ground that documents beyond those displayed in Fox News reports might have been disclosed to Fox News from a government system of records.  But without knowing what those unspecified, additional documents in Fox News's possession might have been, if they even existed at all, questions about the entirety of the FBI's case file on Plaintiff would not likely yield relevant evidence.

The FBI's unclassified and classified declarations show that preparing a witness to testify on the contested topics would generate a significant burden due to the extensive nature of the contents of the entire FBI case file.  Further, there are alternative limitations to the proposed topics that could capture the information that Plaintiff alleges is relevant

1

without creating such a significant burden on the FBI. For example, Plaintiff could stipulate that it does not view document-by-document review of the FBI's entire case file as being necessary to adequately prepare the Rule 30(b)(6) witness or it could accept the FBI's compromise proposal of a more limited set of documents from which the FBI could prepare the witness.

The Court should therefore grant the FBI's motion for a protective order to limit Rule 30(b)(6) deposition topics 1-5, 12, and 18.

## II. Argument

### A. Plaintiff's Proposed Rule 30(b)(6) Topics are Overbroad and Not Proportional to the Needs of the Case.

The Government's opening brief explained that Plaintiff's proposed Rule 30(b)(6) topics, both as originally drafted and as potentially modified, are overbroad and not proportional to the needs of the case because they cover over 250 serials, exclusive of any attachments, which are comprised of many documents that are not alleged to have been disclosed to Fox News despite the fact that Plaintiff's claim concerns only an alleged disclosure to Fox News. *See* ECF No. 60-1, Def.'s Mem. at 7-9. Plaintiff's attempts to undermine these arguments are unavailing.

Plaintiff argues that her proposed topics are relevant and proportional because she believes it likely that "Fox News received FBI information and documents beyond those displayed onscreen," ECF No. 66, Pl.'s Opp'n at 6. But the quote from the Fox News article upon which Plaintiff bases her argument does not prove that Fox News was in possession of any documents beyond those that it displayed in an article or a broadcast, and it says nothing regarding the source of any such documents. Instead, the article's statement that "[e]mails and other documents reviewed by Fox News corroborate key elements of

2

Rhoads' story" could be referring to the emails and documents that Fox News displayed in its news stories and broadcasts on Yanping Chen—which are already covered by the undisputed parts of the Rule 30(b)(6) topics at issue here.  For example, one of the Fox News broadcasts displayed an email regarding Plaintiff, so the existence of such an email in Fox News's possession is already well known.  Further, the photographs and immigration documents that Fox News displayed in its broadcasts and articles could well be the "other documents" that Fox News viewed as "corroborat[ing] key elements of Rhoads' story."  In fact, the context of the quote, which appears immediately before the article launches into a description of Plaintiff's statements about serving in the Chinese army, suggests that the "other documents" are indeed the photographs showing Plaintiff in uniform.

Even if Fox News had documents beyond those depicted, neither Plaintiff nor the Government knows what these other documents were.  With no way to determine what any such documents would have been, there is no way to determine whether they came from the FBI case file or somewhere else, such as another agency or a non-government source.  The Fox News article does not suggest that any such documents came from a government system of records or even from the government whatsoever – let alone a specific FBI system of records.  Instead, there is a wide range of potential sources for that information, including that it could have come from Plaintiff's own records or from other individuals featured in the photographs who possessed their own copies.  Absent some indication that these other, unspecified documents came from the FBI case file, testimony about the full case file would not shed light on any of the issues that Plaintiff has identified, such as the identity of the person who allegedly disclosed the documents, the alleged willfulness of the disclosure, or whether the documents came from an FBI system

3

of records. *See id*. at 6-7. Thus, any attempt to determine whether the disclosure of these other unspecified documents constituted a Privacy Act violation—the ultimate issue in this case—would not be advanced by a Rule 30(b)(6) deposition about the entire FBI case file.[1]

For these reasons, even if Fox News had access to documents that it did not display, it does not follow that Plaintiff should be permitted to ask wide-ranging questions about the entirety of the FBI's case file. A far more proportional solution would be to narrow Plaintiff's proposed Rule 30(b)(6) topics to include any specific, relevant documents that Plaintiff believes were disclosed to Fox News without incorporating the numerous irrelevant documents in the FBI's case file. *Cf. Buie v. District of Columbia*, 327 F.R.D. 1, 7 (D.D.C. 2018) ("[T]he court must limit the extent of discovery if: the discovery is . . . obtainable from another source that is more convenient, less burdensome, or less expensive . . . ."). As the FBI expressed in its initial brief, it remains open to expanding the list of specific documents that fall within the seven contested Rule 30(b)(6) topics, provided that Plaintiff makes the required relevancy showing, while limiting the topics so as not to encompass the entirety of the FBI case file. *See* Def.'s Mem. at 11 n.5. It is not proportional or relevant to require the FBI to prepare a witness to discuss the full contents of the FBI case file despite no specific allegations regarding any documents beyond those displayed by Fox News. In fact, the most proportional way to find out whether Fox News

