IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - x
YANPING CHEN,

Plaintiff,

vs.

FEDERAL BUREAU OF INVESTIGATION, et al.,

Defendant.
- - - - - - - - - - - - - - - - x

CA No: 1:18-cv-03074-CRC

Washington, D.C.
Tuesday, February 9, 2022
11:00 a.m.

---

TRANSCRIPT OF STATUS CONFERENCE
HELD BEFORE THE HONORABLE CHRISTOPHER R. COOPER
UNITED STATES DISTRICT JUDGE

---

APPEARANCES:

For the Plaintiff: **MATTHEW T. JONES, ESQ.**
**WILMER HALE**
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6018
matt.jones@wilmerhale.com

For the Defendant: **GARRETT JOSEPH COYLE, ESQ.**
**U.S. DEPARTMENT OF JUSTICE**
Civil Division,
Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 616-8016
garrett.coyle@usdoj.gov

Court Reporter: Lisa A. Moreira, RDR, CRR
Official Court Reporter
U.S. Courthouse, Room 6718
333 Constitution Avenue, NW
Washington, DC 20001
(202) 354-3187

P R O C E E D I N G S

THE COURTROOM DEPUTY: Your Honor, we're on the record for Civil Case 18-3074, *Yanping Chen vs. The Federal Bureau of Investigation*, *et al.*

Counsel, please approach and lectern and identify yourselves for the record.

MR. JONES: Good morning, Your Honor; Matt Jones on behalf of the plaintiff, Yanping Chen, who is also here with us today.

THE COURT: Okay. Good morning, Mr. Jones. You can feel free to take your mask off if you're addressing the Court, if you're comfortable doing so. It's your preference.

Good morning, Ms. Chen.

And I'm sorry, who else do we have?

MR. JONES: We're also joined here by my colleague Sean Kim from WilmerHale.

THE COURT: Okay. Pleasure to meet you.

MS. KIM: Pleasure to meet you, Your Honor.

MR. COYLE: Good morning, Your Honor; Garrett Coyle from the justice department. Also here from the government are Laurel Lum, Lauren Renaud, Elizabeth Shapiro, Carol Federighi, and Dennis Barghaan.

THE COURT: Okay. Good morning, everyone.

Just for the record, the Court has already or has

just concluded an ex parte session with the government where it discussed materials in the classified declarations that the government has submitted to the Court as well as some of the redacted material that has been withheld from the plaintiffs in discovery based on the law enforcement and other privileges.

So let me just start by informing the plaintiffs where I have come out on both your motion to compel and the government's motion for a protective order with respect to the 30(b)(6) witnesses.

As to the first, the Court will largely uphold the government's law enforcement privilege assertions based on the classified declarations that have been provided with, I believe, two exceptions of material that the government will unredact and provide to the plaintiffs. I know that it is or I would imagine that it is frustrating for the plaintiffs not to be able to have access to the bases for the privilege assertions and the Court's reasoning for upholding them, but it is classified, and that is just simply the way that it works. Rest assured that the Court reviewed all of the material in camera, spent time with it, and gave it its best consideration.

The Court will also grant the government's motion for a protective order with respect to the 30(b)(6) notice based also on the classified declarations.

Having said that, I called this hearing and spent a fair amount of time during the ex parte with the government to provide some observations about the case based on my review of the materials submitted in conjunction with these motions, and I will generally convey those same thoughts to the plaintiff in a way that does not implicate any of the classified material that the government has provided the Court.

It seems to me that this case is at somewhat of a crossroads. In the last hearing and the ruling that we issued on the prior discovery dispute I talked about how there were seemingly two avenues to liability in this case. The first, from the FBI to Fox News, seems to, at least based on the materials that I've reviewed -- and I will caveat all of this by saying that you all know much more about your case than I do. I don't have access to all of the discovery materials, to all of the facts. I haven't read the deposition transcripts, and so, you know, take all of what I say with that caveat. And I haven't prejudged, obviously, any of these issues, but it seems that that first avenue may be difficult for the plaintiffs to establish based on the current factual record.

Which leaves the second avenue, disclosure from Rhoads to Fox, still open.

The first avenue was the path of least resistance

in the Court's initial ruling, and I had hoped to avoid some of the law enforcement privilege issues and potentially other issues that could be raised by pursuing that second avenue, but, if this case continues, I think it may be inevitable that some of those issues will come back before the Court. There is also the issue of system of records, which obviously is an element of the statute.

And the second avenue raises the issue of Mr. Rhoads's relationship with the FBI, whether his employment with DOD is an independent basis for Privacy Act liability. I don't know because there are a host of issues -- and potentially very difficult issues -- that the Court would have to pass along the way if it pursued that second avenue.

All of that led me to the idea of suggesting to the parties that it might be fruitful at this point to seek some mediation services.

I have spoken with Magistrate Judge Harvey, who formerly worked in the National Security Section of the U.S. Attorney's Office. I'm sure you're familiar with him. He holds a clearance. He is knowledgeable about this area of law. He is sensitive to the equities on each side, including the potential national security issues and classified information issues that are at play.

