UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Yanping Chen**, | |
| Plaintiff, | |
| v. | No. 18-cv-3074 |
| **Federal Bureau of Investigation, U.S. Department of Justice, U.S. Department of Defense**, and **U.S. Department of Homeland Security**, | Hon. Christopher R. Cooper United States District Judge |
| Defendants. | |

**JOINT STATUS REPORT**

In accordance with the Court's March 25, 2022 minute order, the parties submit this joint status report updating the Court on whether there are any outstanding matters for discovery.

1. Earlier this week, the parties agreed to use written questions to resolve several topics in Dr. Chen's Rule 30(b)(6) deposition notice to the FBI. The FBI anticipates completing its responses to the written questions by mid-June, 2022. The parties completed the live portions of the FBI Rule 30(b)(6) deposition on April 27, 2022.

2. Dr. Chen has notified the government that she believes that testimony from an additional FBI employee is warranted due to new information obtained from the recent deposition of Stephen Rhoads. The parties are still negotiating this matter. Dr. Chen may bring this issue to the Court if the parties cannot reach agreement.

3. Dr. Chen has asked DHS to supplement two of its interrogatory responses for completeness. DHS is looking into this request and anticipates responding to Dr. Chen by next week.

4. Dr. Chen has asked counsel for Stephen Rhoads about the completeness of Mr. Rhoads' subpoena response. Dr. Chen and Mr. Rhoads' counsel are meeting and conferring about this issue, which was discussed but not resolved during Mr. Rhoads' deposition. Dr. Chen may bring this issue to the Court if the issue cannot be resolved by agreement.

5. Because all liability-phase discovery between the parties has been completed besides the items described above, Dr. Chen proposes that the Court set a 60-day period in which she can seek third-party discovery from media entities or journalists regarding the alleged disclosure(s). Dr. Chen proposes to file a status report at the end of the 60-day period updating the Court on the status of these third-party requests. The government does not oppose this proposal. In support of this proposal, Dr. Chen respectfully submits as follows:

    a. At the February 9, 2022 hearing, the Court suggested the possibility of deferring testimony from media witnesses until trial. Dr. Chen respectfully submits that it is appropriate to initiate discovery for documents and testimony from media entities and journalists now, before potential summary judgment motions, for multiple reasons.

    b. First, Dr. Chen submits that, with the completion of most general party discovery, she has "exhaust[ed] 'every reasonable alternative source of information'" such that media discovery is now warranted. *Lee v. DOJ*, 413 F.3d 53, 59 (D.C. Cir. 2005) (quoting

2

*Zerilli v. Smith*, 656 F.2d 705, 713 (D.C. Cir. 1981)). Because the recipients of such discovery requests might contest whether the *Lee* standard has been satisfied, there may be litigation regarding this question. Any such litigation can and should be addressed in an orderly fashion and without a looming imminent trial date.

c. Second, Dr. Chen submits that completing media discovery before summary judgment briefing will provide the Court with a fuller record on which to adjudicate such motions, which will conserve time and judicial resources otherwise spent reviewing an incomplete record. *See Convertino v. DOJ*, 684 F.3d 93 (D.C. Cir. 2012) (reversing summary judgment due to erroneous denial of Rule 56(d) motion for additional time to pursue media discovery in Privacy Act case).

d. Third, Dr. Chen intends to seek documents from media entities or journalists. Deferral of such requests until trial would risk opposition by any media witnesses that it is improper for Dr. Chen to issue trial subpoenas when she did not seek such information during discovery. *See, e.g.*, *Goldstein v. F.D.I.C.*, 494 B.R. 82, 87 (D.D.C. 2013) ("'[A] party may not employ a subpoena to obtain materials from a third party that could have been procured during the discovery period.' 9-45 Moore's Federal Practice—Civil § 45.03.").

6. The parties believe that summary judgment and *Daubert* motion practice would be premature while Dr. Chen pursues third-party media discovery. The parties

3

thus respectfully propose that the Court defer setting a summary judgment or *Daubert* briefing schedule at this time.

7. At the February 9, 2022 hearing, the Court suggested the possibility of mediation with Judge Harvey. Dr. Chen is amenable to the Court's suggestion. The government is actively considering the Court's suggestion. However, one agency counsel assigned to this case was involved in a serious bicycle accident last month and was out of the office on extended medical leave, impeding discussions about mediation with that agency. The government anticipates determining its position on mediation within the next few weeks. If the parties agree that mediation with Judge Harvey would be productive, they will contact chambers as directed in the February 9, 2022 hearing.

Dated: April 28, 2022

Respectfully submitted,

 /s/ Matt Jones
Matt Jones (D.C. Bar No. 502943)
Patrick Carome (D.C. Bar No. 385676)
Jessica Lutkenhaus (D.C. Bar No. 1046749)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
matt.jones@wilmerhale.com
patrick.carome@wilmerhale.com
jessica.lutkenhaus@wilmerhale.com

*Counsel for Plaintiff*

BRIAN D. NETTER
Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

 /s/ Garrett Coyle
CAROL FEDERIGHI
Senior Trial Counsel
GARRETT COYLE
LAUREL H. LUM
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 616-8016
garrett.coyle@usdoj.gov

*Counsel for Defendants*