IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YANPING CHEN,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES DEPARTMENT OF DEFENSE, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendants. | Civil Action No. 1:18-cv-3074-CRC |

**REPLY IN SUPPORT OF PLAINTIFF YANPING CHEN'S
MOTION FOR LIMITED DEPOSITION OF STEPHEN RHOADS**

Plaintiff Yanping Chen moves to reopen discovery for the limited purpose of issuing a subpoena noticing a two-hour remote deposition of Stephen Rhoads about the late-breaking revelation that he "lost" the phone from which Dr. Chen sought to obtain critical unproduced text messages between him and Fox News reporter Catherine Herridge. ECF No. 83. In her motion, Dr. Chen demonstrated "good cause" for this request. Fed. R. Civ. P. 16(b)(4) ("A [scheduling order] may be modified only for good cause…."); *see 2910 Georgia Ave. LLC v. D.C.*, 312 F.R.D. 205, 208 (D.D.C. 2015) (listing factors).

One "good cause" factor is whether Dr. Chen's request is opposed. *2910 Georgia Ave. LLC*, 312 F.R.D. at 208. This factor now weighs in favor of Dr. Chen because Defendants have indicated that "the government takes no position on Chen's present motion." ECF. No. 84 at 1.

1

If Dr. Chen's present motion is granted, the government "reserves the right to oppose a second deposition in the context of a motion to quash filed by either Rhoads or the government." *Id.*

The other "good cause" factors continue to support Dr. Chen's request. First, there is good cause to reopen discovery where, as here, a plaintiff diligently moves to investigate unforeseeable facts that materialized after discovery closed. *See 2910 Georgia Ave. LLC*, 312 F.R.D. at 211-212; *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 281 F.R.D. 12, 14-15 (D.D.C. 2011). And any unnecessary delay in bringing this motion is attributable to Mr. Rhoads's late-breaking revelation that the phone was lost after months of stonewalling and objecting to Dr. Chen's requests to image the phone. Second, understanding the circumstances surrounding the potential spoliation of this key evidence is highly relevant to Dr. Chen's Privacy Act claim. Any testimony tending to show that Mr. Rhoads negligently or intentionally lost his phone would affect the likelihood that he was a source of the leak and that it was willful. Third, a second deposition would not disrupt the case because "no trial date has been set," *Watt v. All Clear Bus. Sols., LLC*, 840 F. Supp. 2d 324, 326-327 (D.D.C. 2012), and media discovery is ongoing. Lastly, issuing a second deposition subpoena will not prejudice the non-movants. Before the deposition occurs, Mr. Rhoads and Defendants will be able to move to quash the subpoena. The burden of a two-hour, virtual deposition of Mr. Rhoads would also be minimal.

This Court should therefore grant Dr. Chen's motion to reopen discovery to issue a second deposition subpoena to Mr. Rhoads. Dr. Chen consents to the proposed order submitted by Defendants. *See* ECF No. 84-1.

Dated: June 21, 2022

*/s/ Matt Jones*

Matt Jones (D.C. Bar No. 502943)
Patrick Carome (D.C. Bar No. 385676)

Jessica Lutkenhaus (D.C. Bar No. 1046749)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
matt.jones@wilmerhale.com
patrick.carome@wilmerhale.com
jessica.lutkenhaus@wilmerhale.com

*Counsel for Plaintiff*