# Exhibit 1

**From:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Sent:** Tuesday, May 24, 2022 4:12 PM
**To:** Lutkenhaus, Jessica
**Cc:** Michael Bekesha; Coyle, Garrett (CIV)
**Subject:** RE: Chen v. FBI

**EXTERNAL SENDER**

Jessica:

It is our understanding that Chief Rhoads began searching for the malfunctioning phone sometime after your March 2nd letter and made substantial efforts to locate the phone for an extended period of time thereafter. When you represented that you intended to press the matter with the Court – it was and still is unclear whether you meant his current phone, the earlier, malfunctioning phone, or both – we felt it prudent to inform you that he was no longer able to locate the malfunctioning phone. We obviously wanted to avoid burdening the parties and the Court with an effort that would be fruitless. We notified you at 6:11 p.m. on May 19th, within 2 hours of your notifying us at 4:20 p.m. that same day of your intent to call the Court the next day. Your attempt to mischaracterize our good faith effort as something nefarious is disappointing and disingenuous.

After making substantial efforts, Chief Rhoads cannot find the phone, and no deposition is going to change that. Additionally, you had every opportunity to ask Chief Rhoads about the phone and his text messages at his March 23rd deposition. That you chose to use your time otherwise and did not inquire about the phone despite having approximately 31 minutes of your 7 hours left when you excused him does not warrant burdening him further. You also continue to ignore the fact that Chief Rhoads objected 2 years ago to any demand that his devices be imaged, and you failed to challenge that objection.

Your email plainly is a continuation of your now 2-year old campaign of retaliation against Chief Rhoads. In addition to hiring a litigation support firm to assist him with his email production, producing hundreds of pages of records, reviewing and producing tens of thousands of phone logs, and sitting for a day-long deposition, Chief Rhoads has devoted literally hundreds of hours to responding to your demands. The burden you have imposed on Chief Rhoads, a non-party, has been tremendous, and the fact that Chief Rhoads' extraordinary efforts did not result in what you apparently expected is no reason make more demands and place yet more burdens on him. You also should know that, after his March 23 deposition, Chief Rhoads suffered a serious, service-connected injury. In addition to suffering this injury and the loss of his wife after a protracted illness, Chief Rhoads is now the primary caregiver for his wife's severely autistic son. Your continued demands on and harassment of this already very burdened individual are unconscionable.

Should you continue as you say, we will object to any additional deposition, any motion for leave to take Chief Rhoads' deposition, and any new subpoena. We also understand that Chief Rhoads has relocated to Illinois. We will move to quash any new subpoena in the appropriate federal district court in Illinois and will seek fees from all attorneys involved.

Regarding scheduling, I am headed to Chicago on Friday for depositions the week of the 31st and early in the week of the 6th, after which I am leaving the country. I will return at the end of June. Michael is going on paternity leave in June. The exact date is hard to predict, as I would hope you can understand. He will be out until approximately the end of July.

PJO

**From:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>
**Sent:** Tuesday, May 24, 2022 9:39 AM
**To:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Cc:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>; Jones, Matt <Matt.Jones@wilmerhale.com>; Carome, Patrick <Patrick.Carome@wilmerhale.com>
**Subject:** RE: Chen v. FBI

[EXTERNAL EMAIL]

Paul,

We have communicated with you in good faith for months in an attempt to resolve this issue amicably. Our letter of March 2, 2022—delivered to you almost twelve weeks ago—presented clear evidence that Stephen Rhoads failed to produce relevant text messages in response to the subpoena that was issued to him. We have provided every opportunity for both sides to move forward without judicial involvement.

In response, you waited until the evening before a scheduled call with the Court—a call to facilitate the filing of a motion to compel related to the missing text messages, no less—to inform us that someone “may have disposed” Stephen Rhoads’ cell phone. We are very disturbed by this news, particularly in light of Mr. Rhoads’ prior agreement to keep custody of the phone—based on our payment—and our repeated inquiries regarding the sufficiency of Mr. Rhoads’ production.

