# Exhibit 3

**From:** Jones, Matt
**Sent:** Thursday, May 7, 2020 10:11 AM
**To:** Paul Orfanedes
**Cc:** Lutkenhaus, Jessica; Carome, Patrick
**Subject:** RE: Chen v. Federal Bureau of Ivnestigation, et al., Case No. 18-3074 (CRC) (D. District of Columbia)

Paul:

Thank you for your response. We are relieved to hear that you will be preserving the phone. We look forward to receiving the production of responsive information from the phone on May 21.

Best,
Matt.

**Matthew T. Jones | WilmerHale**
+1 202 663 6018 (t)
+1 202 663 6363 (f)

---

**From:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Sent:** Wednesday, May 6, 2020 5:17 PM
**To:** Jones, Matt <Matt.Jones@wilmerhale.com>
**Cc:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>; Carome, Patrick <Patrick.Carome@wilmerhale.com>
**Subject:** Re: Chen v. Federal Bureau of Ivnestigation, et al., Case No. 18-3074 (CRC) (D. District of Columbia)

**EXTERNAL SENDER**

Matt:

We will take you up on your offer to reimburse Chief Rhoads for whatever costs he incurs by not returning the phone. My understanding is that it is approximately $400. I can get you a more precise figure.

We can discuss your other points and your request about imaging the phone at a later point.

PJO

---

**From:** Jones, Matt <Matt.Jones@wilmerhale.com>
**Sent:** Wednesday, May 6, 2020 4:44 PM
**To:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Cc:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>; Carome, Patrick <Patrick.Carome@wilmerhale.com>
**Subject:** RE: Chen v. Federal Bureau of Ivnestigation, et al., Case No. 18-3074 (CRC) (D. District of Columbia)

Dear Mr. Orfandes:

Thank you for your note. While we do not wish to impose any unnecessary burden on Mr. Rhoads, we are deeply concerned that the disposal of the phone without extracting all responsive information will lead to the unrecoverable loss and destruction of information that must be produced under the subpoena. For example, if there are responsive text messages, there is no doubt additional metadata that reflects the time of those messages and the contact information of the sender/recipients. There is likely other metadata in the phone that would reflect other contacts (e.g., phone calls or voicemails) with the same individuals. And there may be other information (e.g., emails or other communications through other apps or relevant web history) that is responsive and will be irretrievably lost if Mr. Rhoads disposes of the phone without conducting a thorough search.

We are open to Mr. Rhoads providing the responsive data in whatever format is least burdensome, but all responsive data must be provided. Before disposing of the phone, it is essential that a backup image be created. We are willing to cover the costs of creating an image of the phone as well as any fees that Mr. Rhoads may incur as a result of the delay in returning his phone.

Please let us know as soon as possible how you intend to proceed and whether we need to seek the Court's resolution of this matter.

Best,
Matt Jones

**Matthew T. Jones | WilmerHale**
+1 202 663 6018 (t)
+1 202 663 6363 (f)

---

**From:** Paul Orfanedes <POrfanedes@JUDICIALWATCH.ORG>
**Sent:** Wednesday, May 6, 2020 4:07 PM
**To:** Jones, Matt <Matt.Jones@wilmerhale.com>
**Cc:** Lutkenhaus, Jessica <Jessica.Lutkenhaus@wilmerhale.com>
**Subject:** Chen v. Federal Bureau of Ivnestigation, et al., Case No. 18-3074 (CRC) (D. District of Columbia)

**EXTERNAL SENDER**

Matt:

An issue has come up with Chief Warrant Officer Rhoads' smart phone. As I understand it, the operating system is not functioning properly, and the phone does not hold a charge for any length of time. Because the phone is under warranty, Chief Rhoads was sent a new phone by his carrier last month. However, Chief Rhoads must return the improperly working phone by tomorrow or incur a substantial fee. He intends to return the phone.

Chief Rhoads has been able to take screen shots of what he believes are potentially responsive text messages stored on the phone in order to preserve them. Because the subpoena does not specify a format for producing electronically stored information, Chief Rhoads intends to produce in pdf format screen shots of any responsive texts messages not subject to objection or claim of privilege or other protection. A pdf format of a screen shot is a "reasonably usable form."

Requiring Chief Rhoads to incur a substantial fee in order to produce text messages in an electronic format -- if that is even possible at this point -- would impose an undue burden or cost on him. Accordingly, any text messages stored on the phone are not reasonably accessible in an electronic format, and Chief Rhoads objects to any assertion that the subpoena requires him to produce any text messages in anything other than a pfd format.

Thank you for your attention to this matter.

PJO