# Exhibit 5

STEPHEN J. RHOADS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

YANPING CHEN,

Plaintiff,

vs. Civil Action No.

FEDERAL BUREAU OF 1:18cv3074(CRC)

INVESTIGATION, et al.,

Defendants.

_____________________________/

The Zoom deposition of STEPHEN J. RHOADS

8:53 a.m. - 6:35 p.m.

Thursday, March 24, 2021

REPORTED BY:

STEVEN POULAKOS, RPR

JOB NO. 206774

UMT story?

A I'm still not getting the question, sir.

THE WITNESS: Can you guys turn that up, the volume? Sorry, sir. I'm hard of hearing.

BY MR. JONES:

Q That's okay. That's okay. Can you hear me now?

A Quite -- much better. Much better. Thank you.

Q I'd like to ask you about your response to Agent Pappa in which you told him thanks in progress in response to his notion that the public release of information about UMT would be good.

A Yes.

Q Was what you had in progress communications with Catherine Herridge about the public release of information about UMT?

A So why was I communicating or what were her and I saying? Is that the question?

Q Yes. And I understand you -- well, were you communicating with her about the public release of information about UMT?

A I don't know. I would -- and I can't speculate either. I mean, the times are screwing me

all up on these two documents. So I don't know if there's a relevance to his text in conjunction to my text with her or not. I think that's why I'm so stupefied right now that times are screwing with me.

Q If you wanted to find out what you communicated with Catherine Herridge in those text messages, is there a way that you could go about doing that?

A Going back 15 -- or five, seven years, no, probably not. I don't know.

Q Do you have messages with Catherine Herridge from that time period on your phone?

A Not anymore, sir. We gave you all the messages that we have available.

Q When did you lose access to the messages with Catherine Herridge that you did not provide to us?

A I don't know that I --

MR. ORFANEDES: Can I have a timeframe to the question?

THE WITNESS: I talked over my counsel. Did you hear his objection, sir?

BY MR. JONES:

Q Yes. So my question is: Are you aware of -- are you aware of any text messages with Catherine

Herridge that you did not produce to us as part of this litigation?

A No, sir. Our search was very thorough and conducted by third-party people on emails and stuff.

Q So if text messages appear on your phone records, but not in -- but you weren't able to find them in your phone, where are they?

A I don't know, sir. I'm not an IT guy.

Q Did you delete text messages with Catherine Herridge at any point in time?

A I may have, sir.

Q Did you delete text messages with Catherine Herridge after receiving a subpoena in this case?

A No, I did not per your direction, the direction of Army JAG personnel, and my counsel.

Q Did you -- did you delete any text messages with Catherine Herridge at the direction of Agent Pappa?

A No, not at all. He would not have known what was in my phone as far as our back and forth interaction.

Q Let me direct you to a document that's previously been introduced as Exhibit 188.

(Rhoads Exhibit 188 was marked for purposes

of identification.)

BY MR. JONES:

Q And, again, I will represent to you that these text messages were provided to us by the FBI and purport to be from a phone belonging to Agent Pappa.

A Yes, sir.

Q These again are in UTC, so for everyone, I'll try to do some conversions on the fly to help here. I want to direct your attention to a text message that's dated November 22nd, 2016, at 2225:36 UTC. It says it comes on the inbox from the number [redacted] and it states a one-hour special will air in December on the Fox News channel called Sex, Lies, and Chinese Spies. Commercials will hot the air around the 1st. I think you will find this show quite interesting.

Mr. Rhoads, is this a text message that you sent to Agent Pappa?

A I believe it was, sir. I remember that title.

Q How did you learn that Fox News channel was going to air a special called Sex, Lies, and Chinese Spies?

A I would presume that Catherine Herridge or