**PUBLIC VERSION**

# EXHIBIT H



**CT Corporation**
**Service of Process Notification**
05/19/2022
CT Log Number 541605876

## Service of Process Transmittal Summary

**TO:** Patrick Gillham
FOX CORPORATION (LA)
2121 AVENUE OF THE STARS STE 900
LOS ANGELES, CA 90067-5034

**RE:** **Process Served in District of Columbia**

**FOR:** Fox News Network, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | YANPING CHEN vs. FEDERAL BUREAU OF INVESTIGATION |
| **CASE #:** | 118CV3074 |
| **NATURE OF ACTION:** | Subpoena - Business records |
| **PROCESS SERVED ON:** | C T Corporation System, Washington, DC |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/19/2022 at 06:07 |
| **JURISDICTION SERVED:** | District of Columbia |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Patrick Gillham |
| | Email Notification,  Joy Dumlao |
| | Email Notification,  Chris Reed |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
1015 15th Street, NW
Suite 1000
Washington, DC 20005
866-401-8252
EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, May 19, 2022
**Server Name:** Drop Service

| Entity Served | FOX NEWS NETWORK, LLC |
|---|---|
| Case Number | 118CV3074 |
| Jurisdiction | DC |

| Inserts |
|---|
|  |



Cut along this line

## Check appears upside down intentionally

## How to use this check

**Need help?** Visit eChecks.com or call 877-333-6964

| Step 1<br>Print the check | Step 2<br>Validate it printed correctly | Step 3<br>Deposit like normal |
|---|---|---|
| ✓ **Any printer works**<br>✓ **Black or color ink**<br>✓ **Basic white paper** | ✓ **Correct if bank numbers are:**<br>  Centered in white space<br>  Parallel to edge of the page<br>  Clearly printed in dark black ink<br>✗ **Reprint if bank numbers are:**<br>  Cut off, skewed, or off-center<br>  Smudged or wrinkled<br>  Too light to read | 1. **Cut on the dotted line above**<br>2. **Endorse the back**<br>3. **Deposit like normal:**<br>  In-person at a bank or credit union<br>  Using an ATM<br>  Via smartphone mobile deposit<br>  With an office check scanner |

**Does your financial institution have questions about this check?**
- This check was printed from an authorized check record. It is not a Check 21 Image Replacement Document.
- To confirm this check was issued by the account holder and details (pay to, amount, routing/account number) remain unmodified, the item's authenticity can be verified using the Deluxe Inc. Check Verification service at https://echecks.com/verify.

**Questions?** Visit **eChecks.com** or call 877-333-6964

### For your records

███████████
███████████

**From:** Same Day Process Service
**Amount:** $40.00
**Payable to:** Corporate Representative ...
**Delivery email:** None
**Memo:** #278821 WITNESS FEES

Are you a business? To save time, money, and resources, make payments using Deluxe Payment Exchange. Call 877-333-6964 to get started today!



deluxe. PAYMENT EXCHANGE

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| YANPING CHEN | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:18-CV-3074 |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Corporate Representative of Fox News Network, LLC
c/o CT Corporation System 1015 15th St NW, Suite 1000, Washington, DC 20005

*(Name of person to whom this subpoena is directed)*

☒ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:   See Schedule A

| Place: Remote via Zoom Conference | Date and Time: 06/21/2022 10:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic, videographic, audio and/or real time computer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/18/2022

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff Yanping Chen _____ , who issues or requests this subpoena, are:
Andrew C. Phillips, Clare Locke LLP

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# **SCHEDULE A**

# **DEFINITIONS**

Unless otherwise indicated, the following definitions shall apply to and are expressly incorporated into the descriptions of topics for deposition subject to this Subpoena, regardless of whether upper- or lower-case letters are used; and otherwise shall apply as follows:

1. "Action" means the action referenced in the caption of the Subpoena to which this "Schedule A" is attached.

2. "Complaint" means the Complaint filed in the action referenced in the caption of the Subpoena on December 21, 2018. The Complaint is attached as Schedule B to this Subpoena.

3. "FBI" means the Federal Bureau of Investigation and its departments, branches, subdivisions, agents, employees, and other representatives.

4. "DOJ" means the Department of Justice and its departments, branches, subdivisions, agents, employees, and other representatives.

5. "DOD" means the Department of Defense and its departments, branches, subdivisions, agents, employees, and other representatives.

6. "DHS" means the Department of Homeland Security and its departments, branches, subdivisions, agents, employees, and other representatives.

7. "Defendants" means the FBI, DOJ, DOD, and DHS, individually and together.

8. "Fox News" means Fox News Network, LLC and includes any affiliates, parents, subsidiaries, predecessors, successors, departments, divisions, assigns, and agents.

9. "Personnel of Fox News" means any person presently or previously employed by, controlled by, or acting on behalf of Fox News, including but not limited to Pamela K. Browne, Catherine Herridge, and Cyd Upson.

