**CONFIDENTIAL – FILED UNDER SEAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

YANPING CHEN,            )

                        )

        Plaintiff,      )      **Case No. 1:18-cv-03074-CRC**

                        )

        v.             )      **Hon. Christopher R. Cooper**

                        )      **United States District Judge**

FEDERAL BUREAU OF INVESTIGATION,   )

U.S. DEPARTMENT OF JUSTICE,       )

U.S. DEPARTMENT OF DEFENSE, U.S.    )

DEPARTMENT OF HOMELAND SECURITY,  )      **Oral Argument Requested**

                        )

        Defendants.    )

                        )

## REPLY MEMORANDUM IN SUPPORT OF NON-PARTY FOX NEWS NETWORK'S MOTION TO QUASH

ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
Patrick F Philbin (453620)
pphilbin@egcfirm.com
Kyle West (24093346)
kwest@egcfirm.com

1155 F Street, NW, Suite 750
Washington, DC 20004
Telephone: (202) 249-6900
Facsimile: (202) 249-6899

*Counsel for Fox News Network, LLC*

September 12, 2022

**CONFIDENTIAL – FILED UNDER SEAL**

## <u>TABLE OF CONTENTS</u>

Page

INTRODUCTION ..................................................................................................................1

ARGUMENT .......................................................................................................................3

I.      PLAINTIFF CONCEDES THAT HER DOCUMENT SUBPOENA IS
OVERBROAD...........................................................................................................3

II.     THE SUBPOENAS SHOULD BE QUASHED BECAUSE, UNDER BOTH
*ZERILLI* AND RULE 26, PLAINTIFF MUST EXHAUST DISCOVERY FROM
MS. HERRIDGE BEFORE SEEKING DISCOVERY FROM FNN.................................4

      A.     The Additional Information Plaintiff Seeks from FNN Is Not "Central" to
Her Case Under *Zerilli*, and She Cannot Overcome the Journalist's
Privilege To Secure Discovery from FNN..............................................................5

      B.     Even If the Information Plaintiff Seeks Were "Central" to Her Claims, She
Would Have to Exhaust Alternatives Before Pursuing Discovery from
FNN................................................................................................................9

CONCLUSION.....................................................................................................................10

CONFIDENTIAL – FILED UNDER SEAL

# TABLE OF AUTHORITIES[1]

Page(s)

## CASES

Dotson v. Edmonson,
   No. 16-cv-15371, 2017 WL 4310676 (E.D. La. Sept. 28, 2017)..............................................8

Ghawanmeh v. Islamic Saudi Acad.,
   274 F.R.D. 329 (D.D.C. 2011)................................................................................................7

*Hatfill v. Gonzales,
   505 F. Supp. 2d 33 (D.D.C. 2007) .................................................................. passim

In re Grand Jury Subpoena,
   646 F.2d 963 (5th Cir. 1981) ...........................................................................................7, 8

Lee v. Dep't of Just.,
   401 F. Supp. 2d 123 (D.D.C. 2005) ......................................................................................6

Letourneau v. Carpio,
   2017 WL 9362842 (S.D. Fla. Oct. 10, 2017) .......................................................................8

Love v. NJ Dept of Corr.,
   No. 2:15-cv-01793, 2017 WL 3477864 (D.N.J. Aug. 11, 2017) ...........................................8

Solis v. Bruister,
   No. 4:10-cv-77, 2012 WL 12829683 (S.D. Miss. Dec. 26, 2012)...........................................8

United States ex. rel. Touhy v. Ragen,
   340 U.S. 462 (1951)...............................................................................................................8

*Zerilli v. Smith,
   656 F.2d 705 (D.C. Cir. 1981) ...................................................................................... passim

## RULES

Fed. R. Civ. P. 26..................................................................................................................1, 4

---

[1] An asterisk indicates cases on which Fox News Network, LLC primarily relies.

CONFIDENTIAL – FILED UNDER SEAL

## INTRODUCTION

Plaintiff's opposition confirms that Plaintiff cannot carry her burden to overcome the First Amendment journalist's privilege to seek information from Fox News Network, LLC ("FNN"). As explained in Ms. Herridge's reply brief, Plaintiff cannot show that she has exhausted reasonable alternative avenues for finding the identity of the source(s) that allegedly released information about her from government files, and the balance of interests weighs overwhelmingly in favor of upholding First Amendment protections for journalists in this case.  *See* Reply Memorandum in Support of Non-Party Catherine V. Herridge's Mot. To Quash 3–25, ECF No. 124.  FNN adopts and incorporates those points by reference here, and they are sufficient to quash the subpoenas.

But Plaintiff's effort to secure discovery from FNN also suffers from additional defects.

First, Plaintiff concedes that her subpoenas are patently overbroad and thus fail to seek only information that is central to her claim, as required under *Zerilli v. Smith,* 656 F.2d 705, 713 (D.C. Cir. 1981).  There is no reasonable construction of the subpoenas that can cure their overbreadth.  Instead, a protective order would be required before any discovery could be considered.

Second, Plaintiff cannot seek discovery from FNN before completing discovery efforts with Ms. Herridge.  Under *Zerilli*, Plaintiff must exhaust discovery from Ms. Herridge, who is a "reasonable alternative source" for the information plaintiff seeks.  *Zerilli,* 656 F.2d at 713.  And under Federal Rule of Civil Procedure 26(b)(2)(C), Plaintiff similarly must start with Ms. Herridge, who is a "more convenient, less burdensome" source for finding the information Plaintiff needs (namely, the identity of the person who allegedly released information from government files), and because pursuing discovery from FNN would be "cumulative [and] duplicative."  Fed. R. Civ. P. 26(b)(2)(C).  Plaintiff cannot evade her obligation to complete discovery from Ms. Herridge by pretending that documents in FNN's files have some critical information that she

CONFIDENTIAL – FILED UNDER SEAL

cannot get from Ms. Herridge.  The *only* information that would be both (i) potentially available from Ms. Herridge or FNN, and (ii) "central" to Plaintiff's Privacy Act claims under *Zerilli* is the identity of the source who allegedly released information from government files.  But Ms. Herridge is obviously the best source for that information.  That is why the court in *Hatfill* allowed discovery solely against individual journalists who knew the identity of their sources and simultaneously quashed subpoenas directed at media companies.  *See Hatfill v. Gonzales,* 505 F. Supp. 2d 33, 50–51 (D.D.C. 2007).

Nor can Plaintiff distinguish *Hatfill* by claiming that the reporters there were current employees of the media company defendants—as if they could turn over documents from media company files while Ms. Herridge cannot.  Pl.'s Mem. in Opp'n to Non-Party Fox News Network, LLC's Motion to Quash at 17–18, ECF No. 120 ("Opp").  That simply misstates the law.  An employee subpoenaed as an individual has no authority to turn over documents to which she merely has access by virtue of being an employee.  Those documents belong to her employer and must be sought through discovery directed at the employer.  And nothing in *Hatfill* suggests that the court believed the reporters in that case would be turning over files belonging to their media company employers.

For all the reasons explained in Ms. Herridge's papers, Plaintiff cannot overcome the First Amendment journalist's privilege and her subpoenas should be quashed in their entirety.  But if the Court permits any discovery, following the approach from *Hatfill*, it should allow only limited discovery from Ms. Herridge and quash the subpoenas to FNN.

CONFIDENTIAL – FILED UNDER SEAL

## ARGUMENT

## I.   PLAINTIFF CONCEDES THAT HER DOCUMENT SUBPOENA IS OVERBROAD.

Plaintiff concedes that her document subpoena is overbroad, as she hastily agreed in her Opposition to narrow it to seek only material that may have been received from government sources in violation of the Privacy Act.  Opp. 15.  Her effort to pretend that there is a "reasonable meaning," *id.*, of the subpoena that is similarly narrow is baseless.  The subpoena defines the "Private Documents and Information" that it seeks as "*any and all* documents and information concerning Dr. Chen and/or the University that were provided to or obtained by personnel of Fox News *from a third party* and that were presented in, referred to, or *considered* in relation to" the Fox Reporting.  Subpoena to Prod. Docs. Issued to Fox News Network Schedule A at 3, ECF No. 97-8 ("FNN Subpoena") (emphases added).  Nothing in those terms supports a narrowing construction.  And the mere fact that the subpoena provides a list of examples—each of which would likely be released from government sources—also does not narrow the subpoena.  *See* Opp. 15.  The subpoena expressly states that the examples are provided "without limitation."  FNN Subpoena, Schedule A, at 3.

Plaintiff also cannot support her "reasonable meaning" claims by pretending that counsel for FNN acknowledged a narrow interpretation in the Browne and Upson Declarations.  That misrepresents what the declarations say.  According to Plaintiff, Upson and Browne supposedly recognized that, while the definition of Private Documents and Information "could be interpreted broadly," they could also "reasonably interpre[t]" the subpoenas more narrowly and respond on that basis.  Opp. 17.  That is simply not true.  Each declaration actually says that the "definition in the subpoena broadly includes *any* information received from *any* third party" and thus includes materials "that in no way implicate the alleged violations of the Privacy Act."  Upson Decl. ¶ 6,

CONFIDENTIAL – FILED UNDER SEAL

ECF No. 121-26; Browne Decl. ¶ 6, ECF No. 121-27 (emphasis in original).  As a result, each declarant refused to use Plaintiff's defined term and instead defined a *new* term: "I will limit my statements in this declaration solely to a *narrower* set of Disputed Private Documents and Information, which *I define* as roughly corresponding to the 'Leaked Records' referred to in Paragraph 23 of Plaintiff's complaint."  Upson Decl. ¶ 7; Browne Decl. ¶ 7 (emphases added).

Under any reasonable reading, Plaintiff's subpoena is sweepingly overbroad and thus seeks information that is not "central" to her claim.  The subpoena must be quashed or substantially narrowed by a protective order before any discovery could be considered.

## II.  THE SUBPOENAS SHOULD BE QUASHED BECAUSE, UNDER BOTH *ZERILLI* AND RULE 26, PLAINTIFF MUST EXHAUST DISCOVERY FROM MS. HERRIDGE BEFORE SEEKING DISCOVERY FROM FNN.

For all the reasons explained in Ms. Herridge's papers, the Court should quash Plaintiff's subpoenas in their entirety.  Plaintiff cannot carry her burden to overcome the First Amendment journalist's privilege, which plainly applies to all the information Plaintiff seeks.  Even if the Court decides that some discovery is warranted, under both *Zerilli* and Federal Rule of Civil Procedure 26(b)(2)(C), Plaintiff must exhaust discovery efforts with Ms. Herridge before seeking discovery from FNN.  Plaintiff does not dispute, *see* Opp. 18, that Ms. Herridge is in the best position to provide Plaintiff the identity of any source(s) who allegedly released information from government files—especially since it is clear that Ms. Herridge never told anyone at FNN the identity of her source(s), *see* Decl. of Catherine V. Herridge ¶ 6, ECF No. 94-4.  Instead, Plaintiff claims that she seeks information *in addition to* the identity of the government source and that documents likely in FNN's possession have the unique information she supposedly needs.  Opp. 17–18.  According to Plaintiff, even if Ms. Herridge were to provide the identity of the government source, Plaintiff would still need documents from FNN reflecting Ms. Herridge's communications with the source

CONFIDENTIAL – FILED UNDER SEAL

and the "underlying documents in the form and format in which they were provided to Herridge." Opp. 18.

That is incorrect and it certainly cannot provide a basis for overcoming FNN's journalist's privilege under the First Amendment.  Under *Zerilli*, the only information that courts have recognized as "central" to a Privacy Act claim such that it can justify overcoming the journalist's privilege is the identity of the person who released information from government files in violation of the Privacy Act.  No court has held that the additional information Plaintiff now seeks is "central" under *Zerilli*.  To the contrary, *Hatfill* rejected any such theory, as the court quashed a document subpoena to media outlets seeking similar information and directed the plaintiff to pursue discovery from individual journalists instead.  *See* 505 F. Supp. 2d at 49.  In addition, even if Plaintiff did need the information she cites, there is still another avenue of discovery Plaintiff would be required to exhaust before pursuing discovery from FNN—namely, any government source(s) identified by Ms. Herridge, who would likely have any communications and documents that Plaintiff seeks even if Ms. Herridge does not have them.

### A.   The Additional Information Plaintiff Seeks from FNN Is Not "Central" to Her Case Under *Zerilli*, and She Cannot Overcome the Journalist's Privilege To Secure Discovery from FNN.

Plaintiff cannot secure discovery from FNN because the information she identifies as supposedly being uniquely available in FNN's files is not "central" to her case under *Zerilli*. Plaintiff claims that FNN's records may have communications between Ms. Herridge and her source(s) and "underlying documents in the form and format in which they were provided to Herridge."  Opp. 18.  But she does not identify a single case holding that such documents are "central" to a Privacy Act claim.  Nor does she offer a single word to explain why those documents would be necessary to make out her Privacy Act claim.  Nor could she.  The *only* information that courts have suggested is "central" to such a claim under *Zerilli* is the identity of the government

CONFIDENTIAL – FILED UNDER SEAL

source.  *Lee v. Dep't of Just.,* 401 F. Supp. 2d 123, 144 (D.D.C. 2005); *Hatfill,* 505 F. Supp. 2d at 43.

Indeed, contrary to Plaintiff's arguments, *Hatfill* determined that documents held by media outlets were *not* central to a plaintiff's Privacy Act claim.  In *Hatfill*, the plaintiff served subpoenas on several individual journalists seeking the identity of the journalists' sources and also served subpoenas on the media outlets that employed the journalists.  The subpoenas to the media outlets sought, among other things, "all documents . . . referring or relating to information regarding Steven J. Hatfill, M.D. received directly or indirectly, from any person employed by the federal government."  *See, e.g.*, Decl. of Allan Lengel at 9, *Hatfill v. Ashcroft*, Case No. 03-cv-01793, ECF No. 52-3 (D.D.C. Jan. 28, 2005); Decl. of Nathan E. Siegel Ex. 1, *Hatfill*, Case No. 03-cv-01793, ECF No. 56-2 (Jan. 28, 2005).  In other words, the subpoenas were functionally equivalent to the narrowed version of the document request Plaintiff presented in her Opposition here: "documents and communications regarding the transmission to Fox of the government investigative materials that are at issue in this lawsuit."  Opp. 15.  The *Hatfill* court compelled the individual journalists to respond to the subpoenas directed to them (on the ground that the identity of the journalists' sources was central to the Privacy Act claim), but at the same time *quashed* the subpoenas to the media outlets.  505 F. Supp. 2d at 50–51.  By quashing those subpoenas, *Hatfill* acknowledged that any documents held by media outlets relating to the transmission of materials from a government source are not sufficiently central to a plaintiff's Privacy Act claim to warrant overcoming the First Amendment journalist's privilege.  Instead, under *Hatfill*, the *only* information sufficiently central to the claim to overcome that privilege was the "names of the reporters' sources," which were properly discoverable from the reporters themselves, not from the media outlets.  *Id.* at 49.

CONFIDENTIAL – FILED UNDER SEAL

Nor can *Hatfill* be distinguished from this case on the ground that the *Hatfill* reporters were current employees of the media outlets.  Plaintiff suggests that, because the journalists in *Hatfill* were *current* employees, they could provide company documents in response to the subpoenas directed to them, thus obviating the need to seek documents from the media outlets themselves. According to Plaintiff, Ms. Herridge cannot do the same because she is a *former* FNN employee. *See* Opp. 17–18 ("[U]nlike the reporters in *Hatfill*, Herridge has . . . no ability to access . . . her contemporaneous communications, notes and documents that would have been stored on Fox's servers during the time of her employment.").  Setting aside the fact that the Plaintiff is factually mistaken—*Hatfill* quashed a subpoena directed to CBS to require discovery first from a *former* employee, *see* Non-Party James Stewart's Memorandum of Law in Opposition to Plaintiff's Motion to Compel at 3, *Hatfill*, No. 1:03-cv-01793-RBW, ECF No. 174 (May 23, 2007)— Plaintiff's argument simply misstates the law.

An employee who receives a subpoena naming her individually has no legal authority to turn over documents belonging to her employer that she is able to access merely by virtue of her employment.  Although an employee may have access to such materials as part of her job, she does not have "possession, custody, or control" over them for purposes of responding to discovery. *See In re Grand Jury Subpoena*, 646 F.2d 963, 969 (5th Cir. 1981) ("[M]ere access is not possession, custody, or control.").  Instead, discovery for those materials must be directed to the employer.  That principle is black letter law and has been reaffirmed countless times by federal courts across the country.  *See, e.g.*, *Ghawanmeh v. Islamic Saudi Acad.*, 274 F.R.D. 329, 332–33 (D.D.C. 2011) ("[P]laintiff sought documents from twenty-one ISA employees that were in fact not in their personal possession, custody, or control, but rather, were business records belonging to the ISA. . . . Plaintiff's effort to have these employees enter their employer's office and remove

the employer's records, thereby engaging in an act of theft, is an attempted abuse of the Court's processes."); *In re Grand Jury Subpoena*, 646 F.2d at 969 ("Although Kent hired employees to assist in the operation of his business, he never relinquished control of the records to any employee. That Allen had access to the records is irrelevant, for mere access is not possession, custody, or control."); *Letourneau v. Carpio*, 2017 WL 9362842, at *2 (S.D. Fla. Oct. 10, 2017) ("Plaintiffs do not cite to any case law or otherwise direct the Court to any authority suggesting that documents in the possession of one's employer are deemed to be within the custody, control or possession of an employee."); *Dotson v. Edmonson*, No. 16-cv-15371, 2017 WL 4310676, at *5 (E.D. La. Sept. 28, 2017) ("[D]ocuments created by the employee in his role as employee are not his documents to produce as an individual."); *Love v. NJ Dept of Corr.*, No. 2:15-cv-01793, 2017 WL 3477864, at *5 (D.N.J. Aug. 11, 2017) ("If . . . the employee merely has access to his employer's records at work, such access alone does not equate with possession, custody, or control over the records."); *Solis v. Bruister*, No. 4:10-cv-77, 2012 WL 12829683, at *9 (S.D. Miss. Dec. 26, 2012) ("Defendants' attempt to obtain a copy of this DOL document from Del Nero personally at her deposition was improper.  Such a request for Plaintiff's documents must be made by a properly propounded discovery request to Plaintiff, not Del Nero personally." (citations omitted)); *cf. United States ex. rel. Touhy v. Ragen*, 340 U.S. 462, 467 (1951) (recognizing the principle that a litigant cannot subpoena a government employee for documents that are the property of the United States government).

As the case law makes clear, whether Ms. Herridge is a current or former employee has no bearing on whether she could produce the sort of documents Plaintiff seeks in her subpoena to FNN.  In either case, she could not.  Thus, there is no principled distinction between Ms. Herridge and the reporters in *Hatfill*.  And, as the *Hatfill* court concluded, there are no documents in the

CONFIDENTIAL – FILED UNDER SEAL

possession of media outlets that are "central" to a Privacy Act claim.  The only information that is "central" to that claim and likely in the possession of journalists or their media employers is the identity of government sources.  And *Hatfill* squarely holds *that* information should be sought first from the individual reporter who allegedly worked with the source, not the media outlet.

### B.  Even If the Information Plaintiff Seeks Were "Central" to Her Claims, She Would Have to Exhaust Alternatives Before Pursuing Discovery from FNN.

Even if Plaintiff could establish that it is "central" to her claim to have either (i) particular communications between Ms. Herridge and her source(s), or (ii) the document(s) (if any) that Ms. Herridge received in their original format, Plaintiff still should not be permitted to pursue discovery from FNN before exhausting alternative avenues for discovery.  First and foremost, Plaintiff should be required to exhaust discovery from Ms. Herridge.  Indeed, Plaintiff concedes that such ordering is appropriate.  Opp. 18–19.  But that does not make FNN the next stop.  To the contrary, if the Court orders discovery from Ms. Herridge, presumably that would include discovery into the identity of Ms. Herridge's source(s).  And that raises another obvious reasonable alternative for obtaining the documents Plaintiff seeks: the government source(s).  If Ms. Herridge, under compulsion from the Court, were to provide the identity of source(s), Plaintiff can seek from the source(s) the exact discovery she incorrectly claims is exclusively in FNN's possession, including "the communications reflecting [the government source's] disclosures" and the "underlying documents in the form and format in which they were provided to Herridge."  Opp. 18.  The government source(s), much more than FNN, is the most likely holder of that material.  Accordingly, FNN's journalist's privilege cannot be overcome until Plaintiff has exhausted discovery efforts with both Ms. Herridge and any government source(s) whom Ms. Herridge might identify.

CONFIDENTIAL – FILED UNDER SEAL

## CONCLUSION

For the foregoing reasons, the Motion to Quash should be granted.

CONFIDENTIAL – FILED UNDER SEAL

Respectfully submitted,

ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP


By:    /s/ Patrick F Philbin
       Patrick F Philbin (453620)
       Kyle West (24093346)

1155 F Street, N.W., Suite 750
Washington, D.C. 20004
(202) 249-6900

*Attorneys for Fox News Network, LLC*

DATED:  September 12, 2022