**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| YANPING CHEN,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, U.S. DEPARTMENT OF JUSTICE, U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | **Case No. 1:18-cv-03074-CRC**<br><br>**Hon. Christopher R. Cooper**<br>**United States District Judge** |

**NON-PARTY CATHERINE V. HERRIDGE'S**
**MOTION FOR STAY PENDING APPEAL**

Non-party Catherine V. Herridge respectfully moves for a stay pending appeal of the Court's August 1 Order, ECF No. 140 ("Order"), to the extent it requires her to respond to Plaintiff's deposition subpoena and a stay of any deposition, or, in the alternative, for an administrative stay so that Ms. Herridge can seek a stay in the court of appeals. Ms. Herridge has filed a motion today seeking certification of the Order for immediate appeal under 28 U.S.C. § 1292(b) and will also shortly file a notice of appeal pursuant to 28 U.S.C. § 1291 and the collateral order doctrine.

This Court has inherent authority to grant a stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket . . . ."); *accord Broidy Cap. Mgmt. LLC v. Muzin*, No. 19-CV-150 (DLF), 2022 WL 2157047, at *2 n.1 (D.D.C. June 15, 2022); *see also* Fed. R. App. P. 8(a).

As more fully set forth in the accompanying memorandum of law, all four factors that the Court considers on a motion for a stay favor maintaining the status quo while Ms. Herridge pursues an appeal. Without a stay of the Order, Ms. Herridge will suffer irreparable harm because, if she complies with the Order, she will be forced to reveal her confidential source(s) which may also moot her appeal and foreclose her ability to vindicate her First Amendment rights. This case also presents serious legal questions concerning (i) the proper scope of balancing courts must conduct under *Zerilli v. Smith*, 656 F.2d 705, 712 (D.C. Cir. 1981), to determine the application of the First Amendment reporter's privilege, and (ii) the existence of a federal common law reporter's privilege. Maintaining the status quo will not harm Plaintiff as it will only postpone any disclosure to which Plaintiff is entitled. The public interest favors a stay to protect the full scope of the First Amendment reporter's privilege, especially in the area of national security matters.

Pursuant to Local Rule 7(m), counsel for Plaintiff has indicated that Plaintiff will oppose this motion and counsel for the government parties has indicated that the government parties take no position on this motion.

August 11, 2023

Respectfully submitted,

/s/ *Patrick F. Philbin*

Patrick F. Philbin (D.C. Bar No. 453620)
Kyle T. West (D.C. Bar No. 24093346)
ELLIS GEORGE CIPOLLONE
O'BRIEN LLP
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6633
pphilbin@egcfirm.com

*Counsel for Catherine V. Herridge and Fox News Network LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2023, the forgoing document and attachments were electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system.

August 11, 2023

Respectfully submitted,

/s/ *Patrick F. Philbin*

Patrick F. Philbin (D.C. Bar No. 453620)
Kyle T. West (D.C. Bar No. 24093346)
ELLIS GEORGE CIPOLLONE
O'BRIEN LLP
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6633
pphilbin@egcfirm.com

*Counsel for Catherine V. Herridge*