## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

YANPING CHEN,                               )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )   **Case No. 1:18-cv-03074-CRC**
                                            )
FEDERAL BUREAU OF INVESTIGATION,            )   **Hon. Christopher R. Cooper**
U.S. DEPARTMENT OF JUSTICE, U.S.            )   **United States District Judge**
DEPARTMENT OF DEFENSE, U.S.                 )
DEPARTMENT OF HOMELAND                      )
SECURITY,                                   )
                                            )
                    Defendants.             )
                                            )
_____          )

## MEMORANDUM IN SUPPORT OF NON-PARTY CATHERINE V. HERRIDGE'S MOTION FOR STAY PENDING APPEAL

Patrick F. Philbin (D.C. Bar No. 453620)
Kyle T. West (D.C. Bar No. 24093346)
ELLIS GEORGE CIPOLLONE
O'BRIEN LLP
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6633
pphilbin@egcfirm.com

*Counsel for Catherine V. Herridge and Fox News Network LLC*

August 11, 2023

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................................1

BACKGROUND ....................................................................................................................3

ARGUMENT ........................................................................................................................6

     A.     Ms. Herridge Will Suffer Irreparable Harm Absent a Stay. ...................................6

     B.     Ms. Herridge's Appeal Presents, At a Minimum, Serious Legal Questions............8

     C.     Plaintiff Will Not Suffer Any Irreparable Harm If a Stay Is Granted. .................12

     D.     The Public Interest Favors a Stay. ......................................................................12

CONCLUSION....................................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Akiachak Native Cmty. v. Jewell,*
  995 F. Supp. 2d 7 (D.D.C. 2014) ................................................................1, 6, 8, 9

*Al-Anazi v. Bush,*
  370 F. Supp. 2d 188 (D.D.C. 2005) ..................................................................9

*Center for Nat'l Sec. Studies v. U.S. Dep't of Justice,*
  217 F.Supp.2d 58 (D.D.C. 2002) ......................................................................7

*Cigar Ass'n of Am. v. U.S. Food & Drug Admin.,*
  317 F. Supp. 3d 555 (D.D.C. 2018) ...............................................................6, 8

*Citizens for Responsibility & Ethics in Washington v. Office of Admin.,*
  565 F. Supp. 2d 23 (D.D.C. 2008) ....................................................................8

*Cohen v. Beneficial Indus. Loan Corp.,*
  337 U.S. 541 (1949) ............................................................................................5

*Comm. on Judiciary of U.S. House of Representatives v. Miers,*
  542 F.3d 909 (D.C. Cir. 2008) ........................................................................11

*Ctr. For Int'l Envtl. Law v. Office of U.S. Trade Representative,*
  240 F. Supp. 2d 21 (D.D.C. 2003) ..............................................................7, 12

*Cuomo v. U.S. Nuclear Regulatory Comm'n,*
  772 F.2d 972 (D.C. Cir. 1985) ..........................................................................6

*Elrod v. Burns,*
  427 U.S. 347 (1976) ............................................................................................8

*Estate of Parsons v. Palestinian Auth.,*
  952 F. Supp. 2d 61 (D.D.C. 2013) ..................................................................10

*Hatfill v. Mukasey,*
  No. 08-5049, Per Curiam Order, Doc. No. 1104546 (D.C. Cir. Mar. 11, 2008) ...............2, 11

*Hospitality Staffing Sols., LLC v. Reyes,*
  736 F. Supp. 2d 192 (D.D.C. 2010) ..................................................................7

*In re Grand Jury Subpoena, Judith Miller,*
  438 F.3d 1141 (D.C. Cir. 2006) ......................................................................11

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*In re Roche*,
   448 U.S. 1312 (1980)..........................................................................................8

*In re Sealed Case No. 98-3077*,
   151 F.3d 1059 (D.C. Cir. 1998)...........................................................................7

*In re TMI Litig. Cases Consol. II*,
   940 F.2d 832 (3d Cir. 1991)................................................................................5

*John Doe Agency v. John Doe Corp.*,
   488 U.S. 1306 (1989)..........................................................................................7

*Jubilant DraxImage Inc. v. U.S. Int'l Trade Comm'n*,
   396 F. Supp. 3d 113 (D.D.C. 2019) ....................................................................7

*Lee v. Dep't of Justice*,
   428 F.3d 299&5 (D.C. Cir. 2005) ..................................................................9, 10

*Luckey v. Miller*,
   929 F.2d 618 (11th Cir. 1991) ...........................................................................10

*Marceaux v. Lafayette City-Parish Consol. Gov't*,
   731 F.3d 488 (5th Cir. 2013) ...............................................................................5

*Mills v. District of Columbia*,
   571 F.3d 1304 (D.C. Cir. 2009) ...........................................................................8

*N.Y. Times Co. v. United States*,
   403 U.S. 713 (1971).......................................................................................3, 13

*Parrett v. Se. Boll Weevil Eradication Found., Inc.*,
   155 F. App'x 188 (6th Cir. 2005) .........................................................................5

*People for the Am. Way Found. v. U.S. Dep't of Educ.*,
   518 F. Supp. 2d 174 (D.D.C. 2007) .....................................................................7

*Providence Journal Co. v. Fed. Bureau of Investigation*,
   595 F.2d 889 (1st Cir. 1979)...........................................................................6, 12

*\*Robert Half Int'l Inc. v. Billingham*,
   315 F. Supp. 3d 419 (D.D.C. 2018) .....................................................................7

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*TEC Cogeneration Inc. v. Fla. Power & Light Co.*,
    76 F.3d 1560 (11th Cir. 1996), *opinion modified on reh'g on other grounds*, 86
    F.3d 1028 (11th Cir. 1996) ........................................................................................5

*\*Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*,
    559 F.2d 841 (1977)........................................................................................1, 6, 9, 11

*Whole Woman's Health v. Smith*,
    896 F.3d 362 (5th Cir. 2018) ....................................................................................5

*Zerilli v. Smith*,
    656 F.2d 705 (D.C. Cir. 1981) ......................................................................... *passim*

## STATUTES

28 U.S.C. § 1291.............................................................................................................5

28 U.S.C. § 1292(b)........................................................................................................5

## OTHER AUTHORITIES

11A C. Wright, A. Miller & M. Kayne, *Federal Practice and Procedure* § 2948.1 (3d
    ed. 2016) ....................................................................................................................8

**INTRODUCTION**

Non-party Catherine V. Herridge respectfully seeks, pending appeal, a stay of the Court's August 1 Order to the extent it requires her to respond to Plaintiff's deposition subpoena to reveal her confidential source(s) and a stay of any deposition.  The Order addresses vitally important issues concerning the First Amendment reporter's privilege—issues on which judges in the D.C. Circuit have expressed ongoing disagreement.  A stay pending appeal is warranted to allow the court of appeals to provide critical guidance before Ms. Herridge is forced to take the irretrievable step of disclosing her confidential source(s).  All four factors that the Court considers on a motion for a stay overwhelmingly favor maintaining the status quo while Ms. Herridge pursues an appeal.

First, absent a stay, Ms. Herridge will suffer irreparable harm.  Under the Order, she will be forced to reveal her confidential source(s).  Once such a disclosure is made, confidentiality will irretrievably be lost, the identity of the source(s) will irremediably be disclosed, and no court will be able to unring the bell.  In addition, disclosure may moot Ms. Herridge's appeal and thus foreclose her ability to vindicate her First Amendment rights.  And a deprivation of Ms. Herridge's First Amendment rights from an erroneous forced disclosure of her sources is itself irreparable harm.  A stay is thus critical to avoid irreparable injury.  The alternative of suffering a contempt sanction for defying the Court's Order does not remove the irreparable harm Ms. Herridge faces.

Second, this case presents, at a minimum, a "serious legal question." *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (1977).  Where, as here, there is a strong showing of irreparable harm, a movant need not show a mathematical "likelihood of success on the merits" to secure a stay and may instead show a "serious legal question." *Akiachak Native Cmty. v. Jewell*, 995 F. Supp. 2d 7, 12 (D.D.C. 2014).  The Court's Order presents two issues that easily qualify as serious questions: (i) the proper scope of balancing courts must conduct

1

to determine application of the First Amendment reporter's privilege under *Zerilli v. Smith*, 656 F.2d 705, 712 (D.C. Cir. 1981), and (ii) the existence of a federal common law reporter's privilege. Conflicting opinions from judges on the D.C. Circuit on both of those issues establish that they present "serious legal questions" that the court of appeals should be permitted to address before irretrievable steps are taken in this litigation.

Indeed, the last time the D.C. Circuit was presented with forced disclosure of a reporter's confidential sources, the court of appeals granted a stay pending appeal, *see Hatfill v. Mukasey*, No. 08-5049, Per Curiam Order, Doc. No. 1104546 (D.C. Cir. Mar. 11, 2008) (attached as Ex. A), and in dismissing the appeal as moot went out of its way to announce that the case "raised close questions . . . under the First Amendment." *Hatfill v. Mukasey*, No. 08-5049, Per Curiam Order, Doc. No. 1149629, at 1 (D.C. Cir. Nov. 17, 2008) (attached as Ex. B).

Third, maintaining the status quo during an appeal will not harm Plaintiff, and it certainly will not cause Plaintiff irreparable harm.  Instead, it will simply postpone any disclosure to which Plaintiff is entitled until after the court of appeals has had a chance to address the important constitutional and common law privilege issues at stake here.  Plaintiff will be fully able to pursue her claims after an appeal if this Court's Order is ultimately affirmed.  Nothing about her claims or the information she seeks is time sensitive such that a delay during an appeal would impair her ability ultimately to pursue her rights.

Fourth, the public interest strongly favors a stay, because the public has a critical interest in protecting the full scope of the First Amendment reporter's privilege in order to promote a vigorous free press.  That interest is particularly acute in cases, like this, involving reporting on national security matters where confidentiality for sources is essential and where the public particularly relies on the press to keep the public informed.  Erroneously forcing disclosure of

confidential sources before the court of appeals has had a chance to weigh in would risk broadly chilling all potential government sources from working with reporters and thereby impair the public's interest in being able to rely on the press to "bare the secrets of government and inform the people." *N.Y. Times Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J., concurring).

If the Court denies a stay, Ms. Herridge respectfully requests that the Court enter an administrative stay to allow Ms. Herridge sufficient time to seek a stay from the court of appeals.

## BACKGROUND

Plaintiff Yanping Chen brought this Privacy Act suit against multiple government agencies for allegedly leaking information about a national security investigation into her and the university she owns and operates, the University of Management Technology ("UMT"). Plaintiff believes someone in the government leaked information to Ms. Herridge, who was at the time the Chief Intelligence Correspondent for Fox News Network ("FNN"). Ms. Herridge was the lead reporter on three stories in 2017 (the "Fox Reporting") describing the investigation into Plaintiff and presenting evidence that Plaintiff had been a colonel in the Chinese military (the People's Liberation Army), that she sought to hide that fact (by lying on immigration forms and telling others to lie), and that UMT, which Plaintiff founded and ran, was gathering data on thousands of U.S. servicemembers and making it remotely accessible from China. Subsequently, the Department of Defense ("DOD") publicly announced that it had terminated UMT "on national security grounds" from a tuition assistance program that had provided a large portion of UMT's revenues.

Plaintiff then sued several agencies under the Privacy Act and eventually, in June 2022, served Ms. Herridge with subpoenas for documents and a deposition seeking to uncover Ms. Herridge's confidential source(s) for the Fox Reporting. Ms. Herridge moved to quash the

3

subpoenas, arguing that they improperly invaded both the First Amendment reporter's privilege and a federal common law reporter's privilege.  Mem. in Supp. of Non-Party Catherine V. Herridge's Mot. to Quash, ECF No. 94-4.  In particular, Ms. Herridge argued that under the controlling D.C. Circuit decision on the First Amendment reporter's privilege, the Court must "weigh[] the public interest in protecting the reporter's sources against the private interest in compelling disclosure."  *Zerilli v. Smith*, 656 F.2d 705, 712 (D.C. Cir. 1981).  Ms. Herridge identified multiple factors the Court should consider in that broad-ranging balancing inquiry, including: (1) the fact that most of the Fox Reporting involved public information, limiting the potential damages Plaintiff might recover and limiting Plaintiff's interest in uncovering confidential sources, (2) the fact that DOD made an independent decision to terminate UMT's contract, thereby breaking the chain of causation between any Privacy Act violation and Plaintiff's alleged damages, again limiting her interest in uncovering confidential sources, and (3) the importance of confidential sources to national security reporting and the public's interest in protecting the ability of a vigorous free press to provide such reporting.  Ms. Herridge argued that the same broad balancing approach should apply under the federal common law reporter's privilege.

On August 1, 2023, the Court entered an Order granting in part and denying in part the motion to quash.  Mem. Op. and Order, ECF No. 140 ("Order").  Although the Court quashed the subpoena for documents and modified the deposition subpoena, it has required Ms. Herridge to respond to the deposition subpoena to answer questions identifying confidential source(s) for the Fox Reporting.  In reaching that result, the Court rejected Ms. Herridge's arguments concerning the use of a broad balancing of interests under *Zerilli* to determine the application of the First Amendment reporter's privilege.  *See id.* at 6–13.  In particular, the Court determined that

balancing under *Zerilli* should largely be controlled by just two factors: (1) whether the information sought is central to the plaintiff's case ("centrality") and (2) whether the plaintiff has exhausted reasonable alternative avenues of discovery ("exhaustion").  *See id.* at 10 (focusing on "the centrality of the requested discovery and the exhaustion of reasonable alternatives"); *see also id.* at 11 (reading *Zerilli* to "require a balancing test focused primarily . . . on centrality and exhaustion").  The Court also rejected the existence of a federal common law reporter's privilege. *See id.* at 25–27.

Ms. Herridge now files this motion to stay alongside a motion seeking a certification from this Court allowing her to immediately appeal the Order under 28 U.S.C. § 1292(b).  Ms. Herridge will also shortly file a notice of appeal under 28 U.S.C. § 1291 on the grounds that the Order is a final, appealable order pursuant to the collateral order doctrine.  *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949); *Whole Woman's Health v. Smith*, 896 F.3d 362, 368 (5th Cir. 2018) ("[I]nterlocutory court orders bearing on First Amendment rights remain subject to appeal pursuant to the collateral order doctrine."); *Marceaux v. Lafayette City-Parish Consol. Gov't*, 731 F.3d 488, 490 (5th Cir. 2013) ("We have repeatedly found the [collateral order] doctrine applies in cases in which pre-trial orders arguably infringe on First Amendment rights.").[1]

---

[1] Ms. Herridge plans to make filings under both section 1291 and section 1292(b) out of an abundance of caution to ensure that, if there is dispute concerning jurisdiction under section 1291, appellate jurisdiction will still attach.  *See, e.g.*, *TEC Cogeneration Inc. v. Fla. Power & Light Co.*, 76 F.3d 1560, 1563 n.1 (11th Cir. 1996), *opinion modified on reh'g on other grounds*, 86 F.3d 1028 (11th Cir. 1996) (court of appeals exercised jurisdiction under *both* section 1291 and section 1292(b) pursuant to a "protective petition for permission to appeal pursuant to 28 U.S.C. § 1292(b)"); *In re TMI Litig. Cases Consol. II*, 940 F.2d 832, 836 (3d Cir. 1991) (noting that defendants "in an abundance of caution, filed petitions for permission to appeal [and] notices of appeal pursuant to 28 U.S.C. § 1291"); *Parrett v. Se. Boll Weevil Eradication Found., Inc.*, 155 F. App'x 188, 190 (6th Cir. 2005) (same).

## ARGUMENT

A stay pending appeal is warranted in this case "to maintain the status quo pending a final determination of the merits of the suit." *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (1977). The Court weighs four factors in considering whether to grant a stay pending appeal: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985) (per curiam). As explained below, where, as here, there is a strong showing on irreparable harm, the movant needs to show only a "serious legal question" on the merits to warrant a stay. *See, e.g.*, *Cigar Ass'n of Am. v. U.S. Food & Drug Admin.*, 317 F. Supp. 3d 555, 560 (D.D.C. 2018); *Akiachak Native Cmty.*, 995 F. Supp. 2d at 12. Here, all four factors weigh overwhelmingly in favor of a stay.[2]

### A.    Ms. Herridge Will Suffer Irreparable Harm Absent a Stay.

Absent a stay, Ms. Herridge will suffer serious irreparable harm. She will be forced either to disclose her source(s) or to defy the Court's Order and incur a contempt sanction. Such a Hobson's choice has been recognized as placing litigants in the position of facing irreparable harm sufficient to warrant a stay.

If Ms. Herridge complies with the Order and reveals her source(s), her promise(s) of confidentiality will be irretrievably breached, the identity of the source(s) will be irrevocably disclosed, and no court will ever be able to unring the bell and make the identity of the source(s)

---

[2] Fox News Network, LLC supports Ms. Herridge's motion.

secret again.  Ms. Herridge will lose "confidentiality . . . for all time" and "[t]he status quo could never be restored."  *Providence Journal Co. v. Fed. Bureau of Investigation*, 595 F.2d 889, 890 (1st Cir. 1979).  Not surprisingly, "[c]ourts in this District have recognized that the disclosure of confidential information is, by its very nature, irreparable 'because such information, once disclosed, loses its confidential nature.'"  *Robert Half Int'l Inc. v. Billingham*, 315 F. Supp. 3d 419, 433–34 (D.D.C. 2018) (quoting *Hospitality Staffing Sols., LLC v. Reyes*, 736 F. Supp. 2d 192, 200 (D.D.C. 2010)).  In other words, "'once . . . putatively protected material is disclosed, the very right sought to be protected has been destroyed.'"  *Jubilant DraxImage Inc. v. U.S. Int'l Trade Comm'n*, 396 F. Supp. 3d 113, 125 (D.D.C. 2019) (quoting *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1065 (D.C. Cir. 1998)).

In addition, the damage to Ms. Herridge's reputation as a reporter who keeps her promises of confidentiality would be permanent and beyond repair, thus crippling her ability to carry on her work as an effective investigative reporter.  That is the very definition of irreparable injury.

Beyond that, disclosure of her source(s) might moot Ms. Herridge's appeal, thereby eliminating her ability to vindicate her First Amendment rights.  Courts have repeatedly recognized that where "disclosure . . . will render any appeal moot" there is a "strong showing of irreparable harm."  *Ctr. For Int'l Envtl. Law v. Office of U.S. Trade Representative*, 240 F. Supp. 2d 21, 22 (D.D.C. 2003) (FOIA disclosure); *accord John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (Marshall, J., in chambers) ("The fact that disclosure would moot that part of the Court of Appeals' decision requiring disclosure of the *Vaughn* index would also create an irreparable injury.").  Thus, "courts have routinely issued stays where the release of documents would moot a defendant's right to appeal."  *People for the Am. Way Found. v. U.S. Dep't of Educ.*,

518 F. Supp. 2d 174, 177 (D.D.C. 2007); *see also, e.g.*, *Center for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 217 F.Supp.2d 58, 58 (D.D.C. 2002).

Even if Ms. Herridge could carry on her appeal, if the court of appeals ultimately disagrees with this Court, that would simply establish that Ms. Herridge was improperly and irretrievably deprived of her First Amendment rights under the reporter's privilege by being forced to disclose her sources.  It is well settled that deprivation of a constitutional right is, in itself, irreparable harm. *See, e.g.*, *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality); *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009); *Cigar Ass'n of Am.*, 317 F. Supp. 3d at 562 ("The loss of First Amendment freedoms, for even minimal periods of time . . . constitute[s] irreparable injury." (quoting *Elrod*, 427 U.S. at 373 (plurality))); *see also* 11A C. Wright, A. Miller & M. Kayne, *Federal Practice and Procedure* § 2948.1 (3d ed. 2016) ("When an alleged deprivation of a constitutional right is involved, such as the right to free speech . . . most courts hold that no further showing of irreparable injury is necessary.").

As the alternative to revealing her source(s), Ms. Herridge faces a likely contempt sanction, an "unpalatable choice" that cannot eliminate the irreparable harm she faces from forced compliance with the Court's Order.  *See In re Roche*, 448 U.S. 1312, 1316 (1980) (Brennan, J., in chambers) (granting stay of civil contempt where reporter "must either surrender his secrets (and moot his claim of right to protect them)" or face "the unpalatable choice that civil contempt would impose").

### B.    Ms. Herridge's Appeal Presents, At a Minimum, Serious Legal Questions.

On the likelihood of success prong, where, as here, the movant makes a strong showing of irreparable injury, she need only raise a "serious legal question on the merits" to warrant a stay. *Akiachak Native Cmty.*, 995 F. Supp. 2d at 12.  A "court is not required to find that ultimate success

by the movant is a mathematical probability, and indeed, may grant a stay even though its own approach may be contrary to the movant's view of the merits." *Citizens for Responsibility & Ethics in Washington v. Office of Admin.*, 565 F. Supp. 2d 23, 28 (D.D.C. 2008) (quotation marks and citation omitted).  A motion to stay "may be granted when a serious legal question is presented, when little if any harm will befall other interested persons or the public, and when denial of the order would inflict irreparable injury on the movant." *Akiachak Native Cmty.*, 995 F. Supp. 2d at 12–13 (quotation marks and citation omitted).  In such a case "[t]here is substantial equity, and need for judicial protection, whether or not [the] movant has shown a mathematical probability of success." *Washington Metro.*, 559 F.2d at 843; *see also, e.g.*, *Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 193 n.5 (D.D.C. 2005) (movant need only "demonstrate a serious legal question on appeal where the balance of harms strongly favors a stay" (citations omitted)).

Here, Ms. Herridge's appeal presents two serious legal questions:  (1) whether analysis of the First Amendment reporter's privilege under *Zerilli* requires a broad-ranging balancing of interests or can be cabined largely to weighing the factors of centrality and exhaustion, and (2) the existence and applicability of a federal common law reporter's privilege.

On the first question, conflicting opinions from judges on the D.C. Circuit plainly show that there is, at a minimum, a "serious legal question" to be addressed concerning the proper scope of balancing under *Zerilli.*  The last time the D.C. Circuit considered the issue it resulted in a tied four-four vote denying rehearing en banc and no definitive resolution.  *See Lee v. Dep't of Justice*, 428 F.3d 299, 300 & nn. 1&5 (D.C. Cir. 2005) (Judges Edwards, Rogers, Tatel, and Garland voted to grant rehearing, and Judges Brown and Griffith did not participate).  The petition for rehearing en banc in *Lee* presented essentially the same question this Court addressed in its Order—namely, whether the call for balancing in *Zerilli* could largely be reduced to focusing on two factors: (i)

whether the information sought was "central" to the plaintiff's case ("centrality"), and (ii) whether the plaintiff had exhausted alternative avenues of discovery ("exhaustion").

Judge Tatel and then-Judge Garland dissented from the denial of rehearing en banc on the ground that *Zerilli* required a broad balancing of interests, which the *Lee* panel had failed to conduct by focusing exclusively on centrality and exhaustion.  *See id.* at 301–03 (Tatel, J., joined by Garland, J., dissenting from denial of reh'g en banc).  Judge Tatel argued that reducing *Zerilli* to such an "arid two-factor test" would "allo[w] the exigencies of even the most trivial litigation to trump core First Amendment values."  *Id.* at 301.  And, he explained, such analysis would improperly prevent a court from giving appropriate weight to "the public's interest in protecting journalists' ability to report without reservation on sensitive issues of national security."  *Id.* at 302.  Judge Garland agreed and further argued that "the only way to render the reporter's privilege effective in the face of Privacy Act claims is to include the requirement, adopted in *Zerilli* and detailed in Judge Tatel's dissent . . . that the court 'weigh[] the public interest in protecting the reporter's sources against the private interest in compelling disclosure.'"  *Lee*, 428 F.3d at 303 (Garland, J., joined by Tatel, J., dissenting from denial of reh'g en banc) (quoting *Zerilli*, 656 F.2d at 712–13).  That position secured four votes in favor of rehearing en banc, including Judge Rogers, who pointedly noted: "That there are different views regarding the proper application of *Zerilli* in Privacy Act cases is evident."  *Lee*, 428 F.3d at 300 (Rogers, J., dissenting from denial of reh'g en banc).[3]  The deadlocked vote in *Lee* and the opinions of two circuit judges arguing that *Zerilli*

---

[3] The fact that Judge Tatel's and Judge Garland's opinions came in dissent from a denial of rehearing does not imply that the D.C. Circuit has resolved the issue and rejected their position. To the contrary, "a summary denial of rehearing en banc is insufficient to confer any implication or inference regarding the court's opinion relative to the merits of a case," even as to an argument "raised in dissent."  *Luckey v. Miller*, 929 F.2d 618, 622 (11th Cir. 1991); *see also Estate of*

necessarily demands a broad approach to balancing—especially in Privacy Act cases—are more than sufficient to establish that this case presents, at a minimum, a "serious legal question."

Indeed, the last time the D.C. Circuit was presented with forced disclosure of a reporter's confidential sources, the court of appeals granted a stay pending appeal, *see Hatfill v. Mukasey*, No. 08-5049, Per Curiam Order, Doc. No. 1104546 (D.C. Cir. Mar. 11, 2008) (attached as Ex. A), and when a settlement rendered the case moot, upon dismissing the appeal the court went out of its way to announce that the case "raised close questions . . . under the First Amendment," which required weighing "appellant's interest in concealing her sources in order to protect the workings of the press." *Hatfill v. Mukasey*, No. 08-5049, Per Curiam Order, Doc. No. 1149629 at 1–2 (D.C. Cir. Nov. 17, 2008) (attached as Ex. B).

Second, whether a federal common law reporter's privilege should be recognized is also an open and serious legal question in the D.C. Circuit.  The last time the D.C. Circuit considered that issue, a splintered panel failed to come to a majority view.  Judge Sentelle rejected a federal common law privilege.  *See In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1154–59 (D.C. Cir. 2006) (Sentelle, J., concurring).  Judge Tatel argued in favor of it.  *See id.* at 1164–83 (Tatel, J., concurring in judgment).  And Judge Henderson concluded only that, if such a privilege existed, it would have been overcome in that case.  *See id.* at 1159 (Henderson, J., concurring). Given the lack of a majority opinion on the point and the sharp disagreement in the three different concurrences, the existence of a federal common law reporter's privilege undeniably presents a "serious legal question"—that is, a question that is sufficiently "serious, substantial, difficult and doubtful, [so] as to make [it] fair ground for litigation and thus for more deliberative investigation."

---

*Parsons v. Palestinian Auth.*, 952 F. Supp. 2d 61, 69 n.6 (D.D.C. 2013) ("[S]ummary denial of a petition for rehearing has no binding effect on the arguments raised therein.").

*Washington Metro.*, 559 F.2d at 844; *see also Comm. on Judiciary of U.S. House of Representatives v. Miers*, 542 F.3d 909, 911–12 (D.C. Cir. 2008) (Tatel, J., concurring).

###### C.    Plaintiff Will Not Suffer Any Irreparable Harm If a Stay Is Granted.

A stay pending appeal will not harm Plaintiff, because such a stay only "postpones the moment of disclosure[,] assuming [plaintiff] prevails[,] by whatever period of time may be required [] to hear and decide the appeal[.]" *Providence Journal Co.*, 595 F.2d at 890.  Plaintiff's need for information from Ms. Herridge is not time sensitive.  Plaintiff filed this Privacy Act case in 2018 and did not subpoena Ms. Herridge until 2022.  The case has thus been pending for almost five years and the subpoena to Ms. Herridge is over a year old.  A short additional delay to address important constitutional issues and to ensure that Ms. Herridge's First Amendment rights are not irretrievably breached will not harm Plaintiff.  In particular, Plaintiff has no claim that there is some impending deadline after which the information from Ms. Herridge will no longer be useful to her.  And in any event, courts have granted stays pending appeal against compelled disclosures even in the face of such claims that the need for information is time sensitive. *See, e.g.*, *Ctr. For Int'l Envtl. Law*, 240 F. Supp. 2d at 23.

###### D.    The Public Interest Favors a Stay.

Finally, the public interest also strongly favors a stay.  Plaintiff is seeking to uncover confidential source(s) related to reporting on a counterintelligence probe into Plaintiff and UMT. The First Amendment interest in protecting the ability of journalists to gather information from confidential sources is at its zenith in such national security cases.  "[C]onfidentiality is often essential" for a journalist "to establish a relationship with an informant." *Zerilli*, 656 F.2d at 711. And that need for confidentiality is especially acute when a source is providing information concerning national security matters, because unauthorized leaks can carry severe repercussions.

In addition, given the secrecy surrounding national security matters, the public must particularly rely on a vigorous free press to fulfill the "essential role in our democracy" of "bar[ing] the secrets of government and inform[ing] the people." *N.Y. Times Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J., concurring). These interests will be irrevocably compromised if Ms. Herridge is erroneously required to reveal her source(s) before the completion of appellate review.

To the extent Plaintiff's Privacy Act suit may be viewed as also furthering some public interest, *cf.* Order at 23–24, a stay pending appeal will in no way undermine that interest. The only consequence of a stay will be a temporary delay until the D.C. Circuit addresses important constitutional questions concerning whether Plaintiff actually has as right to force disclosure of the information she seeks. Whatever public interest inheres in the Privacy Act claim can be fully vindicated after an appeal. Without a stay, by contrast, the public interest in promoting a free press by protecting journalist's confidential sources would be irretrievably compromised if Ms. Herridge is erroneously forced to disclose her source(s). The public interest factor clearly favors a stay.

## CONCLUSION

The Court should stay its Order denying in part Ms. Herridge's motion to quash and stay any deposition of Ms. Herridge pending appeal. If the Court denies the stay, Ms. Herridge respectfully requests that the Court enter an administrative stay to allow Ms. Herridge sufficient time to seek a stay from the court of appeals. *See, e.g.*, *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 247 n.2 (D.D.C. 2003) ("[A] temporary stay of 14 days will be entered to enable Verizon to seek a stay in the Court of Appeals.").

August 11, 2023                    Respectfully submitted,

                              /s/ *Patrick F. Philbin*
                              Patrick F. Philbin (D.C. Bar No. 453620)
                              Kyle West (D.C. Bar No. 24093346)
                              ELLIS GEORGE CIPOLLONE
                              O'BRIEN LLP
                              1155 F Street, N.W.
                              Suite 750
                              Washington, DC 20004
                              (202) 249-6633
                              pphilbin@egcfirm.com

Exhibit A

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 08-5049**                                    **September Term, 2007**

**03cv01793**

**Filed On: March 11, 2008** [1104546]

Steven J. Hatfill, M.D.,
            Appellee

      v.

Michael B. Mukasey, Attorney General, et al.,
            Appellees

Toni Locy,

            Appellant

**BEFORE**:    Ginsburg, Rogers, and Kavanaugh, Circuit Judges

## O R D E R

      Upon consideration of the motion for stay pending appeal, and the opposition thereto, and the media organization's motion for leave to file a response to the motion for a stay pending appeal, it is

      **ORDERED** that the motion for leave to file the response be granted.  The Clerk is directed to file the lodged response.  It is

      **FURTHER ORDERED** that the motion for a stay pending appeal be granted. Appellant has satisfied the stringent standards required for a stay pending appeal.  See Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977); D.C. Circuit Handbook of Practice and Internal Procedures 33-34 (2007).

## Per Curiam

Exhibit B

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 08-5049**                                                    **September Term 2008**

**03cv01793**

**Filed On:** November 17, 2008

Steven J. Hatfill, M.D.,

     Appellee

     v.

Michael B. Mukasey, Attorney General, et al.,

     Appellees

Toni Locy,

     Appellant

Michael Isikoff, et al.,

     Appellees

    **BEFORE:**   Ginsburg, Rogers, and Kavanaugh, Circuit Judges

## O R D E R

Upon consideration of the stipulation of dismissal entered by the district court on August 29, 2008, the appellee's motion for leave to file a motion to dismiss and the lodged motion to dismiss, the opposition thereto, and the reply, it is

**ORDERED** that the motion for leave to file be granted.  The Clerk is directed to file the lodged documents.  It is

**FURTHER ORDERED** that the motion to dismiss be granted.  This appeal raised close questions under Fed. R. Evid. 501 and the First Amendment, including whether the appellant had a defense, which required analysis of the appellee's efforts to obtain the information from alternate sources and need for disclosure of the appellant's sources, as compared to the appellant's interest in concealing her sources in order to protect the workings of the press.  Because the underlying case has been settled, however, there is no longer a "pending trial in which" the appellee's request for disclosure "can be used."  *In re City of El Paso*, 887 F.2d 1103, 1106 (D.C. Cir. 1989). Moreover, in light of our order of March 11, 2008, staying the district court's contempt

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 08-5049**                                **September Term 2008**

order pending appeal, the appellant has suffered no sanction that would preserve her appeal for review.  Therefore, the appeal is moot.  It is

      **FURTHER ORDERED** that the contempt order issued by the district court against the appellant be vacated pursuant to _United States v. Munsingwear, Inc._, 340 U.S. 36, 39–41 (1950).

      The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  _See_ Fed. R. App. P. 41(b); D.C. Cir. Rule 41.


<u>**Per Curiam**</u>


**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
     Michael C. McGrail
     Deputy Clerk