## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **YANPING CHEN**, | |
| Plaintiff, | |
| v. | Case No. 18-cv-3074 (CRC) |
| **FEDERAL BUREAU OF INVESTIGATION**, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff Yanping Chen brought this Privacy Act lawsuit against multiple federal agencies and personnel for allegedly leaking information to journalist Catherine Herridge, who published a series of investigative reports about Chen's affiliations with the Chinese military on Fox News Network in 2017. After discovery failed to identify the source of the alleged leak, Chen issued subpoenas to Herridge and Fox. Both non-parties then moved to quash these subpoenas on the grounds that requiring them to divulge their source or sources violated the First Amendment's qualified privilege for journalists and a federal common law newsgathering privilege. Last month, the Court partially denied Herridge's motion and permitted Chen to depose her. Herridge responded by requesting that the Court certify that order for interlocutory appeal under 28 U.S.C. § 1292(b) and stay the order pending appeal. Although the Court appreciates the weightiness of Herridge's concerns and the values she seeks to vindicate, the proper procedure for Herridge to challenge the subpoena is by refusing to comply and appealing an ensuing contempt order. The Court is obligated to abide by this standard practice and, for that reason, denies her motions.

Before delving into the reason why Herridge's motions must be denied, it is worth calling out the merits of her arguments. Under 28 U.S.C. § 1292(b), a court may certify an appeal only

if: "(1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion concerning the ruling exists; and (3) an immediate appeal would materially advance the litigation." APCC Servs., Inc. v. AT&T Corp., 297 F. Supp. 2d 101, 104 (D.D.C. 2003).  At first glance, it appears that Herridge checks all three boxes.

First, the order denying Herridge's motion to quash turned on a controlling question of law.  The accompanying memorandum opinion rejected Herridge's argument that a district court must engage in a free-form weighing of the interests when evaluating the First Amendment reporter's privilege under Zerilli v. Smith, 656 F.2d 705 (D.C. Cir. 1981).  See Mem. Op. & Order at 6–14.  It instead held that Zerilli—as construed in Lee v. Department of Justice, 413 F.3d 53 (D.C. Cir. 2005)—largely cabined the relevant inquiry to (1) whether the information sought was "central" to the claim and (2) whether the plaintiff exhausted reasonable alternative avenues of discovery.  Mem. Op. & Order at 14–21.  The Court also declined Herridge's invitation to open a back door to a broader balancing test by recognizing a federal common law newsgathering privilege.  Id. at 25–27.  Restricting review to centrality and exhaustion (as well as Herridge's non-party status), the Court determined that the balance weighed in Chen's favor. Id. at 14–15, 21.  While the Court may have presaged that this outcome "likely" would not change even if it entertained the entire panoply of possible interests, id. at 22, this prediction was far from conclusive.  It thus remains possible that any refinement of the applicable test by the Circuit on appeal would alter the result.

Second, there are also substantial grounds for a difference of opinion regarding the Court's ruling.  For starters, there is a substantial difference of opinion over whether Zerilli and Lee were correctly decided, as evidenced by the Circuit's evenly split vote in deciding whether to rehear Lee en banc.  See Lee v. Dep't of Just., 428 F.3d 299 (D.C. Cir. 2005) (per curiam); see

also id. at 300 (Rogers, J., dissenting from denial of reh'g en banc) (noting it was "evident" that "there are different views regarding the proper application of Zerilli").  Given this disagreement and the importance of the First Amendment issues here, there is good reason to believe this case might generate en banc activity that could upend existing precedents.  Moreover, a panel bound by these precedents might still take the opportunity to reshape the legal landscape by recognizing a federal common law newsgathering privilege—an option that Zerilli and Lee leave open.

Third, it is likely that permitting an interlocutory appeal would materially advance the litigation.  Herridge has suggested she does not intend to comply with the subpoena, in which case she will be held in contempt and can appeal that contempt order.  Reply at 10–11.  Under these conditions, Herridge maintains that it makes little sense to "force the parties and the Court through a largely duplicative round of briefing on a contempt motion in order to arrive at the same spot at the end of the day—an interlocutory appeal challenging the rulings in the Court's Order."  Id. at 11.  The Court agrees this roundabout path to the D.C. Circuit is antithetical to the vision of judicial economy that animates the general rule against interlocutory appeals.  While a shortcut may emerge if the source opts to release Herridge from the privilege rather than watch her incur a contempt citation, denying certification will probably further delay resolution here.

 To the extent courts have layered on top of these statutory considerations an additional limitation that certification is reserved for the truly "exceptional" cases, In re Vitamins Antitrust Litig., No. 99-cv-197, 2000 WL 673936, at *2 (D.D.C. Jan. 27. 2000), this case rises to that level.  Requiring an investigative reporter to divulge her source is serious business, and it is better to be safe than sorry when it comes to First Amendment rights.

With all that said, the Court cannot certify Herridge's interlocutory appeal.  It is well-established that "a district court's ruling on a subpoena's validity is not enforceable unless and

until the subpoenaed party defies an enforcement order and is cited for contempt.  Under this

general rule, it is only after entry of contempt that the underlying discovery dispute becomes ripe

for appellate review."  Kemp v. Gay, 947 F.2d 1493, 1495 (D.C. Cir. 1991) (citations and

quotation marks omitted).  Although the Supreme Court cited the "necessity for expedition in the

administration of the criminal law" when first articulating this rule in United States v. Ryan, 402

U.S. 530, 532 (1971), the Supreme Court (and other courts) subsequently applied this restriction

on interlocutory appeals in the civil context as well, see, e.g., Mohawk Indus., Inc. v. Carpenter,

558 U.S. 100, 111 (2009); 15 Charles A. Wright & Arthur Miller, Federal Practice and Procedure

§ 3914.23 (2d ed. 2023) (noting that the civil rule derives from the criminal sphere).  Indeed,

courts routinely have applied this rule in this precise context: where a non-party in a civil case

seeks to challenge the denial of its motion to quash a subpoena on First Amendment grounds.

See Perry v. Schwarzenegger, 602 F.3d 976, 979 (9th Cir. 2010); In re Motor Fuel Temperature

Sales Pracs. Litig., 641 F.3d 470, 485 (10th Cir. 2011); Ohio A. Philip Randolph Inst. v. Larose,

761 F. App'x 506, 510–12 (6th Cir. 2019).  The court in each of these cases refused to exercise

jurisdiction over an interlocutory appeal challenging the denial of a motion to quash and insisted

that the proper way for the non-party to vindicate its First Amendment rights was to violate the

order and appeal an ensuing contempt citation.[1]  That is exactly how reporter's privilege claims

---

[1]  The Fifth Circuit recently deviated from this standard practice in Whole Woman's
Health v. Smith, 896 F.3d 362 (5th Cir. 2018), as revised (July 17, 2018), when permitting the
Texas Conference of Catholic Bishops to proceed with an interlocutory appeal of a discovery
order because the First Amendment interests at stake were "sui generis," id. at 368.  But the Fifth
Circuit failed to acknowledge that a subpoenaed party can vindicate its First Amendment rights
by challenging an ensuing contempt citation and attempted to distinguish contradictory out-of-
circuit precedents on the ground that these cases did not involve discovery against a third party,
even though that was the case in all three cases cited above.

have made their way to the Circuit in other Privacy Act cases, see, e.g., Lee, 413 F.3d at 55, and the Court will abide by this practice here and deny the motion to certify an interlocutory appeal.

Because there is little reason to believe the Circuit will deviate from this regular order and exercise jurisdiction over an appeal under 28 U.S.C. § 1291, the Court will also deny Herridge's request for a stay pending appeal. The first, and most important, factor a court considers when deciding whether to grant a stay pending appeal is "the likelihood that the party seeking the stay will prevail on the merits of the appeal." Cuomo v. U.S. Nuclear Regul. Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985) (per curiam). There is scant prospect of success in Herridge's appeal given that the Circuit will likely not reach the merits due to the jurisdictional defects.

For these reasons, it is hereby

**ORDERED** that [Dkt. No. 144] Motion for Certification for Interlocutory Appeal is DENIED. It is further

**ORDERED** that [Dkt. No. 145] Motion for Stay Pending Appeal is DENIED.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: September 6, 2023