**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| YANPING CHEN,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, U.S. DEPARTMENT OF JUSTICE, U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | ) | **Case No. 1:18-cv-03074-CRC**<br><br>**Hon. Christopher R. Cooper**<br>**United States District Judge** |

**NON-PARTY CATHERINE V. HERRIDGE'S MOTION FOR RECONSIDERATION AND UNOPPOSED MOTION FOR EXPEDITED BRIEFING**

Non-party Catherine V. Herridge hereby respectfully moves for reconsideration, pursuant to Fed. R. Civ. P. 54(b), of the Court's September 6, 2023 Order, ECF 152 ("Certification Order"), denying her Motion for Certification of Interlocutory Appeal, ECF 144, and her Motion for Stay Pending Appeal, ECF No. 145. Ms. Herridge also seeks expedited consideration of this motion pursuant to Fed. R. Civ. P. 6(c)(1)(C).

As explained in the accompanying memorandum in support of this motion, Ms. Herridge respectfully submits that the Court was correct in holding that all the requirements of 28 U.S.C. § 1292(b) were met in this case, but made a clear error in holding that the Court was nevertheless prohibited from certifying its order for appeal. That conclusion contradicts the Supreme Court's explicit instruction in *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), that "district courts *should not hesitate* to certify an interlocutory appeal" from a discovery order where the requirements of 28 U.S.C. § 1292(b) have been met. *Id.* at 110–11 (emphasis added). And the rulings from this Court and the court of appeals holding that this Court's order requiring Ms.

Herridge to disclose her confidential sources, ECF No. 140, is not subject to direct appeal under 28 U.S.C. § 1291 because the order is not yet final (and will not be final until Ms. Herridge is cited for contempt) provides no basis for rejecting certification under section 1292(b). As the plain terms of section 1292(b) and the Supreme Court's instructions in *Mohawk* make clear, section 1292(b) is designed to permit review of non-final orders precisely when review under section 1291 is not available. Accordingly, Ms. Herridge respectfully submits that reconsideration is warranted.

In addition, Ms. Herridge respectfully requests that the Court set an expedited schedule for briefing and consideration of this Motion for Reconsideration. *See, e.g.*, *Torres v. Igdaloff*, No. 217CV04059MCSJEM, 2022 WL 17078883, at *1 (C.D. Cal. Feb. 17, 2022) (ordering expedited briefing schedule for good cause because resolution of expedited motion would help court "resolve the case more efficiently"). Plaintiff has indicated that she intends to move this Court to hold Ms. Herridge in contempt for invoking the reporter's privilege at her September 26, 2023 deposition. As this Court has already found, the "roundabout path" of requiring contempt briefing prior to appeal "is antithetical to . . . judicial economy." Certification Order at 3. Expedited consideration of this motion is necessary to avoid the needless expense and delay of contempt briefing and will allow the case to more quickly move toward resolution.

To that end, Ms. Herridge respectfully requests that the Court order Plaintiff to respond to this Motion by **Monday, October 9.** Counsel for Ms. Herridge has consulted with Plaintiff's counsel and Plaintiff's counsel has agreed to that deadline. Ms. Herridge proposes to file a reply by **Wednesday, October 11.**

Pursuant to Local Rule 7(m), counsel for Plaintiff has advised that Plaintiff will oppose the motion for reconsideration but does not oppose the proposed expedited briefing schedule set out

above. Counsel for the government parties has indicated that the government parties take no position on this motion.

October 2, 2023

Respectfully submitted,

/s/ *Patrick F. Philbin*

Patrick F. Philbin (D.C. Bar No. 453620)
Kyle West (D.C. Bar No. 24093346)
ELLIS GEORGE CIPOLLONE
O'BRIEN LLP
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6633
pphilbin@egcfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2023, the forgoing document and attachments were electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system.

October 2, 2023

Respectfully submitted,

/s/ *Patrick F. Philbin*
Patrick F. Philbin (D.C. Bar No. 453620)
Kyle West (D.C. Bar No. 24093346)
ELLIS GEORGE CIPOLLONE
O'BRIEN LLP
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6633
pphilbin@egcfirm.com