**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| YANPING CHEN,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, U.S. DEPARTMENT OF JUSTICE, U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | ) | **Case No. 1:18-cv-03074-CRC**<br><br>**Hon. Christopher R. Cooper**<br>**United States District Judge** |

# NON-PARTY CATHERINE V. HERRIDGE'S MEMORANDUM IN SUPPORT OF HER MOTION FOR RECONSIDERATION AND EXPEDITION

Patrick F. Philbin (D.C. Bar No. 453620)
Kyle T. West (D.C. Bar No. 24093346)
ELLIS GEORGE CIPOLLONE
O'BRIEN LLP
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6633
pphilbin@egcfirm.com

*Counsel for Catherine V. Herridge and Fox News Network LLC*

October 2, 2023

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

BACKGROUND ........................................................................................................ 4

LEGAL STANDARD ................................................................................................. 6

ARGUMENT ............................................................................................................ 6

I. The Court Should Reconsider Its Decision Rejecting Certification of the Disclosure Order Pursuant to 28 U.S.C. § 1292(b) ........................................ 6

II. If the Court Grants Reconsideration of Its Ruling on Section 1292(b), It Should Also Enter a Stay Pending Appeal. ................................................ 14

CONCLUSION ........................................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AF Holdings LLC v. Does 1-1,058*,
286 F.R.D. 39 (D.D.C. 2012), *appeal granted in* No. 12-7135, Per Curiam Order, Doc. 1412162 (D.C. Cir. Dec. 27, 2012) ....................11

*Catlin v. United States*,
324 U.S. 229 (1945)....................7

*Cohen v. Beneficial Indus. Loan Corp.*,
337 U.S. 541 (1949)....................7

*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978)....................7

*Dombrowski v. Pfister*,
380 U.S. 479 (1965)....................10

*Doucette v. CIM Grp., L.P.*,
No. LACV1908539VAPJDEX, 2020 WL 13593869 (C.D. Cal. Oct. 22, 2020) ....................8

*Drummond Co., Inc. v. Conrad & Scherer, LLP*,
885 F.3d 1324 (11th Cir. 2018) ....................11

*Fair Emp. Council of Greater Washington, Inc. v. BMC Mktg. Corp.*,
28 F.3d 1268 (D.C. Cir. 1994) ....................8

*Ford v. Brown*,
319 F.3d 1302 (11th Cir. 2003) ....................8

*Herridge v. Chen*,
No. 23-5198, Per Curiam Order, Doc. No. 2018838 (D.C. Cir. Sept. 25, 2023)....................2, 6, 7

*Holland v. Valley Servs., Inc.*,
845 F. Supp. 2d 220 (D.D.C. 2012)....................6

*In re Bituminous Coal Wage Agreements*,
756 F.2d 284 (3d Cir. 1985)....................8

*In re Columbia/HCA Healthcare Corp.*,
293 F.3d 289 (6th Cir. 2002) ....................11

*In re Motor Fuel Temp. Sales Practices Litig.*,
641 F.3d 470 (10th Cir. 2011) ....................13

# TABLE OF AUTHORITIES
## (Cont'd)

**Page(s)**

*Kemp v. Gay*,
947 F.2d 1493 (D.C. Cir. 1991) ....... 12

*Mohawk Industries, Inc. v. Carpenter*,
558 U.S. 100 (2009) ....... *passim*

*Ohio A. Philip Randolph Institute v. LaRose*,
761 F. App'x 506 (6th Cir. 2019) ....... 13

*Perry v. Schwarzenegger*,
602 F.3d 976 (9th Cir. 2010) ....... 12

*Richardson-Merrell Inc. v. Koller*,
472 U.S. 424 (1985) ....... 7

*Said v. Nat'l R.R. Passenger Corp.*,
390 F. Supp. 3d 46 (D.D.C. 2019) ....... 4, 6

*Sherrod, Teed, Vanderhagen, and Ware v. VNA*,
Case No. 5:17-cv-10164, 2022 WL 997261 (E.D. Mich. Apr. 1, 2022) ....... 12

*Watson v. Lowcountry Red Cross*,
974 F.2d 482 (4th Cir. 1992) ....... 11, 12

*Whole Woman's Health v. Smith*,
896 F.3d 362 (5th Cir. 2018) ....... 5, 10

**STATUTES**

28 U.S.C. § 1291 ....... *passim*

28 U.S.C. § 1292(b) ....... *passim*

**RULES**

Fed. R. Civ. P. 54(b) ....... 6

**OTHER AUTHORITIES**

*Black's Law Dictionary* (11th ed. 2019) ....... 7

16 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3929 (3d ed. Apr. 2023 update) ....... 7, 8

**TABLE OF AUTHORITIES**
**(Cont'd)**

**Page(s)**

*Merriam-Webster.com Dictionary* (October 1, 2023) ........................................................................7

## INTRODUCTION

Ms. Herridge respectfully submits that the Court should reconsider its ruling denying certification under 28 U.S.C. § 1292(b) for the order denying Ms. Herridge's motion to quash. After expressly holding that the order satisfies all requirements of section 1292(b)—including that it would "materially advance the litigation" to allow an appeal now and that this is an "exceptional" case warranting an exercise of the Court's discretion—the Court nevertheless held that it "cannot certify" the order for appeal. In other words, the Court held that it was *prohibited* from permitting an appeal that fully satisfied the terms of section 1292(b). That decision rested on a clear legal error. In fact, the Court's conclusion contradicts the Supreme Court's explicit instruction in *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), that "district courts *should not hesitate* to certify an interlocutory appeal" for discovery orders where the requirements of section 1292(b) have been met. *Id.* at 110-11 (emphasis added). And the ruling from this Court and the court of appeals that a direct appeal of the order is not available under 28 U.S.C. § 1291 because the order is not yet final (and will not be final until Ms. Herridge is cited for contempt) provides no basis for rejecting certification under the very different standards of section 1292(b). As the plain terms of section 1292(b) and *Mohawk* make clear, section 1292(b) is designed for exactly these circumstances: to permit review of non-final orders where review under section 1291 is not available. And review under section 1292(b) is particularly appropriate here, given that (as this Court recognized) this case presents weighty and unsettled constitutional issues. Here, section 1292(b) permits an appeal without having the Court insist that Ms. Herridge must be subjected to sanctions as the price for simply securing appellate review of her First Amendment rights.

The Court's analysis explaining that all requirements of section 1292(b) have been met—including that the "roundabout path to the D.C. Circuit" through contempt was "antithetical . . . to

judicial economy"—was entirely correct. But the Court's conclusion that it was *prohibited* from exercising its discretion and was *compelled* to condemn Ms. Herridge to that path of contempt was based on a legal error that the Court can and should correct. Ms. Herridge respectfully submits that reconsideration is warranted.

After the Court rejected Ms. Herridge's claims of privilege under the First Amendment and ruled that she is required to disclose her confidential source(s), *see* ECF No. 140 (Disclosure Order), the Court correctly explained that the Disclosure Order met all the requirements for certification under section 1292(b). *See* ECF No. 152 (Certification Order) at 2-3. Nevertheless, the Court held as a matter of law that it "cannot certify" that order for review under section 1292(b) because such a discovery order becomes "ripe" and final for review only after a party disobeys the order and is held in contempt. *Id.* at 3-4. The Court thus ruled that certification under section 1292(b) was categorically unavailable and that the *only* mechanism for Ms. Herridge to appeal the Disclosure Order lay through contempt.

That is not correct as a matter of law. This Court and the court of appeals have ruled that the Disclosure Order is not a final order, even under the standards of the collateral order doctrine. *See Herridge v. Chen*, No. 23-5198, Per Curiam Order, Doc. No. 2018838 (D.C. Cir. Sept. 25, 2023). But even assuming that ruling is correct, a determination that the Disclosure Order is not a "final" order means only that it cannot be appealed under 28 U.S.C. § 1291—which addresses appeals from "final" orders. It does not in any way foreclose a district court from certifying such an order for appeal under section 1292(b), which expressly permits appeals of "interlocutory"—that is, non-final—orders. Indeed, that is why section 1292(b) exists: to permit appeals of non-final orders. Yet, this Court has ruled that it "cannot certify" its Disclosure Order under section

1292(b) because the order does not meet the finality requirement of section 1291. Ms. Herridge respectfully submits that reasoning rests on an error.

In fact, the Supreme Court made clear why that reasoning is wrong in *Mohawk*. There, the Court explained that, even where a discovery order is not appealable under the collateral order doctrine, it *is* subject to certification under section 1292(b) and *without* any requirement that a party must generate a final order by going into contempt. The Supreme Court explained that, even where the collateral order doctrine is not available, a party still has available "*several* potential avenues of review" including *both* appeal after contempt *and* certification under section 1292(b). *Id.* at 110-11 (emphasis added). *Mohawk* explained that the "preconditions for § 1292(b) review" were "most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence"—conditions that this Court has already held are satisfied in this case. *See* Certification Order at 3. And the Supreme Court then went out of its way to instruct that "district courts *should not hesitate to certify an interlocutory appeal in such cases*." *Id.* at 110-11 (emphasis added).

In other words, as part of its rationale for holding that an appeal under the collateral order doctrine was *not* available to review the discovery order in that case, the Supreme Court made it explicit that review under section 1292(b) *was* available and that district courts should "not hesitate" to grant it. Ms. Herridge respectfully submits that this Court's Certification Order holding that contempt is the *sole* means of appeal directly contravenes that instruction from the Supreme Court.

In addition, not a single case cited in the Certification Order supports the rule applied by this Court under which a district court "cannot certify" a discovery order for appeal under section 1292(b) on the ground that such orders become final only after contempt. Instead, two of the cases

the Court cited expressly explain (following *Mohawk*) that *both* appeal after contempt *and* certification under section 1292(b) are available as *alternative* avenues for an appeal of a discovery order.

Plaintiff, moreover, did not even argue for the categorical rule the Court applied foreclosing certification under section 1292(b). Instead, Plaintiff primarily argued that the Certification Order was not "exceptional" enough to warrant certification. *See* ECF No. 147, at 6-10. And the Court squarely rejected that argument. *See* Certification Order at 3.

Because this Court's ruling rested on a "clear legal error," *Said v. Nat'l R.R. Passenger Corp.*, 390 F. Supp. 3d 46, 53 (D.D.C. 2019), reconsideration is warranted. And especially given this Court's recognition that "[r]equiring an investigative reporter to divulge her source is serious business, and it is better to be safe than sorry when it comes to First Amendment rights," Certification Order at 3, Ms. Herridge respectfully submits that the Court should reconsider its decision and certify its Disclosure Order for immediate appeal.

## BACKGROUND

On August 1, 2023, the Court denied Ms. Herridge's motion to quash and determined that Ms. Herridge should be required to reveal her confidential source(s). ECF 140 (Disclosure Order). Ms. Herridge then moved to have that order certified for interlocutory appeal under 28 U.S.C. § 1292(b). *See* ECF No. 144.

On September 6, 2023, the Court denied Ms. Herridge's motion. ECF No. 152 at 1 (Certification Order). The Court did not rule that its Disclosure Order failed to meet one or more of the requirements for certification under section 1292(b). To the contrary, the Court went out of its way to explain in detail that the Disclosure Order met *all* the requirements for certification. First, the Court held that the Disclosure Order "turned on a controlling question of law." *Id.* at 2.

Second, it explained that there were "substantial grounds for a difference of opinion regarding the Court's ruling" and even recognized that "there is good reason to believe this case might generate en banc activity that could upend existing precedents." *Id.* at 3. Third, the Court ruled that allowing an immediate appeal "would materially advance the litigation." *Id.* In fact, the Court explained that pursuing the "roundabout path to the D.C. Circuit" through contempt was "antithetical to the vision of judicial economy that animates the general rule against interlocutory appeals" and that "denying certification will probably further delay resolution here." *Id.* Finally, the Court even held that this case "rises to th[e] level" of a "truly 'exceptional' case" that warrants the grant of interlocutory review. *Id.*

Nevertheless, the Court ruled that it "cannot certify" the Disclosure Order under section 1292(b), because a ruling on a motion to quash is not "ripe for appellate review" until "the subpoenaed party defies an enforcement order and is cited for contempt." *Id.* at 3-4. The Court thus denied certification under section 1292(b) based on its view that there was a legal rule making section 1292(b) categorically unavailable in this case and demanding that the *only* means for securing appellate review was through disobedience and contempt. *See also id.* at 1 (holding that the Court was "obligated" to require contempt).

Ms. Herridge attempted to pursue a direct appeal of the Disclosure Order under 28 U.S.C. § 1291 pursuant to the collateral order doctrine and the rule adopted by the Fifth Circuit that "interlocutory court orders bearing on First Amendment rights remain subject to appeal pursuant to the collateral order doctrine." *Whole Woman's Health v. Smith*, 896 F.3d 362, 368 (5th Cir. 2018). The D.C. Circuit, however, dismissed the appeal for lack of jurisdiction, holding that review under the collateral order doctrine was not available because Ms. Herridge could defy this

Court's Disclosure Order and "appea[l] from any contempt citation." *Herridge*, Per Curiam Order, Doc. No. 2018838. The D.C. Circuit did not address certification under section 1292(b).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[D]istrict courts have broad discretion to hear a motion for reconsideration brought under Rule 54(b)" and will grant such motions "as justice requires." *Said v. Nat'l R.R. Passenger Corp.*, 390 F. Supp. 3d 46, 50 (D.D.C. 2019) (brackets, quotation marks, and citations omitted). In particular, reconsideration is warranted, among other grounds, where the movant shows "clear legal error." *Id.* at 53 (quotation marks and citation omitted); *see also, e.g.*, *Holland v. Valley Servs., Inc.*, 845 F. Supp. 2d 220, 221 (D.D.C. 2012) (granting reconsideration to "adjust the application of the statute of limitations").

## ARGUMENT

### I. The Court Should Reconsider Its Decision Rejecting Certification of the Disclosure Order Pursuant to 28 U.S.C. § 1292(b).

Ms. Herridge respectfully submits that the Court denied certification under section 1292(b) based on the clearly erroneous premise that it was not *allowed* as a matter of law to certify its order for interlocutory appeal and that its Disclosure Order could not be appealed by *any* mechanism until it had been enforced in a final judgment of contempt. *Id.* at 3-4. That is a clear mistake of law. Even if the Disclosure Order was not final, and might not have been "ripe" for review under section 1291, it was nevertheless fully eligible for certification under section 1292(b).

Section 1291 of title 28 addresses appeals of "final" orders, which typically means an order (such as an order dismissing a complaint or granting summary judgment) that "ends the litigation

on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *see also* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."). Orders that meet the requirements of the collateral order doctrine are also deemed "final" for purposes of section 1291.[1] This Court and the court of appeals have held that the Court's Disclosure Order is not final (even under the collateral order doctrine). *See Herridge v. Chen*, No. 23-5198, Per Curiam Order, Doc. No. 2018838 (D.C. Cir. Sept. 25, 2023); Certification Order at 4. But even assuming that ruling is correct,[2] it says absolutely nothing about the eligibility of the Disclosure Order for certification for interlocutory appeal under section 1292(b).

Section 1292(b), in contrast to section 1291, addresses appeals of orders that are *not* final. As the title of the section indicates, section 1292 by its terms addresses appeals of "interlocutory decisions." 28 U.S.C. § 1292(b) (title). By definition, that means orders (like the discovery order here) that are "made in the progress of a legal action and not final." *Interlocutory*, *Merriam-Webster.com Dictionary* (October 1, 2023); *see also* "Interlocutory Order," *Black's Law Dictionary* (11th ed. 2019) ("any order other than a final order"). Indeed, that is the whole point of section 1292(b)—providing an avenue for appeal when there is *not* an order that qualifies as "final" under section 1291. Section 1292(b) was created precisely because judges sought a means for "avoiding the rigors of the final-judgment rule." 16 Charles Alan Wright, Arthur R. Miller, &

[1] An order meets the requirements of the collateral order doctrine if it is "separable from, and collateral to, rights asserted in the action" and is "too important to be denied review." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). "To fall within the exception, an order must at a minimum satisfy three conditions: It must 'conclusively determine the disputed question,' 'resolve an important issue completely separate from the merits of the action,' and 'be effectively unreviewable on appeal from a final judgment.'" *Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 431 (1985) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

[2] Ms. Herridge continues to preserve her right to challenge that ruling.

Edward H. Cooper, *Federal Practice and Procedure* § 3929 (3d ed. Apr. 2023 update) (hereinafter "Wright & Miller"); *see also, e.g., In re Bituminous Coal Wage Agreements*, 756 F.2d 284, 287 (3d Cir. 1985) (noting that court certified orders for appeal because they were "not final"); *Doucette v. CIM Grp., L.P.*, No. LACV1908539VAPJDEX, 2020 WL 13593869, at *1 (C.D. Cal. Oct. 22, 2020) (explaining that parties may use section 1292(b) when "seeking to appeal orders that are not final and appealable"). Accordingly, the section applies to a host of non-final orders. "Among the categories of rulings that may be obviously suited for interlocutory appeal within the general criteria of the statue are those rejecting—or, without final judgment, accepting—challenges to subject-matter jurisdiction, justiciability, personal jurisdiction, venue, or invoking forum non coveniens." Wright & Miller, § 3931; *see also id.* nn.22-26 (collecting cases).[3]

In addition, section 1292(b) fully applies to discovery orders. *See id.* § 3931 & nn. 7&8 (citing cases). In fact, Wright & Miller even explains that section 1292(b) certification is one of the "only low-risk options" for appeal from discovery orders and that it is frequently used where (as in this case) discovery issues present "claims of privilege or similarly sensitive matters." *Id.* § 3931.

Accordingly, once this Court determined that all the requirements for certification under section 1292(b) had been met—and that this case "rises to th[e] level" of a "truly 'exceptional' case" that warrants the grant of interlocutory review, Certification Order at 3—it should have certified the order for appeal. Indeed, section 1292(b) uses the mandatory term "shall" to direct that, "[w]hen a district judge . . . shall be of the opinion that [an] order involves a controlling

---

[3] *See, e.g., Fair Emp. Council of Greater Washington, Inc. v. BMC Mktg. Corp.*, 28 F.3d 1268, 1270 (D.C. Cir. 1994) (accepting appeal of non-final order certified under § 1292(b) denying motion to dismiss for lack of standing); *Ford v. Brown*, 319 F.3d 1302, 1304 (11th Cir. 2003) (same, forum non conveniens).

question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he *shall so state* in writing in such order." 28 U.S.C. § 1292(b) (emphasis added). Here, the Court made clear that it was of the opinion that all the requirements of section 1292(b) had been met and that certification was warranted as an exercise of the Court's discretion, yet it still denied certification. The separate holding that the Disclosure Order did not meet the finality requirement of section 1291 properly had no bearing on the certification decision under section 1292(b).

This Court's contrary conclusion that it "cannot certify" its Disclosure Order under section 1292(b), Certification Order at 3, because the order had not been embodied in a final contempt judgment effectively reads section 1292(b) out of existence. In effect, the Court refused certification under section 1292(b) because the Disclosure Order did not meet the finality requirement of section 1291. But that rationale cannot be the law. Section 1292(b) exists precisely to permit appeals of orders that do not meet the finality requirement of section 1291.

Put differently, the Court proceeded as if there were a special rule for discovery orders: not only are such orders not final and therefore not appealable under section 1291, but they are also not eligible for certification under section 1292(b)—apparently also because they are not yet final. But lack of finality cannot preclude appealability under *both* section 1291 *and* section 1292(b). Ms. Herridge respectfully submits there is no law imposing such an extra requirement and precluding review of discovery orders under section 1292(b) until they are embodied in a judgment of contempt. And creating such a rule imposing additional judge-made barriers to appellate review—indeed, categorically foreclosing access to section 1292(b) in order to demand contempt sanctions as the price for appellate review—would be especially problematic in a case like this involving First Amendment rights. Demanding contempt sanctions as the price for securing

further judicial review would fly in the face of the consistent recognition in First Amendment jurisprudence that the "threat of sanctions" alone can chill speech and should be sufficient to open the doors of the courts. *Dombrowski v. Pfister*, 380 U.S. 479, 486 (1965) (quotation marks and citation omitted).

Fortunately, the Supreme Court has made it clear there is no such rule restricting the availability of section 1292(b) or requiring a contempt citation as the sole route for an appeal from a discovery order. The Supreme Court expressly explained in *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), that discovery orders breaching claims of privilege *are* eligible for certification under section 1292(b) even in circumstances where they are not final under section 1291. The Court rested its decision rejecting collateral order doctrine jurisdiction for discovery orders directed at parties to a case[4] partly on the fact that "litigants confronted with a particularly injurious or novel privilege ruling have *several* potential avenues of review," including certification under section 1292(b). *Mohawk*, 558 U.S. at 110 (emphasis added). The Court explained that the "preconditions for § 1292(b) review" were "most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence,"[5] and the Court went out of its way to instruct that "district courts *should not hesitate to certify an interlocutory appeal in such cases*." *Id.* at 110-11 (emphasis added). In addition, the Court explained that, in "extraordinary circumstances," a party could seek mandamus and that disobedience and contempt

[4] Ms. Herridge continues to preserve her argument that the collateral order doctrine analysis in *Mohawk* does not apply to the Disclosure Order in this case because *Mohawk* addressed only a discovery order directed at a party to the litigation, not a non-party like Ms. Herridge. *See Whole Woman's Health v. Smith*, 896 F.3d 362, 367-68 (5th Cir. 2018) (distinguishing *Mohawk* on that ground).

[5] Of course, in this case, the Court has already held that its ruling on the First Amendment privilege is such an order meeting all the requirements of section 1292(b).

provided a third avenue for appellate review. *Id.* at 111. Thus, the Court could not have made it clearer that certification under section 1292(b) is an available option to appeal an interlocutory discovery order. The availability of the contempt route does not somehow displace certification under section 1292(b) as a viable option. Instead, where discovery orders satisfy the requirements of section 1292(b), the Court expressly instructed that "district courts should not hesitate to certify an interlocutory appeal in such cases." *Id.* at 111.

Ms. Herridge respectfully submits that this Court's conclusion that it was "obligated" to require contempt for an appeal, Certification Order at 1, and that it "cannot certify" its Disclosure Order under section 1292(b), *id.* at 3—even though the order meets all the requirements of that section—is contrary to the Supreme Court's express direction to district courts in *Mohawk*. And given that this Court relied on *Mohawk* to hold that its Disclosure Order is not final, *see* Certification Order at 4, the Court also should heed *Mohawk*'s instruction to certify under section 1292(b) non-final discovery orders that meet the requirements of that section. The Court cannot rely only on one part of *Mohawk* and simultaneously ignore the part of *Mohawk* that expressly explains that section 1292(b) certification is available here.

Other cases certifying discovery orders confirm that such orders may be certified for immediate appeal under section 1292(b). *See, e.g.*, *AF Holdings LLC v. Does 1-1,058*, 286 F.R.D. 39, 62 (D.D.C. 2012) (certifying ruling on motion to quash for immediate appeal), *appeal granted in* No. 12-7135, Per Curiam Order, Doc. 1412162 (D.C. Cir. Dec. 27, 2012) (Ex.A); *see also* *Drummond Co., Inc. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1333-34 (11th Cir. 2018) (accepting appeal of discovery order certified under § 1292(b)); *In re Columbia/HCA Healthcare Corp.*, 293 F.3d 289, 293 (6th Cir. 2002) ("immediate appeal" under section 1292(b) of order compelling production over claims of work-product privilege "was proper in this case"); *Watson*

*v. Lowcountry Red Cross*, 974 F.2d 482, 484 (4th Cir. 1992) (accepting appeal of discovery order certified under section 1292(b)); *Sherrod, Teed, Vanderhagen, and Ware v. VNA*, Case No. 5:17-cv-10164, 2022 WL 997261, at *2 (E.D. Mich. Apr. 1, 2022) (certifying order on motion to quash under section 1292(b)).

In addition, the cases this Court cited in the Certification Order also do not support its holding rejecting certification under section 1292(b). Although the Court stated that "courts have routinely applied this rule"—referring to the rule that disobedience and contempt makes a discovery order final and appealable—"in this precise context," Certification Order at 4, Ms. Herridge respectfully submits that is not correct. None of the cases cited by the Court denied certification under section 1292(b), and none suggested that the absence of a contempt citation somehow precluded certification of an order for interlocutory appeal under section 1292(b), as the Court held here. *Kemp v. Gay*, 947 F.2d 1493 (D.C. Cir. 1991), involved a district court decision enforcing a subpoena from an administrative agency and held that such a decision *was* immediately appealable under section 1291.[6] The entire discussion in *Kemp* was framed around determining "whether the enforcement order is final and appealable under 28 U.S.C. § 1291," and the court simply noted in dicta the "general rule" that "it is only after entry of contempt that the underlying discovery dispute becomes ripe for appellate review" under that section. *Id.* at 1495 (quotation marks and citation omitted). But that analysis said absolutely nothing about certifying non-final orders for appeal under section 1292(b).

[6] *See id.* at 1497 ("[W]e hold that the district court's order enforcing the [Land Sales Registration] Division subpoena is a final order ripe for review and we therefore have jurisdiction to resolve the appellants' challenge to that order.").

In each of the other three cases cited in the Certification Order, the court held only that a discovery order was not appealable as a "final" order under section 1291 absent a contempt citation. *See Ohio A. Philip Randolph Institute v. LaRose*, 761 F. App'x 506, 510-11 (6th Cir. 2019); *In re Motor Fuel Temp. Sales Practices Litig.*, 641 F.3d 470, 482-84 (10th Cir. 2011); *Perry v. Schwarzenegger*, 602 F.3d 976, 979 (9th Cir. 2010) (addressing the claim "that this court may exercise jurisdiction over this appeal under 28 U.S.C. § 1291").

Beyond that, two of those decisions expressly contradicted the reasoning announced by the Court here, as the courts explained (as the Supreme Court did in *Mohawk*) that *both* appeal after contempt *and* certification under section 1292(b) were available as *alternative* avenues for securing review of an interlocutory discovery order. In *LaRose*, the Sixth Circuit noted that "there are alternative avenues" for appellate review of such an order and noted *both* that the party could "ask the district court to certify an interlocutory appeal under 28 U.S.C. § 1292(b)," *and* that the party could "defy the disclosure orders and incur appealable contempt citations." 761 F. App'x at 511. Similarly, in *In re Motor Fuel*, the Tenth Circuit, citing *Mohawk*, explained that there "are several additional alternatives" for appellate review of a discovery order, including *both* that "the district court may certify an interlocutory appeal under 28 U.S.C. § 1292(b)," *and* that parties "may defy the discovery order, incur court-imposed sanctions, and appeal from the sanctions." 641 F.3d at 483-84. In other words, the analysis in each case rejected the rule applied by this Court under which certification under section 1292(b) is somehow precluded and appeal after contempt is treated as the *sole* option for review.

Tellingly, Plaintiff did not even argue for the categorical rule the Court applied prohibiting certification under section 1292(b). Instead, in opposing the motion to certify, Plaintiff argued primarily that the Court's order was not sufficiently "exceptional" to warrant certification. *See*

ECF No. 147 at 6-10. This Court soundly and correctly rejected that argument, holding that this case "rises to th[e] level" of a "truly 'exceptional' case" that warrants the grant of interlocutory review. Certification Order at 3. The Court rightly explained that "[r]equiring an investigative reporter to divulge her source is serious business, and it is better to be safe than sorry when it comes to First Amendment rights." *Id.*

Given the clear precedents outlined above—and the Supreme Court's express instruction in *Mohawk* that district courts "should not hesitate to certify interlocutory appeals" in cases involving discovery orders that meet the terms of section 1292(b)—Ms. Herridge respectfully submits that the Court's conclusion that, as a matter of law, it "cannot certify" its Disclosure Order under section 1292(b) rests on a clear error of law and should be reconsidered. Especially in light of the Court's recognition that "[r]equiring an investigative reporter to divulge her source is serious business, and it is better to be safe than sorry when it comes to First Amendment rights," Certification Order at 3, reconsideration and certification to allow an immediate appeal are warranted.

## II. If the Court Grants Reconsideration of Its Ruling on Section 1292(b), It Should Also Enter a Stay Pending Appeal.

When Ms. Herridge previously sought a stay pending appeal, the Court denied that motion based solely on the conclusion that, at that point in time, there was no jurisdiction for an immediate appeal. *See* Certification Order at 5. If the Court now certifies its Disclosure Order under section 1292(b), however, that ground for denying a stay will disappear and there is every reason to expect that the court of appeals would allow an immediate appeal. Accordingly, Ms. Herridge reasserts and incorporates by reference her prior arguments in favor of stay pending appeal, *see* ECF Nos. 145 (stay motion), 145-1 (memorandum), 149 (omnibus reply), and respectfully requests that, if

the Court certifies its Disclosure Order under section 1292(b), it should also enter a stay pending appeal.

## CONCLUSION

The Court should grant reconsideration and certify its Disclosure Order for review under section 1292(b).

October 2, 2023

Respectfully submitted,

/s/ *Patrick F. Philbin*
Patrick F. Philbin (D.C. Bar No. 453620)
Kyle West (D.C. Bar No. 24093346)
ELLIS GEORGE CIPOLLONE
O'BRIEN LLP
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6633
pphilbin@egcfirm.com