**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **YANPING CHEN,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:18-cv-03074-CRC** |
| **FEDERAL BUREAU OF INVESTIGATION,** *et al*. | |
| **Defendants.** | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO NON-PARTY CATHERINE HERRIDGE'S MOTION FOR RECONSIDERATION AND UNOPPOSED MOTION FOR EXPEDITED BRIEFING**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ......................................................................................... iii

INTRODUCTION ................................................................................................... 1

BACKGROUND ...................................................................................................... 3

ARGUMENT ........................................................................................................... 6

    I.     The Court Committed No Error of Law in Exercising its Discretion to Deny
          Certification. ........................................................................................... 6

      A.    The Court Was Well Within its Discretion to Deny Certification in Favor
            of An Ultimate Appeal of a Contempt Finding. ...................................... 7

      B.    The Court Had Unfettered and Complete Discretion to Deny Herridge's
            Request for Certification on Any Basis it Deemed Appropriate. ....................... 10

    II.    Certification Is Even Less Appropriate Given That Herridge's Deposition Has
          Already Taken Place, and a Motion Concerning a Contempt
          Finding is Imminent. .............................................................................. 12

CONCLUSION ...................................................................................................... 14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Agudas Chasidei Chabad of U.S. v. Russian Fed'n*,
  19 F.4th 472 (D.C. Cir. 2021) ................................................................................. 13

*Azima v. RAK Inv. Auth.*,
  325 F. Supp. 3d 30 (D.D.C. 2018) ...................................................................... 11, 12

*Flavell v. Int'l Bank for Reconstruction and Dev.*,
  No. 20-623, 2021 WL 2366577 (D.D.C. June 9, 2021) ...................................... 8, 12

*Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*,
  234 F. Supp. 2d 324 (S.D.N.Y. 2002) ...................................................................... 10

*In re Ryan*,
  538 F.2d 435 (D.C. Cir. 1976) ................................................................................... 8

*Kemp v. Gay,*
  947 F.2d 1493 (D.C. Cir. 1991) ................................................................................. 8

*Kuzinski v. Schering Corp.*,
  614 F. Supp. 2d 247 (D. Conn. 2009) ...................................................................... 11

*Mohawk Indus., Inc. v. Carpenter*,
  558 U.S. 100 (2009).................................................................................... 9, 10, 11

*Murphy v. Exec. Office for U.S. Att'ys*,
  11 F. Supp. 3d 7 (D.D.C. 2014) ................................................................................. 6

*Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*,
  71 F. Supp. 2d 139 (E.D.N.Y. 1999) ....................................................................... 10

*Swint v. Chambers Cty. Comm'n*,
  514 U.S. 35 (1995).............................................................................................. 8, 11

*Tsyn v. Wells Fargo Advisors, LLC*,
  No. 14-cv-02552, 2016 WL 1718139 (N.D. Cal. Apr. 29, 2016) ........................... 10

*United States v. Floyd*,
  No. 1:02-CR-0383, 2008 WL 11441905 (N.D. Ga. Sept. 2, 2008) ........................ 12

*United States v. Honeywell Int'l, Inc.*,
  No. 08-0961, 2021 WL 2493382 (D.D.C. June 18, 2021)................................. 11, 12

*United States v. Woodbury*,
  263 F.2d 784 (9th Cir. 1959)................................................................................... 14

*Zeigler v. Potter*,
    555 F. Supp. 2d 126 (D.D.C. 2008) ............................................................................. 6

**Statutes**

28 U.S.C. § 1292 .............................................................. 1, 2, 5, 7, 8, 10, 11, 12, 13, 14

**Other Authorities**

Wright & Miller, 15B Fed. Prac. & Proc. Juris. § 3914.23 (2d ed. 2023) ...................................... 9

## <u>INTRODUCTION</u>

This Court should deny non-party Catherine Herridge's request to reconsider its September 6, 2023 Opinion & Order declining to certify for appeal, pursuant to 28 U.S.C. § 1292(b), the Court's August 1 Order rejecting Herridge's assertions of journalist privilege and requiring Herridge to be deposed concerning the identity of the individual(s) who leaked Privacy Act protected materials to her, as well as other matters relevant to Plaintiff Yanping Chen's Privacy Act claims.  (*See* Non-Party Catherine V. Herridge's Mem. in Support of Her Mot. for Reconsideration & Expedition (Oct. 2, 2023) ("Mot.") [Dkt. 153-1].)  Fundamentally, Herridge fails to point to any intervening change in the law since the entry of the September 6, 2023 Op. & Order, the discovery of new evidence not previously available, or a clear error of law in the September 6 Order.  Indeed, the only relevant intervening events since the Court already addressed Herridge's request for § 1292(b) certification are that (1) the Circuit Court has since dismissed Herridge's interlocutory appeal of the August 1 Order denying her motion to quash, holding that she must seek appellate review of that Order by appealing any ensuing contempt citation; and (2) Herridge was recently deposed pursuant to that August 1 Order and chose to flatly defy it and refuse to testify as to information this Court held Chen was entitled to discover.  Accordingly, Herridge has clearly acted in contempt of the Court's Order, and the filing of a motion by Chen on that score is imminent.  For the following reasons, reconsideration as to the issue of § 1292(b) certification is not warranted.

First, Herridge fails to identify any clear error of law in the Court's original Order on her request for certification.  Herridge attempts to manufacture an error by mischaracterizing the Court's reasoning and insisting that the Court determined it was somehow "prohibited" from certifying the denial of the motion to quash for appeal despite finding that Herridge had facially established the guidelines for consideration under the statutory language of § 1292(b).  Herridge

also attempts to suggest that the Court was required to certify an appeal if it found those statutory guidelines were satisfied.  Both arguments fail for the same reason: this Court is vested with total and unfettered discretion to decline to certify an order for appeal for any reason, regardless of whether it finds that the § 1292(b) factors are present.  This Court's conclusion that it is a "general rule" in this Circuit that nonparties aggrieved by a discovery order should seek review of the merits of said order via appeal of an ensuing contempt citation, and its discretionary decision to decline certification in favor of requiring Herridge to also follow this "standard practice," were sound and well-supported by Circuit precedent—including the Circuit Court's recent decision to reject Herridge's effort at an interlocutory appeal until she has gone through that contempt process. Definitionally, the Court simply cannot have committed an error of law in ruling on a matter that lies entirely within its unrestrained discretion, and Herridge fails to demonstrate otherwise.

Second, certification makes even less practical sense now than it did when Herridge first requested it.  Because Herridge has now been deposed and motion practice regarding a contempt order is imminent, this Court will soon have an opportunity to address Herridge's noncompliance and the scope of her privilege claims in the context of a developed record showing the questions that were posed and which questions Herridge refused to answer.  Skipping that step in favor of certification would deprive the Circuit Court of the benefit of a more developed factual and legal record that will aid its ultimate review of the merits of Herridge's broad assertions of privilege. Moreover, because the Circuit Court has already rejected Herridge's effort at an interlocutory appeal and advised that she should seek appellate review in the context of a contempt finding, there is no assurance that the Circuit Court would accept another appeal pursuant to certification and in the absence of such a contempt finding.  It is thus significantly likely that certification, along with the stay requested by Herridge, would only lead to further delay—both in the prosecution of

Chen's claims and in Herridge's efforts to seek appellate review of her privilege arguments—if the Circuit Court ultimately rejects a certified appeal and directs this Court to make findings regarding contempt.  It would be far more efficient to proceed with the contempt process now, which will unquestionably result in an order that the Circuit Court will accept for appeal and that will allow Herridge to obtain review of the Order denying her motion to quash Chen's deposition subpoena.

At this juncture, Herridge has unsuccessfully sought to quash the subpoena, to obtain certification for appeal from this Court, to obtain a stay from the Circuit Court, and to convince the Circuit Court to consider her appeal in the absence of a contempt finding.  All those efforts having failed, she has now been deposed and defied the Court's discovery order, and the matter is thus ripe for this Court to adjudicate the contempt issue—which will result in an order that will give Herridge the path she seeks to obtain appellate review.  There being no clear error of law in the prior order denying certification, and little practical sense in granting certification under the present circumstances, there is no cause for the Court to reconsider its prior decision.

## **BACKGROUND**

This Privacy Act suit against multiple government agencies involves the suspected leak of protected information concerning Plaintiff Yanping Chen to Catherine Herridge, who was at the time a reporter for Fox News.  (Mem. Op. & Order at 2-3 (Aug. 1, 2023) ("Order Denying the Motion to Quash" or "MTQ Order") [Dkt. 140].)  After defeating Defendants' motion to dismiss, Plaintiff engaged in extensive discovery—including serving scores of document requests, interrogatories, and requests for admission, issuing over a dozen third-party subpoenas, taking eighteen depositions, and obtaining 22 declarations—aimed at uncovering the identity of the suspected government official that leaked her Privacy Act-protected records to Herridge.  (*Id*. at 3.)  When those efforts failed to definitively identify the leaker(s), Plaintiff served Fox and Herridge with document and deposition subpoenas in May and June of 2022.  (*Id*.)

Both Herridge and Fox then moved to quash.  (Mem. in Support of Non-Party Catherine V. Herridge's Mot. to Quash (Aug. 8, 2022) [Dkt. 96-1]; Mem. in Support of Non-Party Fox News Network, LLC's Mot. to Quash (Aug. 8, 2022) [Dkt. 97-1].)  Both argued that Plaintiff had not overcome the journalists' qualified First Amendment privilege to withhold the identity of the leaker because (1) the subpoenas were overbroad and sought information not central to Plaintiff's Privacy Act claims; (2) Plaintiff had not sufficiently exhausted reasonable alternative means to discover the identity of the leaker; (3) the Court should engage in a wide-ranging balancing of Herridge's First Amendment interest in maintaining her source(s)' confidentiality against Plaintiff's personal interest in prosecuting her Privacy Act claims; and (4) alternatively, that the Court should find a federal common law reporter's privilege that allowed it to engage in the same expansive balancing. (MTQ Order at 4.)

On August 1, 2023, the Court issued an Order Denying the Motion to Quash.  After careful review, the Court held that binding precedent instructed district courts to focus their analysis on whether the information sought is central to the plaintiff's claims, whether the plaintiff has exhausted reasonable alternative avenues of discovery, and whether the journalist is a party to the underlying litigation.  (MTQ Order at 5-14.)  The Court rejected Herridge and Fox's arguments that the Court should engage in a "free-form balancing of interests" as inconsistent with D.C. Circuit precedent.  (*Id*. at 10-11.)  Reviewing the discovery record against Fox and Herridge's arguments, the Court then concluded that, with respect to the deposition subpoena to Herridge, Plaintiff had demonstrated that the identity of the leaker was central to Plaintiff's claims, and that Plaintiff had exhausted reasonable alternative efforts to identify the leaker.  (*Id*. at 14-21.) Ultimately, the Court determined that Plaintiff was entitled to depose Herridge about the identity

of her confidential source(s) for any Privacy Act-protected information and any non-privileged matters relevant to Plaintiff's claim.  (*Id*. at 28.)

On August 11, 2023, Herridge filed a Motion to Amend [the] Order [Denying the Motion to Quash] to Include Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b) ("Mot. for Certification") [Dkt. 144].  Following expedited briefing, the Court entered an order denying Herridge's request for certification and a stay pending appeal.  (Op. & Order (Sept. 6, 2023) ("Order on Certification") [Dkt. 152].)  The Court concluded that Herridge had satisfied the 28 U.S.C. § 1292(b) guidelines of demonstrating that the Order Denying the Motion to Quash involved a controlling question of law, that there was substantial ground for difference of opinion concerning that Order, and that immediate appeal would materially advance the litigation.  (*Id*. at 2-3.)  Nevertheless, the Court held that it would deny certification in favor of requiring Herridge to follow the "standard practice" and "general rule" that a non-party aggrieved by a discovery order should seek appellate review of the merits of the order by appealing from any resulting contempt citation.  (*Id*. at 1, 3-5.)

Prior to the Court's ruling on the Motion for Certification, Herridge had also lodged an appeal of the Order Denying the Motion to Quash.  (Notice of Appeal to the U.S. Ct. of App. for the D.C. Cir. (Aug. 31, 2023) [Dkt. 150].)  Following entry of this Court's Order on Certification, Herridge then filed a motion asking the Circuit Court to enter an emergency stay pending appeal in order to obviate her need to appear for a deposition as required by the Order Denying the Motion to Quash.  (Non-Party Catherine V. Herridge's Opposed Emergency Mot. for Stay Pending Appeal and for Admin. Stay Pending Disposition of the Stay Motion, *Chen v. Federal Bureau of Investigation*, No. 23-5198 (D.C. Cir. Sept. 11, 2023).)  Following briefing, the Circuit Court not only denied Herridge's request for a stay, but also dismissed her appeal outright.  (Order, *Chen v.*

*Federal Bureau of Investigation*, No. 23-5198 (D.C. Cir. Sept. 25, 2023).)  The Circuit Court's

dismissal order reads, in relevant part:

> **ORDERED** that the motion to dismiss be granted.  Appellant can seek appellate review of the district court's order denying her motion to quash by defying that order and appealing from any contempt citation.  <u>See, e.g.</u>, <u>Kemp v. Gay</u>, 947 F.2d 1493, 1495 (D.C. Cir. 1991).   Because her assertions of privilege "can be adequately vindicated by other means, the chance that the litigation at hand might be speeded, or a particular injustice averted, does not provide a basis for jurisdiction" under the collateral order doctrine.   <u>Mohawk Indus., Inc. v. Carpenter</u>, 558 U.S. 100, 106 (2009) (internal quotation marks and brackets omitted).

(*Id.*)  After the Circuit Court denied Herridge's last-ditch effort at a stay, her deposition took place

in Washington, D.C., on September 26, 2023.  During her deposition, Herridge defied this Court's

Order Denying the Motion to Quash and refused to answer questions regarding the identity of her

confidential source(s) and other aspects of her reporting process and editorial decision-making.

Counsel for Chen recently received a copy of that transcript, and a motion concerning whether

Herridge should be held in contempt for defying the Order Denying the Motion to Quash will be

filed with this Court imminently.

## <u>ARGUMENT</u>

### I.     **The Court Committed No Error of Law in Exercising its Discretion to Deny Certification.**

Herridge's Motion should be denied because she fails to demonstrate any legal defect in

the Court's Order on Certification.  While a motion for reconsideration is to be granted "as justice

requires," *Murphy v. Exec. Office for U.S. Att'ys*, 11 F. Supp. 3d 7, 8 (D.D.C. 2014), in this Circuit,

that standard is interpreted to mean that a district court should generally only grant a motion for

reconsideration of an interlocutory order when the movant demonstrates (1) an intervening change

in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the

first order.  *Id.*; *see also Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008) (same).  Herridge

bases her Motion on the notion that the Court made a "clear legal error" when it held that it would decline to certify its Order Denying the Motion to Quash due to Herridge having an obvious and sufficient avenue to appeal the merits of that decision. (*See* Mot. at 1.) Herridge's arguments, however, rest on fundamental misapprehensions as to both the Court's reasoning and the scope of the Court's discretion in evaluating a request for § 1292(b) certification.

## A. The Court Was Well Within its Discretion to Deny Certification in Favor of An Ultimate Appeal of a Contempt Finding.

Herridge's Motion rests largely on the premise that the Court committed a "clear legal error" when it supposedly held that it was "prohibited" from certifying the Order Denying the Motion to Quash due to the fact that Herridge has an alternative means to appeal the merits of that order—namely, the ability to appeal any contempt citation resulting from her defiance of the Order Denying the Motion to Quash. (Mot. at 1.) But this characterization of the Court's Order on Certification is erroneous, and Herridge's argument amounts to little more than an attempt to set up a straw man to knock down under the guise of manufacturing a legal error. Indeed, nowhere does the Order on Certification contain a legal finding that certification was "prohibited." Instead, a fair reading of the Order is that the Court, in its discretion, declined to certify because it chose to defer to the "standard practice" and "general rule" in this Circuit, which is that non-parties aggrieved by a discovery order should appeal the merits of that order in the context of an appeal from a contempt sanction. (Order on Certification at 1, 3-5.) The Court's reasoning on that score was sound and is further supported by the Circuit Court's recent rejection of Herridge's attempt to appeal the Order Denying the Motion to Quash prior to a finding of contempt.

As set forth in greater detail below, a district court has unfettered discretion to decline to certify an interlocutory order pursuant to 28 U.S.C. § 1292(b) for any reason, regardless of whether it finds that the movant has satisfied the general statutory guidelines that courts consider in

evaluating a certification request. *Flavell v. Int'l Bank for Reconstruction and Dev.*, No. 20-623, 2021 WL 2366577, at *5 (D.D.C. June 9, 2021) ("Even if the movant establishes the three criteria under section 1292(b), the Court may still deny certification, as the decision to certify an order for interlocutory appeal is entirely within the district court's discretion.") (citing *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995).)  In the Order on Certification, this Court concluded that while Herridge had facially satisfied the guidelines set forth in § 1292(b), it would nevertheless deny certification because the "well-established" practice in this Circuit for non-parties in Herridge's position is to "challenge the subpoena [] by refusing to comply and appealing an ensuing contempt order."  (*See* Order on Certification at 1, 3.)  The Court cited numerous decisions in this Circuit and others applying this "general rule" against a non-party appeal of a discovery order prior to a contempt finding and then concluded that it would "abide by this practice here and deny the motion to certify an interlocutory appeal."  (*Id*. at 4-5.)

It cannot be seriously disputed that this Court's reasoning is supported by numerous circuit court cases repeating the general rule that appeal of a contempt citation is the proper avenue to challenge the merits of a discovery order directed to a non-party.  *See, e.g.*, *In re Ryan*, 538 F.2d 435, 437 (D.C. Cir. 1976) (citations omitted) (holding that where an order "is essentially one compelling testimony and the production of documents," the Supreme Court "has consistently held that such orders are not final and hence are not appealable," because the non-party "[is] entitled to refuse to comply and in the event contempt proceedings are brought against [the non-party] they may then litigate the validity of the [] order"); *Kemp v. Gay,* 947 F.2d 1493, 1495 (D.C. Cir. 1991) (citations and quotations omitted) (holding that "a district court's ruling on a subpoena's validity is not enforceable unless and until the subpoenaed party defies an enforcement order and is cited for contempt. Under this general rule, it is only after entry of contempt that the underlying

discovery dispute becomes ripe for appellate review"); *see also* Wright & Miller, 15B Fed. Prac. & Proc. Juris. § 3914.23 (2d ed. 2023) ("[T]he rule remains settled that most discovery rulings are not final.  The basic means of securing review is disobedience to an order compelling discovery, followed by an adjudication of contempt and appeal from the contempt order…. A nonparty can appeal an order of either civil or criminal contempt.").  And lest there be any doubt, the D.C. Circuit just recently reiterated this guidance in the context of rejecting Herridge's effort to appeal the Order Denying the Motion to Quash prior to a contempt finding.  (Order, *Chen v. Federal Bureau of Investigation*, No. 23-5198 (D.C. Cir. Sept. 25, 2023).  Specifically, the Circuit Court rejected the appeal because "[Herridge] can seek appellate review of the district court's order denying her motion to quash by defying that order and appealing from any contempt citation…. Because her assertions of privilege 'can be adequately vindicated by other means, the chance that the litigation at hand might be speeded, or a particular injustice averted, does not provide a basis for jurisdiction' under the collateral-order doctrine." (*Id*. (citing references omitted).)

In light of this guidance from the Circuit Court, it was well within the discretion of this Court to deny certification in favor of requiring Herridge to seek appellate review of the Order Denying the Motion to Quash via appeal of a contempt finding—especially given that, as the Court noted, "[t]hat is exactly how reporter's privilege claims have made their way to the Circuit in other Privacy Act cases."  (Order on Certification at 4-5.)  Because Herridge's argument that the Court concluded it was flatly "prohibited" from certifying the Order Denying the Motion to Quash rests on a fundamental misconstruction of the Court's Order on Certification, her heavy reliance on the Supreme Court's decision in *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009) offers no support for the notion that this Court committed any legal error.  *Mohawk* merely noted, in the context of affirming that interlocutory discovery orders do not qualify for appeal under the

collateral order doctrine, that litigants aggrieved by such orders have other potential avenues to seek appellate review, including defiance and appeal of a contempt order, a petition for a writ of mandamus, and a ***request*** for discretionary § 1292(b) certification.  558 U.S. at 110-111.  That decision does not remotely purport to require a district court to grant certification of an appeal in any circumstance, nor does it require a court of appeals to accept any certified appeal.  *Id.* at 110-11 (noting that such appeals are "discretionary" and require both the district court to grant certification and the court of appeals to accept that certification).  Thus, this Court's decision to deny discretionary certification in favor of Herridge pursuing the as-of-right appeal path that the Circuit Court has described as the "general rule" in this circumstance, and as an "adequate" mode of appellate review for Herridge specifically, does not in any way conflict with *Mohawk* or amount to any kind of legal error.

**B.  The Court Had Unfettered and Complete Discretion to Deny Herridge's Request for Certification on Any Basis it Deemed Appropriate.**

Herridge next appears to suggest that the Court committed an error of law by declining to certify the Denial of the Motion to Quash despite finding that the criteria set forth in 28 U.S.C. § 1292(b) were facially satisfied.  To do so, Herridge misleadingly attempts to portray certification as "mandatory" if a district court finds that the § 1292(b) factors have been met.  (Mot. at 8-9.) But that is decidedly not the law.  The statutory language itself is plainly permissive, and it is well-recognized in the case law that "[d]istrict courts retain 'unfettered discretion to deny certification' of an interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met."  *Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, 234 F. Supp. 2d 324, 325 (S.D.N.Y. 2002) (quoting *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 162 (E.D.N.Y. 1999); *see also Tsyn v. Wells Fargo Advisors, LLC*, No. 14-cv-02552, 2016 WL 1718139, at *3 (N.D. Cal. Apr. 29, 2016) ("Even where the statutory criteria of [28

U.S.C.] § 1292(b) are met, the district court 'retains discretion to deny permission for interlocutory appeal.'") (quoting *Kuzinski v. Schering Corp.*, 614 F. Supp. 2d 247, 249 (D. Conn. 2009).) Herridge acknowledged as much in her original Motion for Certification, in which she argued that circumstances warrant an "exercise of this Court's discretion to allow an interlocutory appeal." (Mot. for Certification at 14.)   Indeed, the case from this District that Herridge cited for this proposition—*United States v. Honeywell Int'l, Inc.*—itself notes the standard rule that "[e]ven where a district court 'confirm[s] that the moving party has satisfied all of the elements of section 1292(b) … it must also conclude that certification is appropriate as a discretionary matter.'"  No. 08-0961, 2021 WL 2493382, at *4 (D.D.C. June 18, 2021) (quoting *Azima v. RAK Inv. Auth.*, 325 F. Supp. 3d 30, 35 (D.D.C. 2018).)

Again, the Supreme Court's *Mohawk* decision is of no help to Herridge.  As noted, that decision did not purport to hold that certification is mandatory in any circumstance or that a court of appeals is required to accept any certified appeal.  *Mohawk*, 558 U.S. at 110-111.  Instead, the Court specifically noted that § 1292(b) certification is a "discretionary review mechanism[]" that requires both a district court and a court of appeals to determine, in their discretion, that interlocutory review is appropriate.  *Id*.  Herridge places undue emphasis on a line of dicta in which the Court noted that district courts are free to elect to certify "particularly injurious or novel privilege ruling[s]," but the full context of the opinion makes clear that the Court was not suggesting anything other than that the decision to certify in a given case rests within the discretion of the district court.  *Id*.  Therefore, *Mohawk* is fully consistent with the Supreme Court's prior guidance that in passing § 1292(b), "Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals." *Swint*, 514 U.S. at 46-47.  And, as noted, since the 2009 *Mohawk* decision, courts in this Circuit and others have continuously held that a district court has

full discretion to elect to deny § 1292(b) certification for any reason, even if the district court concludes that the movant has satisfied the statutory guidelines. *See, e.g., Flavell*, 2021 WL 2366577, at *5; *Honeywell*, 2021 WL 2493382, at *4; *Azima*, 325 F. Supp. 3d at 35.

At bottom, given that this Court had unfettered discretion to choose to grant or deny § 1292(b) certification regardless of whether it otherwise found that the statutory criteria were met, the Court's decision not to exercise that discretion fundamentally cannot amount to an error of law warranting reconsideration. *See, e.g., United States v. Floyd*, No. 1:02-CR-0383, 2008 WL 11441905, at *1 (N.D. Ga. Sept. 2, 2008) ("[Defendant] asks the court to revisit a decision which he describes as discretionary. . . . Even if it were, a decision not to exercise discretion would not constitute clear error of law warranting reconsideration.") Simply put, the Court was well within its discretion and authority to choose to deny certification for ***any*** reason or no reason at all. The Court's choice to withhold certification in favor of Herridge pursuing the standard path of appealing a contempt citation was, therefore, well within the discretion of the Court and does not remotely amount to a clear error of law.

## II.     Certification Is Even Less Appropriate Given That Herridge's Deposition Has Already Taken Place, and a Motion Concerning a Contempt Finding is Imminent.

Finally, Herridge's Motion also largely ignores a fundamental shift in the posture of this case since this Court previously denied § 1292(b) certification. As noted above, on September 25, 2023, the Circuit Court rejected Herridge's appeal of the Order Denying the Motion to Quash and simultaneously declined to stay Herridge's deposition. Herridge's deposition in this action then took place on September 26, 2023, and as she forecasted, Herridge elected to defy the Court's Order Denying the Motion to Quash. Counsel having just recently received a transcript of the deposition, a motion for a contempt finding is imminent. These developments further counsel against reconsideration of the Order on Certification, for two reasons.

First, the deposition development is noteworthy because during the course of her testimony, Herridge elected not only to defy the Court's directive to identify her confidential source(s) for any Privacy Act protected material, but also to refuse to answer a wide variety of questions regarding the reporting and drafting process for her Fox News reports, in contravention of the Court's explicit directive to also testify regarding "any non-privileged other matters relevant to [Chen's] Privacy Act claim."  (MTQ Order at 28.)  Chen's imminent motion requesting a contempt finding will represent an opportunity for this Court to evaluate Herridge's compliance with the Order Denying the Motion to Quash (or lack thereof) in the actual context of the questions that were posed to Herridge and that she refused to answer.  Granting reconsideration on certification of the Order Denying the Motion to Quash, which would result in skipping the process of briefing and obtaining a decision on contempt, would deprive both this Court and the Circuit Court of an opportunity to examine the privilege issues not in the abstract, but in meaningful context and with a more fully developed factual record.

Second, as opposed to appeal from an imminent contempt order, which Herridge can unquestionably take as of right, appeal pursuant to a § 1292(b) certification remains an uncertain process.  Even if this Court were to change its mind and grant certification (it should not), there is no requirement that the Circuit Court must accept a certified appeal, and whether to do so is entirely within the discretion of the Circuit Court.  *See Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 19 F.4th 472, 476 (D.C. Cir. 2021).  Here, Herridge has already taken a bite at the appellate apple, and the Circuit Court concluded that Herridge's assertions of privilege can be "adequately vindicated" by appellate review of the Order Denying the Motion to Quash after Herridge defies that Order and appeals from any contempt citation.  (Order, *Chen v. Federal Bureau of Investigation*, No. 23-5198 (D.C. Cir. Sept. 25, 2023).)  Having already so concluded, there is

every reason to believe that the Circuit Court will exercise its discretion to decline to accept even a certified appeal until Herridge has gone through the contempt process. And, of course, the Circuit Court may also reexamine, and ultimately disagree with, this Court's conclusion that Herridge demonstrated that the statutory criteria were met. *See, e.g., United States v. Woodbury*, 263 F.2d 784, 788 (9th Cir. 1959) (declining to accept a certified appeal and holding that the district court erred in concluding the certified order involved a controlling question of law).

The reality is that even if this Court grants reconsideration and certification, there is no certainty that the Circuit Court will accept an appeal in the absence of a contempt finding. Conversely, with Herridge's deposition having been recently completed and a motion regarding contempt being imminent, Herridge should shortly have an order that both she and Chen agree will allow her to advance her privilege arguments before the Circuit Court. Given the current procedural context, Herridge is less able than before to demonstrate that certification "may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). It is equally, if not more likely, that reconsideration, certification, and a stay at this juncture would only result in further delay if and when the Circuit Court declines to accept the appeal in that posture and reiterates its guidance that Herridge has a proper and adequate means of obtaining appellate review by appealing from a contempt order. Judicial efficiency thus strongly favors pursuing the avenue of briefing and an order of contempt, so that Herridge can lodge an appeal, with a more fully developed factual and legal record, that the Circuit Court is obligated to entertain.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Herridge's Motion and decline to reconsider its prior Order denying 28 U.S.C. § 1292(b) certification and a stay pending appeal.

Dated: October 9, 2023

Respectfully Submitted,

_/s/ Andrew C. Phillips_
Andrew C. Phillips (DC Bar No. 998353)
Shannon B. Timmann (DC Bar No. 1614929)
MEIER WATKINS PHILLIPS PUSCH LLP
1629 K. Street NW, Suite 300
Washington, DC 20006
Email: andy.phillips@mwpp.com
Email: Shannon.timmann@mwpp.com

_Counsel for Plaintiff Yanping Chen_

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 9th day of October 2023, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court and served upon all counsel of record through the CM/ECF system.

<i>/s/ Andrew C. Phillips</i>
Andrew C. Phillips