**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| YANPING CHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case No. 1:18-cv-03074-CRC** |
| v. | ) |
| | ) **Hon. Christopher R. Cooper** |
| FEDERAL BUREAU OF | ) **United States District Judge** |
| INVESTIGATION, | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| U.S. DEPARTMENT OF DEFENSE, U.S. | ) |
| DEPARTMENT OF HOMELAND | ) |
| SECURITY, | ) |
| | ) |
| Defendants. | ) |

**NON-PARTY CATHERINE V. HERRIDGE'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR RECONSIDERATION**

Patrick F. Philbin (D.C. Bar No. 453620)
Kyle T. West (D.C. Bar No. 24093346)
Chase Harrington (D.C. Bar No. 1619501)
ELLIS GEORGE CIPOLLONE
O'BRIEN LLP
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6633
pphilbin@egcfirm.com

*Counsel for Catherine V. Herridge*

October 11, 2023

## TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................1

ARGUMENT ......................................................................................................................3

I.      The Court Should Reconsider Its Decision Rejecting Certification of the
Disclosure Order Pursuant to 28 U.S.C. § 1292(b)...................................................3

         A.     The Court Made a Clear Error in Holding that It Could Not Certify the
Disclosure Order for Review Under Section 1292(b)............................................3

         B.     Nothing in the Posture of the Case Has Changed To Alter the Court's
Conclusion that Interlocutory Appeal Under Section 1292(b) Would Be
the Preferable Course. ............................................................................6

II.     If the Court Grants Reconsideration of Its Ruling on Section 1292(b), It Should
Also Enter a Stay Pending Appeal........................................................................9

CONCLUSION....................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ahrenholz v. Bd. of Trustees of Univ. of Illinois,*
   219 F.3d 674 (7th Cir. 2000) ...................................................................................6

*Dombrowski v. Pfister,*
   380 U.S. 479 (1965)...................................................................................................9

*Hatfill v. Ashcroft,*
   1:03-cv-01793 (2007) ..........................................................................................2, 7

*Herridge v. Chen,*
   No. 23-5198, Per Curiam Order, Doc. No. 2018838 (D.C. Cir. Sept. 25, 2023)......6

*Koon v. United States,*
   518 U.S. 81 (1996).....................................................................................................5

*Lee v. DOJ,*
   1:99-cv-03380 (2004) ..........................................................................................2, 7

*Martin v. Franklin,*
   546 U.S. 132 (2005)...................................................................................................5

*Mergentime Corp. v. Washington Metro. Area Transit Auth.,*
   166 F.3d 1257 (D.C. Cir. 1999) .................................................................................5

*Mohawk Industries, Inc. v. Carpenter,*
   558 U.S. 100 (2009)..............................................................................................2, 6

*United States v. Bigley,*
   786 F.3d 11 (D.C. Cir. 2015) ....................................................................................5

*United States v. Burr,*
   25 F. Cas. 30 (C.C.D. Va. 1807) ...............................................................................5

*United States v. Kayode,*
   254 F.3d 204 (D.C. Cir. 2001) ..................................................................................5

*United States v. Rashad,*
   396 F.3d 398 (D.C. Cir. 2005) ..................................................................................5

*United States v. Terrell,*
   696 F.3d 1257 (D.C. Cir. 2012) ................................................................................5

**TABLE OF AUTHORITIES**
**(Cont'd)**

**Page(s)**

*Zerilli v. Smith*,
    656 F.2d 705 (D.C. Cir. 1981) ................................................................................8

**STATUTES**

28 U.S.C. § 1291.................................................................................................2, 5, 6

28 U.S.C. § 1292(b) .......................................................................................... *passim*

**OTHER AUTHORITIES**

11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and*
    *Procedure* § 2818 (2d ed. 1995) ............................................................................5

**INTRODUCTION**

Plaintiff does not dispute that, as a matter of law, the Court had discretion to certify its Disclosure Order, ECF No. 140, for interlocutory review under 28 U.S.C. § 1292.  Nor does Plaintiff dispute that, if the Court concluded it was *precluded* by law from certifying that order, that would be a clear error of law warranting reconsideration.  Instead, Plaintiff argues solely that the Court exercised its *discretion* to deny certification even after the Court determined that all the requirements of section 1292(b) had been met.  *See* ECF No. 156 ("Opp.") at 7-10.  With respect, that assertion requires rewriting what the Court actually said in its order.  *See* ECF No. 152 ("Certification Order").

The Certification Order repeatedly used language conveying that the Court had no choice other than to require Ms. Herridge to suffer contempt as the sole route for securing an appeal.  The Court stated that it was "obligated to" require contempt because that was the only "proper procedure," *id.* at 1; that certification "*must* be denied," *id.* (emphasis added); and that, even though all the requirements of section 1292(b) had been met, the Court "*cannot* certify Herridge's interlocutory appeal," *id.* at 3 (emphasis added).  None of those formulations is consistent with the Court making a discretionary decision to deny certification.  The Court also went out of its way to explain that it thought certification was warranted in this "exceptional" case and would provide the better path for review.  *Id.* at 3.  In fact, especially given the weighty First Amendment issues at stake, this case was tailor made for section 1292(b) certification.  Because the Certification Order made clear that the Court believed it did not have discretion to take the path that it determined was more in keeping with judicial economy, Ms. Herridge respectfully submits that the Certification Order was based on a clear error of law and that reconsideration is warranted.

Nothing in the D.C. Circuit's recent order dismissing Ms. Herridge's appeal under 28 U.S.C. § 1291 provides a basis for denying reconsideration of the Certification Order.  The D.C. Circuit held only that the Disclosure Order was not a final order under the collateral order doctrine and that Ms. Herridge therefore did not have an appeal as of right under section 1291.  Nothing in that reasoning suggested any view at all on whether this Court should permit an appeal under section 1292(b)—or whether the D.C. Circuit itself would permit such an appeal.  That issue was not before the court.  And given the Supreme Court's instruction in *Mohawk Industries, Inc. v. Carpenter* that "district courts *should not hesitate* to certify an interlocutory appeal" specifically in cases involving decisions on privilege that are of "special consequence," 558 U.S. 100, 111 (2009) (emphasis added), there is no reason to think the D.C. Circuit would not allow such an appeal here.

Plaintiff is also wrong in suggesting that, at this point, it will not be any more efficient to allow an appeal under section 1292(b) because Ms. Herridge has already been deposed.  The mere fact that Ms. Herridge has been deposed matters little.  The "roundabout path to the D.C. Circuit" through contempt, Certification Order at 3, still leaves a lengthy and onerous process before the Court and the parties.  As explained more fully below, based on the precedents established in the *Lee* and *Hatfill* cases, Ms. Herridge must be allowed time to respond to any motion for contempt and to submit affidavits for the Court to consider bearing on the wider impact that any contempt ruling would have.  All of that briefing and expending the Court's and the parties' time for an argument on the contempt motion can be avoided by certifying an appeal now.  And it also remains the case that the Court should exercise its discretion to avoid forcing Ms. Herridge to suffer a contempt sanction as the price for securing review of her First Amendment rights.

For all the reasons the Court itself recognized in its Certification Order, the better path in this case is to certify an interlocutory appeal now. Ms. Herridge respectfully submits that reconsideration is warranted.

## ARGUMENT

**I.**   **The Court Should Reconsider Its Decision Rejecting Certification of the Disclosure Order Pursuant to 28 U.S.C. § 1292(b).**

**A.**   **The Court Made a Clear Error in Holding that It Could Not Certify the Disclosure Order for Review Under Section 1292(b).**

Plaintiff does not dispute that, if the Court concluded that it was precluded from certifying its Disclosure Order for interlocutory appeal under section 1292(b), that would be a clear error of law warranting reconsideration. Instead, Plaintiff rests her opposition on arguing that the Court denied certification in the exercise of its discretion. *See* Opp. 7-9. But that simply rewrites what the Certification Order actually says.

The language in the Certification Order repeatedly made clear that the Court believed it had no choice other than to deny certification. Thus, the Court held that it was "obligated to" require Ms. Herridge to suffer contempt sanctions as the route to an appeal because that was the only "proper procedure." Certification Order at 1. The Court also stated in mandatory terms that certification "must be denied," *id.*—language that did not suggest any choice in the matter. And even after explaining why all the requirements for certification had been met, the Court held that it "cannot certify" the Disclosure Order, because it was not "ripe," which again indicated that an appeal was not permissible. *Id.* at 3, 4.

Contrary to Plaintiff's assertions, nothing in these formulations remotely suggests that the Court was exercising discretion to deny certification under section 1292(b). The Court nowhere indicated that it "chose to defer" (Opp. 7) to the route of appeal after contempt because it thought

that was the preferable course.  Instead, the Court's language conveyed that the Court believed it was *required* to deny certification.  An order saying that the court is "obligated" to deny certification and that it "cannot" grant certification is the polar opposite of an order announcing a discretionary decision to deny certification.

Indeed, far from indicating that it was exercising its discretion to deny certification, the Court made it clear that, if the Court believed it had discretion, it would exercise that discretion to *certify* an appeal.  The Court went out of its way to explain that the "roundabout path to the D.C. Circuit" through contempt was "antithetical" to "judicial economy" and would "probably further delay resolution here."  Certification Order at 3.  The Court also addressed the non-statutory, discretionary consideration that some courts "have layered on top of th[e] statutory considerations"—namely, whether the case is sufficiently "exceptional" to merit interlocutory review.  *Id.*  And on that point, the Court determined that this case "rises to th[e] level" of a "truly 'exceptional' case" that warrants the grant of interlocutory review.  *Id.*  In short, the Certification Order could hardly have conveyed more clearly that, if the Court *could have* certified the Disclosure Order for review under section 1292(b), it *would have*.  But the Court concluded that it was "obligated" to deny certification.  *Id.* at 1.

Plaintiff asserts that, "[d]efinitionally, the Court cannot have committed an error of law," because it could deny certification in its discretion for any reason.  Opp. 2; *cf. id.* at 12 (arguing that the Court could "choose to deny certification for ***any*** reason or no reason at all").  But that is obviously wrong.  Where a court vested with discretion over a decision wrongly believes that it *lacks* discretion and makes a decision because it believes it is "obligated" under the law to reach a particular result, it has not exercised its discretion and its decision cannot be upheld as an exercise of discretion.  As the D.C. Circuit has explained "[i]f the trial judge has failed to exercise discretion

4

at all, as when he is under the mistaken apprehension that he has no power to grant the relief sought," that is a legal error warranting reversal. *Mergentime Corp. v. Washington Metro. Area Transit Auth.*, 166 F.3d 1257, 1263 (D.C. Cir. 1999) (quoting 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2818, at 194 (2d ed. 1995)); *see also, e.g.*, *United States v. Bigley*, 786 F.3d 11, 15-16 (D.C. Cir. 2015) (per curiam) (reversing sentencing determination where district court failed to understand scope of its discretion and erroneously believed it could not consider a claim in mitigation); *United States v. Terrell*, 696 F.3d 1257, 1262 (D.C. Cir. 2012) (reversing district court for misunderstanding the scope of its sentencing discretion); *United States v. Rashad*, 396 F.3d 398, 402-03 (D.C. Cir. 2005) (finding that district court "erred as a matter of law" when it rejected a plea due to its erroneous belief that "it did not have discretion to accept [the] plea").[1]  Here, the Certification Order clearly conveys that the Court did not believe it had discretion or authority to certify the Disclosure Order for an interlocutory appeal.  That was a clear error of law.  And Plaintiff cannot preclude reconsideration of that error by rewriting the Certification Order to turn it into a discretionary ruling that the Court plainly did not make.

Contrary to Plaintiff's suggestions, the D.C. Circuit's decision dismissing Ms. Herridge's appeal under 28 U.S.C. § 1291 also does not provide any "guidance" (Opp. 9) suggesting that

---

[1] In addition, even where a decision is committed to the district court's discretion, it is well settled that "[a] district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996); *see also, e.g.*, *United States v. Kayode*, 254 F.3d 204, 214 (D.C. Cir. 2001) (explaining that "when a district court makes an error of law, it by definition abuses its discretion and we need not defer to the district court's resolution of such legal issues" (quotation marks omitted)).  "Discretion is not whim," and "a motion to a court's discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *Martin v. Franklin*, 546 U.S. 132, 139 (2005) (brackets omitted) (quoting *United States v. Burr*, 25 F. Cas. 30, 35 (No. 14,692d) (C.C.D. Va. 1807) (Marshall, C.J.)).

certification under section 1292(b) would not be appropriate here.  The D.C. Circuit held only that the collateral order doctrine did not apply to permit Ms. Herridge an appeal as of right from a "final" order under section 1291.  *See Herridge v. Chen*, No. 23-5198, Per Curiam Order, Doc. No. 2018838 (D.C. Cir. Sept. 25, 2023).  Nothing in that ruling intimated any views about a discretionary interlocutory appeal under section 1292(b).  And the D.C. Circuit's decision certainly cannot be distorted to provide "guidance" diametrically opposed to the clear instructions from the Supreme Court in *Mohawk*.  In *Mohawk*, precisely in the context of "particularly injurious or novel privilege ruling[s]," the Supreme Court instructed that "district courts should not hesitate to certify an interlocutory appeal" where the requirements of section 1292(b) have been met.  *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 110-11 (2009); *see also Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 677 (7th Cir. 2000) (noting that it is "the duty of the district court . . . to allow an immediate appeal [under § 1292(b)] to be taken when the statutory criteria are met").  *Mohawk* strongly confirms that where, as here, the district court believes that all requirements of section 1292(b) have been met, the court should certify its order for interlocutory appeal.

**B.      Nothing in the Posture of the Case Has Changed To Alter the Court's Conclusion that Interlocutory Appeal Under Section 1292(b) Would Be the Preferable Course.**

As the Court rightly explained in its Certification Order, the "roundabout path to the D.C. Circuit" through contempt "is antithetical to the vision of judicial economy that animates the general rule against interlocutory appeals," and the contempt route "will probably further delay resolution here."  Certification Order at 3.  Nothing in the current posture of the case has altered that assessment in the slightest.

The mere fact that Ms. Herridge has been deposed has not materially changed the situation. The proceedings toward contempt have still not even begun.   And contrary to Plaintiff's suggestions (Opp. 14), even if Plaintiff files a motion for contempt sanctions "imminently," the path to a contempt hearing and eventually an appeal is not a quick and easy process, as the *Lee* and *Hatfill* cases demonstrate.   In *Lee*, the process from initial motion for an order to show cause to a contempt order took six months before the first group of journalists were held in contempt. *See Lee v. DOJ*, 1:99-cv-03380, ECF Nos. 126 (Feb. 13, 2004) (motion for order to show cause), 134 (June 29, 2004) (show cause order), 146 (Aug. 18, 2004) (contempt order).   The second round of contempt proceedings (against a single journalist, Walter Pincus) took a full eleven months.   *See id.* ECF Nos. 156 (Jan. 4, 2005) (show cause order), 178 (Nov. 16, 2005) (contempt order). Likewise in *Hatfill*, contempt proceedings spanned at least three months, *see Hatfill v. Ashcroft*, 1:03-cv-01793, ECF Nos. 205 (Oct. 2, 2007) (motion to hold Toni Locy in contempt), 244 (Mar. 7, 2008) (contempt order), not counting the two months that contempt proceedings were put on hold while proceedings were stayed, *see id.* ECF No. 207 (stay order).   Following the precedent of *Lee* and *Hatfill*, Ms. Herridge will seek a comparable amount of time to prepare her defense, which will include not only her brief but also declarations explaining to the Court the impact of holding Ms. Herridge in contempt, especially in the particular context of this case.

Plaintiff is even further off base in claiming that the details of Ms. Herridge's deposition answers will somehow aid review on appeal—and that having those details provides a good reason to force the parties and the Court to slog through months of additional briefing and a hearing on contempt.  Opp. 13.  The exact contours of the privilege assertions made at the deposition[2] are not

---

[2] At the deposition, Ms. Herridge made clear that she had full respect for the Court's authority but that, in order to preserve her pledge of confidentiality to her source(s) and to secure further judicial

needed to evaluate the underlying legal issues about the reporter's privilege that will be brought to the D.C. Circuit on appeal. As this Court recognized, the "controlling question of law" at the heart of the Court's Disclosure Order deals with whether "a district court must engage in a free-form weighing of the interests when evaluating the First Amendment reporter's privilege under *Zerilli v. Smith*, 656 F.2d 705 (D.C. Cir. 1981)." Certification Order at 2. This Court "largely cabined the relevant inquiry to (1) whether the information sought was 'central' to the claim and (2) whether the plaintiff had exhausted reasonable alternative avenues of discovery." *Id.* The D.C. Circuit can fully address that issue of law without knowing anything about how Ms. Herridge answered particular deposition questions. Forcing the parties and the Court to go through the contempt process will only delay an appeal without providing any benefit for appellate review.

Plaintiff is also wrong in suggesting that the uncertainty of securing review under section 1292(b) somehow counsels against certifying the Disclosure Order for an appeal. *See* Opp. 13. Under section 1292(b), Ms. Herridge must petition the court of appeals for permission to appeal within 10 days of an order from this court certifying the appeal, and Ms. Herridge would attempt to file even more quickly than that. There is no reason to think the D.C. Circuit would not act quickly on such a petition, and thus it is likely that this case would shortly be on appeal. The contempt route, by contrast, would take months.

Finally, requiring Ms. Herridge to be held in contempt as the price for seeking judicial review of her First Amendment rights remains a fraught path that the Court should not lightly choose when it has full discretion to avoid it. An order finding Ms. Herridge in contempt would have a broad chilling effect on investigative journalists and on their potential sources. Moreover,

---

review of her First Amendment rights, she respectfully declined to answer questions that her counsel determined would invade the First Amendment reporter's privilege.

it makes little sense for the courts to force Ms. Herridge to suffer a sanction merely to be able to pursue an appeal.  Demanding contempt sanctions as the price for securing further judicial review is inconsistent with the general recognition throughout First Amendment jurisprudence that the "threat of sanctions" alone can chill speech and should be sufficient to open the doors of the courts. *Dombrowski v. Pfister*, 380 U.S. 479, 486 (1965) (quotation marks omitted).  There is no need for condemning Ms. Herridge to that path when the Court has full discretion to certify an interlocutory appeal.

Ms. Herridge respectfully submits that the Court should reconsider its Certification Order and certify the Disclosure Order for appeal.

## II.     If the Court Grants Reconsideration of Its Ruling on Section 1292(b), It Should Also Enter a Stay Pending Appeal.

For the reasons stated in Ms. Herridge's motion and her prior submissions concerning a stay pending appeal,  *see* ECF Nos. 145 (stay motion), 145-1 (memorandum), 149 (omnibus reply), Ms. Herridge respectfully requests that, if the Court certifies its Disclosure Order under section 1292(b), it should also enter a stay pending appeal.

## CONCLUSION

The Court should grant reconsideration and certify its Disclosure Order for review under section 1292(b) and enter a stay pending appeal.

October 11, 2023                     Respectfully submitted,

                                     /s/ *Patrick F. Philbin*
                                     Patrick F. Philbin (D.C. Bar No. 453620)
                                     Kyle West (D.C. Bar No. 24093346)
                                     Chase Harrington (D.C. Bar No. 1619501)
                                     ELLIS GEORGE CIPOLLONE
                                     O'BRIEN LLP
                                     1155 F Street, N.W.
                                     Suite 750
                                     Washington, DC 20004
                                     (202) 249-6633
                                     pphilbin@egcfirm.com

                                     *Counsel for Catherine V. Herridge*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2023, the forgoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system.

October 11, 2023                         Respectfully submitted,

                                           */s/ Patrick F. Philbin*
                                           Patrick F. Philbin (D.C. Bar No. 453620)
                                           ELLIS GEORGE CIPOLLONE
                                           O'BRIEN LLP
                                           1155 F Street, N.W.
                                           Suite 750
                                           Washington, DC 20004
                                         (202) 249-6633
                                         pphilbin@egcfirm.com