UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **YANPING CHEN**, <br><br> Plaintiff, <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION**, *et al.*, <br><br> Defendants. | Case No. 18-cv-3074 (CRC) |

## OPINION AND ORDER

In August 2023, the Court partially denied journalist Catherine Herridge's motion to quash a subpoena in this Privacy Act lawsuit, thereby permitting Plaintiff Yanping Chen to depose Herridge regarding the sources for her investigative reports on Chen's affiliations with the Chinese military. Herridge then requested that the Court certify an interlocutory appeal under 28 U.S.C. § 1292(b) while simultaneously appealing the order to the D.C. Circuit under 28 U.S.C. § 1291. The Court denied Herridge's request for certification, and the Circuit dismissed her appeal for lack of jurisdiction. Herridge now has filed a motion for reconsideration, asking the Court to reassess its denial of certification and stay proceedings pending an appeal. Having considered this matter anew, the Court reaffirms its decision to deny certification.

The crux of Herridge's motion for reconsideration is that, in her view, the Court wrongly assumed in its prior opinion that it was compelled to deny her motion and thus failed to exercise the discretion afforded to a district court when all § 1292 factors are satisfied. However, the mandatory sounding language in the Court's prior order did not reflect a misunderstanding (or any understanding for that matter) that certification must be denied even though the § 1292 factors may have been met. Rather, as both sides emphasize in their current briefings, the Court

is cognizant that certification is discretionary when the moving party has satisfied all statutory factors.  See, e.g., Azima v. RAK Inv. Auth., 325 F. Supp. 3d 30, 35 (D.D.C. 2018).  The Court exercised that discretion *not* to certify an appeal here given that the standard practice in these types of cases is to defer appellate proceedings until a party has defied the enforcement order and been held in contempt, at which point the party can appeal from that contempt order.  See, e.g., Kemp v. Gay, 947 F.2d 1493, 1495 (D.C. Cir. 1991).  The Court does not read anything in Mohawk Industries, Inc. v. Carpenter, 558 U.S. 100 (2009), to alter this standard practice or to divest courts of the discretion to make this call.  Indeed, the Supreme Court in Mohawk reiterated that § 1292(b) is a "discretionary review mechanism[]," id. at 111, and the D.C. Circuit cited both Mohawk and Kemp when dismissing Herridge's § 1291 appeal and reaffirming that the standard procedure is for her to appeal any ensuing contempt order, see Order, Chen v. FBI, No. 23-5198 (D.C. Cir. Sept. 25, 2023).  The Court thus makes clear what may have been murky before:  Exercising its discretion, the Court concludes that certification is not warranted in this case because Herridge can appeal a subsequent contempt order.

     Furthermore, upon further reflection and in light of recent developments, the Court is uncertain that all § 1292(b) factors are in fact satisfied—namely, it is far from evident that certification would "materially advance the litigation."  APCC Servs., Inc. v. AT&T Corp., 297 F. Supp. 2d 101, 104 (D.D.C. 2003).  Herridge's deposition has already taken place, and she apparently elected to defy this Court's order.  See Opp'n at 12.  Chen accordingly has informed the Court that "a motion for a contempt finding is imminent."  Id.  With contempt proceedings now teed up, one of two outcomes appears likely: either Herridge will be held in contempt in the near future and can immediately appeal that order or, as sometimes occurs in these cases, the sources may release Herridge from the privilege rather than watch her undergo the consequences

of contempt.  If the latter option prevails, this case could go forward without any appellate proceedings.  Denying certification thus appears to be potentially more expeditious than certifying an appeal.  After all, it is possible the Circuit could disagree with the Court's analysis of the statutory factors or exercise its own discretion to deny the appeal in favor of business as usual (i.e., appeal from a contempt order), in which case the parties would be back to square one.  Or, if the Circuit took up the appeal, the entire case would be on hold for multiple months—a lengthy delay that would prove entirely unnecessary if the sources were to waive privilege.  Faced with these options, the Court cannot definitively say that certification would advance this case at all, let alone "materially."

For these reasons, it is hereby

**ORDERED** that [Dkt. No. 153] Motion for Reconsideration is DENIED.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: October 27, 2023