**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| YANPING CHEN,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, U.S. DEPARTMENT OF JUSTICE, U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | **Case No. 1:18-cv-03074-CRC**<br><br>**Hon. Christopher R. Cooper**<br>**United States District Judge** |

**NON-PARTY CATHERINE V. HERRIDGE'S MEMORANDUM IN SUPPORT OF HER MOTION TO EXTEND BRIEFING DEADLINES AND MOTION TO EXPEDITE**

Patrick F. Philbin (D.C. Bar No. 453620)
Kyle T. West (D.C. Bar No. 24093346)
Chase Harrington (D.C. Bar No. 1619501)
ELLIS GEORGE CIPOLLONE
O'BRIEN LLP
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6633
pphilbin@egcfirm.com

*Counsel for Catherine V. Herridge*

October 31, 2023

## INTRODUCTION

Non-party Catherine V. Herridge, respectfully asks that the Court grant her a total of 30 days to respond to Plaintiff's Application for an Order to Show Cause, ECF No. 159-2 ("Application").

A short extension beyond the ordinary 14-day response period is well justified here. Oppositions to motions to show cause share a number of characteristics that call for careful and time-intensive briefing. Given the threat of contempt and range of available sanctions, such motions require full due process protections, which include an adequate time to respond. Such concerns are heightened here, where Ms. Herridge, due to the Protective Order, cannot review the sealed motion seeking sanctions against her and will not be able to do so until a public version is posted, which may not occur until next week. In addition, as filings in prior cases show, journalists traditionally oppose such motions by obtaining affidavits from journalism and other subject-matter experts to support their position, especially as it relates to the appropriate sanctions (if any) in the case. Obtaining such affidavits necessarily requires more time than simply responding to the legal arguments contained in an average motion. In recognition of these facts, courts in this district routinely allow extended briefing schedules for journalists responding to applications for show cause orders or motions for contempt—briefing schedules that effectively afford the journalists far more than the 30 days to respond that Ms. Herridge seeks here. Ms. Herridge simply requests that she be permitted a reasonable amount of time—30 days—to respond to Plaintiff's Application, which is actually *shorter* than the time permitted to respond to similar motions in prior cases.

## ARGUMENT

Ms. Herridge respectfully submits that a short extension to permit her a total of 30 days to respond to the Application for an Order to Show Cause is warranted. In every case of which

counsel is aware, courts in this district have allowed journalists more time to prepare their defenses on a motion for contempt than the 14 days provided by the standard motion briefing schedule. *See* LCvR 7(b). For example, the court did not require the journalists targeted by the first round of contempt briefing in *Lee* to respond until five-and-a-half months after the Plaintiff had filed his Motion for an Order to Show Cause. Motion for Order to Show Cause,[1] ECF No. 126, *Lee*, 1:99-cv-03380-RMC (D.D.C. Feb. 13, 2014); Order Granting Motion to Show Cause, ECF No. 134, *Lee*, 1:99-cv-03380-RMC (D.D.C. June 29, 2004) (ordering journalists to respond to motion by July 30, 2004). When the court set the journalists' response deadline in that case—which it did four-and-a-half months after the motion was originally filed—it allowed the journalists 31 additional days from the date of the order to respond. Order Granting Motion to Show Cause, ECF No. 134, *Lee*, 1:99-cv-03380-RMC (D.D.C. June 29, 2004).

The journalist targeted by the second round of contempt briefing in *Lee* received 47 days to respond. Application for Order to Show Cause, ECF No. 155, *Lee*, 1:99-cv-03380-RMC (D.D.C. Dec. 16, 2014); Order to Show Cause, ECF No. 156, *Lee*, 1:99-cv-03380-RMC (D.D.C. Jan. 4, 2005) (ordering journalist to respond to motion by February 3, 2005).

---

[1] The correct procedure for responding to an application for an order to show cause is somewhat unclear. In some cases, such as *Lee*, for example, the journalists did not respond to the application at all and instead responded only after the court had issued an order instructing them to show cause why they should not be held in contempt. *See* Application for Order to Show Cause, ECF No. 155, *Lee*, 1:99-cv-03380-RMC (D.D.C. Dec. 16, 2014); Order to Show Cause, ECF No. 156, *Lee*, 1:99-cv-03380-RMC (D.D.C. Jan. 4, 2005). In other cases, a party has been treated as failing to timely respond by failing to treat the application for an order to show cause like a motion. *See, e.g.*, *Commodity Futures Trading Comm'n v. Trade Exch. Network Ltd.*, 117 F. Supp. 3d 22, 28 (D.D.C. 2015). Given the uncertainty, absent a court order directing that Ms. Herridge need not respond unless and until the Court issues an order to show cause, Ms. Herridge must respond directly to the Application as if it were a motion for contempt.

In *Hatfill*, the journalists did not respond until 78 days after the plaintiff filed his motion for contempt. Motions to Hold Journalists in Contempt, ECF Nos. 204–05, *Hatfill*, 1:03-cv-01793-RBW (D.D.C. Oct. 2, 2007); Motions for Reconsideration or in Opposition to Plaintiff's Contempt Motions, ECF Nos. 211–12, *Hatfill*, 1:03-cv-01793-RBW (D.D.C. Dec. 19, 2007). These extended schedules—of five-and-a-half months, two-and-a-half months, and 47 days—substantially exceed the 16 day extension—for a total response time of 30 days—that Ms. Herridge seeks here.

As the filings in *Lee* and *Hatfill* demonstrate, briefing a response to an application to show cause is substantially more time intensive than briefing a standard motion. *See* Responses to Show Cause Order, ECF Nos. 136–42, *Lee*, 1:99-cv-03380-RMC (D.D.C. July 30, 2014); Response to Order to Show Cause, ECF No. 160, *Lee*, 1:99-cv-03380-RMC (D.D.C. Feb. 3, 2015); Motions for Reconsideration or in Opposition to Plaintiff's Contempt Motions, ECF Nos. 211–12, *Hatfill*, 1:03-cv-01793-RBW (D.D.C. Dec. 19, 2007). Aside from preparing legal and factual defenses to the contempt issue, Ms. Herridge also intends—like the journalists in *Lee* and *Hatfill*—to obtain affidavits to support her arguments including concerning appropriate sanctions (if any). Ms. Herridge could not secure such affidavits while her motion for reconsideration was pending, *see* ECF No. 153, and it remained unclear whether a contempt proceeding would ever even occur in this case. Requiring Ms. Herridge to oppose the motion for contempt in a total time of 14 days would be unprecedented in any case involving a similar contempt motion against a journalist.

Additional time for preparing a response is especially warranted given that contempt and sanctions proceedings involve due process concerns not found in most motion briefing. *See Nat'l Org. for Women v. Operation Rescue*, 37 F.3d 646, 659 (D.C. Cir. 1994). These concerns are especially acute in cases seeking substantial sanctions. *See id.* Here, Plaintiff is seeking an order

for tens of thousands of dollars of escalating fines, as well as reimbursement for what Plaintiff will undoubtedly claim to be many thousands of dollars in fees and costs. Application at 19–20. Plaintiff's request to be reimbursed for the fees and costs of Ms. Herridge's deposition is especially notable, *see id.*, because Plaintiff *insisted* that Ms. Herridge *must* be deposed and held in contempt in order for her to have any route to an appeal to protect her First Amendment rights. Plaintiff argued at every turn to block Ms. Herridge from reaching the court of appeals by any other route. After *demanding* that Ms. Herridge must sit for a futile deposition in which Plaintiff knew in advance Ms. Herridge would not identify her confidential sources, Plaintiff now wants to punish Ms. Herridge by forcing her to pay tens of thousands of dollars for following the court-mandated procedure for obtaining appellate review of her First Amendment rights. When such radical sanctions are placed at issue, Ms. Herridge must have adequate time to respond, in particular to address (among other issues) the constitutional concerns that would be raised by a ruling that Ms. Herridge must pay thousands of dollars in fines as a condition for presenting her First Amendment arguments to the court of appeals.[2]

An extension is further justified by the fact that the Plaintiff's Application has been filed under seal. *See* ECF No. 159. Pursuant to the Protective Order in this case, Ms. Herridge's counsel are prohibited from sharing the Application with her and will not be permitted to do so until

[2] To the best of Ms. Herridge's knowledge, courts in this district have uniformly rejected attempts to include such fees and costs in contempt orders involving journalists. *Compare* Motion for Order to Show Cause, ECF Nos. 126, 155, *Lee v. Dep't of Just.*, 1:99-cv-03380-RMC (D.D.C.) (seeking "fees and costs . . . incurred to date in attempting to secure the journalists' compliance"), *with* Orders, ECF Nos. 146, 178, *Lee*, 1:99-cv-03380-RMC (D.D.C.) (declining to award fees and costs); *compare also* Motions to Hold Journalists in Contempt, ECF Nos. 204–05, *Hatfill v. Ashcroft*, 1:03-cv-01793-RBW (D.D.C. Oct. 2, 2007) (seeking "fees and costs" associated with pre-contempt depositions), *with* Order, ECF No. 224, *Hatfill v. Ashcroft*, 1:03-cv-01793-RBW (D.D.C. Mar. 7, 2008) (not awarding fees or costs).

Plaintiff files a public version. *See* Protective Order, ECF No. 27 at 7–8. Under the terms of the Protective Order, the public version can take up to six days to produce. *Id.* at 5. Requiring Ms. Herridge to respond to an Application seeking to sanction and hold her in contempt while she is unable even to view that document raises serious due process concerns in itself.

In light of these considerations, there is good cause for a short, 16-day extension of Ms. Herridge's deadline to submit her opposition. *See* Fed. R. Civ. P. 6(b). Ms. Herridge respectfully requests that the Court grant her a total of 30 days, until November 29, 2023, to file her opposition to Plaintiff's Application for an Order to Show Cause.

**CONCLUSION**

Ms. Herridge respectfully requests that the Court grant her motion to extend briefing deadlines and her motion to expedite briefing on this motion.

October 31, 2023

Respectfully submitted,

/s/ *Patrick F. Philbin*
Patrick F. Philbin (D.C. Bar No. 453620)
Kyle West (D.C. Bar No. 24093346)
Chase Harrington (D.C. Bar No. 1619501)
ELLIS GEORGE CIPOLLONE
O'BRIEN LLP
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6633
pphilbin@egcfirm.com