**PUBLIC VERSION**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| YANPING CHEN,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>U.S. DEPARTMENT OF JUSTICE,<br>U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 1:18-cv-03074-CRC**<br><br>**Hon. Christopher R. Cooper**<br>**United States District Judge** |

**NON-PARTY CATHERINE V. HERRIDGE'S MOTION TO UNSEAL DOCUMENTS**

Non-party Catherine V. Herridge respectfully moves for an order unsealing two documents currently filed under seal in this case: (1) a [redacted][1] and (2) a [redacted][2] (collectively the "DoD Decisions"). These documents memorialize the decision of the Department of Defense ("DoD") to terminate the University of Management and Technology ("UMT") from participation in the Department's Tuition Assistance Program "on national security grounds" and detail DoD's findings underlying that decision.

[1] Ex. A to Mem. in Support of Catherine V. Herridge's Motion to Quash, ECF No. 94-2.

[2] Ex. K to Mem. in Support of Catherine V. Herridge's Motion to Quash, ECF No. 94-12.

**PUBLIC VERSION**

As more fully set forth in the accompanying memorandum of law, all six factors that the D.C. Circuit has established for deciding motions to unseal counsel in favor of unsealing these documents. *See United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980). In short, the *Hubbard* factors require unsealing the documents because there is a strong public need for access to the DoD Decisions and no countervailing interest for Plaintiff to keep them sealed. As Ms. Herridge has argued, the DoD Decisions substantially undermine Plaintiff's Privacy Act case and the weaknesses in her case must be considered before Ms. Herridge's First Amendment right to protect her confidential source(s) can be overcome. The public cannot fully understand and evaluate those arguments—or understand the Court's decisions with respect to those arguments—as long as the decision documents remain hidden. In addition, the need for public access is heightened because the First Amendment issues at stake in this case bear on protections designed to promote the role of a free press in keeping the public informed. On the other side of the balance, Plaintiff has no legitimate interest in hiding the unclassified DoD Decisions. The *only* reason these documents remain shielded from public view is that they were designated under the Protective Order in this case. They are final agency decision documents terminating a public contract, and it is settled law that a party's interest in avoiding embarrassment, reputational harm, or adverse publicity from disclosure of a document filed with the Court is not a legitimate basis for keeping it secret.

Consistent with Local Rule 7(m), counsel for Ms. Herridge has conferred with counsel for Plaintiff and counsel for Defendants. Plaintiff has indicated that she will **oppose** this motion and will likely conditionally cross-move to unseal additional documents. The Defendants have indicated that they will take **no position** on Ms. Herridge's motion.

**PUBLIC VERSION**

November 27, 2023

Respectfully submitted,

/s/ *Patrick F. Philbin*
Patrick F. Philbin (D.C. Bar No. 453620)
Kyle West (D.C. Bar No. 24093346)
Chase Harrington (D.C. Bar No. 1619501)
ELLIS GEORGE CIPOLLONE
O'BRIEN LLP
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6633
pphilbin@egcfirm.com