**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YANPING CHEN, <br><br>      Plaintiff, <br><br>v. <br><br>FEDERAL BUREAU OF INVESTIGATION, <br>U.S. DEPARTMENT OF JUSTICE, <br>U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF HOMELAND SECURITY, <br><br>      Defendants. | **Case No. 1:18-cv-03074-CRC** <br><br> **Hon. Christopher R. Cooper** <br> **United States District Judge** |

## NON-PARTY CATHERINE V. HERRIDGE'S MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL DOCUMENTS

Patrick F. Philbin (D.C. Bar No. 453620)
Kyle T. West (D.C. Bar No. 24093346)
Chase Harrington (D.C. Bar No. 1619501)
ELLIS GEORGE CIPOLLONE
O'BRIEN LLP
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6633
pphilbin@egcfirm.com

*Counsel for Catherine V. Herridge*

November 27, 2023

**PUBLIC VERSION**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

BACKGROUND ...................................................................................................................3

ARGUMENT ...................................................................................................................5

I.      There Is a Strong Need for Public Access to the DoD Decisions........................................6

II.     The Public Availability Prong Weighs in Favor of Disclosure Because the Fundamental Conclusion from the DoD Decisions Is Already Public. ...............................7

III.    Plaintiff Does Not Have a Legally Recognized Interest in Keeping the DoD Decisions Sealed Nor Would Unsealing Cause Her Cognizable Prejudice.........................8

IV.    The DoD Decisions Were Introduced into the Record with the Intent that the Court Rely Upon Them to Resolve a Public Dispute, Which Favors Disclosure..............10

CONCLUSION...................................................................................................................11

**PUBLIC VERSION**

## **TABLE OF AUTHORITIES**

**Page (s)**

**CASES**

*Am. Pro. Agency, Inc. v. NASW Assurance Servs., Inc.*,
    121 F. Supp. 3d 21 (D.D.C. 2013) ..........................................................................................8

*Berliner Corcoran & Rowe LLP v. Orian*,
    662 F. Supp. 2d 130 (D.D.C. 2009) ......................................................................................10

*Chen v. FBI*,
    No. 23-5198 (D.C. Cir. Sept. 11, 2023) ...................................................................................7

*Doe v. Pub. Citizen*,
    749 F.3d 246 (4th Cir. 2014) ...................................................................................................9

*U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*,
    818 F. Supp. 2d 64 (D.D.C. 2011) ..........................................................................................6

*EEOC v. Nat'l Children's Ctr., Inc.*,
    98 F.3d 1406 (D.C. Cir. 1996) ................................................................................................6

*Friedman v. Sebelius*,
    672 F. Supp. 2d 54 (D.D.C. 2009) ..........................................................................................8

*Gilliard v. McWilliams*,
    No. 16-cv-2007 (RC), 2019 WL 3304707 (D.D.C. July 23, 2019) ......................................8, 9

*U.S. ex rel. Grover v. Related Cos.*,
    4 F. Supp. 3d 21 (D.D.C. 2013) ..............................................................................................9

*ICC Evaluation Serv., LLC v. Int'l Ass'n of Plumbing and Mech. Offs., Inc.*,
    No. 1:16-cv-00054-EGS-ZMF, 2022 WL 2785985 (D.D.C. July 15, 2022) ...........................9

*In re McCormick & Co., Inc.*,
    No. MC 15-1825 (ESH), 2017 WL 2560911 (D.D.C. June 13, 2017) .................................2, 9

*Metlife, Inc. v. Fin. Stability Oversight Council*,
    865 F.3d 661 (D.C. Cir. 2017) ....................................................................................1, 5, 6, 11

*Union Oil Co. of Cal. v. Leavell*,
    220 F.3d 562 (7th Cir. 2000) ...................................................................................................9

*United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*,
    520 F. Supp. 3d 71 (D.D.C. 2020) ................................................................................. passim

**PUBLIC VERSION**

**TABLE OF AUTHORITIES**
(cont'd)

**Page (s)**

*United States v. Hubbard*,
　650 F.2d 293 (D.C. Cir. 1980) ....................................................................................... *passim*

*Vanda Pharms., Inc. v. FDA*,
　539 F. Supp. 3d 44 (D.D.C. 2021) ......................................................................................6, 10

*Zapp v. Zhenli Ye Gon*,
　746 F. Supp. 2d 145 (D.D.C. 2010) ..........................................................................................8

**RULES**

D.C. Cir. R. 47.1 ................................................................................................................................5

**PUBLIC VERSION**

**INTRODUCTION**

Non-party Catherine V. Herridge respectfully requests that the Court unseal two documents currently filed under seal in this case: (1) a ███████████████████████████████ ███████████████████████████████████████████████ (attached as Ex. A),[1] and (2) ███████████████████████████████████████████████████ ██████[2] (attached as Ex. B) (collectively the "DoD Decisions"). These documents memorialize the decision of the Department of Defense ("DoD") to terminate the University of Management and Technology ("UMT") from participation in the Department's Tuition Assistance Program "on national security grounds" and detail DoD's findings underlying that decision. The DoD Decisions are essential for public understanding of the vitally important First Amendment issues presented in this case and, in particular, for public understanding of the issues presented by Ms. Herridge's arguments under the balancing test applied to evaluate the First Amendment reporter's privilege. They are also relevant to forthcoming briefing on Plaintiff's motion seeking an order holding Ms. Herridge in contempt for taking the only course available to her to secure appellate review of her First Amendment rights.

Governing law requires that the DoD Decisions be unsealed rather than being kept hidden from public view. It is well settled that there is a "strong presumption in favor of public access to judicial proceedings"—and that includes all documents the parties have relied upon in their arguments and filed with the Court. *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017). The D.C. Circuit has established six factors—known as the *Hubbard*

---

[1] Ex. A to Mem. in Support of Catherine V. Herridge's Motion to Quash, ECF No. 94-2.

[2] Ex. K to Mem. in Support of Catherine V. Herridge's Motion to Quash, ECF No. 94-12.

1

**PUBLIC VERSION**

factors—for courts to consider in determining whether the presumption of public access can be overcome in a particular case. *See United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980). Here, as explained below, those factors overwhelmingly favor unsealing. There is a strong need for public access to the DoD Decisions for the public to understand Ms. Herridge's arguments under the First Amendment. Ms. Herridge has argued that the DoD Decisions substantially undermine Plaintiff's Privacy Act case and that the weaknesses in her case must be considered before Ms. Herridge's First Amendment right to protect her confidential source(s) can be overcome. The public cannot fully understand and evaluate those arguments—or understand the Court's decisions with respect to those arguments—as long as the decision documents remain hidden. In addition, the need for public access is heightened because the First Amendment issues at stake in this case bear on protections designed to promote the role of a free press in keeping the public informed. As a result, the First Amendment rulings here particularly affect the public interest.

On the other side of the balance, Plaintiff has no legitimate interest in hiding the DoD Decisions behind a cloak of secrecy. There is nothing classified about the documents. To the contrary, the *only* reason they remain shielded from public view is that they were designated under the Protective Order in this case. They are final agency decision documents terminating a public contract, and it is settled law that a party's interest in avoiding embarrassment, reputational harm, or adverse publicity from disclosure of a document filed with the Court is not a legitimate basis for keeping it secret. *See, e.g.*, *In re McCormick & Co., Inc.*, No. MC 15-1825 (ESH), 2017 WL 2560911, at *2 (D.D.C. June 13, 2017). The motion to unseal should be granted.

**PUBLIC VERSION**

## BACKGROUND

On June 16, 2022, Plaintiff served Ms. Herridge with subpoenas for documents and a deposition seeking to discover the confidential source(s) for a series of stories on which Ms. Herridge had been the lead reporter in 2017.  In seeking to quash the subpoenas, Ms. Herridge argued that the Court should engage in a broad balancing of factors to determine whether Plaintiff could overcome the First Amendment privilege that generally protects reporters from forced disclosure of confidential sources.  *See generally* Mem. in Support of Catherine V. Herridge's Motion to Quash, ECF No. 94-1.  In particular, Ms. Herridge argued that the Court should take into account weaknesses in Plaintiff's Privacy Act claims, including the fact that any injury she claimed from the loss of funding from the Tuition Assistance Program was caused by an independent decision by the DoD based on detailed national security findings set out in the ▇▇▇.  *See id.* at 27–29.  Ms. Herridge cited the detailed findings from the ▇▇▇ in her opening and reply briefs and attached the DoD Decisions to her motion.  *See id.* at 1, 3, 11–12, 27–29, 35, 37; Reply in Supp. of Catherine V. Herridge's Mot. to Quash, ECF No. 127, at 2, 3, 13.  To date, the DoD Decisions have been kept under seal and hidden from public view pursuant to the Protective Order because Plaintiff or the Government designated the DoD Decisions as Protected Material.

On August 1, 2023, the Court ordered Ms. Herridge to sit for a deposition and to disclose her confidential source[s].  Memorandum Opinion and Order, ECF No. 140.  Ms. Herridge was deposed on September 26, 2023, and respectfully declined to disclose her source(s), citing the First Amendment reporter's privilege and noting that, under the Court's rulings, the only way for her to secure appellate review of her First Amendment rights was by declining to answer the questions.  Plaintiff subsequently filed a motion seeking to have Ms. Herridge held in contempt, ECF No. 164,

3

**PUBLIC VERSION**

and the Court entered an Order to Show Cause requiring Ms. Herridge to show cause why she should not be held in contempt by December 14, 2023, *see* ECF No. 162.

Ms. Herridge anticipates that in her response to the Order to Show Cause she will once again cite, attach, and rely on the DoD Decisions. The details in the DoD Decisions are relevant to the equities the Court must consider in deciding on any contempt order and an appropriate sanction should it decide to enter a contempt order. They are also vitally important for public understanding of the competing interests at stake if the Court should enter an order finding Ms. Herridge in contempt in order to coerce compliance with the prior order overriding First Amendment protections and requiring Ms. Herridge to disclose her confidential source(s).

On November 14, 2023, consistent with the requirements of Paragraph 13 of the governing Protective Order, ECF No. 27, Ms. Herridge provided Plaintiff and the Government with a written objection to the continued sealing and continued designation of the DoD Decisions as "Protected Material" under the Protective Order. *See* Letter from Patrick F. Philbin to Andew C. Philips and Carol Federighi (attached as Ex. C). Ms. Herridge explained that, although the provisions of Paragraph 13 related to objections to the designation of material in the discovery process did not seem to apply to a request to unseal materials already filed with the Court, she was providing a written objection to begin the meet and confer process. The parties then held a conference call to meet and confer on November 17, 2023. Counsel for Plaintiff and counsel for the Government agreed that the appropriate procedure to unseal the documents would be the filing of a motion. Plaintiff has indicated that she will oppose this motion and will likely conditionally cross-move to unseal additional documents. The Government has indicated that it will take no position on Ms. Herridge's motion.

4

**PUBLIC VERSION**

In addition, on November 17, the D.C. Circuit entered an order on the docket in the case in which Ms. Herridge had attempted to appeal from this Court's August 1, 2023 Order requiring her to disclose her confidential source(s). The order in the D.C. Circuit requires the parties, pursuant to D.C. Circuit Rule 47.1(f)(1),[3] to show cause why the materials filed under seal with the D.C. Circuit in connection with that appeal should not be unsealed. Those materials include the ▋▋▋▋, this Court's August 1 Order, parts of which were issued under seal, and portions of Ms. Herridge's memorandum in support of her motion for a stay in the court of appeals. Accordingly, the issue of unsealing the ▋▋▋▋ has also been raised in the court of appeals.

## ARGUMENT

It is well settled that there is a "strong presumption in favor of public access to judicial proceedings," and accordingly that there must a be a strong justification for keeping materials filed in a judicial proceeding under seal. *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017). As the D.C. Circuit has explained, "[t]he right of public access is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch." *Id.* at 663. Accordingly, the court of appeals has established six factors, known as the *Hubbard* factors, to be considered in determining whether the presumption in favor of public access may be overcome and whether information that is part of a judicial record may permissibly remain sealed. The factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

---

[3] Under Rule 47.1(f)(1), the parties to an appeal involving sealed materials are generally required to show cause why the records should remain sealed after the issuance of the court's mandate.

5

**PUBLIC VERSION**

*EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980)); *see also United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 520 F. Supp. 3d 71, 78–79 (D.D.C. 2020). Here, the factors make clear that the presumption in favor of public access should prevail, and the DoD Decisions should be unsealed.

**I.    There Is a Strong Need for Public Access to the DoD Decisions.**

As a threshold matter, the presumption of public access to court proceedings weighs in favor of finding a public need for court documents under the first *Hubbard* factor. *U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011). "[I]t is not the party seeking unsealing's burden to proffer a need for public access; the burden is instead the respondent's to demonstrate the *absence* of a need for public access." *Vanda Pharms., Inc. v. FDA*, 539 F. Supp. 3d 44, 52 (D.D.C. 2021) (citations and alterations omitted); *see also, e.g.*, *All Assets*, 520 F. Supp. 3d at 82 ("[B]ecause the law presumes that the public is entitled to access to the contents of judicial proceedings, it is the party arguing against disclosure that has the burden to demonstrate the *absence* of a need for public access." (emphasis in original) (quotation marks and citation omitted)). Where, as here, the documents at issue have been included in court filings with the intent of influencing the court's decision, the need for public access is reinforced. *See, e.g.*, *MetLife, Inc.*, 865 F.3d at 667–68.

The DoD Decisions are important for public understanding of Ms. Herridge's First Amendment privilege arguments. As Ms. Herridge has argued in a number of filings,[4] DoD's

---

[4] *See* Mem. in Supp. of Catherine V. Herridge's Mot. to Quash, ECF No. 94-1, at 1, 3, 11, 12, 27–29, 35; Reply in Supp. of Catherine V. Herridge's Mot. to Quash, ECF No. 127, at 2, 3, 13.

decision to terminate UMT from the Tuition Assistance Program breaks the causal chain between any alleged Privacy Act violation and Plaintiff's alleged injury. Ms. Herridge contends that, under a proper understanding of the applicable balancing test, the limited to nonexistent value of Plaintiff's case must be weighed against Ms. Herridge's First Amendment rights before those rights are overridden. Understanding the bases for DoD's independent decision and the detailed findings supporting that decision are essential for public understanding of the issues presented in this important First Amendment dispute. Because of their importance to her privilege arguments, Ms. Herridge has submitted the DoD Decisions in filings before both the district court and the court of appeals.[5] Access to the documents would enhance public understanding of the First Amendment issues at stake in the case and the significant public interest in preserving protections for a free press. Indeed, because the case involves protections designed to assist the press in fulfilling its role to inform the people, the case involves a significant public interest that enhances the need for public access to the documents filed with the Court. *See, e.g.*, *All Assets*, 520 F. Supp. 3d at 82 (where documents bear on "a matter of some significant public concern," that weighs in favor of public access under *Hubbard*).

## II. The Public Availability Prong Weighs in Favor of Disclosure Because the Fundamental Conclusion from the DoD Decisions Is Already Public.

Under the second *Hubbard* factor, although the DoD Decisions themselves are not publicly available, DoD's basic decision to terminate UMT "on national security grounds" was publicly

---

[5] *See, e.g.*, Exs. A & K, Mem. in Supp. of Catherine V. Herridge's Mot. to Quash; Ex. 6, Non-Party Catherine V. Herridge's Opposed Emergency Motion for Stay Pending Appeal, *Chen v. FBI*, No. 23-5198 (D.C. Cir. Sept. 11, 2023).

7

PUBLIC VERSION

reported as far back as April 2018.[6]  It has also been referenced in unsealed filings.  *See, e.g.*, Mem. in Supp. of Catherine V. Herridge's Mot. to Quash, ECF 96-1, at 1, 3, 11, 12, 27–29, 35.  As a result, the second *Hubbard* factor counsels in favor of unsealing the documents because they explain a publicly announced government decision.  *See, e.g.*, *All Assets*, 520 F. Supp. 3d at 83 (second *Hubbard* factor favors disclosure where "a considerable amount of the information" is already in the public domain).  Even if this factor did not weigh in favor of unsealing, the lack of prior public access to the full documents would, at worst, make the second *Hubbard* factor a "neutral" consideration.  *Am. Pro. Agency, Inc. v. NASW Assurance Servs., Inc.*, 121 F. Supp. 3d 21, 24 (D.D.C. 2013) ("[T]he second *Hubbard* factor is 'neutral' where there has been no previous access.").

### III. Plaintiff Does Not Have a Legally Recognized Interest in Keeping the DoD Decisions Sealed Nor Would Unsealing Cause Her Cognizable Prejudice.

The third through fifth *Hubbard* factors[7] also favor unsealing.  Under these factors, the possible "prejudice" the Court may consider "refers to 'whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal.'"  *All Assets*, 520 F. Supp. 3d at 85.  This requires a showing of "legal prejudice."  *Id.*; *see also, e.g.*, *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 150 (D.D.C. 2010); *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009) (ruling against sealing where "[t]he plaintiffs have not claimed that unsealing this matter would affect them in any future litigation; rather, they refer only to generalized reputational harm").

---

[6] Natalie Gross, *DoD bans popular TA school from accepting the benefit*, Military Times (Apr. 6, 2018), https://www.militarytimes.com/news/education/2018/04/06/dod-bans-popular-ta-school-from-accepting-the-benefit/.

[7] Factors three, four, and five are interrelated and frequently analyzed together.  *See, e.g.*, *Gilliard v. McWilliams*, No. 16-cv-2007 (RC), 2019 WL 3304707, at *4 (D.D.C. July 23, 2019).

"Simply showing that the information would harm [one's] reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." *In re McCormick & Co., Inc.*, No. MC 15-1825 (ESH), 2017 WL 2560911, at *2 (D.D.C. June 13, 2017); *see also, e.g.*, *ICC Evaluation Serv., LLC v. Int'l Ass'n of Plumbing and Mech. Offs., Inc.*, No. 1:16-cv-00054-EGS-ZMF, 2022 WL 2785985, at *5 (D.D.C. July 15, 2022) ("Even if Defendants' conclusory statement implied a generalized reputational or financial harm from loss of business, this would still be insufficient."); *Gilliard*, 2019 WL 3304707, at *4 ("Reputational harm alone is insufficient."). And that is particularly the case where it is the plaintiff who initiated a lawsuit who seeks to keep matters secret to avoid reputational harm. "Harm to reputation and career as a result of filing a lawsuit is not the sort of property or privacy interest that courts have found compelling . . . ." *U.S. ex rel. Grover v. Related Cos.*, 4 F. Supp. 3d 21, 27 (D.D.C. 2013). Invoking the authority of the federal courts by initiating a lawsuit means, by definition, invoking a public process. "When parties 'call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.'" *Doe v. Pub. Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) (quoting *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000)).

Here, Plaintiff cannot point to any relevant cognizable legal prejudice from unsealing the DoD Decisions. Instead, Plaintiff's purpose for keeping the documents out of public view appears to be a concern for reputational harm, which is legally insufficient. *In re McCormick & Co., Inc.*, 2017 WL 2560911, at *2.

Plaintiff also lacks any cognizable privacy or property interest in the DoD Decisions, as is required by the fourth *Hubbard* factor. Cognizable interests would include material protected by a privilege (such as attorney-client privilege), tax return information, and "information about an

individual's sex life, or other intimate details." *All Assets*, 520 F. Supp. 3d at 83. The DoD Decisions do not implicate any such information. To the contrary, they are government documents concerning termination of a public contract on national security grounds—a decision that was publicly announced. Ms. Herridge is not aware of any law or regulation requiring that such final agency decision documents be kept confidential. They are not privileged nor are they deliberative. They reflect a final agency decision and decision on appeal. They do not contain confidential commercial or trade-secret information, nor do they contain private medical, tax, or similar personal information or information about intimate details of Plaintiff's private life. They are not personnel files. A government document explaining the grounds for terminating a public contract does not become confidential simply because it might be embarrassing to the person or entity whose contract was terminated—a reality highlighted by the fact that the Government does not oppose this motion to unseal.

## IV. The DoD Decisions Were Introduced into the Record with the Intent that the Court Rely Upon Them to Resolve a Public Dispute, Which Favors Disclosure.

Finally, the sixth *Hubbard* factor—the purposes for which the parties are using the DoD Decisions—also favors disclosure. "The sixth . . . factor favors disclosure where 'the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute.'" *Vanda Pharms.*, 539 F. Supp. 3d at 57 (quoting *Berliner Corcoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 135 (D.D.C. 2009)). As discussed above, the DoD Decisions are important for Ms. Herridge's arguments concerning the proper scope of the balancing test that should be used in evaluating the First Amendment reporter's privilege. Ms. Herridge has repeatedly cited the documents with the intent that "the Court [] rely on [] the materials in adjudicating the[] dispute." *Id.* As Ms. Herridge has explained, the DoD Decisions undermine Plaintiff's Privacy Act claim

by breaking any chain of causation leading to Plaintiff's alleged injury. That is a relevant factor to weigh in the balance before the First Amendment reporter's privilege is breached and Ms. Herridge is required to disclose her confidential source(s). It does not matter if the Court did not cite the DoD Decisions in its decision on Ms. Herridge's Motion to Quash. As the D.C. Circuit has explained, "[a] brief (or part of a brief) can affect a court's decisionmaking process even if the court's opinion never quotes or cites it." *Metlife, Inc.*, 865 F.3d at 667. In addition, it is equally relevant for the public to understand if documents filed by the parties did *not* influence the Court's decision. The fundamental point is that the public cannot assess what a court found persuasive or not unless *all* of the materials the parties submitted to the court are open for public scrutiny. *See id.* at 668 ("Without access to the sealed materials, it is impossible to know which parts of those materials persuaded the court and which failed to do so (and why).").

Ms. Herridge also intends to rely on the DoD Decisions in upcoming briefing concerning the motion for contempt sanctions filed by Plaintiff. At a minimum, if the Court concludes that contempt sanctions are warranted, DoD's findings will be relevant considerations for the Court in weighing the equities to determine what sanctions are appropriate. And they are vitally important for public understanding of the competing interests at stake if the Court should enter an order finding Ms. Herridge in contempt in order to coerce compliance with the prior order overriding First Amendment protections and requiring Ms. Herridge to disclose her confidential source(s).

## CONCLUSION

Ms. Herridge respectfully requests that the Court grant her motion to unseal the DoD Decisions.

**PUBLIC VERSION**

November 27, 2023 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　/s/ *Patrick F. Philbin*
　　　　　　　　　　　　　　　　　Patrick F. Philbin (D.C. Bar No. 453620)
　　　　　　　　　　　　　　　　　Kyle West (D.C. Bar No. 24093346)
　　　　　　　　　　　　　　　　　Chase Harrington (D.C. Bar No. 1619501)
　　　　　　　　　　　　　　　　　ELLIS GEORGE CIPOLLONE
　　　　　　　　　　　　　　　　　O'BRIEN LLP
　　　　　　　　　　　　　　　　　1155 F Street, N.W.
　　　　　　　　　　　　　　　　　Suite 750
　　　　　　　　　　　　　　　　　Washington, DC 20004
　　　　　　　　　　　　　　　　　(202) 249-6633
　　　　　　　　　　　　　　　　　pphilbin@egcfirm.com