PUBLIC VERSION

# EXHIBIT C

# ELLIS GEORGE CIPOLLONE

Ellis George Cipollone O'Brien LLP
1155 F Street, NW, Suite 750
Washington, DC 20004

Patrick F. Philbin
202.249.6633
pphilbin@egcfirm.com

November 14, 2023

**SUBJECT TO PROTECTIVE ORDER**

BY ELECTRONIC MAIL

Andrew C. Phillips
Meier Watkins Phillips Pusch LLP
1629 K Street NW, Suite 300
Washington, DC 20006

Carol Federighi
Garrett Coyle
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

**RE:** **Motion to Unseal Documents Designated Subject to Protective Order in *Chen v. FBI*, No. 1:18-cv-03074**

Dear Counsel:

    I write on behalf of non-party Catherine Herridge because we plan to file a motion to unseal certain documents that have, to date, been filed under seal based on their designation as Protected Material under Paragraph 13 of the Protective Order. The process set out in Paragraph 24 of the Protective Order for objecting to designations during the discovery process does not appear, by its terms, to apply to such a motion to unseal materials filed with the Court. And courts recognize that, even if material may be subject to a protective order during discovery, different considerations apply after material has been filed with a court and become part of a judicial record. *See, e.g.*, *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982); *United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 78 (D.D.C. 2020). Nevertheless, in an effort to reduce burdens on the Court and in the hope that we may reach a resolution without motions practice, we are beginning the meet and confer process by providing written notice of the basis on which we would seek unsealing consistent with the process outlined in Paragraph 24 of the Protective Order.

    The two documents we seek to unseal are: (1) a [1] and (2) a [2] (collectively "DoD Decisions"). These documents memorialize the decision of the Department of Defense to terminate the University of Management and Technology ("UMT") from participation in the Tuition Assistance Program "on national security grounds" and detail DoD's findings underlying

---

[1] Ex. A to Mem. in Support of Catherine V. Herridge's Motion to Quash, ECF No. 94-2.
[2] Ex. K to Mem. in Support of Catherine V. Herridge's Motion to Quash, ECF No. 94-12.

ELLIS GEORGE CIPOLLONE

November 14, 2023
Andrew C. Phillips & Carol Federighi
RE: Motion to Unseal Documents
Page 2

that decision.  The DoD Decisions are important for public understanding of the full ramifications of the First Amendment issues in this case and, in particular, Ms. Herridge's arguments under the balancing test applied to evaluate the First Amendment reporter's privilege.  As a result, D.C. Circuit precedent is clear that they cannot remain under seal.

The D.C. Circuit has established six factors, known as the *Hubbard* factors, to be considered in determining whether information that is part of a judicial record may permissibly remain sealed.  The factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980)); *see also All Assets*, 520 F. Supp. 3d at 78.  The *Hubbard* factors are used to determine whether competing interests may overcome the "strong presumption in favor of public access to judicial proceedings."  *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017).  Here, the factors make clear that the presumption in favor of public access should prevail.

***Need for Public Access.***  Under the first *Hubbard* factor, there is a strong need for public access to the DoD Decisions for several reasons.  To start, the presumption of public access to court proceedings favors unsealing.  *U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011).  "[I]t is not the party seeking unsealing's burden to proffer a need for public access; the burden is instead the respondent's to demonstrate the *absence* of a need for public access."  *Vanda Pharms., Inc. v. FDA*, 539 F. Supp. 3d 44, 52 (D.D.C. 2021) (citations and alterations omitted).  Where, as here, the documents at issue have been included in court filings with the intent of influencing the court's decision, the need for public access is reinforced.  *See, e.g.*, *MetLife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 667-68 (D.C. Cir. 2017).

Here, the DoD Decisions are important for public understanding of Ms. Herridge's First Amendment privilege arguments.  As Ms. Herridge has argued in a number of filings,[3] DoD's

---

[3] *See* Mem. in Supp. of Catherine V. Herridge's Mot. to Quash, ECF No. 94-1, at 1, 3, 11, 12, 27–29, 35; Reply in Supp. of Catherine V. Herridge's Mot. to Quash, ECF No. 127, at 2, 3, 13.

November 14, 2023
Andrew C. Phillips & Carol Federighi
RE: Motion to Unseal Documents
Page 3

decision to terminate UMT from the Tuition Assistance Program breaks the causal chain between any alleged Privacy Act violation and Plaintiff's alleged injury. Under a proper understanding of the applicable balancing test, that fact greatly attenuates any need for overriding the First Amendment reporter's privilege. Understanding the bases for DoD's independent decision and the detailed findings supporting that decision are important for public understanding of the issues presented in this important First Amendment dispute. Because of their importance to her privilege arguments, Ms. Herridge has submitted the DoD Decisions in filings before both the district court and the court of appeals.[4] Access to the documents would enhance public understanding of the First Amendment arguments in the case—a case that raises issues of significant public interest related to preserving protections for a free press.

*Prior Availability of the Documents.* Although the DoD Decisions themselves are not publicly available, DoD's basic conclusion to terminate UMT "on national security grounds" was publicly reported as far back as April 2018,[5] and has also been referenced in unsealed filings, *see, e.g.*, Mem. in Supp. of Catherine V. Herridge's Mot. to Quash, ECF No. 9 at 1, 3, 11, 12, 27–29, 35, ECF No. 96-1. As a result, the second *Hubbard* factor counsels in favor of unsealing the documents because they explain a publicly announced government decision. Even if this factor did not weigh in favor of unsealing, the lack of prior public access would, at worst, make the second *Hubbard* factor a "neutral" consideration. *Am. Pro. Agency, Inc. v. NASW Assurance Servs., Inc.*, 121 F. Supp. 3d 21, 24 (D.D.C. 2013) ("The second *Hubbard* factor is 'neutral' where there has been no previous access.").

*The Parties' Interests in Keeping the Documents Sealed.* Under the third through fifth factors,[6] we do not believe there is any legitimate interest that supports keeping these documents under seal. In particular, the possible "prejudice" relevant to the fifth factor "refers to 'whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal.'" *All Assets*, 520 F. Supp. 3d at 85. This requires a showing of "legal prejudice." *Id.*; *see also, e.g.*, *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 150 (D.D.C. 2010). Plaintiff cannot point to any such

---

[4] *See, e.g.*, Exs. A & K, Mem. in Supp. of Catherine V. Herridge's Mot. to Quash; Ex. 6, Non-Party Catherine V. Herridge's Opposed Emergency Motion for Stay Pending Appeal, *Chen v. FBI*, No. 23-5198 (D.C. Cir. Sept. 11, 2023).

[5] Natalie Gross, *DoD bans popular TA school from accepting the benefit*, Military Times (Apr. 6, 2018), https://www.militarytimes.com/news/education/2018/04/06/dod-bans-popular-ta-school-from-accepting-the-benefit/.

[6] Factors three, four, and five are interrelated and frequently analyzed together. *See, e.g.*, *Gilliard v. McWilliams*, No. 16-cv-2007 (RC), 2019 WL 3304707, at *4 (D.D.C. July 23, 2019).

November 14, 2023
Andrew C. Phillips & Carol Federighi
RE: Motion to Unseal Documents
Page 4

prejudice here. Instead, Plaintiff's purpose for keeping the documents out of public view appears to be a concern for reputational harm. But courts have repeatedly held that reputational harm is not a basis to seal a document—especially where it is the plaintiff who initiated the lawsuit who is asking for secrecy. "Simply showing that the information would harm [one's] reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." *In re McCormick & Co., Inc.*, No. MC 15-1825 (ESH), 2017 WL 2560911, at *2 (D.D.C. June 13, 2017); *see also, e.g.*, *U.S. ex rel. Grover v. Related Cos.*, 4 F. Supp. 3d 21, 27 (D.D.C. 2013) ("Harm to reputation and career as a result of filing a lawsuit is not the sort of property or privacy interest that courts have found compelling . . . ."); *Gilliard*, 2019 WL 3304707, at *4 ("Reputational harm alone is insufficient."); *Doe v. Pub. Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) ("When parties 'call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.'" (quoting *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000))).

The DoD Decisions are government documents concerning termination of a public contract on national security grounds—a decision that was publicly announced. We are not aware of any law or regulation requiring that such final agency decision documents be kept confidential. They are not privileged nor are they deliberative. They reflect a final decision and decision on appeal. They do not contain confidential commercial or trade-secret information, nor do they contain private medical, tax, or similar personal information. They are not personnel files. A government document explaining the grounds for terminating a public contract does not become confidential simply because it might be embarrassing to the person or entity whose contract was terminated.

***Purposes for which the Documents Are Being Introduced.*** Finally, the sixth *Hubbard* factor—the purposes for which the parties are using the DoD Decisions—also favors disclosure. "The sixth . . . factor favors disclosure where 'the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute.'" *Vanda Pharms.*, 539 F. Supp. 3d at 57. As discussed above, the DoD Decisions are important for Ms. Herridge's arguments concerning the proper scope of the balancing test that should be used in evaluating the First Amendment reporter's privilege. Ms. Herridge has repeatedly cited the documents with the intent that "the Court rely on [] the materials in adjudicating the[] dispute." *Id.* She also intends to rely on them in upcoming briefing concerning the motion for contempt sanctions filed by Plaintiff. DoD's findings are relevant considerations for the Court in evaluating that motion.

For all these reasons, Ms. Herridge intends to file a motion to unseal the DoD Decisions and to secure a ruling that they should no longer be treated as "Protected Material" under the Protective Order. We ask to meet and confer via telephone conference as soon as practicable. I

ELLIS GEORGE CIPOLLONE

November 14, 2023
Andrew C. Phillips & Carol Federighi
RE: Motion to Unseal Documents
Page 5

will contact you by email to arrange a time for a telephone call. If no resolution is reached, Ms. Herridge intends to file a motion to unseal the documents.

                                          Sincerely,

                                          Patrick F. Philbin

PFP:KW