YANPING CHEN,

      *Plaintiff*,

  v.

FEDERAL BUREAU OF INVESTIGATION,
U.S. DEPARTMENT OF JUSTICE, U.S.
DEPARTMENT OF DEFENSE, U.S.
DEPARTMENT OF HOMELAND SECURITY,

      *Defendants*.

**Case No. 1:18-cv-3074-CRC**

**UNOPPOSED MOTION OF THE REPORTERS COMMITTEE FOR FREEDOM OF
THE PRESS TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF NON-PARTY
CATHERINE V. HERRIDGE'S RESPONSE TO THE ORDER TO SHOW CAUSE**

1

**INTRODUCTION**

Proposed amicus curiae, the Reporters Committee for Freedom of the Press ("Reporters Committee"), respectfully requests leave to file the attached brief and declaration of former reporter Toni Locy in support of Non-Party Catherine V. Herridge's Memorandum in Response to the Order to Show Cause. LCvR 7(o)(1); *see also* Fed. R. App. P. 29(a)(4).

Plaintiff does not oppose this Motion seeking leave to file the proposed amicus brief. Defendants and non-party Catherine Herridge consent.

In support of this Motion, the Reporters Committee states as follows.

1. The Reporters Committee is an unincorporated nonprofit association of reporters and editors founded by leading journalists and media lawyers in 1970. Today, its attorneys provide pro bono legal representation, amicus curiae support, and other legal resources to protect First Amendment freedoms and the newsgathering rights of journalists.

2. "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005). Here, the filing of the proposed amicus brief is "desirable" and "relevant" because proposed amicus can speak to the consequences of contempt sanctions for journalists and the press beyond the facts of this specific case—a perspective that is not represented among the parties. LCvR 7(o)(2).

3. The possibility that non-party Catherine Herridge could face a contempt citation and sanctions for refusing to disclose the identities of her confidential source(s) could have significant ramifications for journalists gathering and publishing the news. As the proposed brief will explain, holding a reporter in contempt and imposing heavy sanctions during the pendency

of a journalist's appeal of the denial of her assertion of the reporter's privilege could chill the free flow of information in two troubling ways.  First, the possibility of a contempt citation and sanctions, particularly in Privacy Act cases, could dissuade sources from coming forward with newsworthy information for fear that their identities will be revealed.  Second, journalists may feel an incentive to avoid covering stories that could generate a Privacy Act claim.

4.  The Reporters Committee has a powerful interest in ensuring that journalists can continue to credibly assure sources that their identities will remain confidential and is well-situated to address the possible ramifications of this case for newsgathering more broadly.  For instance, the Reporters Committee served as amicus curiae before the U.S. Court of Appeals for the District of Columbia Circuit in declarant Toni Locy's emergency appeal of her contempt citation and sanctions order.  *See, e.g.*, Brief of Amici Curiae Media Organizations in Support of Appellant, *Hatfill v. Mukasey*, No. 08-5049 (D.C. Cir. Mar. 28, 2008).  The Reporters Committee also has helped to coordinate the News Media Dialogue Group, which includes representatives of news organizations and senior members of the Department of Justice.  In this role, the Reporters Committee provides industry input on the Department's use of compulsory legal process for journalists' records or testimony.  *See New Justice Department Policy Marks 'Historic Shift' in Press Protection*, Reporters Comm. for Freedom of the Press (Oct. 26, 2022), https://www.rcfp.org/doj-news-media-guidelines-policy/.

5.  This Motion is filed in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter.  This Motion is filed the same day of the docketing of the redacted public version of non-party Herridge's response to the Court's Order to Show Cause and one before Plaintiff's reply to the Opposition is due on January 5, 2024.

Dated: January 4, 2024

Respectfully submitted,

*s/Bruce D. Brown*
Bruce D. Brown
(D.C. Bar No. 457317)
  *Counsel of Record for Amicus Curiae*
Katie Townsend
(D.C. Bar No. 1026115)
Gabe Rottman
(D.C. Bar No. 992728)
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Ste. 1020
Washington, D.C. 20005
Telephone: 202-795-9300
bruce.brown@rcfp.org

*Counsel for Amicus Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2024, I electronically filed the foregoing Unopposed Motion of the Reporters Committee for Freedom of the Press to File Amicus Curiae Brief in Support of Non-Party Catherine V. Herridge's Response to the Order to Show Cause with the Clerk of the U.S. District Court for the District of Columbia by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: January 4, 2024            Respectfully submitted,

           *s/Bruce D. Brown*_____
           Bruce D. Brown
           (D.C. Bar No. 457317)
           *Counsel of Record for Amicus Curiae*
           Katie Townsend
           (D.C. Bar No. 1026115)
           Gabe Rottman
           (D.C. Bar No. 992728)
           REPORTERS COMMITTEE FOR
            FREEDOM OF THE PRESS
           1156 15th St. NW, Ste. 1020
           Washington, D.C. 20005
           Telephone: 202-795-9300
           bruce.brown@rcfp.org

           *Counsel for Amicus Curiae*