# EXHIBIT 11

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Yanping Chen**,<br><br>                              Plaintiff,<br><br>v.<br><br>**Federal Bureau of Investigation,** **U.S. Department of Justice, U.S. Department of Defense,** and **U.S. Department of Homeland Security**,<br><br>                              Defendants. | No. 18-cv-3074<br><br>Hon. Christopher R. Cooper<br>United States District Judge |

**FEDERAL BUREAU OF INVESTIGATION'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendant Federal Bureau of Investigation responds to Plaintiff Yanping Chen's Second Set of Interrogatories Propounded to the Federal Bureau of Investigation as follows:

**Objections to Definitions**

1.     FBI objects to the definition of "FBI personnel" to the extent it includes counsel, as well as other legal staff assigned to process a collateral FOIA request submitted by Plaintiff's counsel, and thus the interrogatories purport to seek information protected against disclosure by the attorney-client privilege and the attorney work product doctrine. FBI will construe "FBI personnel" to exclude counsel, as well as other legal staff assigned to process a collateral FOIA request submitted by Plaintiff's counsel.

2.     FBI objects to the definition of "the Investigation" as vague, overbroad, and not proportional to the needs of the case to the extent it includes "any associated or

1

related investigations or actions." FBI will construe "the Investigation" to refer to the investigation described in the application for search warrant filed in Case No. 1:12-sw-01002 (E.D. Va.).

3. FBI objects to the definitions of "identify" and "identity" on the ground that they call for information protected against disclosure by the Privacy Act, *see* 5 U.S.C. § 552a, and the privacy interests and expectations of persons not party to this litigation.

## Objections to Instructions

1. FBI objects to instruction #1, which asserts that the relevant time period is from January 1, 2012, until December 31, 2018, on the ground that it is overbroad and not proportional to the needs of the case, as the complaint alleges that the last media report related to those purported disclosures was in June 2017. Unless otherwise specified in response to a particular interrogatory, FBI will construe the interrogatories to seek information about the period from January 1, 2012, until June 30, 2017.

2. FBI objects to instruction #4, which requests information about other persons who might have information responsive to the interrogatories, on the ground that it constitutes a discrete interrogatory under Rule 33(a)(1).

3. In response to instruction #6, FBI states that these interrogatory responses are based upon the relevant individuals' best recollections at this time and the documentary materials currently available to them. FBI will supplement its responses as required by Federal Rule of Civil Procedure 26(e) if additional materials become available.

**Objections and Responses to Interrogatories**

**Interrogatory No. 14:**   Identify all documents and tangible items that are or were in the FBI's possession, custody, or control — including but not limited to from any FBI electronic records management system, such as Sentinel, or from any of the FBI's physical file storage locations — retrievable through use of the Chen File # or through use of any personal identifier associated with Dr. Chen, including but not limited to the name "Yanping Chen" and any variation of that name (such as first name, last name, or common alternative spellings).

**Objections:** FBI objects to this interrogatory on the ground that it is overbroad and not proportional to the needs of the case because the sole Privacy Act claim asserted in the complaint alleges the improper disclosure of a discrete handful of records about Plaintiff to Fox News, yet this interrogatory seeks information about documents and tangible items not depicted in the three Fox News reports alleged in the complaint. FBI will construe the request to be limited to CHEN-DDC-00000011, CHEN-DDC-00000032, CHEN-DDC-00000045, CHEN-DDC-00000050, CHEN-DDC-00000051, CHEN-DDC-00000052, an FD-302 summary of an interview of Plaintiff dated January 31, 2012, and an FD-302 summary of an interview of Lele Wang dated May 8, 2012. FBI further objects to this request to the extent it seeks information protected against disclosure by the law enforcement privilege, the state secrets privilege, or other related privileges.

**Response:**   Subject to and without waiving these objections, FBI identifies an FD-302 summary of an interview of Plaintiff dated January 31, 2012, and an FD-302 summary of an interview of Lele Wang dated May 8, 2012.

In addition, FBI avers that versions of the photos shown in CHEN-DDC-

3

00000032, CHEN-DDC-00000045, CHEN-DDC-00000050, CHEN-DDC-00000051, and CHEN-DDC-00000052 were collected in either digital or paper format during the searches of Plaintiff's residence on December 5, 2012. The evidence collected during these searches was stored in an FBI evidence storage facility with labels containing the Chen File #.

**Interrogatory No. 15:** Describe all documents and tangible items related to Dr. Chen, the University, the Searches, and/or any matter involving or concerning the Investigation received by or otherwise in the possession, custody, or control of Stephen J. Rhoads, including but not limited to the file name(s) associated with the document or item; the dates and times when the document or item was provided to or retrieved by Mr. Rhoads; and the chain of custody of the document or item.

**Objections:** FBI objects to this interrogatory on the ground that it is overbroad and not proportional to the needs of the case because the sole Privacy Act claim asserted in the complaint alleges the improper disclosure of a discrete handful of records about Plaintiff to Fox News, yet this interrogatory seeks information about documents and tangible items not depicted in the three Fox News reports alleged in the complaint. FBI will construe the request to be limited to the specific documents depicted in the three Fox News reports alleged in the complaint. FBI further objects to this request on the ground that the phrase "chain of custody" is vague and ambiguous. FBI will construe the phrase "chain of custody" to mean the identity of the person(s) who provided the documents or items to Mr. Rhoads. FBI further objects to this request to the extent it seeks information protected against disclosure by the law enforcement privilege, the state secrets privilege, or other related privileges.

4

**Response:**  Subject to and without waiving these objections, FBI directs Plaintiff to DOD_00000243–44.

**Interrogatory No. 16:**   Identify each and every person, whether FBI personnel or otherwise, who received from the FBI or otherwise had possession, custody, or control of DHS_00000298 or any version or subpart thereof, including but not limited to the name and title of the individual; the dates and times when the document came into that individual's possession, custody, or control; and the format of the document.

**Objections:** FBI objects to this interrogatory on the ground that it is overbroad and not proportional to the needs of the case because the sole Privacy Act claim asserted in the complaint alleges the improper disclosure of a discrete handful of records about Plaintiff to Fox News, yet this interrogatory seeks information about versions and subparts of DHS_00000298 even if those versions and subparts do not contain any of the records depicted in the three Fox News reports alleged in the complaint. FBI will construe the part of the request concerning "version[s] or subpart[s]" of DHS_00000298 to be limited to versions and subparts containing the specific records depicted in the three Fox News reports alleged in the complaint.

**Response:**  Subject to and without waiving these objections, FBI identifies Special Agent Timothy S. Pappa. Special Agent Pappa created DHS_00000298, FBI0006989–7148, FBI0007149–311, FBI0007312–471, and FBI0007480–611 as PowerPoint files. Special Agent Pappa created DHS_00000298 on or around March 16, 2013. Special Agent Pappa created FBI0006989–7148 on or around May 1, 2013. Special Agent Pappa created FBI0007149–311 on or around May 3, 2013. Special Agent Pappa created FBI0007312–471 on or around May 2, 2013. Special Agent Pappa created

5

FBI0007480–611 on or around May 7, 2013. Special Agent Pappa also created a copy of FBI0007480–611 on or around May 7, 2013.

FBI further directs Plaintiff to DHS_00000184–85 in accordance with Federal Rule of Civil Procedure 33(d).

FBI0006989–7148, FBI0007149–311, FBI0007312–471, and FBI0007480–611 were stored on CDs in a box in a room in the FBI Washington Field Office from an unknown date until after this case was filed. The FBI is not aware of any specific persons who accessed the identified documents from this location.

As to the objections:

Dated: September 20, 2021

BRIAN D. NETTER
Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Garrett Coyle*
CAROL FEDERIGHI
Senior Trial Counsel
GARRETT COYLE
LAUREL H. LUM
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 616-8016
Fax: (202) 616-8470
Email: garrett.coyle@usdoj.gov

*Counsel for Defendants*