# EXHIBIT 12

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Yanping Chen**,<br>Plaintiff,<br>v.<br>**Federal Bureau of Investigation, U.S. Department of Justice, U.S. Department of Defense,** and **U.S. Department of Homeland Security**,<br>Defendants. | No. 18-cv-3074<br><br>Hon. Christopher R. Cooper<br>United States District Judge |

**DEPARTMENT OF HOMELAND SECURITY'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendant U.S. Department of Homeland Security responds to Plaintiff Yanping Chen's Second Set of Interrogatories Propounded to the Department of Homeland Security as follows:

**Objections to Definitions**

1. DHS objects to the definition of "DHS" as not proportional to the needs of the case to the extent it includes departments, branches, and subdivisions that DHS has no reason to believe were involved in the events giving rise to this case. DHS will construe "DHS" to exclude entities other than U.S. Immigrations and Customs Enforcement (ICE).

2. DHS objects to the definition of "DHS personnel" to the extent it includes counsel, as well as other legal staff assigned to process a collateral FOIA request submitted by Plaintiff's counsel, and thus the interrogatories purport to seek information protected against disclosure by the attorney-client privilege and the

attorney work product doctrine. DHS will construe "DHS personnel" to exclude counsel, as well as other legal staff assigned to process a collateral FOIA request submitted by Plaintiff's counsel.

3. DHS objects to the definition of "the Investigation" as vague, overbroad, and not proportional to the needs of the case to the extent it includes "any associated or related investigations or actions." DHS will construe "the Investigation" to refer to the investigation described in the application for search warrant filed in Case No. 1:12-sw-01002 (E.D. Va.).

4. DHS objects to the definitions of "identify" and "identity" on the ground that they call for information protected against disclosure by the Privacy Act, *see* 5 U.S.C. § 552a, and the privacy interests and expectations of persons not party to this litigation.

**Objections to Instructions**

1. DHS objects to instruction #1, which asserts that the relevant time period is from January 1, 2012, until December 31, 2018, on the ground that it is overbroad and not proportional to the needs of the case, as the complaint alleges that the last media report related to those purported disclosures was in June 2017. Unless otherwise specified in response to a particular interrogatory, DHS will construe the interrogatories to seek information about the period from August 1, 2012, until June 30, 2017.

2. DHS objects to instruction #4, which requests information about other persons who might have information responsive to the interrogatories, on the ground that it constitutes a discrete interrogatory under Rule 33(a)(1).

3. In response to instruction #6, DHS states that these interrogatory responses are based upon the relevant individuals' best recollections at this time and the

documentary materials currently available to them. DHS will supplement its responses as required by Federal Rule of Civil Procedure 26(e) if additional materials become available.

**Objections and Responses to Interrogatories**

**Interrogatory No. 14:** Identify each and every person, whether DHS personnel or otherwise, who received from the FBI or otherwise had possession, custody, or control of DHS_00000298 or any version or subpart thereof, including but not limited to the name and title of the individual; the dates and times when the document came into that individual's possession, custody, or control; and the format of the document.

**Objections:** DHS objects to this interrogatory on the ground that it is overbroad and not proportional to the needs of the case because the sole Privacy Act claim asserted in the complaint alleges the improper disclosure of a discrete handful of records about Plaintiff to Fox News, yet this interrogatory seeks information about versions and subparts of DHS_00000298 even if those versions and subparts do not contain any of the records depicted in the three Fox News reports alleged in the complaint. DHS will construe the part of the request for "version[s] or subpart[s]" of DHS_00000298 to be limited to versions and subparts containing the specific records depicted in the three Fox News reports alleged in the complaint.

**Response:** Subject to and without waiving these objections, DHS directs Plaintiff to DHS_00000184–85 and to certain pages of the transcript of the deposition of [redacted] in this case, which DHS will identify once the transcript has been finalized.

As to the objections:

Dated: September 20, 2021

BRIAN D. NETTER
Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Garrett Coyle*
CAROL FEDERIGHI
Senior Trial Counsel
GARRETT COYLE
LAUREL H. LUM
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 616-8016
Fax: (202) 616-8470
Email: garrett.coyle@usdoj.gov

*Counsel for Defendants*