**PUBLIC VERSION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| YANPING CHEN,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>U.S. DEPARTMENT OF JUSTICE,<br>U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | ) | **Case No. 1:18-cv-03074-CRC**<br><br>**Hon. Christopher R. Cooper**<br>**United States District Judge** |

**NON-PARTY CATHERINE V. HERRIDGE'S REPLY IN SUPPORT OF MOTION TO UNSEAL DOCUMENTS**

Patrick F. Philbin (D.C. Bar No. 453620)
Kyle T. West (D.C. Bar No. 24093346)
Chase Harrington (D.C. Bar No. 1619501)
ELLIS GEORGE CIPOLLONE
O'BRIEN LLP
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6633
pphilbin@egcfirm.com

*Counsel for Catherine V. Herridge*

January 3, 2024

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................... 1

ARGUMENT ........................................................................................................... 3

I. The *Hubbard* Factors Favor Unsealing Because Ms. Herridge Introduced the DoD Decisions for the Purpose of Persuading the Court in Connection with Her First Amendment Arguments Under *Zerilli*, and the Documents Are Essential for Understanding a Central Dispute in the Case. ........................................................ 3

II. The Common Law Presumption of Access to Judicial Records Under the First *Hubbard* Factor Weighs Heavily in Favor of Unsealing. ........................................ 9

III. The Third *Hubbard* Factor Weighs in Favor of Unsealing because No Third-Party Has Objected to Disclosure. ................................................................................ 10

IV. Plaintiff Has Not Identified Any Cognizable Privacy Interest in the DoD Decisions Under the Fourth *Hubbard* Factor. ............................................................... 11

V. Plaintiff Has Not Identified Any Legal Prejudice That Would Flow from Unsealing the DoD Decisions Under the Fifth *Hubbard* Factor. .......................................... 17

CONCLUSION ........................................................................................................ 18

**PUBLIC VERSION**

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Allen v. Addi*,
No. 20-cv-01650 (TSC), 2021 WL 5911175 (D.D.C. Nov. 23, 2021) ............................16, 17

*Am. Pro. Agency, Inc. v. NASW Assurance Servs., Inc.*,
121 F. Supp. 3d 21 (D.D.C. 2013) ..........................................................................................10

*Berliner Corcoran & Rowe LLP v. Orian*,
662 F. Supp. 2d 130 (D.D.C. 2009) ................................................................1, 3, 6, 17

*Cable News Network, Inc. v. Fed. Bureau of Investigation*,
984 F.3d 114 (D.C. Cir. 2021) ....................................................................................4

*Chen v. FBI*,
No. 23-5198 (D.C. Cir.) ................................................................................................7

*Doe v. Pub. Citizen*,
749 F.3d 246 (4th Cir. 2014) .......................................................................................15

*DRC, Inc. v. Republic of Honduras*,
No. 10-cv-0003 (PLF/AK), 2011 WL 13257869 (D.D.C. Aug. 22, 2011)............................15

*U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*,
818 F. Supp. 2d 64 (D.D.C. 2011) ..............................................................14, 15, 17

**Fed. Trade Comm'n v. Match Grp., Inc.*,
No. 1:22-MC-54, 2023 WL 3181351 (D.D.C. May 1, 2023) ........................................ *passim*

*Friedman v. Sebelius*,
672 F. Supp. 2d 54 (D.D.C. 2009) ..............................................................11, 17, 18

*Gilliard v. McWilliams*,
No. 16-cv-2007-RC, 2019 WL 3304707 (D.D.C. July 23, 2019)....................................11, 15

*Greentree v. U.S. Customs Serv.*,
674 F.2d 74 (D.C. Cir. 1982) .......................................................................................12

*United States ex rel. Grover v. Related Companies, LP*,
4 F. Supp. 3d 21 (D.D.C. 2013) ....................................................................................15

*Guttenberg v. Emery*,
26 F. Supp. 3d 88 (D.D.C. 2014) ...............................................................................4, 9

**PUBLIC VERSION**

*Hyatt v. Lee*,
251 F. Supp. 3d 181 (D.D.C. 2017) .......... 11

*ICC Evaluation Serv., LLC v. Int'l Ass'n of Plumbing & Mech. Offs., Inc.*,
No. 1:16-cv-00054-EGS-ZMF, 2022 WL 2785985 (D.D.C. July 15, 2022) .......... 10

*In re Application for Access to Video Exhibits*,
575 F. Supp. 3d 101 (D.D.C. 2021) .......... 3, 6, 10, 17

*In re Search of: 2122 21st Road North, Arlington, Virginia*,
No. 1:12-sw-01002-JFA (E.D. Va.) .......... 10

*Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*,
607 F. Supp. 3d 11 (D.D.C. 2022) .......... 1, 7, 11, 12

*Metlife, Inc. v. Fin. Stability Oversight Council*,
865 F.3d 661 (D.C. Cir. 2017) .......... 1, 6

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*,
825 F.3d 299 (6th Cir. 2016) .......... 10

*Thomas v. Moreland*,
No. 18-cv-800 (TJK), 2022 WL 19560127 (D.D.C. May 25, 2022) .......... 10

*Union Oil Co. of Cal. v. Leavell*,
220 F.3d 562 (7th Cir. 2000) .......... 15

*United States v. All Assets Held at Bank Julius Baer & Co.*,
520 F. Supp. 3d 71 (D.D.C. 2020) .......... *passim*

**United States v. Hubbard*,
650 F.2d 293 (D.C. Cir. 1980) .......... *passim*

*United States v. Jackson*,
No. 21-mj-115, 2021 WL 1026127 (D.D.C. Mar. 17, 2021) .......... 10

*United States v. Munchel*,
567 F. Supp. 3d 9 (D.D.C. 2021) .......... 10

**Vanda Pharm., Inc. v. FDA*,
539 F. Supp. 3d 44 (D.D.C. 2021) .......... *passim*

*Zapp v. Zhenli Ye Gon*,
746 F. Supp. 2d 145 (D.D.C. 2010) .......... 6, 15, 17

**PUBLIC VERSION**

*Zerilli v. Smith*,
656 F.2d 705 (D.C. Cir. 1981) ....................................................................................1

**STATUTES**

5 U.S.C. § 552 .....................................................................................................12

**RULES**

Fed. R. Civ. P. 12(f) ...............................................................................................16

## INTRODUCTION

Plaintiff's opposition repeatedly misconstrues the *Hubbard* factors the D.C. Circuit has established for determining whether the presumption of public access to judicial records can be overcome and thus whether documents filed with the court can remain under seal. *See United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980). Those factors overwhelmingly favor unsealing the two Department of Defense decision documents (the "DoD Decisions") that are the subject of Ms. Herridge's motion to unseal.

Plaintiff focuses primarily on the sixth *Hubbard* factor, which turns on the purposes for which the documents were introduced into the record. Contrary to Plaintiff's assertions, this factor does not turn on whether the Court ultimately relied on the documents in its decision. Opp. at 7–9. Instead, this factor "favors disclosure where 'the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute.'" *Vanda Pharm., Inc. v. FDA*, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (alteration in original) (quoting *Berliner Corcoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 135 (D.D.C. 2009)). Even if a court does not rely on particular documents, the public cannot understand what is at issue in a case if materials that one party relied upon are shielded from public view. As the D.C. Circuit has explained, "[w]ithout access to the sealed materials, it is impossible to know which parts of those materials persuaded the court and which failed to do so (and why)." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017). Thus, "[t]he public interest [in disclosure] . . . covers both material that the court found persuasive and material that it did not." *Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d 11, 26 (D.D.C. 2022).

Here, the DoD Decisions are essential for public understanding of the issues presented by Ms. Herridge's arguments under the balancing test applied under *Zerilli v. Smith*, 656 F.2d 705

(D.C. Cir. 1981), to evaluate the First Amendment reporter's privilege. That includes Ms. Herridge's argument that the risk that Plaintiff was, in fact, making information on U.S. servicemembers available to a foreign power weakens her legitimate interests in using this litigation to secure compensation for the funding that DoD cut off on national security grounds and magnifies the harm that would result from public disclosure of Ms. Herridge's source(s). *See* Non-Party Catherine V. Herridge's Response to the Order to Show Cause at 25–26, ECF No. 170-2. The sixth *Hubbard* factor thus overwhelmingly favors unsealing.

For similar reasons, the first *Hubbard* factor—the need for public access to the documents—weighs heavily in favor of unsealing. The public cannot understand what is at stake in the arguments about the scope of *Zerilli* in this case unless the public can see the information that the Court has excluded from consideration in that balancing.

The third *Hubbard* factor, which considers the identity of the objecting party, weighs in favor of keeping a document sealed only when a *third-party* objects to disclosing the document. *Fed. Trade Comm'n v. Match Grp., Inc.*, No. 1:22-MC-54 (RJL/GMH), 2023 WL 3181351, at *14 (D.D.C. May 1, 2023). No third party has objected here.

Plaintiff has also failed to establish a cognizable privacy interest in the DoD Decisions under the fourth *Hubbard* factor. In particular, her assertion that this factor favors sealing because the DoD Decisions contain "unsubstantiated allegations" that might harm her reputation is doubly misplaced. Opp. at 12–13. As a matter of law, courts in this district routinely unseal "unsubstantiated" allegations of misconduct, and they have been clear that mere allegations of misconduct are insufficient to create a privacy interest strong enough to justify sealing judicial records. *See, e.g.*, *United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 83 (D.D.C. 2020) (hereinafter "*All Assets*"). In addition, the assertion that the DoD Decisions

reflect unsubstantiated allegations is simply not true. To the contrary, they are final agency decision documents reflecting findings of fact based on concrete evidence ([redacted]). And to the extent Plaintiff complains that the findings were never "tested" in court, Opp. at 12, that is because Plaintiff herself made the strategic choice not to challenge them.

Plaintiff also misconstrues the fifth *Hubbard* factor. That factor can be satisfied only by showing *legal prejudice* from the disclosure of documents—that is, harm in some future litigation—not simply general assertions of reputational harm. "In case after case in this Circuit, courts have found that an individual who fails to identify and support a claim of litigation prejudice . . . does not meet the burden under this factor." *All Assets*, 520 F. Supp. 3d at 85. Plaintiff fails to meet that burden here.

Because the *Hubbard* factors weigh in favor of unsealing, the motion should be granted.

## ARGUMENT

### I. The *Hubbard* Factors Favor Unsealing Because Ms. Herridge Introduced the DoD Decisions for the Purpose of Persuading the Court in Connection with Her First Amendment Arguments Under *Zerilli*, and the Documents Are Essential for Understanding a Central Dispute in the Case.

Plaintiff focuses primarily on the sixth *Hubbard* factor. That factor—which the *Hubbard* court described as "the purposes for which the documents were introduced," 650 F.2d at 321—"favors disclosure where 'the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute,'" *Vanda Pharm., Inc.*, 539 F. Supp. 3d at 57 (alteration in original) (quoting *Berliner Corcoran & Rowe LLP*, 662 F. Supp. 2d at 135); *see also, e.g.*, *In re Application for Access to Video Exhibits*, 575 F. Supp. 3d 101, 114 (D.D.C. 2021) (same); *All Assets*, 520 F. Supp. 3d at 85–86 (same); *Match Grp., Inc.*, 2023 WL 3181351, at *16 (same). Indeed, courts in this district have repeatedly emphasized that "there is a strong presumption of public access to

documents that a litigant submits with the intention that the court will rely on them." *All Assets*, 520 F. Supp. 3d at 85. That factor overwhelmingly favors unsealing here, because Ms. Herridge introduced the DoD Decisions precisely to have the Court rely on them in weighing the competing interests at stake to determine application of the First Amendment reporter's privilege. Plaintiff's arguments to the contrary distort the sixth *Hubbard* factor.

To start, Plaintiff is wrong in making the blanket assertion that the sixth *Hubbard* factor is the "most important element" in the analysis. Opp. at 7. As the D.C. Circuit has explained, "[a]lthough the *Hubbard* court called this factor the most important element, it did so only in the context of that case." *Cable News Network, Inc. v. Fed. Bureau of Investigation*, 984 F.3d 114, 120 (D.C. Cir. 2021). In other cases, courts have made it express that "[m]ost important to the equation" under *Hubbard* is the "'fundamental' common-law right of '[p]ublic access to judicial records'" under the first factor. *Vanda Pharm., Inc.*, 539 F. Supp. 3d at 58 (quoting *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 92 (D.D.C. 2014)). In the particular context of *Hubbard*, the purpose for which the documents were introduced was especially important because the documents were made part of the record only as part of an ancillary motion to suppress the fruits of a search and the documents were intended solely to show that a search of a third party's premises (the Church of Scientology) was vastly overbroad and had retrieved information that was wholly irrelevant to the underlying criminal case. *See Hubbard*, 650 F.2d at 297–99, 316, 321. Indeed, the particular documents at issue, although made part of the record, had never even been cited to the court or used at the suppression hearing.[1] As a result, there was no dispute among the parties that the

[1] On the suppression motion, to highlight the overbreadth of the documents seized, the defendants (1) cited specific seized documents that they contended were irrelevant to the underlying investigation, and (2) referred the entire collection of seized documents to the court for its review, so that the court could confirm that the documents were irrelevant to the case and the search. *Id.*

documents were irrelevant to the underlying case. As *Hubbard* explained, the documents' "only relevance to the proceedings derived from the defendants' contention that many of them were not relevant to the proceedings." *Id.* at 316. There is no similar situation here. To the contrary, as explained more fully below, Ms. Herridge has cited and quoted the DoD Decisions in her filings because she believes they are vitally important for the central balancing test the Court must conduct on the core First Amendment issue in this case.

In any event, even if this factor were the most important under *Hubbard*, it overwhelmingly favors unsealing in this case, and Plaintiff's arguments to the contrary simply distort the test. Plaintiff wrongly contends that the sixth *Hubbard* factor turns on whether this Court actually cited or relied on the DoD Decisions or found them relevant in rendering its decision. Opp. at 7. That misstates what *Hubbard* said. *Hubbard* did not describe a factor based on the *use* that the court makes of contested documents, but rather based on "the purposes for which the documents were introduced." *Hubbard,* 650 F.2d at 321. Although the *Hubbard* court also noted that the trial court in that case had not cited the documents, *see id.*, that point merely confirmed the primary purpose for which the documents were introduced: showing that they were actually irrelevant to the underlying case. As the court explained, its analysis of the purpose element turned on "the fact that the documents at issue were introduced by the defendants for the sole purpose of demonstrating the unlawfulness of the search and seizure." *Id.* The *Hubbard* court never implied that this factor actually turns on the court's response to the documents as opposed to the parties' intent in offering the documents.

at 297–98, 302. The dispute as to unsealing in *Hubbard* related only to the second set of documents, which no party ever cited or attached to a filing, and which the district court did not discuss in its eventual opinion. *Id.* at 302 & n.22.

And numerous cases since *Hubbard* have made clear that the sixth factor turns on whether a party has presented the document to persuade the court on a point, not whether the court actually finds the document persuasive or makes use of it. The sixth factor thus "favors disclosure where 'the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute.'" *Vanda Pharm., Inc.*, 539 F. Supp. 3d at 57 (D.D.C. 2021) (quoting *Berliner Corcoran & Rowe LLP*, 662 F. Supp. 2d at 135)); *see also In re Application for Access to Video Exhibits*, 575 F. Supp. 3d at 114 ("[T]his factor weighs in favor of public release because the Government introduced the exhibits to influence the Court's decision . . . ."); *All Assets*, 520 F. Supp. 3d at 85 ("[T]here is a strong presumption of public access to documents that a litigant submits with the intention that the court will rely on them."). Courts have repeatedly explained that, if the documents were presented to persuade the court, this factor favors disclosure whether or not the court ever cites or relies on the documents. For example, in *Vanda Pharmaceuticals*, the court found that this factor weighed in favor of unsealing thousands of pages of administrative record that the plaintiff included in an appendix and which the district court never cited or relied upon. 539 F. Supp. 3d at 53, 58; *see also, e.g.*, *All Assets*, 520 F. Supp. 3d at 85–86 (assessing sixth *Hubbard* factor based on parties' use of the documents in their filings without any discussion of whether court ever cited them); *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149, 151 (D.D.C. 2010) (assessing sixth factor without regard for fact that court never relied on the challenged documents).

As the D.C. Circuit has explained, the public cannot fully understand the issues in a case without access to the materials the parties presented to persuade the court, even if the court never cites those materials. "Without access to the sealed materials, it is impossible to know which parts of those materials persuaded the court and which failed to do so (and why)." *Metlife, Inc. v. Fin.*

*Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017). Thus, "[t]he public interest [in disclosure] . . . covers both material that the court found persuasive and material that it did not." *Matter of Pub. Def. Serv. For D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d 11, 26 (D.D.C. 2022).

Here, the sixth *Hubbard* factor weighs plainly in favor of unsealing because Ms. Herridge cited and attached the DoD Decisions with the intent that the Court rely on them. Indeed, she has argued that the documents are vitally important for properly applying the *Zerilli* balancing test. In seeking to quash the subpoenas, Ms. Herridge argued that *Zerilli* requires a broad balancing of factors to determine whether Plaintiff can overcome the First Amendment reporter's privilege. *See generally* Mem. in Support of Catherine V. Herridge's Motion to Quash, ECF No. 94-1.[2] In particular, she argued that the Court should take into account weaknesses in Plaintiff's Privacy Act claims, including the fact that any injury she claimed from the loss of funding from DoD was caused by an independent DoD decision based on detailed national security findings set out in [redacted]. *See id.* at 27–29. To that end, Ms. Herridge cited the findings from [redacted] and attached the DoD Decisions to her motion. *See id.* at 1, 3, 11–12, 27–29, 35, 37; Reply in Supp. Of Catherine V. Herridge's Mot. to Quash at 2, 3, 13, 15, 23, ECF No. 127. The details in the DoD Decisions are necessary to understand Ms. Herridge's argument that DoD engaged in an independent and reasoned decision to bar Plaintiff from funding on national security grounds.

[2] Ms. Herridge made the same argument before the court of appeals. *See* Non-Party Catherine V. Herridge's Opposed Emergency Mot. for Stay Pending Appeal, *Chen v. FBI*, No. 23-5198 (D.C. Cir. Sept. 11, 2023). After the court of appeals recently issued an order to show cause why the DoD Decisions filed there should remain under seal, the parties filed a joint statement requesting that the court of appeals defer to this Court in the first instance on the question of sealing. Joint Response to the Court's Order to Show Cause Pursuant to D.C. Circuit Rule 47.1(f)(1) at 3–5, Ex. D.

Additionally, in her Response to the Court's Order to Show Cause, Ms. Herridge argued that under *Zerilli* the Court should also weigh both: (1) the possibility that Plaintiff's private interest in pursuing relief in this case would amount to securing compensation for putting servicemembers' information at risk, and (2) the risk that compelling Ms. Herridge to disclose her source(s) to Plaintiff in itself raises a national security risk. Non-Party Catherine V. Herridge's Memorandum in Response to the Order to Show Cause at 24–26, ECF No. 170-2. In support of these concerns, Ms. Herridge relied in part on the DoD Decisions and submitted a declaration from an expert who had reviewed and relied the DoD Decisions. *Id.* at 22–24. Public access to these documents is crucial for the public to understand Ms. Herridge's arguments.

For all the reasons explained above, it does not matter for the unsealing analysis if this Court disagrees with Ms. Herridge's arguments about the scope of *Zerilli* and excludes these considerations from balancing under *Zerilli*. The critical point under the sixth *Hubbard* factor is that Ms. Herridge argued for a broader balancing test and presented the DoD Decisions to persuade the Court. The public cannot understand what is at stake in the competing arguments about the scope of *Zerilli* without understanding the information that the Court is excluding from the balance. Indeed, it particularly makes no sense to bar public access to the documents here, where the entire dispute on Ms. Herridge's First Amendment arguments centers on the scope of the balancing test under *Zerilli* and what factors should be considered in that balancing. In essence, part of the central dispute in this case at this point is whether information such as that contained in the DoD Decisions should be weighed under *Zerilli*. And it makes even less sense to bar those materials from public view where this Court has already acknowledged that there are "substantial grounds for difference of opinion" about its ruling concerning *Zerilli* and "there is good reason to believe this case might generate en banc activity that could upend existing precedents." Opinion and Order, ECF No. 152

at 2–3. The public necessarily has an interest in understanding First Amendment issues related to privileges of the press that are significant enough to potentially generate en banc activity, and the public cannot understand those issues in this case if the final DoD decision documents that Ms. Herridge has presented remain cloaked behind a veil of secrecy.

## II. The Common Law Presumption of Access to Judicial Records Under the First *Hubbard* Factor Weighs Heavily in Favor of Unsealing.

"Most important to the equation" under *Hubbard* "is the 'fundamental' common-law right of '[p]ublic access to judicial records,' [which] weigh[s] strongly in favor of unsealing pursuant to factor one." *Vanda Pharm., Inc.*, 539 F. Supp. 3d at 58 (quoting *Guttenberg*, 26 F. Supp. 3d at 92). Largely for reasons already explained above, the first *Hubbard* factor—the need for public access to the documents—weighs heavily in favor of unsealing. As explained, the public cannot fully understand what is at stake in the central First Amendment arguments in this case without access to those documents. Contrary to Plaintiff's assertion, Ms. Herridge's argument on this point does not rely solely on a "generalized notion that there should be a presumption of public access to court proceedings." Opp. at 10. Instead, there is a particularized need for access to the materials Ms. Herridge presented for the public to understand what is at stake in the core First Amendment arguments at the heart of this case.

The presumption of public access is strongly buttressed in this case by the fact that the key issues in dispute relate to the scope of a First Amendment privilege for the press designed to allow the press to fulfill its function of keeping the people informed. There is a particularly strong public interest in fully understanding how the courts decide the scope of a such a privilege. And as courts in this district have explained, "[t]he greater the public's interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Fed. Trade Comm'n v. Match Grp., Inc.*, No. 1:22-MC-54 (RJL/GMH), 2023 WL 3181351, at *10 (D.D.C. May 1,

2023) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)).[3]

### III. The Third *Hubbard* Factor Weighs in Favor of Unsealing because No Third-Party Has Objected to Disclosure.

The third *Hubbard* factor—which considers whether any entity has objected to unsealing and the identity of that party—weighs in favor of disclosure. "This factor focuses on the privacy interests of *third parties*, 'provid[ing] broader protection from disclosure where a third party's property and privacy rights are at issue [and] the need for minimizing intrusion is especially great.'" *In re Application for Access to Video Exhibits*, 575 F. Supp. 3d at 110 (alterations in original; emphasis added; additional quotation marks omitted) (quoting *United States v. Jackson*, No. 21-mj-115, 2021 WL 1026127, at *7 (D.D.C. Mar. 17, 2021)). Where (as here) "the only objector is [a party] . . . that fact weighs in favor of disclosure." *Match Grp., Inc.*, 2023 WL 3181351, at *14; *see also In re Application for Access to Video Exhibits*, 575 F. Supp. 3d at 110; *United States v. Munchel*, 567 F. Supp. 3d 9, 18 (D.D.C. 2021); *ICC Evaluation Serv., LLC v. Int'l Ass'n of Plumbing & Mech. Offs., Inc.*, No. 1:16-cv-00054-EGS-ZMF, 2022 WL 2785985, at *6

[3] The second *Hubbard* factor—whether there has been prior public access to the information—is either neutral or weighs in favor of unsealing. Where there has been no prior public access, this factor is neutral. *See, e.g.*, *Am. Pro. Agency, Inc. v. NASW Assurance Servs., Inc.*, 121 F. Supp. 3d 21, 24 (D.D.C. 2013). Here, however, while the DoD Decisions themselves have not been public, much of the underlying information in them (especially information in an FBI affidavit supporting a search warrant) has been public. *See* Aff. in Support of Two Appls. for Search Warrants at 1–12, 18, *In re Search of: 2122 21st Road North, Arlington, Virginia*, No. 1:12-sw-01002-JFA (E.D. Va. Mar. 10, 2017), ECF No. 1 (attached as Exhibit J to Ms. Herridge's Motion to Quash in this case, ECF No. 96-11 on this docket) ("FBI Affidavit") ([redacted]). In such a case, the prior availability of the information weighs in favor of unsealing. *See, e.g.*, *Thomas v. Moreland*, No. 18-cv-800 (TJK), 2022 WL 19560127, at *2 (D.D.C. May 25, 2022) (citing *Hubbard*, 650 F.2d at 318).

(D.D.C. July 15, 2022). Even when courts have found that first-party objections weigh in favor of sealing, they have noted that those objections are of limited weight. *E.g.*, *Hyatt v. Lee*, 251 F. Supp. 3d 181, 185 (D.D.C. 2017).

### IV. Plaintiff Has Not Identified Any Cognizable Privacy Interest in the DoD Decisions Under the Fourth *Hubbard* Factor.

The fourth *Hubbard* factor weighs in favor of unsealing because Plaintiff cannot demonstrate a "privacy interest in the particular documents" at issue. *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009). "The *Hubbard* court addressed this factor by examining the objecting party's privacy interest in the particular documents, *see Hubbard*, 650 F.2d at 320 (noting there was a strong privacy interest in documents that were seized from a private area in a church), rather than the effect that unsealing the documents would have on the party's property and privacy interests generally[.]" *Id.* Put differently, the question is whether the objecting party has a privacy interest in the documents, not whether the party has some privacy interest at stake in the litigation, generally. *Match Grp., Inc.*, 2023 WL 3181351, at *14 (explaining that this factor "asks not whether the party objecting to disclosure has a privacy or property interest in the core subject of the litigation, but rather whether it has such an interest in the information in the documents that it seeks to protect"). "[T]he D.C. Circuit has narrowly construed the privacy interests that would justify sealing the record, limiting them to documents that would reveal the intimate details of individual lives, sexual or otherwise—a higher standard than mere embarrassment." *Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d 11, 27 (D.D.C. 2022) (alteration in original) (internal quotation marks and citations omitted).

Here, Plaintiff has failed to identify any cognizable privacy interests in the DoD Decisions. Plaintiff does not assert—nor could she—that she has a proprietary interest in the DoD Decisions. They are government documents reflecting a final agency determination. Nor can she assert that

they contain information akin to the "intimate" and "sexual" information that the *Hubbard* court found could create a privacy interest. Instead, Plaintiff advances three arguments that courts in this district have previously rejected.

First, Plaintiff contends that she has a privacy interest in the DoD Decisions because they contain information "of a piece" with information in documents that are the subject of her Privacy Act claims. Opp. at 13. Plaintiff does not, and cannot, assert that the DoD Decisions are actually protected by the Privacy Act.[4] And even if they were otherwise subject to the Privacy Act, this court has found that fact insufficient to justify sealing key documents in the past. *See Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d at 28–29 (ordering disclosure of records covered by the Privacy Act).

Instead, Plaintiff contends that she has a privacy interest in the DoD Decisions simply because they contain information that makes them *similar* to Privacy Act materials. Courts in this

[4] Not only is there no indication in the record that the DoD Decisions exist "in a system of records," but the DoD Decisions, as final agency actions, are plainly public records subject to FOIA. *See* 5 U.S.C. § 552(a)(8) (requiring disclosure of any record unless a FOIA exemption applies or some other law prohibits disclosure). None of the nine FOIA exemptions would apply here. Those exemptions are: (1) documents specifically authorized to be withheld by an executive order, (2) documents solely related to the internal personnel rules of an agency, (3) documents specifically exempted from disclosure by another statute, (4) trade secrets and confidential commercial information, (5) inter-agency or intra-agency memoranda, (6) personnel, medical, and similar files, the disclosure of which would involve a clearly unwarranted invasion of personal privacy, (7) certain law enforcement records, (8) reports by agencies tasked with regulating financial institutions, and (9) geological surveys. *Id.* § 552(b). It is clear by their terms that exemptions 1–6 and 8–9 do not apply to the DoD Decisions. In addition, exemption (7)—the law enforcement exemption—contains a number of limitations that prevent its application here, especially in light of the Government's decision not to oppose release. *See id.* § 552(b)(7) (limiting exemption to cases where disclosure would interfere with enforcement proceedings, would deprive a person of a fair trial, would involve an unwarranted invasion of privacy, would reveal a confidential source, would reveal investigative techniques, or would endanger the life or safety of an individual). The Privacy Act, by its terms, does not apply to records subject to FOIA disclosure. *Greentree v. U.S. Customs Serv.*, 674 F.2d 74, 79 (D.C. Cir. 1982).

district have rejected parallel arguments in the past. For example, in *Federal Trade Commission v. Match Group, Inc.*, a party argued that documents that came *close* to falling within the attorney-client or work-product privileges should remain under seal. 2023 WL 3181351, at *10. The court readily rejected that argument, recognizing that no cognizable privacy interest protects documents that come *close* to being protected by some other privilege. *Id.* at *10–11 (rejecting notion that documents within the "curtilage" of attorney client privilege are protected from disclosure); *id.* at *15 (incorporating prior rejection of curtilage argument to find no privacy interest). Here, even if the DoD Decisions contain some information that parallels information contained in documents subject to the Privacy Act, that cannot establish a privacy interest sufficient to override the strong presumption of public access. As in *Match Group,* Plaintiff's argument reflects "a misunderstanding of the focus of this factor," which asks whether the party has a cognizable "interest . . . in the documents that it seeks to protect." *Id.* at *14.[5]

Second, Plaintiff is mistaken in suggesting that, because the whole purpose of her Privacy Act lawsuit is to vindicate protections for her privacy, there should be a broader approach to sealing judicial records to protect her from disclosures that she fears may harm her reputation. *See* Opp. at 13–14. In effect, Plaintiff argues that, as a Privacy Act plaintiff, she should get special solicitude on sealing issues and should not have to suffer the release of additional harmful information about herself as a result of her attempts to prevail on her Privacy Act claim. *Id.* No case supports that sweeping rule. In particular, *Hubbard* provides Plaintiff no support. In *Hubbard*, the court noted (in evaluating the sixth factor) that it would be "ironic" if a third party had to suffer public

[5] Plaintiff's argument that she has a privacy interest in materials that are *similar* to the alleged Privacy Act materials in this case is particularly misplaced given that a significant amount of the basic information in the DoD Decisions ([redacted]) is already public. *See, e.g.*, FBI Affidavit.

disclosure of documents where the only reason the third party's documents were in the record was as part of a motion to suppress showing that the documents were wholly irrelevant to the underlying case (and where there was no dispute as to their irrelevance). *Hubbard*, 650 F.2d at 321; *see also id.* at 316 (noting documents' "only relevance to the proceedings derived from the defendants' contention that many of them were not relevant to the proceedings"). There is no similar situation here. As explained above, one of the central disputes on the critical First Amendment issue in this case is whether materials such as the DoD Decisions should be considered under the *Zerilli* balancing test. The documents are thus at the heart of this case. That is wholly unlike the situation in *Hubbard*. In addition, by filing her Privacy Act suit and claiming as damages the loss of DoD funding, Plaintiff necessarily made the DoD Decisions central to her own case on the issue of causation. Plaintiff cannot prove that her damages included the loss of DoD funding without establishing that the DoD Decisions failed to cut off any chain of causation tracing back to the alleged Privacy Act violation. That inevitably means that the DoD Decisions must be publicly disclosed and analyzed in this case before Plaintiff could ever secure a judgment in her favor. Plaintiff's own litigation inexorably requires disclosure of the documents.

Plaintiff is hardly the first party to argue that she has a privacy interest in litigating her case without being subject to disclosures that she perceives as harmful, and this district has been consistent in rejecting such arguments. For example, in *U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*, the court found that the objecting party—a whistleblower who had brought an anonymous False Claims Act claim against his employer—lacked a cognizable privacy interest in documents that would disclose his identity. 818 F. Supp. 2d 64, 66, 68 (D.D.C. 2011). Although Durham presented a strong policy argument for why he should have a privacy interest in his identity due to his status as a whistleblower, the court held that that interest simply was not relevant

to the fourth *Hubbard* factor because it did not establish any kind of proprietary or privacy right in the actual documents at issue. *Id.* at 68; *see also United States ex rel. Grover v. Related Companies, LP*, 4 F. Supp. 3d 21, 26–28 (D.D.C. 2013) (same).

At bottom, it is settled law that "[h]arm to reputation and career as a result of filing a lawsuit is not the sort of property or privacy interest that courts have found compelling" under *Hubbard*. *United States ex rel. Grover*, 4 F. Supp. 3d at 27. Invoking the authority of the federal courts by initiating a lawsuit means, by definition, invoking a public process. "When parties 'call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.'" *Doe v. Pub. Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) (quoting *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000)).

Third, Plaintiff is doubly wrong in claiming that she has a cognizable privacy interest that warrants shielding the final DoD Decision documents from the public on the theory that they contain "unsubstantiated allegations" harmful to her reputation. *See* Opp. at 12. As a threshold matter, this district has repeatedly rejected the notion that allegations of wrongdoing create a privacy interest cognizable under the fourth *Hubbard* factor. "'[A]llegations of . . . wrongdoing . . . do not implicate privacy interests,' nor is unsubstantiated worry about damage to one's reputation sufficiently substantial to weigh against public disclosure." *All Assets*, 520 F. Supp. 3d at 83 (internal citation omitted) (quoting *DRC, Inc. v. Republic of Honduras*, No. 10-cv-0003 (PLF/AK), 2011 WL 13257869, at *6 (D.D.C. Aug. 22, 2011)); *see also Gilliard*, 2019 WL 3304707, at *4 (noting that "mere embarrassment" does not create a privacy interest that can justify sealing a judicial record). As the court explained in *Zapp v. Zhenli Ye Gon*, "amorphous" claims of reputational damage are not sufficient to favor sealing under the fourth *Hubbard* factor. 746 F. Supp. 2d 145, 150–51 (D.D.C. 2010).

In addition, contrary to Plaintiff's assertions, the DoD Decisions do not reflect merely "unsubstantiated allegations." Instead, the DoD Decisions are final agency decision documents that report findings of fact. The relevant document is titled [redacted] and it states explicitly that DoD [redacted] That is hard evidence, not mere allegations. And to the extent Plaintiff complains that DoD's factual findings were "never tested or proven in court," Opp. at 12, that is because Plaintiff herself decided not to challenge those factual findings in court. Because the DoD Decisions are actually official agency decision documents reflecting findings of fact, Plaintiff's efforts to dismiss them as mere "unsubstantiated allegations" are wholly misplaced.

Finally, *Allen v. Addi*, No. 20-cv-01650 (TSC), 2021 WL 5911175 (D.D.C. Nov. 23, 2021), does not support Plaintiff's theory that reputational harm alone can create a privacy interest cognizable under the fourth *Hubbard* factor. *Aldi* involved an extreme scenario in which the court concluded the material at issue was "unquestionably speculative, irrelevant, and cruelly derogatory," and had been introduced for personal spite. *Id.* at *5 (internal quotation omitted). And the court explained that it would have stricken the material under Rule 12(f) but for the fact that Rule 12(f) permitted the court to strike solely materials that appear in a formal "pleading" rather than a motion. *Id.* Nothing remotely similar is presented here by the DoD's formal decision documents making findings of fact about Plaintiff. *Aldi* belongs to a line of cases holding that

salacious allegations—usually involving sexual conduct—that have no relevance to the litigation may be properly sealed. *See id.* at *6 (collecting cases). The decision has no applicability here.

## V. Plaintiff Has Not Identified Any Legal Prejudice That Would Flow from Unsealing the DoD Decisions Under the Fifth *Hubbard* Factor.

Finally, Plaintiff distorts the fifth *Hubbard* factor by arguing that the "prejudice" considered under this factor can arise from general claims of reputational harm. *See* Opp. at 12. That misstates the law. Under this *Hubbard* factor, "[t]he possibility of prejudice refers to whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal." *All Assets*, 520 F. Supp. 3d at 85 (internal quotation marks and citations omitted).[6] "For this factor to weigh in favor of continued sealing, the party opposing disclosure 'must have identified how the . . . disclosure' of the relevant material 'causes . . . legal prejudice.'" *Id.* (omissions in original) (quoting *Zapp*, 746 F. Supp. 2d at 150).

This factor is not concerned with reputational harm or other non-legal forms of prejudice, and courts routinely reject arguments based on such nebulous claims of harm. As one court recently put it, "[i]n case after case in this Circuit, courts have found that an individual who fails to identify and support a claim of litigation prejudice . . . does not meet the burden under this factor." *Id.*; *see also, e.g.*, *Vanda Pharm., Inc. v. FDA*, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (rejecting argument that "prejudice" could encompass all "real-world 'consequences' from the publication of information"); *Berliner Corcoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 135 (D.D.C. 2009) ("Although Defendants might be embarrassed by the public disclosure of formerly confidential communications, they have not identified any legal prejudice they would suffer[.]");

[6] *See also, e.g.*, *In re Application for Access to Video Exhibits*, 575 F. Supp. 3d 101, 111–12 (D.D.C. 2021) (analyzing litigation prejudice); *Zapp*, 746 F. Supp. 2d at 150 (requiring objecting party to show "legal prejudice"); *United States ex rel. Durham*, 818 F. Supp. 2d at 68 (same).

*Friedman*, 672 F. Supp. 2d at 60–61 (granting motion to unseal where "[t]he plaintiffs have not claimed that unsealing this matter would affect them in any future litigation; rather, they refer only to generalized reputational harm"); *Match Grp., Inc.*, 2023 WL 3181351, at *15 ("The prejudice with which the fifth *Hubbard* factor is concerned is prejudice 'to "fair trial rights," i.e., legal prejudice in ongoing or future litigation." (quoting *DRC, Inc.*, 2011 WL 13257869, at *6)).

Because Plaintiff fails to identify any legal prejudice she would suffer from unsealing, the fifth *Hubbard* factor favors unsealing.

**CONCLUSION**

Ms. Herridge respectfully requests that the Court grant her motion to unseal the DoD Decisions.

January 3, 2024

Respectfully submitted,

/s/ *Patrick F. Philbin*

Patrick F. Philbin (D.C. Bar No. 453620)
Kyle West (D.C. Bar No. 24093346)
Chase Harrington (D.C. Bar No. 1619501)
ELLIS GEORGE CIPOLLONE
O'BRIEN LLP
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6633
pphilbin@egcfirm.com