**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **YANPING CHEN,** | |
| **Plaintiff,** | |
| **v.** | |
| **FEDERAL BUREAU OF INVESTIGATION, U.S. DEPARTMENT OF JUSTICE, U.S. DEPARTMENT OF DEFENSE, and U.S. DEPARTMENT OF HOMELAND SECURITY,** | **Civil Action No. 1:18-cv-03074-CRC** |
| **Defendants.** | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO ENFORCE AND
MODIFY THIS COURT'S CONTEMPT ORDER (DKT. 193)**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ..................................................................... 2

ARGUMENT.................................................................................................................................. 5

CONCLUSION............................................................................................................................... 9

CERTIFICATE OF SERVICE ..................................................................................................... 10

i

**INTRODUCTION**

Two-and-a-half years ago, this Court held reporter Catherine Herridge in contempt—a result it did not reach "lightly," (Mem. Op. & Order (Feb. 29, 2024) ("Contempt Order") [Dkt. 193] at 1)—for refusing to comply with this Court's August 1, 2023 Order requiring her to reveal to Plaintiff Yanping Chen the "identity and intent of the source or sources of the documents and images allegedly provided to her in violation of the Privacy Act, and any non-privileged other matters relevant to" Chen's Privacy Act claim. (*Id.* at 8.) This Court accordingly "impose[d] a fine of $800 per day until Herridge complies with the Court's order," but stayed that sanction pending the "completion of proceedings on a timely appeal" to afford Herridge the opportunity to "litigate her First Amendment claim to the hilt." (*Id.* at 21, 23.)

Herridge did just that and lost at every turn. The D.C. Circuit unanimously upheld this Court's decision holding that she is required to reveal the identity of her source(s). *See Chen v. FBI*, 153 F.4th 1289, 1295 (D.C. Cir. 2025). It then summarily denied Chen's petitions for panel rehearing and rehearing *en banc*, with not a single member of the D.C. Circuit voting in favor of *en banc* rehearing. *See Chen v. FBI*, No. 24-5050, Dkt. 2174732 (D.C. Cir. May 22, 2026).

Recognizing that this Court's contempt sanction would take immediate effect in the aftermath of the D.C. Circuit's denial of her petitions for panel rehearing and rehearing *en banc*, Herridge filed a motion to stay the D.C. Circuit's mandate. That motion was summarily denied a week-and-a-half after it was filed. *See id.*, Dkt. 2180022 (D.C. Cir. June 23, 2026).

In a last-ditch attempt to forestall compliance with this Court's August 1, 2023 Order, Herridge sought an emergency stay of the D.C. Circuit's mandate in the Supreme Court. That motion was also denied, with only one Justice indicating interest in granting her a stay pending a petition for a writ of certiorari. *See Herridge v. Chen*, No. 25A1448, 2026 WL 1902173, at *1

1

(July 2, 2026).  The D.C. Circuit issued its mandate on July 7, 2026, (*see* Dkt. 202), clearing the way for Herridge to finally comply with this Court's directive and reveal her source(s), or for the contempt sanction to take effect if she does not.

Herridge, however, remains defiant of this Court's order.  Despite the fact that she has lost resoundingly on the merits of her position and in her efforts to stay this Court's contempt sanction, Herridge has now again confirmed, both via her counsel and personally under oath, that she will continue to flout this Court's August 1, 2023 Order and refuse to disclose which government official(s) broke the law, notwithstanding the $800-a-day fine she will incur for that recalcitrance.  And she has said that she will maintain that position for at least as long as it takes the Supreme Court to rule on a forthcoming petition for a writ of certiorari, a process that will likely take at least a few months.  Furthermore, it is not certain that the current sanction would be sufficient to end Herridge's sustained campaign of defiance even if she received an adverse ruling from the Supreme Court.

Herridge's casual acceptance of the sanction initially imposed by this Court confirms that, as currently constituted, it will not serve its intended purpose: to secure Herridge's compliance with this Court's August 1, 2023 Order.  Accordingly, Chen requests that this Court not only confirm enforcement and imposition of the existing sanction in the Contempt Order, but also modify the Contempt Order by: (1) imposing a "graduated fine" in the face of Herridge's promised "continued defiance"; and (2) forbidding Herridge "from accepting any contribution to satisfy the Court's monetary sanction." *Hatfill v. Mukasey*, 539 F. Supp. 2d 96, 99 (D.D.C. 2008).

### FACTUAL AND PROCEDURAL BACKGROUND

This Court is well-versed in the facts underlying Chen's Privacy Act lawsuit as well as this case's protracted history.  After Chen filed this Privacy Act lawsuit and spent years trying to

confirm the identity of the official who leaked protected information about her to Herridge, four years ago, Chen subpoenaed Herridge as well as Herridge's employer at the time of the publications at issue, Fox News Network.  Both Herridge and Fox moved to quash the subpoenas. This Court denied Herridge's motions to quash her deposition subpoena on August 1, 2023 and held that "Chen may depose Herridge regarding the identity and intent of the source or sources of the documents and images allegedly provided to her in violation of the Privacy Act."  (Mem. Op. & Order (Aug. 1, 2023) ("Disclosure Order") [Dkt. 148] at 28.)

At her deposition, which was noticed shortly after this Court issued its Disclosure Order, Herridge refused to reveal her source(s), leaving Chen no choice but to seek to hold Herridge in contempt for flouting the Disclosure Order.  This Court concluded that "a finding of civil contempt" was "warranted" and rejected, for a second time, Herridge's various legal arguments asserting that she was not required to identify her source(s).  (Contempt Order at 1.)  In fashioning an appropriate contempt sanction, this Court rebuffed Herridge's proposal of fining her $1 per day because "such a trivial sanction would not serve the fundamental purpose of civil contempt: ensuring compliance with a court order.  It would permit Herridge to pay pittance in perpetuity while continuously violating the Court's directive and effectively vitiating Chen's right to pursue her Privacy Act claim." (*Id*. at 21.)  For that reason, this Court imposed a fine at the "low-end" of the range of permissible fines—$800 per day—which it stayed during the pendency of Herridge's appeal to the D.C. Circuit.  (*Id.*)  Significantly, this Court left open the possibility that it would consider "down the line" whether to "forbid Herridge from accepting funding from any other persons or entity to pay her contempt sanction" "depending on how things play out after any appellate proceedings." (*Id*. at 23.)

On appeal, the D.C. Circuit unanimously affirmed this Court's decision to hold Herridge in contempt. *See Chen*, 153 F.4th at 1290. It subsequently denied Herridge's: (1) motions for panel rehearing and rehearing *en banc*, with no members of the D.C. Circuit voting to grant her petition for rehearing *en banc*, *see Chen*, No. 24-5050, Dkt. 2174732 (D.C. Cir. May 22, 2026); and (2) motion for the D.C. Circuit to stay its mandate. *See id.*, Dkt. 2180022 (D.C. Cir. June 23, 2026).

Herridge then sought relief in the Supreme Court. In opposing Herridge's motion for the Supreme Court to stay the D.C. Circuit's mandate, Chen noted that Herridge conspicuously did not claim that the $800-per-day fine would be "financially ruinous," likely because Fox News, which has vociferously proclaimed that the identity of Herridge's source(s) should be protected, is using its "war chest" to support Herridge's "litigation efforts." *Herridge v. Chen*, No. 25A1448, Stay Opposition at 38 n.5 (July 1, 2026).[1] The Supreme Court denied Herridge's motion for a stay, with only one Justice noting that he would have granted the stay application. *See Herridge*, No. 25A1448, 2026 WL 1902173, at *1.

Herridge, however, is still steadfastly refusing to reveal the identity of her source(s). In doing so, she continues to shield a lawless government official or officials from accountability. As the attached declaration—which Herridge provided by agreement in lieu of sitting for a pointless deposition—makes clear, she will not comply with the Court's Disclosure Order, and will instead willingly incur the $800-per-day fine at least until her "forthcoming petition to the Supreme Court for a writ of certiorari has been ruled upon," a process that will undoubtedly take

---

[1] https://www.supremecourt.gov/DocketPDF/25/25A1448/415418/20260701101401089_20260701%20FINAL%20Opp.%20to%20Herridge%20Application%20for%20Stay.pdf.

months at a minimum.  (July 20, 2026 Decl. of Catherine Herridge ("Herridge Decl.") ¶¶ 4-7 (Attached hereto as **Exhibit A**).)

## ARGUMENT

Despite losing at every level of the federal judiciary, Herridge continues to place herself above the law.  She insists—despite trial and appellate rulings to the contrary—that she has a qualified privilege not to reveal her source(s) and has taken the position that she is perfectly willing to incur the $800-per-day fine that the Contempt Order imposed rather than comply with the Disclosure Order.  Herridge's blasé approach to this Court's directives confirms that, as currently constituted, the Contempt Order will not serve its fundamental purpose: "to coerce" Herridge "into compliance with" this Court's Disclosure Order.  (Contempt Order at 20).  Accordingly, in order to render the Contempt Order effective, the amount of the fine should be increased, and Herridge should be prohibited from accepting outside funding to pay it.

"The principal purpose of civil contempt is vindication of judicial authority." *United States v. Philip Morris USA, Inc.*, 287 F. Supp. 2d 5, 10 (D.D.C. 2003).  Where a contempt sanction proves ineffective for that purpose, courts routinely increase the severity of the sanction to procure the contemnor's compliance with the order at issue. *See Hatfill*, 539 F. Supp. 2d at 99 ("The Court granted Dr. Hatfill's motion and imposed a graduated fine as the initial sanction for Ms. Locy's continued defiance."); *Philip Morris*, 287 F. Supp. 2d at 15 ("If non-compliance with [the orders] continues past October 24, 2003, the Court will consider imposing other contempt remedies."); *see also United States v. Mongelli*, 2 F.3d 29, 30 (2d Cir. 1993) (affirming district court's decision to increase civil contempt fines from "$4,000 per business day" to "$10,000 per day"); *United States v. Reynoso*, 814 F. Supp. 3d 262, 266 (D.P.R. 2026) ("The original daily fine of $10,000 was plainly insufficient to compel his compliance.  Accordingly, a higher daily fine is

warranted."); *Citigroup Inc. v. Sayeg*, No. 21 Civ. 10413 (JPC), 2022 WL 1620298, at *3 (S.D.N.Y. May 23, 2022) ("When an existing fine has not secured compliance with a court's orders, courts will often increase the amount of a per diem fine." (internal quotation omitted)).

Herridge has made it clear that she plans to violate this Court's Disclosure Order for the foreseeable future and has no issues paying the $800-per-day fine during that period, which is unsurprising, given that Fox News will very likely bankroll her contempt of court. (*See* Herridge Decl. ¶¶ 5-7.) It necessarily follows that the contempt sanctions this Court initially imposed are "plainly insufficient," *Reynoso*, 814 F. Supp. 3d at 266, and "have had no discernable impact on" Herridge's compliance. *Sistem Mühendislik Insaat Sanayi Ve Ticaret, A.Ş. v. Kyrgyz Republic*, No. 12-cv-4502, 2020 WL 7890222, at *4 (S.D.N.Y. Nov. 5, 2020).

Accordingly, Chen requests that the Court follow the approach that Judge Walton took in *Hatfill* by imposing a graduated fine that increases over time if Herridge maintains her recalcitrance. In that case, the court imposed an initial $500 a day fine that increased to $1,000 if the reporter failed to comply within seven days, and then $5,000 a day if another seven days elapsed without compliance. *Hatfill*, 539 F. Supp. 2d at 99 n.5. Here, the Contempt Order became effective by its terms on July 7 when the D.C. Circuit's mandate issued, but as of July 20, 2026, Herridge has refused to comply, has confirmed via her counsel that she will not comply, and has provided a sworn declaration affirming under oath that she will continue to refuse to comply. Thus, the Court should confirm imposition of its $800-a-day fine beginning on July 8, immediately increase the sanction to $1,500 a day, and order that it will increase to $5,000 a day if Herridge does not comply within a week.

However, an increase in the amount of the fine alone is unlikely to solve the problem and coerce Herridge's compliance. Her casual acceptance of an $800-a-day fine—together with the

6

way she has aggressively litigated this case at every step, with prominent counsel, for years[2]—strongly suggests that Herridge's litigation fees and costs are being funded by a third party; most likely Fox, where she was employed at the time of the underlying reporting at issue.  Indeed, Herridge conspicuously did not claim before the Supreme Court that she would be unable to shoulder an $800-a-day fine.  When Chen argued that the likely reason for Herridge's silence was that Fox News was planning to pay it for her, Herridge pointedly did not deny it.

Because the core purpose of civil contempt is to "coerce compliance" consistent with the judiciary's authority (Contempt Order at 21), "allowing the contemnor to receive reimbursement for her disobedient behavior defeats this underlying rationale and would handicap the court's ability to extract the compliance it seeks."  *Hatfill*, 539 F. Supp. 2d at 107; *see In re HMCA (Carolina), Inc.*, 301 B.R. 764, 773 (D.P.R. 2003) ("To have any meaning, these sanctions must be paid by the wrongdoers, and not simply passed on to taxpayers."); *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 914 F. Supp. 1172, 1179-80 (E.D. Pa. 1996) ("Because Mr. Hart is solely responsible, he and he alone should pay the sanctions I am imposing.").  Holding Herridge "personally responsible" for the contempt sanctions is appropriate because, like the reporter in *Hatfill*, she "is the only person who has the ability to comply with the Court's order."  539 F. Supp. 2d at 107.  Thus, "she alone should be required to bear the financial burden of her choice not to do so."  *Id*.  In this regard, it is noteworthy that Herridge departed Fox almost seven years ago, and she claimed in her deposition that she told no one at Fox the identity of her source—underscoring that her decision not to identify her source(s) is hers alone, and that nobody other than Herridge

---

[2] Well-known Supreme Court advocate Paul Clement represented Ms. Herridge in her emergency briefing before the Supreme Court.

can remedy the injustice she is perpetuating.[3]  Allowing Herridge to rely on Fox's bottomless war chest of resources to pay her contempt fines would not only subvert the "underlying rationale" of the Disclosure Order, but it would also "encourage others to disregard court orders, knowing that they will not ultimately be held personally responsible for their disobedience."  *Hatfill*, 539 F. Supp. 2d at 107.

Finally, the circumstances that caused this Court "not to follow" Judge Walton's approach in *Hatfill* two-and-a-half years ago are no longer present, as this Court was primarily concerned with striking an appropriate balance between ensuring compliance with the Court's Disclosure Order and "preserving Herridge's right to appeal that decision," which is why this Court made it clear that it may "reconsider" its approach "depending on how things play out after any appellate proceedings."  (Contempt Order at 23.)  Since then, Herridge has pursued her appellate rights under the stay that she received from this Court to no avail.[4]  Plainly and simply, Herridge has litigated her qualified privilege claim "to the hilt" and every reviewing court has concluded that this Court's methodology and conclusions in assessing her privilege claim were sound.  (*Id*. at 23.)  At this juncture, Herridge is decidedly no different than any other litigant who does not wish to comply with a judicial order.  Allowing her obstinacy to persist unchecked would make a mockery of the "rule of law."  (*Id*. at 19.)

---

[3] https://www.cbsnews.com/news/catherine-herridge-veteran-national-security-journalist-joins-cbs-news-from-fox-news/.

[4] Insofar as Herridge is continuing to exercise her appellate rights by filing a petition for a writ of certiorari, by all indications (and statistics), that request is highly unlikely to be granted. Herridge's stated desire to avoid mooting her last-ditch request for merits review by the Supreme Court is a far cry from the public interests that animated this Court's prior stay of its contempt sanction over two years ago—before Herridge lost repeatedly on appeal and her emergency petition to stay the mandate was rebuffed by the Supreme Court.

**CONCLUSION**

For the foregoing reasons, Chen requests that this Court (1) confirm enforcement of the Contempt Order and imposition of its $800 per day fine beginning on July 8, the day after the mandate issued; (2) increase the fine immediately to $1,500 a day, with a subsequent increase to $5,000 per day if another seven days elapses without Herridge agreeing to comply; and (3) require Herridge to "personally bear the responsibility of paying the fine(s) the Court imposed." *Hatfill*, 539 F. Supp. 2d at 107.

Dated: July 20, 2026                                Respectfully submitted,

    */s/ Andrew C. Phillips*
Andrew C. Phillips (DC Bar No. 998353)
Archith Ramkumar (DC Bar No. 198479)*
*DDC Admission Pending*
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th Street, N.W.
Suite 550
Washington, D.C. 20036
andy.phillips@mwpp.com
archith.ramkumar@mwpp.com

*Counsel for Plaintiff Yanping Chen*

9

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically by the Clerk of Court on July 20, 2026, using the CM/ECF system, which will send notification of such filing to all counsel of record.

 */s/ Andrew C. Phillips*
Andrew C. Phillips