**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

YANPING CHEN,

         *Plaintiff*,

  v.

FEDERAL BUREAU OF INVESTIGATION,
U.S. DEPARTMENT OF JUSTICE, U.S.
DEPARTMENT OF DEFENSE, U.S.
DEPARTMENT OF HOMELAND SECURITY,

        *Defendants*.

**Case No. 1:18-cv-03074-CRC**

**BRIEF OF REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS AS AMICUS
CURIAE IN SUPPORT OF NON-PARTY CATHERINE HERRIDGE'S OPPOSITION
TO MOTION TO ENFORCE AND MODIFY THIS COURT'S CONTEMPT ORDER**

## CORPORATE DISCLOSURE STATEMENT

The Reporters Committee for Freedom of the Press is an unincorporated association of reporters and editors with no parent corporation and no stock.

## TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ................................................................... i

TABLE OF AUTHORITIES ........................................................................................ iii

INTEREST OF AMICUS CURIAE ............................................................................... 1

ARGUMENT .............................................................................................................. 2

CERTIFICATE OF COMPLIANCE ............................................................................. 5

# TABLE OF AUTHORITIES

**Cases**

*Gompers v. Buck's Stove & Range Co.*,
    221 U.S. 418 (1911) ............................................................................................... 2

*Hatfill v. Mukasey*,
    539 F. Supp. 2d 96 (D.D.C. 2008) ...................................................................... 3

*In re Roche*,
    448 U.S. 1312 (1980) ........................................................................................... 3

*In re Sealed Case No. 98-3077*,
    151 F.3d 1059 (D.C. Cir. 1998) .......................................................................... 2

*Lee v. U.S. Dep't of Justice*,
    327 F. Supp. 2d 26 (D.D.C. 2004),
    *affirmed in part, vacated in part on other grounds*, 413 F.3d 53 (D.C. Cir. 2005) ................... 3

*Time, Inc. v. Hill*,
    385 U.S. 374 (1967) ............................................................................................. 3

*United States v. Stein*,
    435 F. Supp. 2d 330 (S.D.N.Y. 2006),
    *aff'd*, 541 F.3d 130 (2d Cir. 2008) ..................................................................... 3

**Other Authorities**

Br. of Amicus Curiae Reps. Comm. for Freedom of the Press,
    *Herridge v. Chen*, No. 25A1448 (U.S. June 30, 2026) ............................................. 3

## INTEREST OF AMICUS CURIAE[1]

Amicus curiae the Reporters Committee for Freedom of the Press (the "Reporters Committee") is an unincorporated nonprofit association founded by leading journalists and media lawyers in 1970, when the nation's news media faced an unprecedented wave of government subpoenas forcing reporters to name confidential sources. Today, its attorneys provide pro bono legal representation, amicus curiae support, and other legal resources to protect First Amendment freedoms and the newsgathering rights of journalists.

Because of the vital role that confidential journalistic sources play in the free flow of information to the public, Reporters Committee has a strong interest in ensuring that journalists can offer credible assurances of confidentiality to their sources. The Plaintiff's motion to enforce and modify the contempt order would undermine that ability. Accordingly, Reporters Committee respectfully submits this amicus brief in support of non-party Catherine Herridge's opposition to Plaintiff's motion.

---

[1]     No counsel for any party authored this letter in whole or in part; amicus and its counsel authored the letter in its entirety. No person or entity other than amicus and its counsel made a monetary contribution intended to fund the preparation or submission of this letter.

1

## ARGUMENT

The Reporters Committee for Freedom of the Press writes to urge the Court to deny the Plaintiff's motion to enforce and modify the Memorandum Opinion and Order issued by the Court on February 29, 2024. That order, which held nonparty reporter Catherine Herridge in civil contempt, imposed a fine of $800 daily on the journalist but stayed the fine until "completion of proceedings on a timely appeal." ECF No. 193 at 24.

Despite acknowledging that Herridge intends to file a petition for a writ of certiorari, Plaintiff asks the Court to begin enforcing the $800-a-day fine, escalating it to $1,500 and eventually to $5,000 daily if Herridge does not comply. Plaintiff also asks the Court to bar any third parties from paying the fine on her behalf, including Herridge's employer at the time of the at-issue publications. Reporters Committee urges the Court to deny the motion.

The Court appropriately stayed sanctions until Herridge could "litigate her First Amendment claim to the hilt," ECF No. 193 at 23, and should make it clear what was implied— that the stay includes the opportunity to seek certiorari.

That result is particularly warranted where, as here, the specific sanctions Plaintiff requests are nothing less than punitive. *See In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1070 (D.C. Cir. 1998) (criminal contempt sanctions are "punitive, to vindicate the authority of the court," while civil contempt sanctions are meant to be "remedial, and for the benefit of the complainant" (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911))). Smaller fines than the ones Plaintiff has requested have been found to be "too punitive." *Lee v. U.S. Dep't of Justice*, 327 F. Supp. 2d 26, 33 (D.D.C. 2004) (court rejected civil fine of $1,000

2

per day imposed on a non-party journalist), *affirmed in part, vacated in part on other grounds*, 413 F.3d 53 (D.C. Cir. 2005).[2]

Even worse, Plaintiff asks the Court to refuse to allow Herridge to receive *any* financial assistance from *anyone* in paying these fines. *Cf. United States v. Stein*, 435 F. Supp. 2d 330, 361–62 (S.D.N.Y. 2006) (criminal defendants must be permitted to use all resources lawfully available, free of government interference, and including indemnification by employers, to pursue their legal rights), *aff'd*, 541 F.3d 130 (2d Cir. 2008).

Plaintiff's request that Herridge be held personally responsible for the fines assumes she reports in a vacuum, but the benefits of the reporter's privilege are fundamentally collective, not personal, carrying the interests of the sources, the publisher, the press at large, and ultimately the public itself. *Time, Inc. v. Hill*, 385 U.S. 374, 389 (1967) (constitutional protection for the press is "not for the benefit of the press so much as for the benefit of all of us"). Tellingly, the cases Plaintiff cites to support this request (other than *Hatfill v. Mukasey*, 539 F. Supp. 2d 96 (D.D.C. 2008), which the Court declined to follow on this point in its contempt order, ECF No. 193 at 23) do not implicate the reporter's privilege. *See* ECF No. 203-1 at 7.

The Court previously held that the "public interest" supported a stay. ECF No. 193 at 23. Having already properly found that "it is better to be safe than sorry when it comes to First Amendment rights," *id*., the Court should now recognize that Plaintiff's requested relief asks the

---

[2]    In earlier filings, Reporters Committee has opposed the imposition of any contempt sanctions on Herridge until she finishes pursuing all avenues of review. *See* ECF No. 177-1 at 4–8 (arguing that the immediate imposition of contempt sanctions during pendency of Herridge's appeal would threaten the newsgathering and reporting process); Br. of Amicus Curiae Reps. Comm. for Freedom of the Press, *Herridge v. Chen*, No. 25A1448 (U.S. June 30, 2026) (supporting Herridge's application for emergency stay of the D.C. Circuit's mandate); *see also In re Roche*, 448 U.S. 1312, 1316 (1980) (Brennan, J., in chambers) ("Without such a stay [of sanctions], applicant must either surrender his secrets (and moot his claim of right to protect them) or face commitment to jail.").

Court to go well beyond a reasonable exercise of its contempt power and would chill critical newsgathering activity that relies on confidential sources.

For the foregoing reasons, Reporters Committee respectfully urges this Court to deny Plaintiff's motion.

Dated:  August 5, 2026                                    Respectfully submitted,


/s/ Bruce D. Brown
Bruce D. Brown (D.C. Bar No. 457317)
    *Counsel of Record*
Lisa Zycherman (D.C. Bar No. 495277)
Gabe Rottman (D.C. Bar No. 992728)
Marietta Catsambas (D.C. Bar No. 1617526)
REPORTERS COMMITTEE FOR
    FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, D.C. 20005
Telephone: (202) 795-9300
Facsimile: (202) 795-9310
bruce.brown@rcfp.org

## CERTIFICATE OF COMPLIANCE

This amicus curiae brief complies with the type-volume limit of LCvR 7(o)(4) because it is 25 or fewer pages.

This amicus curiae brief complies with the typeface and type-style requirements of LCvR 5.1(d) because it has been prepared in a proportionally spaced typeface using Microsoft Word with Times New Roman in size 12 font.


Dated:  August 5, 2026                    Respectfully submitted,


                                          /s/ Bruce D. Brown
                                          Bruce D. Brown (D.C. Bar No. 457317)
                                            Counsel of Record for Amicus Curiae