**PUBLIC VERSION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

YANPING CHEN,

      Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION,
U.S. DEPARTMENT OF JUSTICE,
U.S. DEPARTMENT OF DEFENSE, U.S.
DEPARTMENT OF HOMELAND
SECURITY,

      Defendants.

Case No. 1:18-cv-03074-CRC

### NON-PARTY CATHERINE V. HERRIDGE'S
### CROSS-MOTION TO CLARIFY OR EXTEND STAY

Non-party Catherine V. Herridge, by and through undersigned counsel, hereby moves this

Court for an order, pursuant to this Court's inherent powers and Federal Rule of Civil Procedure

60(a): (i) clarifying the scope of the stay contained in this Court's Order of February 29, 2024,

ECF. 193 ("Contempt Order") or extending that stay until the Supreme Court rules on Ms.

Herridge's forthcoming petition for certiorari; (ii) if the Court's stay is not in effect, clarifying the

date on which the fines first began to accrue; and (iii) if the Court's stay is not in effect, permitting

Ms. Herridge to pay any contempt fines in batches of three or four days at a time and, if feasible,

through electronic funds transfers.

First, Ms. Herridge respectfully submits that, under the Court's order staying contempt

fines "until completion of proceedings on a timely appeal," *id.* at 21, the intended duration of the

stay is ambiguous. Out of an abundance of caution, Ms. Herridge has interpreted that order to

mean that, once the mandate issued from the D.C. Circuit and the case returned to this Court,

contempt fines would begin if Ms. Herridge again refused to disclose her source(s). But submitting

a petition for certiorari is part of Ms. Herridge's right to pursue a "timely appeal," and the proceedings on Ms. Herridge's direct appeals will not be concluded until the Supreme Court has ruled on her forthcoming petition for certiorari, which is due on August 20, 2026.  Similarly, the principle guiding the Court's order—that Ms. Herridge should be permitted to "litigate her First Amendment claim to the hilt" before being fined—necessarily suggests that fines should not begin until *after* the petition for certiorari has been decided.  Accordingly, Ms. Herridge respectfully requests that the Court clarify whether it intended the original stay order to extend through exhaustion of Ms. Herridge's timely direct appeals, including her petition for certiorari.

Alternatively, if the Court intended its stay to last only through the first level of appellate review, Ms. Herridge respectfully requests that the Court extend the stay until the Supreme Court has ruled on the forthcoming petition for certiorari.  The same rationale the Court announced in entering the stay applies equally now.  No one would say that Ms. Herridge has been permitted to litigate her claims "to the hilt" before the Supreme Court has ruled on her forthcoming petition for certiorari.  In addition, Ms. Herridge will still face irreparable harm if she is forced to disclose her source(s) before the Supreme Court has ruled on her petition, and the balance of equities has not changed.  The Court's stay has been in effect for over two and a half years.  Plaintiff cannot point to any material harm she would suffer if the stay were extended for another three months until the petition for certiorari has been decided.

Second, Ms. Herridge moves the Court for an order clarifying the date on which the fines first began to accrue.  Ms. Herridge has proceeded on the understanding that the fines began when she notified Plaintiff (in a form acceptable to Plaintiff to avoid the need for a deposition) that she would not disclose her source(s).  At bottom, Ms. Herridge simply seeks clarification from the Court so that she may properly comply with the Court-ordered fines.

Finally, Ms. Herridge moves the Court for an order permitting Ms. Herridge to pay any contempt fines in batches of three or four days at a time and, if feasible, through electronic funds transfers. At present, Ms. Herridge is paying contempt fines daily by mailing in a physical check to the clerk. Permitting payments in batches of three or four days at a time will likely be more efficient for the Clerk's office processing the payments as well.

Pursuant to Local Rule 7(m), undersigned counsel has conferred with counsel for Chen, who has advised that Chen will oppose this motion.

August 3, 2026                              Respectfully submitted,

                                           /s/ *Patrick F. Philbin*
                                           Patrick F. Philbin
                                           Kyle T. West
                                           Chase T. Harrington
                                           TORRIDON LAW PLLC
                                           801 Seventeenth Street, N.W.
                                           Suite 1100
                                           Washington, DC 20006
                                           (202) 249-6633
                                           pphilbin@torridonlaw.com

                                           *Counsel for Catherine V. Herridge*

3

CONFIDENTIAL—FILED UNDER SEAL

## CERTIFICATE OF SERVICE

I, Patrick F. Philbin, hereby certify that, on August 3, 2026, the foregoing motion, along with its attachments, was served on the following at the email addresses indicated below, all of whom have consented to such service:

**Counsel for Yanping Chen:**

Andrew C. Phillips
andy.phillips@mwpp.com

**Counsel for Federal Bureau of Investigation, U.S. Department of Justice, U.S. Department of Defense, U.S. Department of Homeland Security, and U.S. Department of Defense:**

Garrett Joseph Coyle
Garrett.Coyle@usdoj.gov

Carol Federighi
carol.federighi@usdoj.gov

Elizabeth Shapiro
Elizabeth.Shapiro@usdoj.gov

Joshua Nathaniel Schopf
joshua.n.schopf@usdoj.gov


By:  /s/ *Patrick F. Philbin*
Patrick F. Philbin

*Counsel for Catherine V. Herridge*

4