# EXHIBIT D

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 08-5049** **September Term 2008**

**03cv01793**

**Filed On:** November 17, 2008

Steven J. Hatfill, M.D.,

Appellee

v.

Michael B. Mukasey, Attorney General, et al.,

Appellees

Toni Locy,

Appellant

Michael Isikoff, et al.,

Appellees

**BEFORE:** Ginsburg, Rogers, and Kavanaugh, Circuit Judges

**O R D E R**

Upon consideration of the stipulation of dismissal entered by the district court on August 29, 2008, the appellee's motion for leave to file a motion to dismiss and the lodged motion to dismiss, the opposition thereto, and the reply, it is

**ORDERED** that the motion for leave to file be granted. The Clerk is directed to file the lodged documents. It is

**FURTHER ORDERED** that the motion to dismiss be granted. This appeal raised close questions under Fed. R. Evid. 501 and the First Amendment, including whether the appellant had a defense, which required analysis of the appellee's efforts to obtain the information from alternate sources and need for disclosure of the appellant's sources, as compared to the appellant's interest in concealing her sources in order to protect the workings of the press. Because the underlying case has been settled, however, there is no longer a "pending trial in which" the appellee's request for disclosure "can be used." *In re City of El Paso*, 887 F.2d 1103, 1106 (D.C. Cir. 1989). Moreover, in light of our order of March 11, 2008, staying the district court's contempt

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 08-5049** **September Term 2008**

order pending appeal, the appellant has suffered no sanction that would preserve her appeal for review. Therefore, the appeal is moot. It is

**FURTHER ORDERED** that the contempt order issued by the district court against the appellant be vacated pursuant to *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–41 (1950).

The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Michael C. McGrail
Deputy Clerk