**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **YANPING CHEN,**<br><br>  **Plaintiff,**<br><br>**v.**<br><br>**FEDERAL BUREAU OF INVESTIGATION,**<br>**U.S. DEPARTMENT OF JUSTICE, U.S.**<br>**DEPARTMENT OF DEFENSE, and U.S.**<br>**DEPARTMENT OF HOMELAND SECURITY,**<br><br>  **Defendants.** | **Civil Action No. 1:18-cv-03074** |

**JOINT ADVISORY REGARDING UNDER-SEAL MATERIALS**

Plaintiff Yanping Chen, along with Defendants the Federal Bureau of Investigation, the U.S. Department of Justice, the U.S. Department of Defense, and the U.S. Department of Homeland Security (the "Government Defendants"), and non-party Catherine V. Herridge, hereby submit the following Joint Advisory as requested by the Court's August 7, 2026 Minute Order:

1.     On July 20, 2026, Chen filed a Motion to Enforce and Modify This Court's Contempt Order (Dkt. 193) [Dkt. 203].  On August 3, Herridge filed an Opposition to Plaintiff's Motion to Enforce and Modify Contempt Order and Memorandum in Support of Cross-Motion to Clarify or Extend Stay [Dkt. 204-3] (hereinafter, "Herridge's Brief").

2.     Herridge's Brief and the accompanying motion and exhibits were filed under seal, along with a Motion to File Documents Under Seal, because Herridge's Brief referred to the substance of a document that Chen has designated as Confidential pursuant to the Stipulated Protective Order [Dkt. 27].

1

3.      On August 7, 2026, the Court denied Chen's motion and granted in part Herridge's cross-motion.  The Court also entered a Minute Order the same day directing the parties and non-party Herridge to:

> [C]onsult and file a notice with the Court by August 14, 2026, indicating to what extent Ms. Herridge's [204-2] Sealed Cross-Motion to Clarify or Extend Stay, and related exhibits and papers filed in the same docket entry, should be unsealed (including any necessary redactions) in light of the [27] Stipulated Protective Order and the general presumption of public court proceedings.

4.      The parties and Herridge have consulted as requested.

5.      As to the question of whether Herridge's Brief and accompanying filings should be unsealed with necessary redactions, the parties and Herridge have followed the process set forth in the Stipulated Protective Order, whereby a document containing material designated as Confidential must be filed initially under seal, after which the parties (and, here, a non-party) must consult on the scope of redactions so that a public version of the document can be filed.  Herridge filed a public, redacted version of her Brief and accompanying materials on August 11, 2026 [Dkt. 207].

6.      As to whether Herridge's Brief should be unsealed entirely and made public with no redactions, Chen, Herridge, and the Government Defendants do not agree.

7.      The redactions in Herridge's Brief pertain to references to the substance of single document produced in discovery, which relates to a Department of Defense decision to remove a university Chen leads from the DoD Tuition Assistance Program (the "DOD Findings Document").

8.      Chen's position is that the DOD Findings Document is properly designated as Confidential and that it merits under seal treatment pursuant to the guidelines set forth in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980), particularly where this confidential

2

discovery document was provided to Herridge, a non-party, voluntarily by the Government and at her counsel's request for the purpose of allowing her to assess her qualified privilege arguments. Chen has more fully set out her position in the briefs attached to the letter Herridge filed with the Court on August 7, 2026.  [Dkt. 206-2].

9.      Herridge's position is that the DOD Findings Document is a final agency decision document that should be public, and that, because Ms. Herridge relied on the document in making her arguments both to this Court and to the court of appeals concerning the proper test for implementing the First Amendment reporter's privilege, the document should be unsealed under the test established in *United States v. Hubbard*, 650 F.2d at 317-22.  Ms. Herridge has more fully set out her position in the briefs attached to the letter she filed with the Court on August 7, 2026. [Dkt. 206-2].

10.      The Government's position is that unsealing the document would be in the public interest, for the reasons set forth in Exhibit 4 to Herridge's August 7, 2026 Letter to the Court [Dkt. 206-7].

11.      Chen and Herridge have previously briefed in this Court the issue of whether the DOD Findings Document and a second DOD document relating to an appeal of that decision should be unsealed pursuant to a motion to unseal filed by Herridge.  (*See* Non-Party Catherine Herridge's Motion to Unseal Documents (Nov. 27, 2023) [Dkt. 165-2] and Mem. in Support [Dkt. 165-3]; Pl.'s Mem. in Opp'n to Non-Party Catherine Herridge's Mot. to Unseal Documents (Dec. 11, 2023) [Dkt. 167-3]; Herridge's Reply in Support of Mot. to Unseal Documents (Jan. 3, 2024) [Dkt. 175-2].)  While that motion was pending, Ms. Herridge appealed this Court's contempt order and subsequently moved to unseal both DOD documents in the D.C. Circuit.  This Court denied

the motion to unseal pending before it without prejudice to avoid a conflict with the court of appeals. (Minute Order (July 17, 2024)).

12.    Although Ms. Herridge's motion to unseal was fully briefed in the court of appeals, the court did not rule on the motion and, instead, referred the motion to unseal back to this Court for resolution. (Mandate, [Dkt. 202].)

13.    The parties and Herridge agree that the Court should resolve the referred Motion to Unseal, which was the subject of Herridge's August 7 Letter. [Dkt. 206-2]. Resolving that motion will definitively resolve whether both DOD documents should remain under seal and thus will resolve the question posed by the Court's August 7 Minute Order; namely, whether Herridge's Brief should remain redacted and partially under seal, or whether the redacted portions thereof should be unsealed and made public.

Dated:  August 13, 2026

Respectfully submitted,

  /s/ Andrew C. Phillips
Andrew C. Phillips (DC Bar No. 998353)
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th St NW, Suite 550
Washington, DC 20036
Email: andy.phillips@mwpp.com

*Counsel for Plaintiff Yanping Chen*

  /s/ Patrick F. Philbin (with permission)
Patrick F. Philbin (DC Bar No. 453620)
Kyle T. West (DC Bar No. 24093346)
Chase T. Harrington (DC Bar No. 1619501)
TORRIDON LAW PLLC
801 17th St. NW, Suite 1100
Washington, DC 20006
pphilbin@torridonlaw.com
kwest@torridonlaw.com
charrington@torridonlaw.com

*Counsel for Non-Party Catherine Herridge*

*/s/ Joshua N. Schopf (with permission)*

Joshua N. Schopf, Trial Attorney
United States Department of Justice
Civil Division,
Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:    (202) 514-6314
joshua.n.schopf@usdoj.gov

*Counsel for the Government Defendants*

5

## CERTIFICATE OF SERVICE

I, Andrew C. Phillips, hereby certify that, on August 13, 2026, the foregoing Joint Advisory

was served on the following at the email addresses indicated below, all of whom have consented

to such service:

**Counsel for Catherine V. Herridge:**

Patrick F. Philbin
pphilbin@torridonlaw.com
Kyle T. West
kwest@torridonlaw.com
Chase T. Harrington
charrington@torridonlaw.com

**Counsel for Defendants:**

Joshua N. Schopf
Joshua.n.schopf@usdoj.gov

/s/ Andrew C. Phillips
Andrew C. Phillips

6