**PUBLIC VERSION**

# Torridon Law PLLC

801 Seventeenth Street NW, Suite 1100
Washington, DC 20006
(202) 249-6900

August 7, 2026

The Honorable Christopher R. Cooper
United States District Court Judge
U.S. District Court for the District of Columbia
333 Constitution Avenue NW
Washington, DC 20001

**Re: Notice of Referral of Motion to Unseal, *Chen v. FBI*, No. 1:18-cv-3074**

Dear Judge Cooper:

We write to notify the Court that, pursuant to Circuit Rule 47.1(c), the court of appeals has referred to this Court a fully briefed motion to unseal. *See* Mandate, ECF No. 202. The motion seeks unsealing of two documents (the "DOD Decisions") currently subject to the Stipulated Protective Order in this case, along with portions of any filings sealed because they cite or quote those documents. The DOD Decisions terminate the University of Management Technology's participation in DOD's Tuition Assistance Program on national security grounds and explain the findings supporting that publicly announced decision.

We respectfully ask the Court to rule promptly in light of (i) the length of time Ms. Herridge's motions to unseal have been pending; (ii) the unnecessary procedural hurdles created by filing under seal, particularly for Ms. Herridge's forthcoming petition for certiorari, and (iii) the fact that continued sealing improperly frustrates public understanding of the issues in this case.

Ms. Herridge originally moved to unseal the DOD Decisions in this Court more than two and half years ago on November 27, 2023. *See* ECF No. 165. While that motion was pending, Ms. Herridge appealed this Court's contempt order and subsequently moved to unseal the documents in the D.C. Circuit. This Court denied the motion to unseal pending before it without prejudice to avoid a conflict with the court of appeals. Minute Order (July 17, 2024).

The D.C. Circuit originally denied the motion to unseal as moot when it issued its decision on Ms. Herridge's appeal. Order, *Chen v. FBI* (D.C. Cir. Sept. 30, 2025). When Ms. Herridge challenged the mootness ruling on rehearing, the D.C. Circuit vacated its own order and referred the motion to unseal to this Court. Mandate, ECF No. 202.

Ms. Herridge intends to rely on the DOD Decisions in her petition for a writ of certiorari. The information in those documents is not classified and there is no proper reason for these judicial records to remain sealed. Under the test established in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), all relevant factors favor unsealing.

**PUBLIC VERSION**

In particular, it does not matter that this Court and the court of appeals ultimately rejected Ms. Herridge's arguments about the scope of the First Amendment reporter's privilege. Ms. Herridge presented the DOD Decisions to persuade the court and argued that those documents provided information relevant to the balancing test used to apply the reporter's privilege. Without access to those documents, the public cannot even understand the force of Ms. Herridge's arguments. Even where a court rejects reliance on sealed materials, unsealing is warranted because "[w]ithout access to the sealed materials, it is impossible to know which parts of those materials persuaded the court and which failed to do so (and why)." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017). Thus, "[t]he public interest [in disclosure] … covers both material that the court found persuasive and material that it did not." *Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d 11, 26 (D.D.C. 2022).

As Judge Katsas acknowledged in the oral argument transcript that still remains under seal, [redacted]. That is precisely the point. Without access to the DOD Decisions, the public cannot assess the import of the courts' orders in this case.

To facilitate this Court's review of the unsealing motion, we have attached to this letter both the sealed and unsealed versions of the briefing presented to the D.C. Circuit on the motion, including sealed and unsealed versions of a letter from the government indicating that the United States has determined that "unsealing . . . would be in the public interest." Ltr. from Brad Hinshelwood to Clifford Cislak at 1, *Chen v. FBI* (D.C. Cir. May 30, 2025), Doc. No. 2118295.

Respectfully submitted,

/s/ *Patrick F. Philbin*

Patrick F. Philbin
Kyle T. West
Chase T. Harrington
TORRIDON LAW PLLC
801 Seventeenth Street NW
Suite 1100
Washington, DC 20006
(202) 249-6900
pphilbin@torridonlaw.com

*Counsel for Catherine V. Herridge*

Cc: Counsel of Record (via ECF)