PUBLIC VERSION

# EXHIBIT 5

**PUBLIC COPY—SEALED MATERIAL DELETED**

**No. 24-5050**

IN THE

# United States Court of Appeals for the District of Columbia Circuit

YANPING CHEN,
*Plaintiffs-Appellees*,

*v.*

FEDERAL BUREAU OF INVESTIGATION, et al.,
*Defendants-Appellees*,

CATHERINE V. HERRIDGE,
*Appellant*.

On Appeal from the United States District Court for the District of Columbia,
No. 1:18-cv-03074-CRC

## APPELLANT CATHERINE V. HERRIDGE'S MOTION TO UNSEAL

Patrick F. Philbin
Kyle T. West
Chase Harrington
TORRIDON LAW PLLC
1155 F Street, NW
Suite 750
Washington, DC 20004
(202) 249-6900
pphilbin@torridonlaw.com

June 24, 2024

*Counsel for Catherine V. Herridge*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................ 1

BACKGROUND ......................................................................................... 5

ARGUMENT .............................................................................................. 9

I. There Is a Strong Need for Public Access to the Sealed Documents. .......... 10

II. The Public Availability Prong Weighs in Favor of Disclosure Because the Fundamental Conclusion from the DOD Decisions Is Already Public. ........................................................................................ 12

III. The Lack of Third-Party Objections Weighs in Favor of Unsealing. .......... 13

IV. Plaintiff Does Not Have a Legally Recognized Privacy Interest in Keeping the Documents Sealed. ........................................................ 13

V. Plaintiff Cannot Point to Any Cognizable Legal Prejudice She Would Suffer from Unsealing. ..................................................................... 16

VI. The Sealed Documents Were Introduced into the Record with the Intent that the Court Rely Upon Them to Resolve a Public Dispute, Which Favors Disclosure. ......................................................................... 17

VII. The Public Interest Requires a Ruling from this Court. ............................ 20

CONCLUSION ......................................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Pro. Agency, Inc. v. NASW Assurance Servs., Inc.*,
121 F. Supp. 3d 21 (D.D.C. 2013)....................13

*In re Application for Access to Video Exhibits*,
575 F. Supp. 3d 101 (D.D.C. 2021)....................13, 19

*Chen v. FBI*,
No. 23-5198 (D.C. Cir. Sept. 11, 2023)....................7, 8

*Doe v. Pub. Citizen*,
749 F.3d 246 (4th Cir. 2014)....................16

*U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*,
818 F. Supp. 2d 64 (D.D.C. 2011)....................10

*EEOC v. Nat'l Children's Ctr., Inc.*,
98 F.3d 1406 (D.C. Cir. 1996)....................10

*Friedman v. Sebelius*,
672 F. Supp. 2d 54 (D.D.C. 2009)....................13, 16

*FTC v. Match Grp., Inc.*,
No. 1:22-MC-54, 2023 WL 3181351 (D.D.C. May 1, 2023)....................13, 16, 17

*Gilliard v. McWilliams*,
No. 16-cv-2007-RC, 2019 WL 3304707 (D.D.C. July 23, 2019)....................15

*U.S. ex rel. Grover v. Related Cos.*,
4 F. Supp. 3d 21 (D.D.C. 2013)....................15, 16

*ICC Evaluation Serv., LLC v. Int'l Ass'n of Plumbing and Mech. Offs., Inc.*,
No. 1:16-cv-00054-EGS-ZMF, 2022 WL 2785985
(D.D.C. July 15, 2022)....................15

*In re McCormick & Co., Inc.*,
No. MC 15-1825 (ESH), 2017 WL 2560911
(D.D.C. June 13, 2017) .............................................................4, 15, 17

**Metlife, Inc. v. Fin. Stability Oversight Council*,
865 F.3d 661 (D.C. Cir. 2017) ..................................................3, 9, 10, 19, 20

*Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*,
607 F. Supp. 3d 11 (D.D.C. 2022) ...............................................................14, 20

*Time, Inc. v. Hill*,
385 U.S. 374 (1967) ........................................................................................12

**United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*,
520 F. Supp. 3d 71 (D.D.C. 2020) ..........................................10, 12, 14, 16, 17

**United States v. Hubbard*,
650 F.2d 293 (D.C. Cir. 1980) ......................................................................3, 10

*Vanda Pharms., Inc. v. FDA*,
539 F. Supp. 3d 44 (D.D.C. 2021) .......................................................10, 17, 18

*Zapp v. Zhenli Ye Gon*,
746 F. Supp. 2d 145 (D.D.C. 2010) ....................................................................16

*Zerilli v. Smith*,
656 F.2d 705 (D.C. Cir. 1981) .........................................................................2, 6

**Rules**

Fed. R. Civ. P. 47.1 ..................................................................................4, 8, 20

**Other Authorities**

Natalie Gross, *DoD bans popular TA school from accepting the benefit* Military Times (Apr. 6, 2018), https://perma.cc/GDU8-7B77 ...........................................................................................................12

## GLOSSARY

CCP……………………………………...…………….Chinese Communist Party

PLA……………………………………………………....People's Liberation Army

UMT……………………………….……………University of Management Technology

## INTRODUCTION

Appellant, Catherine V. Herridge, moves to unseal documents that are vital for the public to understand the First Amendment issues at stake in this case. A core issue in this appeal concerns the factors that should be weighed in a balancing test to decide whether Plaintiff can overcome the First Amendment reporter's privilege and force disclosure of confidential source(s) for articles Ms. Herridge published as a national security investigative journalist. The district court refused to consider factors that Ms. Herridge believes are required under this Court's precedents and that are essential for protecting First Amendment rights. But the public cannot even understand the significance of what the district court refused to consider, because the court is keeping key documents bearing on those factors under seal—despite being asked to unseal them six months ago. The only rationale for the seal is that Plaintiff wants to hide unchallenged national security findings that the Department of Defense (DOD) made about her. That is not a permissible basis for sealing. Especially in a case affecting the public interest in First Amendment protections for the press, it is essential for the public to have full access to the arguments presented and to be able to understand how this Court resolves the constitutional issues at stake. The highest level of transparency is required, and the documents should be unsealed.

This case involves an effort by Plaintiff, a former colonel in the People's Liberation Army (PLA)—the military of the Chinese Communist Party (CCP)—to

expose the confidential source(s) of national security reporter Catherine V. Herridge. In 2018, DOD cut off funding to a school run by Plaintiff and made detailed findings about [redacted] the national security threat posed by her school (which recruited primarily U.S. military members). Plaintiff did not challenge those findings in court. Instead, she sued the government under the Privacy Act, claiming that DOD would not have acted if it had not been for some articles published by Ms. Herridge that (she claimed) included leaks from the government. In discovery, the district court ordered Ms. Herridge to disclose her source(s).

A central argument on Ms. Herridge's appeal is that, in applying the First Amendment reporter's privilege under *Zerilli v. Smith*, 656 F.2d 705 (D.C. Cir. 1981), courts must engage in a broad balancing of interests, including factors that would undermine the weight that can be given to Plaintiff's Privacy Act claim, such as: (1) Plaintiff cannot recover the bulk of her claimed damages (loss of DOD funding) because those damages resulted from DOD's independent decision based on detailed and devastating national security findings about Plaintiff; and (2) DOD's findings show there is [redacted] and her lawsuit seeks to secure compensation for that activity. The district court categorically refused to consider those factors, and others.

The critical point here is that, while core arguments in this appeal turn on what

should be included in the balance under *Zerilli*, the public cannot understand what the district court excluded from the balance because the DOD decision documents are being kept under seal. That is not because they are classified. They remain sealed solely because Plaintiff designated them under a Protective Order and would find it embarrassing to have them released. That is plainly an insufficient justification under settled law. There is a "strong presumption in favor of public access to judicial proceedings"—and that includes all documents the parties have relied upon in their arguments and filed with the court. *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quotations omitted).

The *Hubbard* factors this Court established for determining whether the presumption of public access can be overcome all overwhelmingly favor allowing the public to see the DOD decisions. *See United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980). The DOD decision documents include detailed findings supporting DOD's independent action cutting off funds for Plaintiff, including that [redacted] Knowledge of the DOD findings is critical to understanding Ms. Herridge's arguments about weaknesses in Plaintiff's case and the proper balancing of interests to apply the First Amendment reporter's privilege. The public cannot fully evaluate those arguments—or understand this Court's

ultimate decision—as long as the DOD documents remain hidden. And the need for public access is especially heightened here because this case is entirely about protecting a public interest—the public interest in First Amendment protections that are essential for a free press to fulfill its role of keeping the people fully informed about their government so that the government remains accountable to the people.

On the other side of the balance, Plaintiff has no legitimate interest keeping these unclassified documents shrouded in secrecy. They are final agency decision documents terminating a taxpayer funded contract, and it is settled law that a party's interest in avoiding embarrassment, reputational harm, or adverse publicity is not a legitimate basis for keeping a document secret. *See, e.g.*, *In re McCormick & Co., Inc.*, No. MC 15-1825 (ESH), 2017 WL 2560911, at *2 (D.D.C. June 13, 2017).

A motion to unseal the documents has been fully briefed and pending in the district court for 174 days. At this point, Ms. Herridge respectfully submits that, under Circuit Rule 47.1(c), the "interests of justice require" this Court to intervene to unseal the documents. The Court should unseal the DOD decisions so that the public can finally understand the gravity of the issues before the Court and the interests at stake in forcing disclosure of Ms. Herridge's confidential source(s). In addition, the Court should make clear that the portions of all documents in the record quoting or referring to the DOD decisions may be publicly filed without redactions.

Plaintiff opposes this motion and the government takes no position on it.

MATERIAL UNDER SEAL DELETED

## BACKGROUND

Plaintiff, who emigrated to this country from China, founded and ran the University of Management Technology (UMT)—a school in Arlington, Virginia, that recruited primarily members of the U.S. military. For years, UMT received taxpayer funding from DOD under DOD's Tuition Assistance Program. In 2018, however, DOD terminated UMT from that program "on national security grounds." DOD issued two documents relating to that decision: (1) [redacted] (attached as Ex. A); and (2) [redacted] (attached as Ex. B) [redacted] (collectively the "DOD Decisions").

In [redacted], DOD made detailed findings about Plaintiff, including: [redacted]

Plaintiff did not challenge any of those findings in court. Instead, in 2018, she sued DOD and several other agencies under the Privacy Act. Her theory was that DOD never would have taken action against her to cut off her funds if it had not been for a series of articles that Ms. Herridge published in 2017—articles that exposed Plaintiff's past service in the PLA and reported on a counterespionage investigation into Plaintiff. Plaintiff claimed that the articles contained information that must have been released in violation of the Privacy Act.

As part of the Privacy Act litigation, in June 2022, Plaintiff served Ms. Herridge with subpoenas seeking to discover the confidential source(s) for Ms. Herridge's articles. In moving to quash the subpoenas, Ms. Herridge argued that, under this Court's decision in *Zerilli v. Smith*, 656 F.2d 705 (D.C. Cir. 1981), the district court should engage in a broad balancing of factors to determine whether Plaintiff could overcome the First Amendment privilege that protects reporters' confidential sources. *See generally* ECF No. 94-1. In particular, Ms. Herridge argued that the court should take into account weaknesses in Plaintiff's Privacy Act claims, including the fact that any injury she claimed from the loss of DOD funding was caused by DOD's independent decision to cut off funding based on the detailed national security findings in [redacted]. *See id.* at 27-29. Ms. Herridge relied significantly on those detailed findings in her motion to quash and reply and attached

the DOD Decisions to her motion. *See* ECF No. 94-1 at 1, 3, 11-12, 27-29, 35, 37; ECF No. 127, at 2, 3, 13.

The DOD Decisions, however, had been designated by the parties (not by Ms. Herridge) under a Protective Order and thus were kept entirely under seal in the district court.

On August 1, 2023, the district court ordered Ms. Herridge to sit for a deposition to disclose her confidential source(s). ECF No. 140 (Disclosure Order). Ms. Herridge sought to appeal under the collateral order doctrine and filed a motion for an emergency stay in this Court. *See* Emergency Motion to Stay, *Chen v. FBI*, No. 23-5198 (D.C. Cir. Sept. 11, 2023). The [redacted] was attached as an exhibit to that motion, *id.* Ex. 6. Due to the sealing order in the district court, the motion was filed under seal in this Court and the exhibit was kept under seal as well. This Court dismissed that appeal for lack of jurisdiction. *See* Order, *Chen*, No. 23-5198 (D.C. Cir. Sept. 25, 2023).

Ms. Herridge was then deposed, and she respectfully declined to disclose her source(s), noting that the only avenue the courts had left open for her to secure appellate review was by declining to answer the questions. Plaintiff then sought a contempt order. ECF Nos. 161-1, 164-1. In opposing contempt, Ms. Herridge again extensively relied on the sealed DOD Decisions. She argued that, under the First Amendment balancing test from *Zerilli*, the court must consider (among other

things): (1) the fact that Plaintiff's claim for damages are largely or entirely foreclosed by DOD's independent determination to cut her funding; and (2) the risk that Plaintiff was passing information on U.S. servicemembers to China and was using this case to recover compensation for that activity. ECF. Nos. 176-5, 183. In support of these arguments, she again attached the DOD Decisions and also introduced a declaration from a Holden Triplett, a national security expert, who cited the DOD Decisions and discussed the risk that Plaintiff was, in fact, collecting information for the CCP. ECF. Nos. 176-2, 183-5.

Prior to the district court briefing on contempt, on November 14, 2023, Ms. Herridge began the process under the Protective Order to contest the continued sealing of the DOD Decisions. Shortly thereafter, pursuant to Rule 47.1(f), this Court issued an Order to Show Cause why the sealed materials that had been filed in this Court in the dismissed appeal should not be unsealed. Clerk's Order, *Chen*, No. 23-5198 (Nov. 17, 2023) (attached as Ex. C). On November 27, 2023, Ms. Herridge filed a motion to unseal the DOD Decisions in the district court. ECF No. 165. The parties then filed a joint response to the Order to Show Cause in this Court and asked this Court to defer action until the district court resolved the motion to unseal. *See* Joint Response, *Chen*, No. 23-5198 (Dec. 18, 2023) (attached as Ex. D).

Ms. Herridge's motion to unseal in the district court was fully briefed on January 3, 2024 and remains pending. ECF No. 175.

On February 29, 2024, the district court held Ms. Herridge in contempt. ECF 193 (Contempt Order). Ms. Herridge's opening brief on appeal from that order, filed on June 20, again relies on the DOD Decisions to explain factors that should be weighed in the balance under this Court's decision in *Zerilli*. Br. at 34-41, 48.

**ARGUMENT**

There is a "strong presumption in favor of public access to judicial proceedings," and accordingly there must a be a strong justification for keeping materials filed in a judicial proceeding under seal. *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017). "The right of public access is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch." *Id.* at 663. To protect access to judicial proceedings, this Court has established six factors, known as *Hubbard* factors, to be considered in determining whether the presumption in favor of public access may be overcome and whether information that is part of a judicial record may permissibly remain sealed. The factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980)); *see also United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 520 F. Supp. 3d 71, 78-79 (D.D.C. 2020). Here, the *Hubbard* factors make clear that the presumption in favor of public access should prevail, and the DOD decisions should be unsealed.

**I. There Is a Strong Need for Public Access to the Sealed Documents.**

As a threshold matter, under the first *Hubbard* factor, the presumption of public access to court proceedings weighs in favor of finding a need for public access to the DOD decisions. *U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011). "[I]t is not the party seeking unsealing's burden to proffer a need for public access; the burden is instead the respondent's to demonstrate the *absence* of a need for public access." *Vanda Pharms., Inc. v. FDA*, 539 F. Supp. 3d 44, 52 (D.D.C. 2021) (citation and alterations omitted); *see also, e.g.*, *All Assets*, 520 F. Supp. 3d at 82 ("[B]ecause the law presumes that the public is entitled to access to the contents of judicial proceedings, it is the party arguing against disclosure that has the burden to demonstrate the *absence* of a need for public access." (emphasis in original) (quotations and citation omitted)). Where, as here, the documents at issue have been included in court filings with the intent of influencing the court's decision, the need for public access is reinforced. *See, e.g.*, *MetLife, Inc.*, 865 F.3d at 667-68.

The DOD Decisions are important for public understanding of Ms. Herridge's First Amendment privilege arguments. As Ms. Herridge argues in her Opening Brief, DOD's decision to terminate UMT from the Tuition Assistance Program based on its detailed, independent national security findings breaks any causal chain between an alleged Privacy Act violation and Plaintiff's alleged injury. Br. at 34-38. Ms. Herridge contends that, under a proper understanding of the applicable balancing test under *Zerilli*, the limited to nonexistent value of Plaintiff's case must be weighed against Ms. Herridge's First Amendment rights before those rights are overridden. *Id.* Understanding the bases for DOD's independent decision and the findings supporting that decision are essential for public understanding of what is actually at issue in the arguments about the balancing test under *Zerilli*.

Similarly, the sealed documents are also required for the public to understand Ms. Herridge's argument that the scales tip against Plaintiff because there is a serious risk that Plaintiff was passing information on U.S. servicemembers to China and that she is using this Privacy Act suit to secure compensation for that activity—which further undermines the weight to be attributed to her Privacy Act claim. *Id.* at 38-41.

Because the case involves First Amendment protections that are essential for the functioning of the press—and for the press to fulfill its role in keeping the people informed—it necessarily involves a significant public interest that further reinforces

the need for public access. It is well settled that if documents bear on "a matter of some significant public concern," that weighs in favor of public access. *All Assets*, 520 F. Supp. 3d at 82. And a case addressing First Amendment protections for the press inherently involves a matter of paramount public concern. As the Supreme Court has explained, First Amendment protections for the press are "not for the benefit of the press so much as for the benefit of all of us." *Time, Inc. v. Hill*, 385 U.S. 374, 389 (1967). Accordingly, any decision cutting back on First Amendment protections for the press demands the highest level of transparency.

## II. The Public Availability Prong Weighs in Favor of Disclosure Because the Fundamental Conclusion from the DOD Decisions Is Already Public.

Under the second *Hubbard* factor, although the DOD Decisions themselves are not publicly available, DOD's basic decision to terminate UMT "on national security grounds" was publicly reported as far back as April 2018.[1] It has also been referenced in unsealed filings. *See, e.g.*, ECF No. 176 at 1. As a result, the second *Hubbard* factor favors unsealing because the documents explain a publicly announced government decision. *See, e.g.*, *All Assets*, 520 F. Supp. 3d at 83 (second *Hubbard* factor favors disclosure where "a considerable amount of the information" is already public). Even if this factor did not weigh in favor of unsealing, the lack

[1] Natalie Gross, *DoD bans popular TA school from accepting the benefit*, Military Times (Apr. 6, 2018), https://perma.cc/GDU8-7B77.

of prior public access to the full documents would, at worst, make the second *Hubbard* factor a "neutral" consideration. *Am. Pro. Agency, Inc. v. NASW Assurance Servs., Inc.*, 121 F. Supp. 3d 21, 24 (D.D.C. 2013) ("[T]he second *Hubbard* factor is 'neutral' where there has been no previous access.").

## III. The Lack of Third-Party Objections Weighs in Favor of Unsealing.

The third *Hubbard* factor—which considers whether any entity has objected to unsealing and the identity of that party—also weighs in favor of disclosure. "This factor focuses on the privacy interests of third parties, 'provid[ing] broader protection from disclosure where a third party's property and privacy rights are at issue [and] the need for minimizing intrusion is especially great.'" *In re Application for Access to Video Exhibits*, 575 F. Supp. 3d 101, 110 (D.D.C. 2021) (alterations in original; quotations omitted) (quoting *United States v. Jackson*, No. 21-mj-115, 2021 WL 1026127, at *7 (D.D.C. Mar. 17, 2021)). Where (as here) "the only objector is [a party] . . . that fact weighs in favor of disclosure." *FTC v. Match Grp., Inc.*, No. 1:22-MC-54, 2023 WL 3181351, at *14 (D.D.C. May 1, 2023); *accord In re Video Exhibits*, 575 F. Supp. 3d at 110.

## IV. Plaintiff Does Not Have a Legally Recognized Privacy Interest in Keeping the Documents Sealed.

The fourth *Hubbard* factor weighs in favor of unsealing because Plaintiff cannot demonstrate a "privacy interest in the particular documents" at issue. *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009). "The *Hubbard* court

addressed this factor by examining the objecting party's privacy interest in the particular documents" at issue. *Id.* And the "D.C. Circuit has narrowly construed the privacy interests that would justify sealing [a] record, limiting them to documents that would reveal the intimate details of individual lives, sexual or otherwise—a higher standard than mere embarrassment." *Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d 11, 27 (D.D.C. 2022) (quotations and citation omitted). Cognizable interests would include material protected by a privilege (such as attorney-client privilege), tax return information, and "information about an individual's sex life, or other intimate details." *All Assets*, 520 F. Supp. 3d at 83.

Here, Plaintiff cannot identify any such cognizable privacy interests in the DOD Decisions. They do not implicate any details of Plaintiff's private life. They are government documents concerning termination of a taxpayer-funded public contract on national security grounds—a decision that was publicly announced. Ms. Herridge is not aware of any law or regulation requiring that such final agency decision documents be kept confidential, nor did Plaintiff identify any such interests in the briefing below. They are not privileged nor are they deliberative. They do not contain confidential commercial or trade-secret information, nor do they contain private medical, tax, or similar personal information or information about intimate details of Plaintiff's private life. A government document explaining the grounds for terminating a public contract does not become confidential simply because it

might be embarrassing to the person or entity whose contract was terminated—a reality highlighted by the fact that the government does not oppose this motion to unseal.

Plaintiff has claimed that it would harm her reputation to have it known that DOD formally found that [redacted]—factual findings that Plaintiff chose not to challenge in court. But "[s]imply showing that the information would harm [one's] reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." *In re McCormick & Co., Inc.*, No. MC 15-1825 (ESH), 2017 WL 2560911, at *2 (D.D.C. June 13, 2017); *see also, e.g.*, *ICC Evaluation Serv., LLC v. Int'l Ass'n of Plumbing and Mech. Offs., Inc.*, No. 1:16-cv-00054-EGS-ZMF, 2022 WL 2785985, at *5 (D.D.C. July 15, 2022) ("Even if Defendants' conclusory statement implied a generalized reputational or financial harm from loss of business, this would still be insufficient."); *Gilliard v. McWilliams*, No. 16-cv-2007-RC, 2019 WL 3304707, at *4 (D.D.C. July 23, 2019) ("Reputational harm alone is insufficient.").

And that is particularly the case where it is the plaintiff who initiated a lawsuit who seeks to keep matters secret to avoid reputational harm. "Harm to reputation and career as a result of filing a lawsuit is not the sort of property or privacy interest that courts have found compelling . . . ." *U.S. ex rel. Grover v. Related Cos.*, 4

F. Supp. 3d 21, 27 (D.D.C. 2013). Invoking the authority of the federal courts by initiating a lawsuit means, by definition, invoking a public process. "When parties 'call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.'" *Doe v. Pub. Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) (quoting *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000)). Here, the public accountability that is a central purpose for the presumption of public access to judicial records demands that the DOD Decisions not be hidden behind a veil of secrecy that obscures the real import of the district court's decision.

## V. Plaintiff Cannot Point to Any Cognizable Legal Prejudice She Would Suffer from Unsealing.

Under the fifth *Hubbard* factor, Plaintiff cannot demonstrate any prejudice from unsealing the DOD documents. Under this factor, "[t]he possibility of prejudice refers to 'whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal.'" *All Assets*, 520 F. Supp. 3d at 85. This requires a showing of "legal prejudice." *Id.*; *see also, e.g.*, *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 150 (D.D.C. 2010); *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009) (ruling against sealing where "[t]he plaintiffs have not claimed that unsealing this matter would affect them in any future litigation; rather, they refer only to generalized reputational harm"); *Match Grp., Inc.*, 2023 WL

3181351, at *15 ("The prejudice with which the fifth *Hubbard* factor is concerned is prejudice to 'fair trial rights,' i.e., legal prejudice in ongoing or future litigation.").

This factor is not concerned with reputational harm or other non-legal forms of prejudice, and courts routinely reject arguments based on such claims of harm. "In case after case in this Circuit, courts have found that an individual who fails to identify and support a claim of litigation prejudice . . . does not meet the burden under this factor." *All Assets*, 520 F. Supp. 3d at 85.

Here, Plaintiff cannot point to any legal prejudice from unsealing the documents. Instead, Plaintiff's purpose for keeping the documents out of public view is purely a concern for reputational harm, which is legally insufficient. *In re McCormick & Co., Inc.*, 2017 WL 2560911, at *2.

**VI. The Sealed Documents Were Introduced into the Record with the Intent that the Court Rely Upon Them to Resolve a Public Dispute, Which Favors Disclosure.**

Finally, the sixth *Hubbard* factor—the purposes for which the parties are using the sealed documents—also favors disclosure. "The sixth . . . factor favors disclosure where 'the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute.'" *Vanda Pharms., Inc. v. FDA*, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (quoting *Berliner Corcoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 135 (D.D.C. 2009)). In particular, the "interest in disclosure is especially strong for documents relevant to 'the central claims of the litigation.'" *Id.*

The DOD Decisions are precisely such documents. As discussed above, Ms. Herridge relied on them to support her arguments concerning the proper scope of balancing under *Zerilli* for evaluating the First Amendment reporter's privilege. As Ms. Herridge explains in her Opening Brief in this Court, balancing the First Amendment interests in this case requires the Court to consider (among other things): (1) the fact that Plaintiff's damages are limited by DOD's independent determination to cut her funding based on its detailed national security findings; and (2) the serious risk that Plaintiff was providing information on U.S. military personnel to China and that her Privacy Act case effectively seeks funding for that illicit activity. Br. at 34-41. Ms. Herridge filed the DOD Decisions as exhibits to her briefing below,[2] and will include them in the Joint Appendix before this Court. These documents are vitally important for public understanding of the competing interests at stake in overriding First Amendment protections and requiring Ms. Herridge to disclose her confidential source(s).

A central dispute in this case involves whether information such as that in the DOD Decisions should be weighed in the balance under *Zerilli*. And the public cannot fully understand the arguments about *Zerilli* if the courts refuse to disclose publicly the information the district court has so far excluded from the balance. No

---

[2] *See* ECF No. 176-1; ECF No. 176-5.

one can assess how important it is to include certain information in the balance if they are not allowed to know what the information is. In particular, the details in the DOD decisions are necessary to understand Ms. Herridge's argument that DOD made an independent decision to bar Plaintiff from funding on national security grounds that forecloses the bulk of her damages claim under the Privacy Act.

In opposing unsealing below, Plaintiff argued that the DOD documents should remain sealed because the district court did not cite them in its decision on the motion to quash. ECF No. 182 at 8-9. The district court subsequently addressed Ms. Herridge's arguments regarding the DOD Decisions in its Contempt Order, ECF No. 193 at 14-15, but whether the district court relied on the documents (and whether this Court ultimately will rely on the documents in its decision) is not what matters under *Hubbard*. What matters is whether the *parties* relied on the documents in their efforts to persuade the court and whether the public can fully evaluate the arguments the district court rejected (and the arguments presented on appeal to this Court) without access to the documents. *See, e.g.*, *In re Video Exhibits*, 575 F. Supp. 3d 101, 114 (D.D.C. 2021) ("[T]his factor weighs in favor of public release because the Government introduced the exhibits to influence the Court's decision . . . ."). As this Court has explained, where parties have relied significantly on sealed materials, "[w]ithout access to the sealed materials, it is impossible to know which parts of those materials persuaded the court and which failed to do so (and why)." *Metlife,*

*Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017). Thus, "[t]he public interest [in disclosure] . . . covers both material that the court found persuasive and material that it did not." *Matter of Pub. Def. Serv. For D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d 11, 26 (D.D.C. 2022).

## VII. The Public Interest Requires a Ruling from this Court.

Under Circuit Rule 47.1(c), this Court may retain and rule on a motion to unseal in the first instance "when the interests of justice require." Cir. R. 47.1(c). In a case such as this, involving First Amendment protections for the press—and thus where a vital public interest is at stake—the need for full transparency is particularly acute. Yet here, due to the district court's ongoing delay, the public is being denied access to key documents that are essential for understanding what is at stake in this case. The public cannot understand the significance of what the district court has refused to consider in the balance under *Zerilli*, nor can it understand this Court's ultimate resolution of the case, without access to the DOD Decisions.

As of the date of this filing, Ms. Herridge's motion to unseal the DOD Decisions has been fully briefed and under submission in the district court for 174 days. The lack of any decision on that motion has required Ms. Herridge to file her Opening Brief in this Court under seal. The continuing seal is now preventing the public from fully understanding the issues before this Court and is hindering potential amici from fully participating in this case.

Over six months ago, when this Court issued an Order to Show Cause why the [redacted] should not be unsealed, Ms. Herridge joined in a submission stating that "judicial efficiency favors" allowing the district court to rule on Ms. Herridge's unsealing motion in the first instance. Ex. D. at 4. Events have proved that view to be wrong. Six months have elapsed with no resolution in the district court—and no resolution in sight. At this point, public understanding of proceedings in *this* Court is being hampered. Ms. Herridge respectfully submits that the interests of justice require this Court to retain and rule on this motion and unseal the documents.

## CONCLUSION

Ms. Herridge respectfully requests that the Court unseal Ms. Herridge's opening brief and the DOD Decisions. In addition, the Court should make clear that the portions of all documents in the record quoting or referring to the DOD Decisions may be publicly filed in this Court without redactions.

June 24, 2024

Respectfully submitted,

/s/ *Patrick F. Philbin*
Patrick F. Philbin
Kyle T. West
Chase Harrington

TORRIDON LAW PLLC
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6633

pphilbin@torridonlaw.com

*Counsel for Catherine V. Herridge*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 5,194 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

June 24, 2024

/s/ Patrick F. Philbin
Patrick F. Philbin

**CERTIFICATE OF SERVICE**

I hereby certify, in accordance with Federal Rule of Appellate Procedure 25(c) and Circuit Rule 25(c), that on June 24, 2024, the foregoing document was electronically filed with the Clerk of the Court using the Clerk's Box system. I have transmitted a true and correct copy of the forgoing Motion to Unseal and its attachments to counsel for the Appellee Yanping Chen and to the other parties as follows:

Counsel for Yanping Chen:

Andrew C. Phillips
andy.phillips@mwpp.com

Counsel for Federal Bureau of Investigation, United States Department of Justice, United States Department of Defense, and United States Department of Homeland Security:

Bradley A. Hinshelwood
Bradley.A.Hinshelwood@usdoj.gov

Michael Raab
Michael.Raab@usdoj.gov

June 24, 2024

/s/ Patrick F. Philbin
Patrick F. Philbin

# PUBLIC COPY—SEALED MATERIAL DELETED

# EXHIBIT A

# PUBLIC COPY—SEALED MATERIAL DELETED

# EXHIBIT B

# EXHIBIT C

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 23-5198** **September Term, 2023**

**1:18-cv-03074-CRC**

**Filed On:** November 17, 2023

Yanping Chen,

Appellee

v.

Federal Bureau of Investigation, et al.,

Appellees

Catherine Herridge,

Appellant

**O R D E R**

Pursuant to D.C. Cir. Rule 47.1(f)(1), the parties are directed to show cause by December 18, 2023 why the sealed portions of the record of this case should not be unsealed. With respect to material which must remain under seal pursuant to statute or rule, see, e.g., Fed. R. Crim. P. 6(e) (rule of secrecy governing grand jury proceedings), the parties may discharge their obligation by identifying the applicable provision and the sealed material to which the provision applies. For any other sealed portion of the record that the parties believe should not be unsealed, the parties should specifically identify the sealed material and provide a specific explanation for why the material should remain sealed. The parties are strongly encouraged to submit a joint response. Any response to the order to show cause may not exceed the length limitations established by Fed. R. App. P. 27(d)(2).

Counsel are reminded of their obligation to "promptly notify the Court when it is no longer necessary to maintain the record or portions of the record under seal." D.C. Cir. Rule 47.1(f)(4).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

# EXHIBIT D

**No. 23-5198**

IN THE

# United States Court of Appeals for the District of Columbia Circuit

YANPING CHEN,
*Plaintiff-Appellee*,

*v.*

FEDERAL BUREAU OF INVESTIGATION, *et al.*,
*Defendants-Appellees*,

CATHERINE V. HERRIDGE,
*Appellant*.

On Appeal from the United States District Court for the District of Columbia,
No. 1:18-cv-03074-CRC

## JOINT RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE PURSUANT TO D.C. CIRCUIT RULE 47.1(f)(1)

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................ 1

BACKGROUND ........................................................................................ 1

I. The DoD Decision and Related Discussion in the Motion to Stay. ................ 3

A. Plaintiff and Ms. Herridge Respectfully Submit That the Court Defer Ruling on Unsealing Until the District Court Resolves a Pending Motion to Unseal the Same Document. ............................................ 3

B. The Government's Position ............................................................ 5

II. Parties' Positions on the Redacted District Court Order. ............................... 5

A. The Government Defendants Contend that Certain Portions of the District Court's Order Denying the Motion to Quash Should Remain Sealed. ................................................................................ 5

B. Plaintiff's Response. ....................................................................... 6

C. Ms. Herridge's Response. .............................................................. 7

CERTIFICATE OF COMPLIANCE

# INTRODUCTION

The parties to this appeal—Plaintiff-Appellee Yanping Chen, non-party-Appellant Catherine Herridge, and Defendants-Appellees the Federal Bureau of Investigation, the Department of Justice, the Department of Defense ("DoD"), and the Department of Homeland Security (collectively, "Government Defendants")—hereby submit this joint response to the Court's November 17, 2023 Order, pursuant to D.C. Circuit Rule 47.1(f)(1), requesting that the Parties show cause why any materials in the record of this appeal that are under seal should remain so.

# BACKGROUND

This appeal arose from a decision on a motion to quash filed by Appellant and non-party witness Catherine Herridge in *Chen v. FBI*, No. 1:18-cv-03074 (D.D.C.). The underlying case involves a Privacy Act claim in which Plaintiff alleges that an unidentified government official leaked records protected by the Privacy Act to non-party Appellant Catherine Herridge. Plaintiff alleges that the Privacy Act materials appeared in a series of stories Ms. Herridge produced as Chief Intelligence Correspondent for Fox News Network in 2017. When Plaintiff subpoenaed Ms. Herridge seeking to discover her source(s), Ms. Herridge filed a motion to quash. (Non-Party Catherine V. Herridge's Motion to Quash (Aug. 1, 2022) [Dist. Ct. Dkt. 94] ("Mot. to Quash").) The district court denied the motion to quash in relevant

part and required Ms. Herridge to sit for a deposition. (Mem. Opinion & Order at 28 (Aug. 1, 2023) [Dist. Ct. Dkt. 140].)

Ms. Herridge then filed a notice of appeal and an emergency motion in this Court seeking to stay the deposition. (Non-Party Catherine V. Herridge's Opposed Emergency Mot. for Stay Pending App. and for Admin. Stay Pending Disposition of the Stay Mot. (Sept. 11, 2023) ("Motion to Stay").) The Motion to Stay was filed under seal because it contained information subject to a Protective Order in the district court. (*See* Dist. Ct. Dkt. 27.) This Court subsequently dismissed the appeal for lack of jurisdiction. (Order (Sept. 25, 2023).)

Following Ms. Herridge's filing of a public version of her Motion to Stay, there are two categories of information that remain sealed in the filings in this case and that are subject to the Court's Order to Show Cause: (1) a DoD document ("DoD Decision") that Ms. Herridge discussed in her Motion to Stay (Mot. to Stay at 7) and attached as Exhibit 6 to that Motion;[1] and (2) portions of the district court's decision denying the Motion to Quash, the unredacted version of which was attached as Exhibit 1 to the sealed Motion to Stay.

The parties address the Court's Order to Show Cause with respect to those two categories of information separately below.

---

[1] Plaintiff and Ms. Herridge dispute the relevance of this document and therefore do not attempt to characterize it further in this joint filing.

USCA Case #24-5090 Document #2062048 Filed: 07/01/2024 Page 6 of 11

## I. The DoD Decision and Related Discussion in the Motion to Stay.

### A. Plaintiff and Ms. Herridge Respectfully Submit That the Court Defer Ruling on Unsealing Until the District Court Resolves a Pending Motion to Unseal the Same Document.

Plaintiff and Ms. Herridge respectfully submit that, as to the DoD Decision and related discussion in the Motion to Stay, the Court should defer ruling on the issue of unsealing until the district court resolves a pending motion to unseal the same document.

On November 23, 2023, Ms. Herridge filed in the district court a Motion to Unseal the DoD Decision, arguing that the document should be unsealed under *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). (Non-Party Catherine V. Herridge's Mot. to Unseal Documents (Nov. 27, 2023) [Dist. Ct. Dkt. 165] ("Mot. to Unseal").) Plaintiff filed an Opposition on December 11, 2023, arguing that the *Hubbard* factors weighed against unsealing. (Pl.'s Mem. in Opp'n to Non-Party Catherine Herridge's Mot. to Unseal Documents and Pl.'s Cross-Mot. to Unseal Judicial Records Relevant to the Court's Denial of Herridge's Mot. to Quash (Dec. 11, 2023) [Dist. Ct. Dkt. 168].) Ms. Herridge's reply is due on January 3, 2024, and thus the issue will soon be fully briefed and under submission before the cistrict court.

Given that briefing is almost complete in the district court—and given the fact that it was the district court's Protective Order that required Ms. Herridge to file the


(Page 39 of Total)

DoD Decision and related discussion under seal—Plaintiff and Ms. Herridge respectfully submit that this Court should defer to the district court and allow it to apply the *Hubbard* factors and decide the sealing issue in the first instance. This approach is consistent with how this Court has approached disputes over sealed documents in previous cases. *See, e.g.*, *Hubbard*, 650 F.2d at 324–25 (reversing the district court's unsealing order and remanding to the district court to apply the six-factor test set forth in that decision); *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 675 (D.C. Cir. 2017) (remanding with instructions to the district court to apply and evaluate the *Hubbard* factors in the first instance after it failed to do so).

Because the district court has already received briefing on the unsealing issue and is most familiar with the issues in dispute in this case, Plaintiff and Ms. Herridge believe that additional briefing on the same issue in this Court would be unnecessarily duplicative and judicial efficiency favors allowing the district court to first address whether the document should be unsealed under *Hubbard*. Should the district court determine that the DoD Decision should be unsealed, the Parties will notify this Court pursuant to D.C. Circuit Rule 47.1(f)(4).

Should this Court elect not to defer to the district court's determination on whether the DoD Decision should remain sealed, both Plaintiff and Ms. Herridge request an opportunity to submit further briefs to the Court on that matter.

### B. The Government's Position

The Government Defendants took no position on Ms. Herridge's Motion to Unseal the DoD Decision in the district court and similarly take no position here. They do not take issue with Plaintiff and Ms. Herridge's suggestion that this Court should allow the district court to decide the issue in the first instance.

## II. Parties' Positions on the Redacted District Court Order

### A. The Government Defendants Contend that Certain Portions of the District Court's Order Denying the Motion to Quash Should Remain Sealed.

In regard to the redacted district court Order denying the Motion to Quash, the Government Defendants propose updating the document with a more limited set of redactions, reflected in the document attached hereto as Exhibit A—a suggestion that neither Plaintiff nor Ms. Herridge oppose.

The material that should still remain under seal reflects to sensitive non-public law-enforcement information, specifically (1) material identifying details of FBI storage of investigative files and access to those files, Ex. A at 18, and (2) the names of certain Department of Homeland Security and Department of Defense employees—all of whom are either law enforcement or national security officials—who the district court named in the course of concluding that they are not reasonably suspected of any misconduct in connection with this case, *id.* at 19–21. All of that material would properly remain sealed to protect both individual and law

enforcement privacy and security interests as well as the security of FBI law enforcement operations. Those interests would outweigh any limited public interest in disclosure of these pieces of information. *See generally Hubbard*, 650 F.2d at 317–22.

The redactions reflected in the attached Exhibit A cover only the material described above that the government believes should remain sealed. Because the Court has not yet concluded that the remaining material in the document can be unsealed, we have submitted the redacted copy under seal as well, but we provide the document for the Court's convenience in posting a redacted copy on the public docket should the Court agree with the government's position on unsealing.

If the Court agrees with the government's position on unsealing, the Government Defendants will promptly notify the district court and provide the less-redacted copy for posting on the district court docket as well. The government is prepared to offer further explanation for continued sealing if the Court deems it necessary, and respectfully requests that the Court allow further briefing before unsealing any material identified as properly sealed in the attached Exhibit A.

**B. Plaintiff's Response.**

Plaintiff does not oppose Defendants' request to maintain the information redacted from Exhibit A hereto under seal.

C. **Ms. Herridge's Response.**

Ms. Herridge does not oppose Defendants' request to maintain the information redacted from Exhibit A hereto under seal.

Dated: December 18, 2023

Respectfully Submitted,

*/s/ Andrew C. Phillips*
Andrew C. Phillips (Bar No. 64792)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th St NW, Suite 650
Washington, DC 20006
Email: andy.phillips@mwpp.com

*Counsel for Plaintiff-Appellee Yanping Chen*

*/s/ Patrick F. Philbin*
Patrick F. Philbin (D.C. Bar No. 453620)
ELLIS GEORGE CIPOLLONE O'BRIEN LLP
1155 F Street, N.W., Suite 750
Washington, DC 20004
Email: pphilbin@egcfirm.com

*Counsel for Appellant Catherine V. Herridge*

*/s/ Brad Hinshelwood*
Brad Hinshelwood
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave. NW, Room 7256
Washington, DC 20530
Email: bradley.a.hinshelwood@usdoj.gov

*Counsel for Defendants-Appellees Federal Bureau of Investigation, et al.*

**CERTIFICATE OF COMPLIANCE**

This joint response to the Court's Order to Show Cause complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,404 words. This joint response also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionately spaced typeface.

December 18, 2023

*<u>/s/ Brad Hinshelwood</u>*
Brad Hinshelwood