PUBLIC VERSION

# EXHIBIT 6

**PUBLIC COPY—SEALED MATERIAL DELETED**

**No. 24-5050**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

YANPING CHEN,
*Plaintiff-Appellee,*

*v.*

FEDERAL BUREAU OF INVESTIGATION, et al.,
*Defendants-Appellees,*

CATHERINE HERRIDGE,
*Appellant.*

On Appeal from the United States District Court for the District of Columbia,
No. 1:18-cv-03074-CRC

**PLAINTIFF-APPELLEE'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION TO UNSEAL**

Andrew C. Phillips (Bar No. 64792)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th St NW, Suite 650
Washington, DC 20006
Email: andy.phillips@mwpp.com

July 5, 2024

*Counsel for Plaintiff-Appellee Yanping Chen*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Addi*,
No. 20-cv-1650, 2021 WL 5911175 (D.D.C. Nov. 23, 2021) ....................... 18

*Am. Pro. Agency, Inc. v. NASW Assurance Servs*., Inc.,
121 F. Supp. 3d 21 (D.D.C. 2013) ....................... 16

*U.S. ex el. Durham v. Prospect Waterproofing, Inc.*,
818 F. Supp. 2d 64 (D.D.C. 2011) ....................... 11, 14

*United States v. Hubbard*,
650 F.2d 293, 317-22 (D.C. Cir. 1980) ............. 3, 9, 11, 12, 15, 16, 17, 18, 20

*Vanda Pharm., Inc. v. FDA*,
539 F. Supp. 3d 44 (D.D.C. 2021) ....................... 11, 13

*Zapp v. Zhenli Ye Gon*,
746 F. Supp. 2d 145 (D.D.C. 2010) ....................... 17

**Rules**

D.C. Cir. Rule 47.1 ....................... 3, 4, 8, 10

## INTRODUCTION

Plaintiff-Appellee Dr. Yanping Chen brought the underlying Privacy Act suit against multiple federal agencies to obtain redress for an egregious abuse of her rights. After Chen was investigated by the Federal Bureau of Investigation ("FBI") a decade ago but not charged with any crime, a federal official—likely someone angry that Chen was not charged with any wrongdoing—leaked Chen's private records to then-Fox News reporter Catherine Herridge in blatant violation of the Privacy Act. That unlawful act fueled sensationalistic Fox News reports authored by Herridge that wrongfully smeared Chen, an accomplished educator who has been a proud U.S. citizen for decades, as a Chinese spy.

Now, while Herridge continues to defy the District Court's Order to identify the offender who abused his power and violated the law, Herridge asks this Court to aid and abet the character assassination she began in Fox News primetime. Herridge moves this Court to publicize yet more unsubstantiated allegations to make the case that her interest in shielding a lawbreaking government official from accountability trumps Chen's right to the equal protection of the law. This Court should reject Herridge's attempt to inject irrelevant and untested allegations into the public record. Chen should not be required to sacrifice yet more of her privacy in order to hold the government accountable for its previous violations of her privacy rights.

The two documents at issue in Herridge's Motion to Unseal are letters produced in discovery that were designated as "Confidential" by both Defendant-Appellee the Department of Defense ("DoD") (the sender) and Plaintiff-Appellee Chen (the recipient). Herridge filed them under seal in this Court because the Stipulated Protective Order entered by the District Court requires it. Notably, Herridge has already moved to unseal the same documents in the District Court, and that motion is fully briefed and pending.

With respect to the specific documents Herridge seeks to unseal, Chen did not in the District Court, and does not here, oppose unsealing of [redacted], attached as Exhibit B to the Motion to Unseal. This letter merely reflects the Department of Defense's ("DoD") decision to terminate the participation of the University of Management and Technology ("UMT"), of which Chen is President, in the DoD's Tuition Assistance Program. Nor does Chen oppose unsealing the first page of the document attached as Exhibit A to Herridge's Motion to Unseal, which is a [redacted]. This letter likewise reflects the DoD's decision to terminate UMT's participation in the Tuition Assistance Program. Chen continues to oppose the unsealing of the remaining pages of Exhibit A, which comprise [redacted]

[redacted] ("DoD Findings"). (Mot. to Unseal Exhibit A at DOD_00004177-79).

Contrary to Herridge's suggestion, the "DoD Findings" do not reflect any independent investigation or conclusion by DoD. They instead parrot [redacted] that DoD knew and did not believe warranted action until Fox News—armed with selective leaks from the FBI—put political pressure on DoD. Those ***unsubstantiated and untested*** allegations resulted in no charges. As Chen has laid out in her briefing before the District Court, the DoD Findings attachment merits sealing in accordance with the six-factor test set forth by the D.C. Circuit in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980).

Given that the sealing Herridge challenges arises from an order of the District Court and that the issue of whether the document merits sealing is already fully briefed and pending before the District Court, this Court should defer to the District Court and allow it to decide the issue in the first instance. This is consistent with D.C. Circuit Rule 47.1(c), and indeed, Herridge herself previously agreed—in a joint response to an Order to Show Cause from this Court regarding whether the very same documents should remain under seal after Herridge filed it as part of a previous, since-dismissed appeal—that allowing the District Court to decide the issue in the first instance was the correct approach. (*See* Joint Resp. to the Court's

Order to Show Cause Pursuant to D.C. Cir. Rule 47.1(f)(1), *Chen. v. Fed. Bureau of Investigation, et al*., No. 23-5198 (Dec. 18, 2023) ("Joint OSC Resp.") (attached as Exhibit D to Herridge's Motion to Unseal).)

Should this Court elect not to await the District Court's determination, as set forth below, all of the factors identified by this Court in *Hubbard* either weigh against unsealing the DoD Findings or are neutral. Most importantly, the document has been introduced into the judicial record by Herridge for an irrelevant purpose. Not only was it not relied upon by the District Court in ruling on Herridge's Motion to Quash or issuing its Order of Contempt (the two orders challenged in this appeal), but the District Court also found Herridge's arguments about the DoD's Tuition Assistance decision to be irrelevant to the assessment of her privilege claim. Moreover, this Court has not yet reached the merits of this appeal and, thus, has not had occasion to agree or disagree with the District Court's determination on that score, so any argument that the document should be unsealed because it is central, or even relevant, to the disputed issues in this appeal is wholly premature.

The fact that the document played no role in the District Court's decision on the Motion to Quash or Order of Contempt and has yet to play any role in this Court's ruling on the merits of Herridge's appeal also refutes any notion that there is presently a strong public need for access to the DoD Findings document. Moreover, the contents of the document have never been publicly available. And as to the

remaining factors, Chen objects to disclosure, has a strong privacy interest in the contents of the document, and would be prejudiced by its public dissemination. Because the *Hubbard* factors weigh against unsealing, should this Court elect not to defer to the District Court to decide the issue, it should hold that Herridge's Motion to Unseal should be denied as to the DoD Findings document.

## BACKGROUND

Chen's Privacy Act suit involves the leak by a federal official of legally protected information concerning Chen to Herridge, then a reporter for Fox News. (Mem. Op. & Order at 2 (Aug. 1, 2023) [Dist. Ct. Dkt. 140] ("Order Denying the Motion to Quash" or "MTQ Order").) After defeating Defendants' motion to dismiss, Chen engaged in extensive discovery in an effort to identify the federal official who leaked her Privacy Act-protected records. This discovery included serving scores of document requests, interrogatories, and requests for admission, issuing over a dozen third-party subpoenas, taking eighteen depositions, and obtaining twenty-two declarations. When those exhaustive efforts failed to definitively identify the leaker, Chen served Herridge with document and deposition subpoenas in May and June of 2022.

Herridge moved to quash the subpoenas. (Mem. in Support of Non-Party Catherine V. Herridge's Mot. to Quash (July 29, 2022) [Dist. Ct. Dkt. 92] ("Mot. to Quash" or "MTQ").) Among the many arguments raised in her Motion to Quash,

Herridge relied on the sealed documents—including the DoD Findings—to raise a damages-causation argument that she argued the District Court should entertain if it were to engage in a generalized "balancing test" when assessing Herridge's privilege claim. (MTQ at 26-29 [Dist. Ct. Dkt. 92].) Specifically, Herridge argued that the DoD decision on Tuition Assistance was not causally related to the Privacy Act violation and that this diminished Chen's claims for damages. (*Id.*)

The District Court issued its Order Denying the Motion to Quash on August 1, 2023, in which it cited neither document at issue in the instant Motion to Unseal. Instead, the Court held that Circuit precedent does not "require either a full-bore analysis of Chen's likelihood of success on the merits of her Privacy Act claim or an assessment of the public and private interests at play beyond the factors of [centrality, exhaustion, and whether the reporter is a party to the action]." (MTQ Order at 22 [Dist. Ct. Dkt. 140].) The Court further held that even if it were obligated to assess the viability of Chen's damages claims, Herridge's argument that Chen cannot recover damages in this case based on the DoD's Tuition Assistance Program decision would not change the outcome because, regardless of whether that argument is correct, Chen seeks other categories of compensable damages. (*Id.* at 22-23.)

On August 31, 2023, Herridge filed a notice of appeal of the District Court's Order Denying the Motion to Quash. (Notice of Appeal to the U.S. Court of Appeals

for the D.C. Cir. (Aug. 31, 2023) [Dist. Ct. Dkt. 150].) On September 11, 2023, Herridge filed an emergency motion asking this Court to stay the District Court's Order Denying the Motion to Quash pending her appeal. (Non-Party Catherine V. Herridge's Opposed Emergency Mot. for Stay Pending App. and for Admin. Stay Pending Disposition of the Stay Mot., *Chen. v. Fed. Bureau of Investigation, et al*., No. 23-5198 (D. C. Cir. Sept. 11, 2023).) Herridge again attached the DoD Findings to that motion and briefly discussed the document's substantive contents in the "background" section of that motion but offered no argument based on it. (*Id*. at 7; Ex. 6).

This Court subsequently entered an Order dismissing Herridge's prior appeal for lack of appellate jurisdiction. (Order, *Chen. v. Fed. Bureau of Investigation, et al*., No. 23-5198 (D.C. Cir. Sept. 25, 2023).) The next day, on September 26, 2023, Herridge sat for her deposition and defied the District Court's Order by refusing to answer questions regarding the identity of the leaker and other aspects of her reporting process. In light of Herridge's blatant refusal to comply with the Court's Order, Chen moved to hold Herridge in contempt. (Pl.'s Application for an Order to Show Cause (Oct. 30, 2023) [Dist. Ct. Dkt. 159].) On February 29, 2024, the District Court issued an Order finding Herridge in contempt of its prior Order Denying the Motion to Quash. (Mem. Op. & Order (Feb. 29, 2024) [Dist. Ct. Dkt.

193] ("Contempt Order").) Again, the District Court did not rely upon the DoD Findings document in its Contempt Order.

On November 17, 2023, this Court issued an Order pursuant to D.C. Circuit Rule 47.1(f)(1), requiring the parties to the dismissed appeal to show cause, by December 18, 2023, why the sealed portions of the record of this case should not be unsealed. (Clerk's Order, *Chen. v. Fed. Bureau of Investigation, et al*., No. 23-5198 (Nov. 17, 2023) (attached as Exhibit C to Herridge's Motion to Unseal).) Shortly thereafter, on November 27, 2023, Herridge filed a Motion to Unseal in the District Court, requesting that the Court unseal two documents filed as exhibits to her Motion to Quash briefing, including the DoD Findings document. (Non-Party Catherine V. Herridge's Mot. to Unseal Documents (Nov. 27, 2023) [Dist. Ct. Dkt. 165] ("District Ct. Mot. to Unseal").) Chen opposed unsealing of the DoD Findings document, arguing that the factors set forth in *Hubbard* and its progeny weighed against unsealing. (Pl.'s Mem. in Opp'n to Non-Party Catherine Herridge's Mot. to Unseal Documents and Pl.'s Cross-Mot. to Unseal Judicial Records Relevant to the Court's Denial of Herridge's Mot. to Quash (Dec. 11, 2023) [Dist. Ct. Dkt. 168] ("Opp'n to Mot. to Seal").) Herridge's District Court Motion to Unseal was fully briefed on January 3, 2024, and is now pending before the District Court.

On December 18, 2023, Chen, Herridge, and Defendants-Appellees the FBI, the Department of Justice, the DoD, and the Department of Homeland Security filed

a joint response to this Court's Order to Show Cause requesting that this Court "defer ruling on the issue of unsealing until the district court resolves a pending motion to unseal the same document." (*See* Joint OSC Resp. at 3.) In that Joint Order to Show Cause Response, Herridge represented to this Court that she agreed that "given the fact that it was the district court's Protective Order that required Ms. Herridge to file the DoD [Findings] and related discussion under seal," and because the District Court "is most familiar with the issues in dispute in this case," that "judicial efficiency favors allowing the district court to first address whether the document should be unsealed under *Hubbard*." (*Id.* at 3-4.)

## ARGUMENT

### I. This Court Should Defer Ruling on Unsealing Until the District Court Resolves Herridge's Pending District Court Motion to Unseal the Same Document.

The sole document from Herridge's appeal that Chen contends should remain under seal is the DoD Findings document. The exact same document was filed under seal with the District Court as Exhibit A to Herridge's Motion to Quash. On November 27, 2023, Herridge filed her District Court Motion to Unseal, requesting that the District Court order that document to be unsealed. Specifically, Herridge argued that the document should be unsealed based on this Court's decision in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), which sets forth a six-factor test for courts in this Circuit to apply when determining whether a judicial

record should remain under seal or be unsealed. Chen opposed, and Herridge acknowledges that her District Court Motion to Unseal is fully briefed and pending decision by the District Court. (Mot. to Unseal at 4.)

Given that the document at issue is sealed pursuant to the District Court's Stipulated Protective Order and that the issue of whether the DoD Findings document merits sealing or should be unsealed is now fully briefed and pending before the District Court, this Court should defer to the District Court and allow it to apply the *Hubbard* factors and decide the issue in the first instance. This is consistent with D.C. Circuit Rule 47.1(c), which states that "[o]n appeals from the district court, the motion [to unseal] will ordinarily be referred to the district court…."

This is also consistent with Herridge's previous agreement in the Joint Response to this Court's Order to Show Cause regarding whether the same document should remain under seal after Herridge filed it in her previous, since-dismissed appeal. (Joint OSC Resp. at 3-5.) As Herridge told this Court at that time, "[b]ecause the district court has already received briefing on the unsealing issue and is most familiar with the issues in dispute in this case, [Chen] and Ms. Herridge believe that additional briefing on the same issue in this Court would be unnecessarily duplicative and judicial efficiency favors allowing the district court to first address whether the document should be unsealed under *Hubbard*." (*Id*. at 4.)

## II. Should This Court Elect Not to Defer Its Ruling, This Court Should Reject Herridge's Request to Unseal the DoD Findings.

In this Circuit, a decision on whether to unseal a judicial record is to be guided by the six factors set forth in *Hubbard*: (1) the need for public access to the document at issue; (2) whether there was previous public access to the document, (3) whether there is an objection to unsealing and the identity of those objecting to disclosure; (4) the strength of the property and/or privacy interests asserted; (5) the possibility of prejudice; and (6) the purpose for which the document was introduced into the judicial record. 650 F.2d at 317-22. Each of these factors either weighs against unsealing the DoD Findings or is neutral in the analysis.

### A. The DoD Findings Document Was Introduced for an Irrelevant Purpose and Was Not Relied Upon by the District Court in Denying Herridge's Motion to Quash and Finding Herridge in Contempt.

The factor listed sixth in the *Hubbard* decision—the purposes for which the document was introduced into the proceeding—was described in that case as "the single most important element" in striking the proper balance between the interests in sealing versus unsealing. *Id.* at 321. The key inquiry in assessing this factor is whether the document at issue is "relevant" to the central issues in dispute before the court. *Vanda Pharm., Inc. v. FDA*, 539 F. Supp. 3d 44, 57 (D.D.C. 2021). This is because "there is less of a pressing concern to unseal [documents] if they are not relevant to the claims." *U.S. ex el. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 69 (D.D.C. 2011). In *Hubbard*, this Court placed particular emphasis

on whether the disputed documents were relevant to the decision on the motion at issue, and noted that in that case, the documents sought to be unsealed were not "described or even expressly relied upon by the trial judge in his decision on the [] motion." *Hubbard*, 650 F.2d at 321. This factor—the most important—weighs strongly against unsealing the DoD Findings.

On her Motion to Quash in the District Court, Herridge introduced a laundry list of challenges to the merits of Dr. Chen's Privacy Act claim. Among those many challenges, Herridge argued that DoD's decision to remove UMT from the Tuition Assistance program affected Dr. Chen's damages claims in the underlying Privacy Act case; she asserted that the District Court should consider the strength of Chen's claims for damages in evaluating whether Chen had overcome the qualified reporter's privilege and was entitled to discover the identity of Herridge's source. (Mot. to Quash at 26-29 [Dist. Ct. Dkt. 92].) Herridge attached the DoD Findings to bolster that argument. But, the District Court's decision never referenced or discussed the exhibit, which was wholly irrelevant to its decision. The District Court firmly rejected the notion that a "free-form balancing of interests" is relevant to evaluating a reporter's privilege claim in a Privacy Act case. (MTQ Order at 10 [Dist. Ct. Dkt. 140].) In particular, the Court held that D.C. Circuit precedent does not "require either a full-bore analysis of Chen's likelihood of success on the merits of her Privacy Act claim or an assessment of the public and private interests at play"

beyond the factors of centrality, exhaustion, and the status of the reporter as a party. (*Id*. at 22.) In other words, the Court determined that whether Chen could obtain damages in this case based on the DoD's decision to cut off tuition assistance funding to UMT was not relevant to its determination of whether the reporter's privilege was overcome and whether Herridge's Motion to Quash should be granted or denied. (*Id.*) And the Court then went a step further, holding that even if the Court were required to consider whether Chen's damages case is ultimately viable, the DoD decision would still not be relevant because Chen plainly asserts other categories of damages separate from the loss of DoD tuition assistance. (*Id*. at 22 ("The Court need not, and does not, decide now whether Herridge and Fox are correct that Chen is barred from pursuing damages based on the Defense Department's revocation of tuition assistance, as those are not the only damages Chen alleges she suffered.").) Having found the issue of the DoD's decision on Tuition Assistance Program participation to be irrelevant, the District Court did not refer to, cite, or rely upon the particular DoD Findings document in its decision on the Motion to Quash. (*See generally* MTQ Order [Dist. Ct. Dkt. 140].)

The same holds true of the District Court's Order of Contempt, where the Court again concluded—for the same reasons—that Herridge's damages argument based on the DoD's Tuition Assistance decision was irrelevant. *See Vanda Pharm.*, 539 F. Supp. 3d at 57 (holding that a document's lack of relevance to the dispute

weighs against unsealing); *Prospect Waterproofing*, 818 F. Supp. 2d at 69 (same). And, again, the District Court did not cite to or rely upon the DoD Findings document in reaching its decision. While the Court touched briefly on Herridge's argument that it should consider the "national-security implications" of requiring Herridge to reveal the identity of the leaker to someone the DoD determined was "a national security risk," it was only to note that the DoD's determination would not impact the Court's decision even if it were not irrelevant. (Contempt Order at 14 [Dist. Ct. Dkt. 193].) Specifically, the Court found that "whether or not these charges are true, any national-security concerns over requiring Herridge to reveal her source ring hollow," as it was "much more plausible that ferreting out the government agent who may have leaked the records would benefit, not harm, national security by exposing someone inclined to mishandle highly sensitive law-enforcement records." (*Id.*)

Finally, Herridge also asserts that the DoD Findings document is relevant to the central claims in this litigation because she has introduced it into these appellate proceedings in her Opening Brief. (Mot. to Unseal at 17-19.) But in this regard, Herridge's Motion puts the cart before the horse because merits briefing is ongoing, and this Court has had no occasion to determine whether the District Court was right or wrong when it repeatedly held that Herridge's damages-causation and "national security" arguments are irrelevant to the determination of whether Chen is entitled

to the same protections the Privacy Act affords to all other litigants. If this Court ultimately agrees that those arguments are little more than a red herring, then Herridge will be unable to demonstrate, as she was unable to demonstrate in the District Court, that the DoD Findings document played any role in the outcome of this appeal. *See Hubbard*, 650 F.2d at 321 (noting that this factor weighs against unsealing if the disputed document plays no role in the determination of the motion at issue). Thus, to the extent Herridge relies on the fact that she filed the DoD Findings in the District Court, this factor weighs against her because the District Court did not rely upon the document in the decisions appealed from. To the extent that she relies upon the fact that she has filed the DoD Findings document in this Court, whether the Court will or will not rely upon it remains to be seen, and her request to unseal the document is premature.

In sum, although Herridge has repeatedly sought to inject the DoD Findings document into the proceedings below and on appeal, she cannot dispute that the document ultimately played no role in the District Court's Order Denying the Motion to Quash or the District Court's Contempt Order and that the document has not been relied upon in any decision by either the District Court or this Court. This factor thus weighs against unsealing and in favor of the document remaining under seal. *Hubbard*, 650 F.2d at 321.

### B. There Is No Strong Need for Public Access to the Irrelevant Document, Which Has Never Been Publicly Available.

The first and second factors identified in the *Hubbard* decision are the need for public access to the document at issue and whether it has ever been publicly available. *Hubbard*, 650 F.2d at 317-18. In *Hubbard*, this Court emphasized that the need for access is to be accorded less weight when the documents at issue were not "referred to in the trial judge's public decision on the motion" at issue and not otherwise "relied upon" by the trial judge in his decision. *Hubbard*, 650 F.2d at 317-18. Again, that is the case here, both with respect to the District Court's decision on the Motion to Quash and the District Court's Contempt Order. As in *Hubbard*, the public does not need access to the DoD Findings to comprehend or evaluate the relevant issues on appeal because the document played no role in the District Court decisions that Herridge challenges on appeal, and this Court has not yet made any decision on the merits of the appeal, let alone determined that it will rely upon the DoD Findings document in issuing its ultimate decision.

The next factor discussed in the *Hubbard* decision is whether the document at issue had previously been publicly available. *Hubbard*, 650 F.2d at 318-19. There is no dispute that the DoD Findings document has never been publicly available. (*See* Mot. to Unseal at 7-8.) The lack of prior public access makes this factor "neutral" in the analysis of whether unsealing is appropriate. *Am. Pro. Agency, Inc. v. NASW Assurance Servs*., Inc., 121 F. Supp. 3d 21, 24 (D.D.C. 2013).

### C. Chen's Objection to Disclosure Weighs Against Unsealing the Document.

Another factor identified by *Hubbard* is whether an objection has been raised to unsealing and by whom. *Hubbard*, 650 F.2d at 319. Here, of course, Chen objects to the DoD Findings being unsealed. This factor thus weighs in favor of the document remaining under seal. *See Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010).

But it is also noteworthy that Defendant-Appellee DoD also designated the DoD Findings as confidential. By definition, per the terms of the Stipulated Protective Order entered in this case, this designation reflects that DoD, in good faith, averred that the document contains "information kept confidential pursuant to law or regulation," "non-public information that is sensitive," "private [] personal information," and/or "information protected by the Privacy Act of 1974, 5 U.S.C. § 552a." (*See* Stipulated Protective Order ¶¶ 2, 13 (June 2, 2020) [Dist. Ct. Dkt. 27].) The DoD has never de-designated the document or otherwise retracted its labeling of the DoD Findings as containing confidential material within the definition of the Stipulated Protective Order. At bottom, the fact that both Chen (the recipient) and DoD (the sender) have designated the document as containing confidential material weighs in favor of keeping it under seal.

### D. Chen Has a Strong Privacy Interest in the Contents of the Document and Would Be Prejudiced by Further Disclosure of Her Private Records.

The final two *Hubbard* factors direct the Court to examine the strength of the privacy interest asserted and the possibility of prejudice if the Court rules in favor of unsealing. *Hubbard*, 650 F.2d at 321-22. Although Herridge seeks to mischaracterize and downplay Chen's privacy interests and the potential prejudice, (Mot. to Unseal at 13-17), the D.C. Circuit has instructed that valid privacy interests go beyond those of third parties and materials that are privileged or reveal intimate details of a person's personal life. *See Hubbard*, 650 F.2d at 324. Indeed, the D.C. Circuit in *Hubbard* found that there may be a "broader scope of protectible privacy against government[] activity," and thus, this factor may be found to weigh more heavily against unsealing where a "government disclosure" is at issue. *See id*. at 305 n.44, 324 n.119. Finally, both the privacy and prejudice factors are of "significant importance" where the materials at issue contain unsubstantiated allegations that may harm an individual's reputation without legitimate purpose. *Allen v. Addi*, No. 20-cv-1650, 2021 WL 5911175, at *5-6 (D.D.C. Nov. 23, 2021).

These factors weigh in favor of maintaining the DoD Findings under seal. The document contains numerous unsubstantiated allegations of misconduct by Chen that the DoD did not independently investigate or corroborate.

(MTQ, Ex. A (DoD Findings at DOD_00004178) [Dist. Ct. Dkt. 92].) Although the allegations are presented in the document as fact, these accusations are in actuality not the DoD's independent findings [redacted] (*Id.*) The so-called [redacted] that were never tested or proven in court or before any agency. And while Herridge emphasizes that the [redacted] is a "government document" and argues that this weighs in favor of unsealing, (Mot. to Unseal at 14-15), this situation instead perfectly illustrates why this Court in *Hubbard* suggested that privacy concerns may be of greater significance when a "government disclosure" is at issue. Herridge plainly wants the DoD Findings to be unsealed in order to persuade the public, utilizing the imprimatur of a government agency, that Chen is undeserving of the protections of the Privacy Act. But it is the very likelihood that the public will wrongly assume that the DoD Findings' provenance as a government document renders it authoritative and conclusive—when, in fact, it amounts to no more than unproven allegations—that underscores the potential prejudice to Chen and weighs heavily against disclosure.

Finally, both in terms of a protectible privacy interest and potential prejudice, it is noteworthy that the information contained in the DoD Findings is of

a piece with the materials that Chen asserts were wrongfully disclosed to Herridge in violation of the Privacy Act. The DoD Findings themselves state that they are [redacted] (Dist. Ct. Mot. to Unseal, Ex. A ¶ 7 (DOD_00004178).) The document explicitly references [redacted] (*Id.*) Chen's Privacy Act claim, in this case, concerns the unlawful leaking of similar materials by a government official to Herridge. (*See, e.g.*, Compl. ¶¶ 26-31 (Dec. 21, 2018) [Dist. Ct. Dkt. 1].) Thus, Herridge's Motion essentially demands that Chen be compelled to suffer an additional public disclosure as the price of seeking vindication of her rights under the Privacy Act. (*See* Mot. to Unseal at 9-10.) But this argument is undermined again by the decision in *Hubbard*, in which the documents at issue became part of the judicial record due to an effort by the defendants to argue that they were obtained by the government via an unlawful search and seizure. *Hubbard*, 650 F.2d at 298. In reversing the District Court's decision to unseal those records, this Court observed that it would be "ironic indeed if one who contests the lawfulness of a search and seizure were always required to acquiesce in a substantial invasion of those interests simply to vindicate them." *Id*. at 321. The same logic holds true

here. Chen should not be prejudiced by having to suffer ***further*** invasion of her privacy rights in order to seek redress for an unlawful invasion of her privacy.

In sum, the six factors identified in the *Hubbard* decision all either weigh against unsealing the DoD Findings or are neutral. Therefore, should this Court decline to defer ruling in order to allow the District Court to resolve the sealing dispute in the first instance, Herridge's request to unseal the DoD Findings document should be denied.

## CONCLUSION

The Court should defer ruling on Herridge's Motion to Unseal until the District Court has resolved Herridge's pending motion to unseal the same document. In the alternative, should this Court elect not to defer ruling on Herridge's Motion, this Court should deny Herridge's Motion to Unseal as to the DoD Findings document. (Mot. to Unseal Ex. A at DOD_00004177-79).

Dated: July 5, 2024

Respectfully Submitted,

*/s/ Andrew C. Phillips*

Andrew C. Phillips (Bar No. 64792)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th St NW, Suite 650
Washington, DC 20006
Email: andy.phillips@mwpp.com

*Counsel for Plaintiff-Appellee Yanping Chen*

**CERTIFICATE OF COMPLIANCE**

This opposition by Plaintiff-Appellee complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 5,142 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionately spaced typeface.

July 5, 2024

*/s/ Andrew C. Phillips*
Andrew C. Phillips

## CERTIFICATE OF SERVICE

I hereby certify that, on July 5, 2024, in accordance with Federal Rule of Appellate Procedure 25(c) and Circuit Rule 25(c), the foregoing document was electronically filed with the Clerk of the United States Court of Appeals for the District of Columbia Circuit by using the Clerk's Box system. I certify that I have transmitted a true and correct copy of the foregoing document to counsel for the Appellant Catherine Herridge and to the other parties as follows:

*Counsel for Catherine Herridge*:

Patrick F. Philbin
pphilbin@torridonlaw.com

Kyle T. West
kwest@torridonlaw.com

Chase T. Harrington
charrington@torridonlaw.com

*Counsel for Federal Bureau of Investigation, United States Department of Justice, United States Department of Defense, and United States Department of Homeland Security:*

Bradley A. Hinshelwood
Bradley.A.Hinshelwood@usdoj.gov

Michael Raab
Michael.Raab@usdoj.gov

July 5, 2024

*/s/ Andrew C. Phillips*
Andrew C. Phillips