**PUBLIC VERSION**

# EXHIBIT 8

PUBLIC VERSION—SEALED MATERIAL DELETED

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 514-7823

May 29, 2025

VIA D.C. Circuit Sealed Filings Repository

Clifford Cislak
Clerk of the Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Ave. NW
Washington, D.C. 20001

RE: *Chen v. FBI*,
No. 24-5050 (D.C. Cir.)
Oral argument held November 18, 2024

Dear Mr. Cislak:

This appeal, in a Privacy Act suit brought by plaintiff Yanping Chen against several federal agencies, arises from proceedings to enforce a subpoena issued at Chen's behest to a third party, Catherine Herridge. The district court denied Herridge's motion to quash the subpoena and subsequently held Herridge in contempt for refusing to comply with the subpoena.

In this Court, Herridge has moved to unseal two documents currently covered by a protective order entered in district court and attached to Herridge's motion as Exhibits A and B. Those documents reflect a decision by the Department of Defense to terminate the University of Management and Technology's (UMT) participation in the Department's Tuition Assistance Program, and Exhibit A further provides the Department's reasons for that termination. Chen has stated that she does not oppose unsealing the first page of Exhibit A and the entirety of Exhibit B, but that she opposes unsealing the remaining pages of Exhibit A. Chen Opp'n at 2-3.

To date, the government has not taken a position on unsealing these materials. *See* Herridge Mot. at 4. The government writes to advise the Court that it now believes that unsealing the explanation given by the Department of Defense for termination would be in the public interest. The material Chen seeks to

maintain under seal consists of the factual basis underlying the Department's decision to terminate UMT's participation in the tuition assistance program. Although Chen urges that the factual claims in that document are untested, UMT—of which Chen is founder and president—opted not to challenge the termination in court. Moreover, many of the same factual assertions are already public in an unsealed search warrant application in the Eastern District of Virginia. *Compare, e.g.*, Case No. 12-sw-1002 (E.D. Va.), Dkt. No. 1, at 5-7 (recounting 2011 recorded statements by Chen that she "retired as a colonel" from the Chinese military and that her father "was equivalent of a three-star general" in the Chinese military), *with, e.g.*, Exhibit A at 2 (stating that [redacted].

Chen notes that the government "designated" these documents "as confidential" under the governing protective order in this case. Chen Opp'n at 17; *see* Dkt. No. 27 (protective order). The government did so only because Chen had already indicated that she regarded these materials as covered by the protective order (albeit without providing an explanation for why they would be protected). *See* Dkt. No. 27 at 1-2 (listing bases for application of protective order). The defendants have no independent interest in maintaining the relevant material from Exhibit A under seal, which is why the government has never opposed unsealing of that material in the district court or before this Court.

Sincerely,

*s/ Brad Hinshelwood*
Brad Hinshelwood

cc: Counsel of Record (via email)