**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

YANPING CHEN,

*Plaintiff*,

v.

FEDERAL BUREAU OF INVESTIGATION, et al.,

*Defendants*,

and

FREEDOM OF THE PRESS FOUNDATION,

*Proposed Intervenor*.

Civil Action No. 18-03074 (CRC)

**REPLY IN SUPPORT OF**
**MOTION TO INTERVENE AND FOR UNSEALING**

Freedom of the Press Foundation ("Press Foundation") seeks access to two sealed records in this case because the public's right of access to such judicial records is vital to "maintaining the integrity and legitimacy of an independent Judicial Branch." *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017). Indeed, these records bear on how this Court applied the reporter's privilege, which is fundamental to ensuring journalists can help the public hold the Government accountable.

Because the documents at issue—the "DOD Files"—were filed to influence the Court, they are judicial records, and the common-law and First Amendment rights of access apply and favor disclosure. In her response, *see* ECF No. 212, Yanping Chen incorporates a previous filing of hers, where she partially opposed the motion to

unseal filed by non-party Catherine Herridge,[1] *see* ECF No. 209-2 ("Opp'n"). In that opposition, Chen contorts applicable precedent and confirms that her reason for opposing unsealing is to avoid embarrassment and public scrutiny of her actions. That is not a basis for keeping judicial records sealed. Rather, the Court should grant the Press Foundation's request, which will ensure the public can assess the Court's decision rejecting the reporter's privilege here.

## ARGUMENT

### I. The DOD Files Are Judicial Records and Must Be Unsealed.

At the core, Chen opposes unsealing because she believes the DOD Files are not judicial records because this Court allegedly did not rely on them when denying Herridge's motion to quash. *See* Opp'n at 11–16. Chen misunderstands the law. The documents are judicial records and, under the sixth *Hubbard* factor, they should be unsealed.

1. To Chen, a party's filing in court does not become a judicial record unless and until the court expressly relies on it and refers to it in a decision. *See id.* at 12. The D.C. Circuit has already rejected that argument, explaining in *Metlife*: "[T]he fact that the court did not cite or quote portions of those documents does not mean that it did not 'rely' on them—if only to determine that they did not dissuade it from its bottom-line conclusion." 865 F.3d at 668.

---

[1] Chen states that she does not oppose fully unsealing one document—the document attached as Exhibit B to non-party Herridge's motion to unseal. *See* ECF No. 209-2 at 2. For the other document—attached as Exhibit A to non-party Herridge's motion to seal—Chen does not oppose unsealing the first page of this document. *See id.*

Indeed, Chen overlooks well-settled authority that undermines her argument. Court documents are routinely deemed judicial records *precisely because* the court did not rely on them. That is because the public's right of access is not limited to "materials [that] persuaded the court," but also includes materials "which failed to do so (and why)." *Id.*; *accord Vanda Pharms., Inc. v. FDA*, 539 F. Supp. 3d 44, 53 (D.D.C. 2021) (holding that "the public also has a transparency interest in knowing what record evidence the Court saw fit to exclude from its explanation of the reasons underlying its ultimate decision"); *Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d 11, 26 (D.D.C. 2022) (stating that "[t]he public interest therefore covers both material that the court found persuasive and material that it did not").

Moreover, routine judicial practices confirm that Chen's position is mistaken. If Chen's understanding of the law were correct, courts could only unseal records after resolving the merits. But courts routinely unseal records before issuing any merits decision. *See, e.g.*, *In re McCormick & Co.*, 316 F. Supp. 3d 455, 470–71 (D.D.C. 2018) (unsealing filings related to motion for class certification while that motion remained pending); *Heredia Mons v. Wolf*, No. 19-cv-1593 (JEB), 2020 WL 5891424, at *1 (D.D.C. Oct. 5, 2020) (in FOIA case, granting motion to unseal monthly agency submissions as judicial records); *United States ex rel. Kammarayil v. Sterling Operations, Inc.*, No. 15-cv-1699 (BAH), 2018 WL 6839747, at *1 (D.D.C. Dec. 31, 2018) (granting relators' request for limited unsealing to understand federal government's decision not to intervene in False Claims Act case); *United States ex rel.*

*Schweizer v. OCE, N.V.*, 577 F. Supp. 2d 169, 171, 177 (D.D.C. 2008) (granting request to unseal records after federal government declined to intervene in False Claims Act case and before a responsive pleading was filed). In such cases, at the time of the unsealing order, there had not yet been a decision that could show whether the document at issue "played [a] role" in the Court's disposition, *see* Opp'n at 15, and whether the document "was wholly irrelevant to [the court's] disposition," *id.* at 12. Accordingly, it cannot be the case that the judicial-record analysis turns on whether the document was ultimately relied on by a court.

Rather, the question is whether a document was filed with the *intent* to influence the court. *See In re Appl. for Access to Certain Sealed Video Exhibits*, 546 F. Supp. 3d 1, 4 (D.D.C. 2021) ("In *all cases*, though, materials filed in court *and intended to influence the court* qualify as judicial records) (emphases added and cleaned up)); *In re Leopold*, 964 F.3d 1121, 1128 (D.C. Cir. 2020) (documents "intended to influence the court" are judicial records); *In re Chodiev*, No. 18-mc-13 (EGS/RMM), 2021 WL 1795423, at *3 (D.D.C. Mar. 23, 2021) (judicial records include those that "were filed to … influence the court's resolution" of a motion), *R&R adopted*, No. 18-mc-13 (EGS), 2021 WL 6805642 (D.D.C. May 7, 2021). The DOD Files were unquestionably filed with the intent to influence the Court's decision about the scope of the reporter's privilege.

2. As for the sixth *Hubbard* factor—the purpose for which the document was introduced—Chen also misses the mark. Chen claims that the DOD Files were introduced for an irrelevant purpose. The scope of the reporter's privilege and the

question of what balancing the court should employ when assessing that privilege are *core issues* Herridge raised here. While the Court may have disagreed with Herridge's position, it cannot be said that these issues are not "relevant." The DOD Files were thus introduced to support Herridge's central claim, and this factor weighs in favor of unsealing.

Also, as to the purpose for which the documents were filed, Chen irrelevantly points (at 10) to the DOD Files being designated as confidential pursuant to a protective order. *See Aristotle Int'l v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 20 (D.D.C. 2010) (a court may not "'abdicate its responsibility to … determine whether filings should be made available to the public' by allowing the parties to control public access pursuant to a protective order." (quoting *Proctor & Gamble v. Bankers Tr.*, 78 F.3d 219, 227 (6th Cir. 1996))). A party's self-interested decision to designate a document as confidential under a protective order does not mean a court has concluded the document should be sealed.[2] A party's designation of confidentiality thus does not prohibit unsealing. That is particularly true here, because the DOD Files are unclassified Government records, and the Government agrees that unsealing is in the public interest. *See* Mot. to Intervene & for Unsealing at 1 (ECF No. 210). Accordingly, the sixth *Hubbard* factor favors unsealing.

[2] Of note, recent studies suggest that courts have allowed far too many judicial records to remain sealed. *See* Adam Liptak, *Secrecy in Lawsuits Has 'Run Amok,' Scholars Say*, N.Y. Times (Aug. 27, 2026), https://tinyurl.com/2jjwc35u.

## II. Public Access Favors Unsealing and Chen's Opposition Does Not Bar Unsealing.

The public access and privacy *Hubbard* factors also favor unsealing. As the Press Foundation demonstrated throughout its motion to unseal, the public has a deep interest in understanding how courts treat the reporter's privilege. Once again, Chen's only response is to focus on whether the Court referred to the DOD Files in its opinion. *See* Opp'n at 16. As shown above, that is not the question, and it does not address the public's need for this information.

On the other hand, Chen's opposition does not prevent unsealing. *See* Opp'n at 17. After arguing that her privacy interests require continued sealing of the DOD Files, Chen turns around and gives a public characterization of the DOD Files. *See id.* at 18–21. Chen apparently believes she should be allowed to frame the DOD Files in the light she prefers without the public's having a chance to test her characterization. Chen should not be allowed to take inconsistent positions to suit the moment. Chen's opposition to unsealing should, at the most, be deemed neutral; it certainly should not outweigh the other *Hubbard* factors, which weigh heavily in favor of unsealing.

Similarly, Chen is misguided when suggesting that the Department of Defense also views the DOD Files as private and confidential. *See id.* The Government has now stated that releasing these records is "in the public interest," Letter from Brad Hinshelwood, U.S. Dep't of Just., to Clifford Cislak, Clerk of Ct., U.S. Ct. of Appeals, D.C. Cir. (May 29, 2025), entirely undercutting Chen's statement about the Government viewing these records as "private and confidential."

## III. The First Amendment Requires Unsealing.

Even if the Court concludes that the common-law right of access does not require unsealing, the First Amendment right of access does. Chen's Opposition fails to address the First Amendment, thereby conceding the Press Foundation's showing that the First Amendment requires unsealing. *See Wonders v. Dep't of the Army Off. of Gen. Counsel*, 749 F. Supp. 3d 122, 130 (D.D.C. 2024) (treating as conceded arguments in a motion that the opposition does not address). Because Chen provides no other response to the Press Foundation's showing that the First Amendment requires unsealing, this issue is unrebutted, and the Court should unseal the DOD Files under the First Amendment right of access.

## CONCLUSION

The reporter's privilege is an important tool in the public's ability to keep the Government accountable. But here, the Court rejected Herridge's reliance on that privilege, despite the record including documents that should have tilted the analysis heavily in Herridge's favor. To allow the public to better understand this Court's decision, the Court should allow the Press Foundation to intervene and should unseal the DOD Files.

September 4, 2026

Respectfully submitted,

/s/ H. Christopher Bartolomucci
H. CHRISTOPHER BARTOLOMUCCI
D.C. Bar No. 453423
BRIAN J. FIELD
D.C. Bar No. 985577
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Tel.: (202) 787-1060
cbartolomucci@schaerr-jaffe.com
bfield@schaerr-jaffe.com

*Counsel for Proposed Intervenor-Interested Party Freedom of the Press Foundation*