**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **YANPING CHEN,**<br><br>Plaintiff,<br><br>v.<br><br>**FEDERAL BUREAU OF INVESTIGATION**, *et al.*<br><br>Defendants. | Case No. 18-cv-3074 (CRC) |

# ORDER

Pending before the Court are non-party Catherine Herridge's [D.C. Cir. No. 2061652] Motion to Unseal, referred to this court by the United States Court of Appeals for the D.C. Circuit under Circuit Rule 47.1(c); and non-party Freedom of the Press Foundation's [210] Motion to Intervene and for Unsealing. For the reasons explained below, the Court GRANTS in part and DENIES in part Herridge's motion and DENIES as moot Freedom of the Press Foundation's motion.

The facts are well known to the parties. See, e.g., Chen v. FBI, 435 F. Supp. 3d 189 (D.D.C. 2020); Chen v. FBI, 721 F. Supp. 3d 1, 4 (D.D.C. 2024), aff'd, 153 F.4th 1289 (D.C. Cir. 2025). Relevant here, Herridge and Freedom of the Press Foundation move to unseal two Department of Defense documents. See ECF Nos. 174-2 ("DOD File 1"), 174-3 ("DOD File 2"). Unsealing has previously been briefed by Herridge and Plaintiff Yanping Chen before this Court and the D.C. Circuit. After rejecting Herridge's appeal of a civil contempt order, the D.C. Circuit referred her [No. 2061652] unsealing motion to this Court pursuant to Circuit Rule 47.1(c). See Chen v. FBI, No. 24-5050, D.C. Cir., Order No. 2174726 (May 22, 2026) (per curiam); see Joint Advisory, ECF 208 at 4 (asking the Court to resolve the unsealing issue).

Freedom of the Press Foundation moves to intervene, seeking to unseal the same documents. For purposes of this Order, the Court assumes those documents are "judicial records." See United States of Am. ex rel v. HC2, INC., No. CV 21-1197 (JDB), 2026 WL 1179712, at *3 (D.D.C. Apr. 30, 2026).

"[T]here is a 'strong presumption in favor of public access to . . . judicial records." Leopold v. United States, 964 F.3d 1121, 1127 (D.C. Cir. 2020) (quoting United States v. Hubbard, 650 F.2d 293, 317 (D.C. Cir. 1980)). Still, "the right to inspect and copy judicial records is not absolute," Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978), and "may be outweighed by competing interests," Leopold, 964 F.3d at 1127. "[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Nixon, 435 U.S. at 599. In Hubbard, the D.C. Circuit laid out a six-factor test for deciding whether to seal court records:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

Leopold, 964 F.3d at 1131 (quoting Metlife, Inc. v. Fin. Stability Oversight Council, 865 F.3d 661, 665 (D.C. Cir. 2017)). Ultimately, judicial records may be kept under seal only if, after weighing the Hubbard factors, the court "concludes that justice so requires." Metlife, Inc., 865 F.3d at 666 (internal quotation marks omitted).

Chen opposes unsealing in part, expressly "incorporating, and referring the Court to, the arguments advanced in" her brief before the D.C. Circuit on the issue. Resp. to Mot. to Intervene and for Unsealing, ECF No. 212 at 3 (citing Pl.-Aple. Resp. in Opp. to Aplt.'s Mot. to Unseal, ECF No. 206-5). There, she explained that she had no objection to unsealing either the first page

of DOD File 1 (a January 23, 2018 letter to Chen from Undersecretary of Defense Robert L. Wilkie) or the entirety of DOD File 2 (a March 20, 2018 letter from Deputy Secretary of Defense Patrick M. Shanahan to Chen's counsel). See Pl.-Aple. Resp. in Opp. to Aplt.'s Mot. to Unseal at 2. The Court agrees with the parties that the first page of DOD File 1 and all of DOD File 2 should be unsealed. In short, the third, fourth, and fifth Hubbard factors favor disclosure. See Upshaw v. United States, 754 F. Supp. 2d 24, 29 (D.D.C. 2010) ("The third, fourth, and fifth *Hubbard* factors are interrelated[.]"). Chen neither objects to nor identifies prejudice from unsealing these portions of the records. And the Court sees none. See In re Application for Access to Video Exhibits, 575 F. Supp. 3d 101, 113 (D.D.C. 2021) (finding circumstances favored disclosure where the information at issue was already widely publicized).

The remainder of DOD File 1 fares differently. The Court concludes Chen has met her burden of overcoming the presumption of public access to that document. The first Hubbard factor tilts toward unsealing. As Chen recognizes, the parties and the Court have referred to DOD File 1 in public filings. See, e.g., Joint Stipulation (Jan. 18, 2024), ECF No. 189 at 1; Min. Order of July 17, 2024; Resp. to Mot. to Intervene and for Unsealing at 1; see In re Application for Access to Video Exhibits, 575 F. Supp. 3d 101, 108 (D.D.C. 2021). The second factor is neutral, since the public has not had access to DOD File 1. See Am. Pro. Agency, Inc. v. NASW Assurance Servs., Inc., 121 F. Supp. 3d 21, 24 (D.D.C. 2013). The third factor favors maintaining the seal, due to Chen's objection. See In re McCormick & Co., Inc., Pepper Prods. Mktg. & Sales Pracs. Litig., 316 F. Supp. 3d 455, 466 (D.D.C. 2018).

Most important, the fourth and fifth factors weigh strongly against disclosure. The record at issue contains "highly sensitive personal information . . . not central to the court's resolution of substantive claims," which "favors sealing." Doe v. Noem, No. CV 25-769, 2025 WL

958249, at *4 (D.D.C. Mar. 31, 2025). In particular, Chen's privacy interests take on "significant importance" due to the document's "scandalous and unsubstantiated allegations." Allen v. Addi, No. 20-CV-01650 (TSC), 2021 WL 5911175, at *5 (D.D.C. Nov. 23, 2021) (internal quotation marks omitted). Chen has not been charged with a crime. Yet disclosure would undoubtedly carry a stigma implicating her reputational interest and, potentially, her ability to conduct future litigation and receive a fair trial. See Gilliard v. McWilliams, No. CV 16-2007 (RC), 2019 WL 3304707, at *2 (D.D.C. July 23, 2019) (recognizing "public access may be denied . . . 'to minimize the danger of an unfair trial by adverse publicity'" (quoting Hubbard, 650 F.2d at 315–16)); see also In re Press App. for Access to Jud. Recs. in Case No. 23-SC-31, 704 F. Supp. 3d 161, 171 (D.D.C. 2023) ("[T]he media spotlight trained on t[his matter] heightens the reputational concerns here.").

Finally, the sixth factor militates toward maintaining the seal. "[I]t would be ironic indeed if one who [asserts a Privacy Act claim] were always required to acquiesce in a substantial invasion of th[eir privacy] interests simply to vindicate them." Hubbard, 650 F.2d at 321; see Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 151 (D.D.C. 2010) (reading the sixth Hubbard factor to protect privacy interests). The Court has not relied on DOD File 1. "[W]hen the sixth factor highlights the fact that a sealed document didn't affect a judicial decision, it can be the 'most important' element cutting *against* disclosure[.]" CNN, Inc. v. FBI, 984 F.3d 114, 120 (D.C. Cir. 2021).

In sum, the balance of the Hubbard factors supports maintaining the seal of DOD File 1. However, the first page of that document, as well as all of DOD File 2, will be unsealed.

It is hereby **ORDERED** that Herridge's [D.C. Cir. No. 2061652] Motion to Unseal is GRANTED in part and DENIED in part. It is further

**ORDERED** that [210] Freedom of the Press Foundation's Motion to Intervene and for Unsealing is DENIED as moot.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: September 14, 2026