---

[1] Besides the Fox News reports' reference to unspecified emails and documents, Plaintiff also contends that Fox News likely obtained additional information from the FBI case file because the reports contain information that Plaintiff believes would have appeared in FBI records. Pl.'s Opp'n at 7. But the disclosure of information does not violate the Privacy Act unless the information was "retrieved from a protected record." *Cloonan v. Holder*, 768 F. Supp. 2d 154, 163 (D.D.C. 2011). Here, Plaintiff has no evidence about the source of any additional information contained in the Fox News reports.

had access to more documents and what those documents were is to depose the Fox News reporters. Because Plaintiff has exhausted reasonable discovery against the Government, this should be its next avenue.

Plaintiff also contends that the breadth of its proposed topics is appropriate because the FBI could be liable for "disclosures to Mr. Rhoads." Pl.'s Opp'n at 6. But Plaintiff fails to explain how any disclosure of documents to Rhoads that were *not* depicted in the Fox News reports could have caused her any "actual damages," as required to maintain a Privacy Act claim. *See Chichakli v. Tillerson*, 882 F.3d 229, 233 (D.C. Cir. 2018). Further, the passage that Plaintiff quotes from Mr. Rhoads' email indicates that the information he purported to have was *not* from the FBI case file. *See id.* at 10 (quoting Mr. Rhoads' statements in ECF No. 42-4 that he "would love the opportunity to testify before the committee and provide documents, emails, recordings a[n]d pictures *that nobody else has*" (emphasis added)). The FBI's proposed narrowing of the seven contested topics would allow Plaintiff to pursue information on whether Mr. Rhoads had access to the documents that appeared in the Fox News reports without incorporating thousands of other documents that Plaintiff does not allege were disclosed to Fox News. To the extent that Plaintiff believes any other specific documents are also relevant to the inquiry, the FBI remains open to considering the addition of those documents to a specific list of relevant documents for the proposed Rule 30(b)(6) topics.

Plaintiff's example of why she should be allowed to ask questions about the entirety of the case file falls flat. Plaintiff argues that if, for example, her currently proposed topics allow her to "confirm[] that Special Agent Pappa disclosed to Mr. Rhoads confidential information from the case file (other than the information currently known to have been disclosed to Fox News), that disclosure would provide evidence that Special Agent Pappa

5

also disclosed to Mr. Rhoads the information that appeared on Fox News, and that he willfully did so." *Id.* at 11. But six of the currently proposed topics would not lead to the confirmation of such information because they do not encompass the issue of who disclosed what, if anything, to Mr. Rhoads nor whether such disclosure would have been appropriate. Moreover, broadly expanding six topics to attempt to capture any potential FBI-to-Rhoads disclosures is unnecessary given that Topic 3 is specific to Rhoads' possession of and access to documents.

As for Plaintiff's argument that she is permitted to inquire about compliance with the Privacy Act more generally and may draw an adverse inference from other instances of non-compliance, the hypothetical possibility of some circumstantial evidence does not justify the burden of preparing a witness to talk about every document that appears in the FBI case file. Thus, to keep Plaintiff's proposed topics proportional to the needs of the case, this Court should adopt the FBI's proposed limitations to the seven contested topics.

### B. Plaintiff's Proposed Rule 30(b)(6) Topics are Unduly Burdensome.

The FBI's motion explained that preparing a witness to testify regarding the seven contested topics as proposed by Plaintiff would unduly burden the FBI.

Plaintiff suggests that six of the seven contested topics would not be burdensome because they do not require a document-by-document review of the entire case file. Pl.'s Opp'n at 18-20 (arguing that no document-by-document review is needed for Topics 1, 3, 4, 5, 12, and 18). This concession might address much of the FBI's concern. If Plaintiff commits to not challenging the sufficiency of the witness's preparation on the ground that the witness did not conduct a document-by-document review of the entire case file, the FBI can move forward with these topics. Plaintiff acknowledges, however, that Topic 2

6

would require reviewing both the contents of the documents in the entire case file and the access logs for those documents. *Id.* at 20. This review would entail the considerable burdens described in the unclassified and classified declarations of FBI Counterintelligence Division Deputy Assistant Director Kurtis Ronnow.

Plaintiff argues that the FBI has failed to describe its burden with the necessary level of specificity, which Plaintiff characterizes as an affidavit laying out "specific estimates of staff hours needed to comply" with the as-proposed topics. *Id.* at 15 (quoting *Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*, No. 1:13-cv-1053-RCL, 2019 WL 5864595, at *2-3 (D.D.C. Nov 8, 2019)). Plaintiff misunderstands this requirement. Plaintiff mistakenly jumps directly to the question of quantifying the burden on the moving party without addressing the threshold issues such as relevance and proportionality. *See, e.g.*, *Fairholme Funds*, 2019 WL 5864595, at *2 (stating that "the first consideration [for a motion to compel] is whether the discovery sought is relevant" and that an aspect of assessing undue burden is whether the requested discovery is "proportional to the needs of the case" (quotations marks omitted)). In each of the cases that Plaintiff cites, the ordered discovery was both relevant and proportional. In other words, the mere absence of a specific estimate of staff hours that would be necessary to comply with a discovery request is not sufficient to justify ordering that discovery. Further, "[w]hile it is the movant's burden to articulate specific facts showing clearly defined and serious injury resulting from the discovery sought, Rule 26(c) gives the court broad discretion to limit discovery in a particular case." *McKesson HBOC, Inc. v. Islamic Republic of Iran*, 226 F.R.D. 56, 57 (D.D.C. 2004) (quotation marks and citation omitted).

Most importantly, specific estimates of staff hours are not the only acceptable way to make a specific showing of undue burden—other showings are sufficient so long as they

7

are specific and concrete. *Alexander v. FBI*, 194 F.R.D. 305, 315 (D.D.C. 2000) (holding that a party had "fail[ed] to establish, by way of estimated required staff hours, estimated cost *or some other specific showing*, just how this search would be overly burdensome" (emphasis added)); *see also Buie*, 327 F.R.D. at 7 ("The party requesting the protective order bears the burden of showing good cause by demonstrating specific evidence of the harm that would result." (quotation marks omitted)).

The FBI has presented specific and concrete information on the burden posed by the contested topics. Deputy Assistant Director Ronnow's unclassified declaration explains the burden of the contested topics in concrete terms by stating that "there are in excess of 250 serials, exclusive of any attachments" in the Chen case file and that "many of these serials reference or otherwise incorporate other serials in the Chen case file or serials from separate case files that would require review by a deponent" as well as an in-depth classification review by additional FBI staff. ECF No. 60-2, Unclassified Ronnow Decl. ¶ 10. Deputy Assistant Director Ronnow's classified declaration provides specific statistics, including about the access log to the case file, and further information that explain the undue burden that the seven contested topics would place on the FBI. The classified declaration also provides information on the unique circumstances in this case that would make it unduly burdensome to even attempt to quantify the number of hours that preparing for the contested topics would require of FBI staff.

This information distinguishes Plaintiff's proposed topics from the topics found acceptable in *Alexander v. FBI*, 188 F.R.D. 111 (D.D.C. 1998), *Alexander v. FBI*, 194 F.R.D. 305 (D.D.C. 2000), and *Buie v. District of Columbia*, 327 F.R.D. 1 (D.D.C. 2018). In the first *Alexander* case, the court allowed broad questions about how White House Office systems worked in general, in part because plaintiffs clarified that they were "seeking to

8

know 'in general terms, what kinds of systems are used and the capabilities of those systems, so that they can then know what types of evidence are likely to exist[']" and that they were "not seeking technical specifications for common office equipment." 188 F.R.D. at 119. Here, in contrast, Plaintiff's proposed modifications to her initially proposed topics, *see* Def.'s Mem. at 4 n.3, make clear that Plaintiff's desired area of questioning is far more specific than the topics at issue in *Alexander*. Plaintiff already knows the types of documents that exist and are relevant to her claims—the documents that Fox News highlights in its reporting. If Plaintiff believes that universe of documents should extend beyond the specific documents shown in the Fox News reports, she may make suggestions of specific documents that should be included within the scope of the Rule 30(b)(6) topics.

In the second *Alexander* case, the court found that defendants had not made *any* "specific showing" regarding burden and that it was quite possible that there were "in fact only a few boxes [of documents] from the relevant time period that would . . . need a more detailed search." 194 F.R.D. at 315. Here, in contrast, the FBI has made specific showings, as discussed above. Moreover, Plaintiff acknowledges the likelihood that at least one of the proposed topics will require document-by-document review of the entire FBI case file. Pl.'s Opp'n at 20.

In *Buie*, the court concluded that reviewing multiple decades of the relevant employee's personnel files was not unduly burdensome after first concluding that the entirety of the file was relevant to the claim(s) at issue in the case. 327 F.R.D. at 8-9. Similarly, the court limited a topic concerning records of "other sworn MPD members involved in an instance or instances of alleged sexual misconduct/harassment" to relevant information before it concluded that "locating and producing" such records would not be unduly burdensome. *Id.* at 10-11. Here, the majority of documents encompassed in

9

Plaintiff's proposed topics are *not* relevant to the claim at issue in the case and even if a particular subset is relevant, Plaintiff has failed to identify the scope of that subset and the why she has a "significant interest" in discovery of that information through a Rule 30(b)(6) deposition. *Id.* at 10.

### III. Conclusion

For the foregoing reasons, the FBI's motion should be granted.

Dated: January 6, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

 */s/ Laurel H. Lum*
CAROL FEDERIGHI
Senior Trial Counsel
GARRETT COYLE
LAUREL H. LUM
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-8177
Email: laurel.h.lum@usdoj.gov
*Counsel for Defendants*