And I understand from the government that there

may be some threshold legal issues that might impede mediation or successful mediation at this point, but I would nevertheless suggest to you that you consider that. The government says that it would be willing to consider that, but I will leave it to you folks to discuss that amongst yourselves.

And, Ms. Chen, it is not appropriate for the judge that is presiding over the case to get involved in the parties' settlement discussions because that would or could potentially cause me to be exposed to issues that I would not have been exposed to just ruling on the legal issues, and it might lead one side or the other to believe that the Court did not favor that side because of their settlement position. And so generally I can't get involved in your settlement discussions, but I can certainly suggest that this might be a good time for you to consider that.

And I can't force you to do it. It takes two to tango. If there are some threshold legal issues that you would suggest get teed up for me or for, you know, another third party to resolve, we can do that.

Judge Harvey certainly is capable of -- you know, he's not capable of ruling, but he can opine on some of those issues, including where he thinks the district court generally could come out on some issues. And so I want you all to think about that.

I owe you a ruling on the Rhoads/T-Mobile records. You will get that within the next day or so, so that could -- I'm not sure if that informs -- how much that informs the broader issues in the case. My guess is probably not a lot, but you'll have that in the mix as well.

And so with all that, I would encourage you -- Judge Harvey is available. He checked. He does not have a conflict. He's had no prior exposure to the plaintiff or the criminal investigation or anything like that.

All right. Anything else, Counsel?

You can feel free to respond, if you'd like. The government gave me a few views, you know, this morning in response to that same essential message, and I would invite you to now, or not.

MR. JONES: Thank you, Your Honor. Just two points.

One, we are, of course, disappointed about our inability to participate in the adjudication process by addressing some of the items that the government presented under seal, and I wanted to just register our opposition to that for the record.

Second, we look forward to engaging with the government on the possibility of mediating before Magistrate Judge Harvey. Thank you.

THE COURT: Okay. So if you'd like to do that,

you don't have to file a notice. You can just jointly email chambers, and we will refer the case for 60 or 90 days to mediation and stay whatever pending discovery deadlines there may be.

Remind me, where are you on discovery?

MR. JONES: On discovery, we are in the -- at long last in the tail end of the liability phase. We just have these 30(b)(6) depositions with respect to the FBI, and then, of course, the deposition of Mr. Rhoads, which could be determinative as to the Path 1/Path 2 discussion that you described previously. I think we're circling around the date of March 24th for that deposition after consulting with the parties as well as Mr. Rhoads's counsel.

Upon completion of that --

THE COURT: And do you need -- if the Court grants your motion to release some amount of further T-Mobile records, do you need those -- do you need to have those before you depose him? And is it possible to get that done in the next, what, five weeks?

MR. JONES: I would hope so. Counsel for Mr. Rhoads has, of course, explained their belief about the burdensomeness of the process --

THE COURT: I don't want to argue that issue. He's not here.

MR. JONES: I understand, but they've had the

records for some time now.

THE COURT: It's a factor, I take it.

MR. JONES: Right, absolutely. They've had the records for some time now, and so I'm hopeful that they will be able to complete that prior to the 24th so we can do this all in one fell swoop.

THE COURT: Okay.

MR. JONES: I would just flag that, as Your Honor knows, there is one very simple and straightforward way to gather information about the disclosure to Fox News, which is one that we have refrained from undertaking under the circuit precedent regarding pursuit of information from members of the media, and after the Rhoads deposition, we would then, in our view, have exhausted other reasonable alternative means of discovery such that we would assess whether at that point it was prudent to seek discovery, third-party discovery, from the members of the media.

THE COURT: All right. So just thinking ahead, I mean, is it your position that you have enough now on that question to at least create a genuine issue of material fact for summary judgment purposes?

MR. JONES: On the disclosure question itself?

THE COURT: Whether Mr. Rhoads provided the material that appeared to Ms. Herridge or somebody else at Fox News.

MR. JONES: I think that's going to rise or fall on what testimony we get in the Rhoads deposition, and so we'll have to make a call after that point on --

THE COURT: To even create a question of fact?

MR. JONES: No, I think we have enough, clearly circumstantially, even today to create a genuine issue of material fact.

THE COURT: Okay, so --

MR. JONES: In terms of --

THE COURT: So let's assume, for the sake of argument, that you're right. Any testimony from media witnesses could be deferred to trial in theory.

MR. JONES: Yes.

THE COURT: So it's not necessarily a discovery issue. It's more a trial issue.

MR. JONES: That's right. That's right.

THE COURT: Okay. All right. Anything else?

MR. JONES: Thank you, Your Honor.

THE COURT: Mr. Coyle?

MR. COYLE: No, Judge. Thank you.

THE COURT: All right. Thank you very much. We are adjourned, and we'll get out something not pro forma but a summary order with respect to the two motions, okay? And good luck.

(Whereupon the hearing was concluded at 11:13 a.m.)

**CERTIFICATE OF OFFICIAL COURT REPORTER**

I, LISA A. MOREIRA, RDR, CRR, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 18th day of February, 2022.

/s/Lisa A. Moreira, RDR, CRR
Official Court Reporter
United States Courthouse
Room 6718
333 Constitution Avenue, NW
Washington, DC 20001