We offered to hire a third-party service to take an image of Mr. Rhoads’ phone on March 8, 2022. You could have informed us that the phone was missing at that time, or you could have included that information in response to our follow-up emails of March 14, March 17, April 5, April 12, or April 20, 2022. Instead, your response of April 22 completely omitted any information about the location or availability of Mr. Rhoads’ phone, and your message of April 27 stated only that “Rhoads has not imaged any personal cell phones used during the relevant period.” On May 9, 2022, we again offered to hire and pay for a third-party vendor to image Mr. Rhoads’ phone. You then waited 10 days—only until after our call with the Court had already been scheduled—to reveal your belief “that the phone is now lost.”

Mr. Rhoads’ text messages are highly relevant to this matter, as the Court has already recognized. Messages with Catherine Herridge that Mr. Rhoads apparently deleted sometime prior to production are clearly important to the issues in this litigation. Yet Mr. Rhoads purportedly no longer has this phone, leaving us unable to move the Court to compel an image be taken of that phone. We must understand the circumstances of the loss of the phone, including when Mr. Rhoads determined it was missing and what steps were taken to search for it.

We will now move the Court for leave to take a deposition of Mr. Rhoads on this issue. If leave is granted, we will issue a subpoena to compel Mr. Rhoads’ appearance. If you intend to file a motion to quash the subpoena, please provide us with your anticipated filing schedule, and we will include that information in our filings.

Best,
Jessica

**Jessica Lutkenhaus | WilmerHale**
*She/Her/Hers*
+1 202 663 6640

**From:** Lutkenhaus, Jessica
**Sent:** Friday, May 20, 2022 8:31 AM
**To:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Cc:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>; Jones, Matt <Matt.Jones@wilmerhale.com>; Carome, Patrick <Patrick.Carome@wilmerhale.com>
**Subject:** RE: Chen v. FBI

Paul,

I am surprised to be hearing of this for the first time. We will take today's call to the Court off the calendar, and circle back with next steps.

Best,
Jessica

**Jessica Lutkenhaus | WilmerHale**
*She/Her/Hers*
+1 202 663 6640

---

**From:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Sent:** Thursday, May 19, 2022 6:11 PM
**To:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>
**Cc:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Subject:** RE: Chen v. FBI

**EXTERNAL SENDER**

Jessica:

It's been unclear from your emails which phone or phones you seek to have imaged. You should know that Chief Rhoads' wife's illness obviously caused substantial disruption to their household, and, in the aftermath of Sgt. Maj. Rhoads' death, family members cleaned out the Rhoads' home. It is believed that a family member may have disposed of the malfunctioning phone Chief Rhoads used at the time he was subpoenaed. Chief Rhoads has been unable to locate the phone despite his best efforts, and it is believed that the phone is now lost.

I don't know whether this affects how you plan to proceed.

PJO

---

**From:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>
**Sent:** Thursday, May 19, 2022 4:34 PM
**To:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>; Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Cc:** Jones, Matt <Matt.Jones@wilmerhale.com>; Kim, Sean J. <Sean.Kim@wilmerhale.com>
**Subject:** RE: Chen v. FBI

[EXTERNAL EMAIL]

Great – you and Michael should both receive a calendar invitation that includes the number. It's also here:

Dial in: 8002276333
Access code: 7106640

Best,
Jessica

**Jessica Lutkenhaus | WilmerHale**
*She/Her/Hers*
+1 202 663 6640

---

**From:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Sent:** Thursday, May 19, 2022 4:25 PM
**To:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>; Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Cc:** Jones, Matt <Matt.Jones@wilmerhale.com>; Kim, Sean J. <Sean.Kim@wilmerhale.com>
**Subject:** RE: Chen v. FBI

**EXTERNAL SENDER**

Please send the number.

PJO

---

**From:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>
**Sent:** Thursday, May 19, 2022 4:20 PM
**To:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>; Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Cc:** Jones, Matt <Matt.Jones@wilmerhale.com>; Kim, Sean J. <Sean.Kim@wilmerhale.com>
**Subject:** RE: Chen v. FBI

[EXTERNAL EMAIL]

Paul,

We will call the Court tomorrow at 330 PM to seek leave to file a motion to compel Mr. Rhoads to permit the forensic image of his phone. Please let us know if you will attend and we will send you the conference number. If you do not wish to attend, but have a request as to any briefing schedule set by the Court, let us know and we can share that information.

Best,
Jessica

**Jessica Lutkenhaus | WilmerHale**
*She/Her/Hers*
+1 202 663 6640

**From:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Sent:** Wednesday, May 18, 2022 5:22 PM
**To:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>; Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Cc:** Jones, Matt <Matt.Jones@wilmerhale.com>; Kim, Sean J. <Sean.Kim@wilmerhale.com>
**Subject:** RE: Chen v. FBI

**EXTERNAL SENDER**

Jessica:

We have repeatedly advised you that Chief Rhoads fully complied with the subpoena nearly two years ago. That position remains unchanged.

PJO

**From:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>
**Sent:** Monday, May 16, 2022 10:06 AM
**To:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>; Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Cc:** Jones, Matt <Matt.Jones@wilmerhale.com>; Kim, Sean J. <Sean.Kim@wilmerhale.com>
**Subject:** RE: Chen v. FBI

Paul and Michael,

We wanted to check in about our request to image Mr. Rhoads' phone. Is he willing to cooperate with our request?

If not, please let us know a time this week when you would be available to call the Court. Per the scheduling order in 18-cv-3074, ECF No. 18, we must seek leave of the Court to file a discovery motion, and would provide you an opportunity to participate in that telephone conference.

Best,
Jessica

**Jessica Lutkenhaus | WilmerHale**
*She/Her/Hers*
+1 202 663 6640

**From:** Lutkenhaus, Jessica
**Sent:** Monday, May 9, 2022 1:15 PM
**To:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>; Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Cc:** Jones, Matt <Matt.Jones@wilmerhale.com>; Kim, Sean J. <Sean.Kim@wilmerhale.com>
**Subject:** RE: Chen v. FBI

Dear Michael and Paul—

Thank you for clarifying that no image has been taken of Mr. Rhoads' phone. We understand your position that Mr. Rhoads has fully satisfied his obligations under the Rule 45 subpoena and that our present inquiries are, in your view, untimely. Without prejudice to those arguments, we nevertheless request that you permit us to image Mr. Rhoads' phone so that we can confirm whether any additional responsive text messages can be recovered.

As we have offered previously, we are willing to hire and cover the costs of a third-party vendor to conduct the imaging and send the results directly to you for review. We are happy to confer further about the vendor and protocols to minimize the burden on you and your client. We continue to believe that this dispute can be resolved efficiently, with as limited of a burden upon Mr. Rhoads as possible. Are you willing to cooperate with our request?

Best,
Jessica

**Jessica Lutkenhaus | WilmerHale**
*She/Her/Hers*
+1 202 663 6640

---

**From:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Sent:** Wednesday, April 27, 2022 6:02 PM
**To:** Jones, Matt <Matt.Jones@wilmerhale.com>
**Cc:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>; Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Subject:** RE: Chen v. FBI

**EXTERNAL SENDER**

Matt –

Chief Rhoads has been cooperating since he received the subpoena over two years ago. Any suggestion otherwise is unfounded. As Paul stated in his April 22nd email, Chief Rhoads produced the text messages he was able to identify almost two years ago. He further produced the phone logs covering the period from August 1, 2014 to June 28, 2017 almost ten months ago. The question you now raise – whether Chief Rhoads' personal cell phone he used during the relevant period has been imaged – could have and should have been asked at least last summer, if not earlier.

As your email demonstrates, you also had the opportunity to ask Chief Rhoads this precise question during his deposition. You however did not do so. Even though you purportedly learned during the deposition that Chief Rhoads engaged a third-party vendor to assist in responding to the April 7, 2020 subpoena, you did not ask him what specific actions the vendor took, including whether the vendor imaged his personal cell phone. Any need for "clarification" is because you did not ask the question, not because of any of Chief Rhoads' answers.

You did however ask him whether he was aware of any text messages with Catherine Herridge that he did not produce to you as part of this litigation. In response, he testified, "No, sir." Contrary to your assertion, there are no gaps in Mr. Rhoads' text message productions. He produced all text messages that he was able to identify. In addition, to expect a private individual to be able produce personal text messages from as many as 6-8 years ago simply is not reasonable. Chief Rhoads has not only satisfied his obligations under the subpoena nearly 2 years ago but also answered all questions posed to him during his day-long deposition.

In any event, Chief Rhoads has not imaged any personal cell phones used during the relevant period.

mb

---

**From:** Jones, Matt <Matt.Jones@wilmerhale.com>
**Sent:** Monday, April 25, 2022 4:57 PM
**To:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>; Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>

**Cc:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>
**Subject:** RE: Chen v. FBI

Dear Paul and Michael—

We're reaching out to obtain a straightforward answer as to whether Mr. Rhoads' mobile phone has been imaged so that we can all put this issue behind us. We would sincerely appreciate your cooperation in resolving this question. If you or a third-party service imaged Mr. Rhoads' phone, reviewed the contents of the image, and produced all recoverable and responsive material, we would be happy to move on. We are merely asking for confirmation about what steps were taken, such that we can be confident that there is nothing more that can be done to address the gaps in Mr. Rhoads' text message productions.

You are correct that we asked Mr. Rhoads about these issues during his March 23, 2022 deposition. In his testimony, we learned for the first time that you had engaged a third-party vendor to assist in responding to our subpoena. Mr. Rhoads testified that you had "hired some kind of expert," i.e., "third-party people," to identify and collect materials in response to our subpoena. Rhoads Tr. 22:24–23:4; 149:24–150:5. When asked where certain missing text messages could be located, Mr. Rhoads responded, "I don't know … I'm not an IT guy." Rhoads Tr. 150:6–9.

Since Mr. Rhoads was unable to answer our questions, and testified that you had engaged the third party for assistance in responding to the subpoena, we are looking to you to help clarify these issues. We respectfully request that you provide us a response as part of a good faith effort to meet and confer on this issue. Please let us know your response promptly, as our status report is due to the Court this Thursday, April 28. We would be more than happy to speak by phone if that would be easier for you.

Best,
Matt.

---

**From:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Sent:** Friday, April 22, 2022 6:37 PM
**To:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>
**Cc:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Subject:** FW: Chen v. FBI

**EXTERNAL SENDER**

Jessica:

A couple of points:

You had every opportunity to ask Chief Rhoads about texts and other communications with Ms. Herridge at Chief Rhoads' March 23rd deposition, and, in fact, you did so. Chief Rhoads testified at length about communications with Ms. Herridge over the course of the 7-hour deposition and specifically testified with respect to text messages, "We gave you all the messages that we have available."

It is our understanding that, with the limited exception of Chief Rhoads' March 23rd deposition and a few unrelated issues, discovery closed on November 19, 2021, more than 5 months ago. Your choosing to raise this issue now is untimely. This is doubly the case because, as you note, Chief Rhoads produced the bulk of the texts that he was able to identify in May 21, 2020, then made a small, further production on June 18, 2020. You received the T-Mobile records covering the period from August 1, 2014 to June 28, 2017 on June 2, 2021, nearly 10 months ago. (We do not see that the subsequent T-Mobile production from before and after this time period has any bearing on your latest

demand.) Any issues about texts could have and should have been raised long ago. You not only failed to raise the issue in a timely manner, but you failed to preserve the issue when discovery closed.

Chief Rhoads' May 21, 2020 response to your subpoena including the following objection: "The subpoena did not specify a form for producing electronically stored information, and, accordingly, Mr. Rhoads is producing such information in a form that is both reasonably accessible and convenient for him without undue burden, while also being reasonably usable. Mr. Rhoads objects to any assertion that the subpoena or Rule 45 of the Federal Rules of Civil Procedure requires him to make available for imaging or mirroring any device he may have used or is using to communicate or store electronically stored information." You failed to challenge this objection at the time.

Chief Rhoads satisfied his obligations under the subpoena nearly 2 years ago.

PJO

---

**From:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>
**Sent:** Wednesday, April 20, 2022 11:24 AM
**To:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Cc:** Kim, Sean J. <Sean.Kim@wilmerhale.com>; Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>; Jones, Matt <Matt.Jones@wilmerhale.com>; Fatemi, Mandy <Mandy.Fatemi@wilmerhale.com>
**Subject:** RE: Chen v. FBI

Paul and Michael,

The Court has ordered Dr. Chen and Defendants to submit a joint status report in case 18-cv-3074 regarding outstanding discovery. The deadline for the report is Thursday, April 28. If we have not come to an agreement regarding the image of Mr. Rhoads' phone, we will include this as an outstanding issue to the Court. Are you able to confirm whether imaging was previously done for Mr. Rhoads phone? If not, we again ask if we could arrange for a vendor to conduct an image of Mr. Rhoads' phone and then send you the results directly for review.

Best,
Jessica

**Jessica Lutkenhaus | WilmerHale**
*She/Her/Hers*
+1 202 663 6640

---

**From:** Lutkenhaus, Jessica
**Sent:** Tuesday, April 12, 2022 9:50 AM
**To:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Cc:** Kim, Sean J. <Sean.Kim@wilmerhale.com>; Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>; Jones, Matt <Matt.Jones@wilmerhale.com>; Fatemi, Mandy <Mandy.Fatemi@wilmerhale.com>
**Subject:** RE: Chen v. FBI

Paul and Michael,

I wanted to follow up on the below. Are you able to confirm whether imaging was previously done for Mr. Rhoads phone? If not, we again ask if we could arrange for a vendor to conduct an image of Mr. Rhoads' phone and then send you the results directly for review.

Best,
Jessica

**Jessica Lutkenhaus | WilmerHale**
*She/Her/Hers*
+1 202 663 6640

---

**From:** Lutkenhaus, Jessica
**Sent:** Tuesday, April 5, 2022 11:27 AM
**To:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Cc:** Kim, Sean J. <Sean.Kim@wilmerhale.com>; Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>; Jones, Matt <Matt.Jones@wilmerhale.com>; Fatemi, Mandy <Mandy.Fatemi@wilmerhale.com>
**Subject:** RE: Chen v. FBI

Paul and Michael,

Now that we are past the production of the additional phone logs and the deposition, we write to follow-up on our March 2, 2022 letter. As we noted in that letter, we have identified significant gaps in the production of Mr. Rhoads's text messages.

We recognize from Mr. Rhoads's testimony that some forensic imaging may already have been conducted of Mr. Rhoads's phone. If that is the case, we ask that you review the forensic image to provide responsive texts that were omitted from Mr. Rhoads' earlier productions. *See* 3/2/2022 Letter from Jones to Orfanedes & Bekesha (identifying exemplar missing text messages).

If Mr. Rhoads's phone has not been imaged, please let us know so that we can arrange for a vendor to conduct a forensic imaging now. We could then send you the results directly for review. We would like to resolve this issue efficiently, so we would appreciate your response as soon as possible.

Best,
Jessica

**Jessica Lutkenhaus | WilmerHale**
*She/Her/Hers*
+1 202 663 6640

---

**From:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>
**Sent:** Thursday, March 17, 2022 3:12 PM
**To:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Cc:** Kim, Sean J. <Sean.Kim@wilmerhale.com>; Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>; Jones, Matt <Matt.Jones@wilmerhale.com>; Fatemi, Mandy <Mandy.Fatemi@wilmerhale.com>
**Subject:** RE: Chen v. FBI

Paul and Michael,

We wanted to check in with you about the T-Mobile records that you'll be producing today. Do you anticipate sending those via email?

I wanted to let you both know that I will be out of the office for several weeks starting tomorrow, so would appreciate if you could direct your correspondence in this matter to Matt, Sean, and Mandy, copied here.

Many thanks,
Jessica

**Jessica Lutkenhaus | WilmerHale**
*She/Her/Hers*
+1 202 663 6640

---

**From:** Lutkenhaus, Jessica
**Sent:** Monday, March 14, 2022 6:55 PM
**To:** 'Paul Orfanedes' <POrfanedes@JUDICIALWATCH.ORG>
**Cc:** Kim, Sean J. <Sean.Kim@wilmerhale.com>; 'Michael Bekesha' <MBekesha@JUDICIALWATCH.ORG>; Jones, Matt <Matt.Jones@wilmerhale.com>
**Subject:** RE: Chen v. FBI

Paul,

I wanted to follow up and see if we could arrange for a vendor to conduct an image of Mr. Rhoads' phone and then send you the results directly for review. My understanding is that such imaging can often be done remotely, so should be of minimal inconvenience to Mr. Rhoads.

Best,
Jessica

**Jessica Lutkenhaus | WilmerHale**
*She/Her/Hers*
+1 202 663 6640

---

**From:** Lutkenhaus, Jessica
**Sent:** Tuesday, March 8, 2022 11:58 AM
**To:** 'Paul Orfanedes' <POrfanedes@JUDICIALWATCH.ORG>
**Cc:** Kim, Sean J. <Sean.Kim@wilmerhale.com>; Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>; Jones, Matt <Matt.Jones@wilmerhale.com>
**Subject:** RE: Chen v. FBI

Paul,

Thank you for confirming. Perhaps the least time consuming path forward given your schedule would be for us to hire the third-party vendor to take an image of Mr. Rhoads' phone and then send you the results directly for review. We can arrange that this week if you consent.

Best,
Jessica

**Jessica Lutkenhaus | WilmerHale**
*She/Her/Hers*
+1 202 663 6640

**From:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Sent:** Tuesday, March 8, 2022 11:32 AM
**To:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>
**Cc:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Subject:** RE: Chen v. FBI

**EXTERNAL SENDER**

Yes, we received it. Michael and I have two substantial filings this week and are traveling to California next week for summary judgment hearing. And we're trying to get you the add'l phone logs you insisted on too.

---

**From:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>
**Sent:** Monday, March 7, 2022 12:56 PM
**To:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>; Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Cc:** Jones, Matt <Matt.Jones@wilmerhale.com>; Carome, Patrick <Patrick.Carome@wilmerhale.com>; Kim, Sean J. <Sean.Kim@wilmerhale.com>
**Subject:** FW: Chen v. FBI

Paul and Michael,

Could you please confirm receipt of the attached, and let us know when you will be able to respond?

Best,
Jessica

**Jessica Lutkenhaus | WilmerHale**
*She/Her/Hers*
+1 202 663 6640

---

**From:** Lutkenhaus, Jessica
**Sent:** Wednesday, March 2, 2022 5:52 PM
**To:** Paul Orfanedes <POrfanedes@judicialwatch.org>; Michael Bekesha <mbekesha@judicialwatch.org>
**Cc:** Jones, Matt <Matt.Jones@wilmerhale.com>; Carome, Patrick <Patrick.Carome@wilmerhale.com>; Kim, Sean J. <Sean.Kim@wilmerhale.com>
**Subject:** Chen v. FBI

Paul and Michael,

Please see attached for correspondence regarding your client's text message production. We look forward to your reply on or before March 4, 2022.

Best,
Jessica

**Jessica Lutkenhaus | WilmerHale**
*She/Her/Hers*
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6640 (t)

+1 202 663 6363 (f)
jessica.lutkenhaus@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.