- 1 -

10. "Personnel of Defendants" means any person presently or previously employed by, controlled by, or acting on behalf of Defendants, including but not limited to Dean McDonald, Elizabeth Farr, James Gillis, Joseph Trombo, Michael Tarantino, Peter Lennon, Stephen Rhoads, and Timothy Pappa.

11. "You" and "your" mean Fox News Network, LLC and includes any affiliates, parents, subsidiaries, predecessors, successors, departments, divisions, assigns, and agents.

12. "Plaintiff" or "Dr. Chen" mean Dr. Yanping Chen, a U.S. citizen born ▮▮▮▮ ▮▮▮▮ in Beijing, China and residing at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13. "The University" means the University of Management and Technology, located at 1901 North Fort Myer Drive, South Building, Suite 700, Arlington, Virginia.

14. "The Search" or "the Searches" mean the December 5, 2012 searches of Dr. Yanping Chen's residence at 2122 21st Road North, Arlington, Virginia and the University at 1901 North Fort Myer Drive, South Building, Suite 700, Arlington, Virginia.

15. "The Investigation" means the government investigation pursuant to which the Searches were executed, as well as any associated or related investigations or actions.

16. "Communications" means the transmittal of information by or through any means, including but not limited to speech, writings, language (machine, foreign, or otherwise), graphics, computer or digital media of any kind (including, but not limited to electronic mail, SMS, text messaging, videos, and voicemail), magnetic or optical disks, floppy disks, compact discs, CD-ROM discs, sound, radio, video, telecommunications, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types, digital and other tapes, or through any other means of transmission, whether direct, indirect, or through an intermediary.

17. "Document" refers to writings and electronically stored information—including, without limitation, electronic communications, correspondence, drawings, graphs, charts, photographs, sound recordings, images, and other data and data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

18. "Private Documents and Information" means any and all documents and information concerning Dr. Chen and/or the University that were presented in, referred to, or considered in relation to the reports attached to the Complaint as Exhibits B, D, and E and/or the corresponding television or online broadcasts, including, without limitation:

   a. Any photograph purporting to depict Dr. Chen;

   b. Any FBI FD-302 Form relating to or referring to Dr. Chen;

   c. Any immigration or naturalization document relating to Dr. Chen;

   d. Any internal government email communication involving Personnel of Defendants and relating to Dr. Chen, the University, and/or the Investigation;

   e. Any PowerPoint presentation, compilation, and/or report concerning Dr. Chen, the University, and/or the Investigation.

19. "Person" means a natural person, firm, company, partnership, corporation, association, government, department, agency, organization, trust, estate, or any other entity, regardless of whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government controlled.

20. "Concerning," "in relation to" or "relating to" have their commonly understood meanings, to include comprising, reflecting, evidencing, constituting, pertaining to, dealing with,

referring to, respecting, consisting of, embodying, establishing, connected with, commenting on, describing, analyzing, and/or showing.

21. "Involving" means any form of participation, direct or indirect, individual or collective, personal or institutional, including but not limited to controlling, directing, controlling, directing, supervising, managing, leading, reviewing, approving, operating, influencing, organizing, analyzing, evaluating, performing, scheduling, supporting, assisting, aiding, investigating, auditing, attending, advising, consulting, communicating, discussing, drafting, revising, preparing, reading, updating, briefing, reporting, monitoring, receiving Communications regarding, and taking any other form of official or unofficial action regarding.

22. The connectives "and" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all documents that might otherwise be construed outside of its scope. "Including" shall also be construed to mean "without any limitation." The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

In addition to the requirements set forth in the Federal Rules of Civil Procedure, the following instructions apply to each of the deposition topics set forth herein:

1. Non-party Fox News is directed, pursuant to Federal Rule of Civil Procedure 30(b)(6), to designate one or more of its officers, directors, or managing agents, or to designate other persons who consent to testify on its behalf, to give testimony regarding the topics for deposition set forth below.

2. Each topic shall be construed independently, and no topic shall be viewed as limiting the scope of any other topic.

- 5 -

3. If you object to a portion or aspect of a deposition topic, state the grounds for your objection with specificity.

4. The relevant time period for these requests is from December 1, 2012 until June 28, 2017.

5. Your Rule 30(b)(6) designee(s) shall bring to this deposition all documents reviewed, relied upon, or consulted in preparation for this deposition.

## TOPICS FOR DEPOSITION

1. The disclosure to and/or receipt by any Personnel of Fox News of any Private Documents and Information, including the timing, format, and means of transmission.

2. Fox News's possession or retention of Documents or Communications from Catherine Herridge, Pamela K. Browne, and Cyd Upson.

3. Fox News's possession or retention of any Private Documents and Information.

4. Any fact-checking and/or pre-publication review conducted with respect to the Private Documents and Information.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:18-CV-3074

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.: